USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 8/20/2020

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

SAMANTHA SIVA KUMARAN; Other similarly situated Customers 1-100; Other similarly situated CTA's 1-100; NEFERTITI RISK CAPITAL MANAGEMENT, LLC,

                         Plaintiffs,

-against-

VISION FINANCIAL MARKETS, LLC; VISION INVESTMENT ADVISORS, INC.; VISION BROKERAGE SERVICES, LLC; H. ROTHMAN FAMILY ADVISORS, INC.; BOSHNACK FAMILY, LLC; HIGH RIDGE HOLDING CORPORATION, INC.; HIGH RIDGE FUTURES, LLC; HOWARD ROTHMAN; ROBERT BOSHNACK; JOHN FELAG; JULIE VILLA; GERARD STEPHEN LAZZARA, LAZZARA CONSULTING, INC.,

                         Defendants.

1:20-CV-3871 (GHW)

ORDER

---

GREGORY H. WOODS, United States District Judge:

    Plaintiff Samantha Siva Kumaran, who is proceeding *pro se*, has paid the relevant fees to commence this action. She asserts claims on behalf of herself, and on behalf of "other similarly situated Customers 1-100," "other similarly situated CTA's 1-100," and her business, Nefertiti Risk Capital Management, LLC ("NRCM"). For the reasons discussed below, however, the Court dismisses without prejudice the claims of all the plaintiffs except those of Kumaran.

## DISCUSSION

    Kumaran seeks to bring this action as a class action and asserts claims on behalf of other individuals and entities, including NRCM. But this action cannot proceed as a class action, and Kumaran cannot assert claims on behalf of any other individual or other entity. This includes

NRCM, which appears to be a sole-member or solely owned limited liability company (LLC), though Kumaran alleges that it is a sole proprietorship.[1]

The statute governing appearances in federal court, 28 U.S.C. § 1654, "allow[s] two types of representation: 'that by an attorney admitted to the practice of law by a governmental regulatory body, and that by a person representing himself.'" *Lattanzio v. COMTA*, 481 F.3d 137, 139 (2d Cir. 2007) (quoting *Eagle Assocs. v. Bank of Montreal*, 926 F.2d 1305, 1308 (2d Cir. 1991)). Because a nonlawyer cannot bring suit on behalf of other individuals, a nonlawyer plaintiff appearing *pro se* cannot act as a class representative. *Rodriguez v. Eastman Kodak Co.*, 88 F. App'x 470, 471 (2d Cir. 2004) (summary order) (citing *Iannaccone v. Law*, 142 F.3d 553, 558 (2d Cir. 1998)); *Phillips v. Tobin*, 548 F.2d 408, 412-15 (2d Cir. 1976). And while "some courts allow sole proprietorships to proceed *pro se* [because] a sole proprietorship has no legal existence apart from its owner[,] [u]nlike a sole proprietorship, a sole member limited liability company is a distinct legal entity that is separate from its owner." *Lattanzio*, 926 F.2d at 140. Thus, a limited liability company, including a sole-member or solely owned limited liability company, cannot appear in federal court without an attorney. *See id.* ("Because both a partnership and a corporation must appear through licensed counsel, and because a limited liability company is a hybrid of the partnership and corporate forms, a limited liability company also may appear in federal court only through a licensed attorney.") (internal citation omitted); *see also Rowland v. Cal. Men's Colony, Unit II Men's Advisory Council*, 506 U.S. 194, 202-03 (1993) (noting that courts do not allow corporations, partnerships, associations, and other "artificial entities" to appear in court without an attorney). And a *pro se* litigant who is not an attorney cannot assert claims in federal court that an artificial entity, such as a corporation or a limited liability

---

[1] Kumaran describes her business, NRCM, as "a minority women owned small business, sole proprietor[ship] and LLC, in New York, NY . . . ." (ECF 1, at 7.) She describes herself as "the legal successor and assign[ee] of" NRCM, as it is "un-operational." (*Id.*)

company, has assigned to her. *See, e.g., United States ex rel. Mergent Servs. v. Flaherty*, 540 F.3d 89, 92 (2d Cir. 2008).

Kumaran does not allege that she is an attorney. Accordingly, because Kumaran may only represent herself, the Court denies her request to proceed with this action as a class action, and the Court dismisses without prejudice any claims Kumaran asserts on behalf of any individual other than herself. In addition, the Court dismisses without prejudice any claims Kumaran asserts on behalf of NRCM – a limited liability company – or that were assigned to her by NRCM.

## CONCLUSION

The Court directs the Clerk of Court to mail a copy of this order to Plaintiff Samantha Siva Kumaran, together with an information package.

The Court denies Kumaran's request for this action to proceed as a class action, and dismisses without prejudice the claims of all the plaintiffs except those of Kumaran. The Court therefore also directs the Clerk of Court to terminate all the plaintiffs except Kumaran.

SO ORDERED.

Dated:   August 20, 2020
         New York, New York

_____
GREGORY H. WOODS
United States District Judge

3