August 19, 2020

**VIA ECF/EMAIL**
Honorable Judge Stewart D. Aaron
United States District Court
Southern District of New York
40 Foley Square
New York, NY 10007

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 8/21/2020
```

Application GRANTED. SO ORDERED.
Dated: August 21, 2020

Re: *Kumaran et al vs. Vision Financial Markets et al* 1:20-Cv-03871-GHW-SDA

## VISION LETTER MOTION FIRST AMENDMENT UNDER RULE 15

Dear Hon. Magistrate Judge Stewart Aaron:

Plaintiff submits this letter pursuant to Rule 4(m), 4(d) and Rule 15. In accordance with Rule 4(d), Plaintiffs have obtained waiver of service from Vision Financial Markets, LLC defendants and Lazzara defendants. (*ECF#9,* filed August 17, 2020). Plaintiffs respectfully seek to align the schedule with ADMIS to amend the complaint as a matter of right under Rule 15 to **September 30, 2020.** Defendants Vision parties and Lazzara parties who have waived service consent to this request and the other dates herein. The current parties are therefore in agreement.

Plaintiffs filed its initial complaint on May 18, 2020 and have ninety (90) days to serve which has been completed on or before August 17, 2020. Plaintiff has notified Defendant that they intend to amend the complaint as a matter of right under Rule 15. The current deadline to complete that amendment is **September 7, 2020**. Plaintiff has a reply pleading due on **August 21, 2020** in the related case 20-CV-03668, and in 20-CV-3873 ADMIS and Plaintiffs have agreed to an amendment schedule of **September 30, 2020**. (20-CV-03873, *ECF10*)

So as to align the schedules of the cases and in order to coordinate the filings, Plaintiff has spoken with Ms. Chou of Wiggin and the parties are in agreement with applying the same dates. Because of the additional workload needed in multiple related cases, Plaintiff therefore respectfully requests to amend the Complaint as a matter of right to coincide with the date of the ADMIS filing. This will also reduce burden on the Court in having an identical schedule.

Plaintiffs seek until **September 30, 2020 (**<u>to match the schedule of ADMIS amended Complaint as agreed to by the Court</u>) to amend the complaint as a matter of right.

Defendants have requested 60 days to file their response which is Monday, **November 30 , 2020**

Plaintiffs have requested 60 days to respond to their response on Friday, **January, 29, 2021**

Plaintiffs have agreed to provide the represented Vision Financial Markets, LLC defendants and Lazzara defendants sixty (60) days to respond to the Complaint. Plaintiffs also seek, in light of the parallel proceedings, an equal sixty (60) days to respond to the Motion to Dismiss. This schedule does not include the Julie Villa party, which Plaintiff is still requesting paper summon so that manual service

can be coordinated. The parties are in agreement upon these dates and Defendants do not object to the times herein. The parties seek approval of the scheduling from the Court.

Plaintiffs have notified this Honorable Court that the one remaining Defendant Julie Villa is not represented by the same law firm. (*ECF11*) Plaintiff have and are making attempts to proceed with service and filed a request for summons with the Pro-Se Intake Office on August 13, 2020 and again electronically on the docket on August 17, 2020 (*ECF10*) once electronic access to ECF was granted and accepted by the Court. Plaintiffs have also contacted Ms. Villa via electronic mail at her current place of work to obtain a waiver of service which has not yet been completed. A managed from Garwood telephoned Ms. Kumaran on August 14, 2020 and confirmed that Ms. Villa is currently an active broker of Garwood and would make sure she receives the documents. Plaintiffs continue to receive no response directly from Ms. Villa. Therefore once the summons are issued Plaintiffs will make manual service.

Ms. Villa is an important defendant who initially solicited the account to Lazzara Consulting, and as alleged in the Complaint, knowingly concealed the involvement of Vision affiliates and was the initial person who effectuated all the following sequence of events. (*ECF1*¶59-67, ¶74, ¶111, ¶115) Ms. Villa also played a role and was hired back by Lazzara during the time Plaintiffs' account was trading at ADMIS during approximately the same period of time April 2017 – June 2017 and was directly involved or participated in the substantial tampering of margin and credit occurred on Plaintiffs account, as well as unauthorized fees on May 2, 2017 (*ECF1*¶152-156). Further Ms. Villa was an registered broker of Lazzara during the time the Vision transfer occurred and is a former employee and associated person ("AP") of Lazzara during the period July 11, 2014 until May 2015, Villa was a registered AP of LCI (*ECF1*¶27) and had direct involvement in the transfer of this account from Vision Financial. Ms. Villa also played a direct role in interfacing on Plaintiffs account during the time it was trading at ADMIS (*ECF1*¶152). Ms. Villa is directly alleged to have been instrumental in the fraud.

Trey Lazzara and LCI (Villa's former employer, the company sponsor of AP and supervisor) who are jointly represented by Ms. Chou at Wiggin <u>are not representing</u> Ms. Julie Villa.

Request for summons for Ms. Julie Villa was also filed on Monday August 17, 2020 and was originally submitted to the Pro-Se Intake on August 13 2020. The *Pro-Se* Intake Office provided that the summons can be issued by filing the request electronically. Therefore, as in 20-CV-03668 the request for summons was filed electronically. (*ECF 10*)

Defendants consent to the September 30,2020 date in this letter.

Thank you.

Respectfully submitted,

 //SSK//

Samantha S. Kumaran.