Motion_Counsel Page 1, September 3, 2020

September 3, 2020

**VIA ECF/EMAIL**
Honorable Judge Gregory Woods
Honorable Judge Stewart D. Aaron
United States District Court
Southern District of New York
40 Foley Square
New York, NY 10007

Re: *Kumaran et al vs. Vision Financial et al  1:20-Cv-03871*-GHW-SDA
Re: *Kumaran et al vs. ADM Investor Services  1:20-Cv-03873*-GHW-SDA

**RE: LETTER MOTION FOR CLARFICATION AND/OR RECONSIDER AND APPOINT COUNSEL FOR NRCM**

Dear Hon. Magistrate Judge Stewart Aaron,

    Plaintiff submits this letter timely pursuant Local Rule 6.3, and FRCP  59(e) and 60(a)(b) and writes related to Orders ECF13 and ECF14, *20-CV-03871* and Orders ECF10 and ECF12, *20-CV-03873*. On August 21, 2020  this Court issued an order *sua sponte* - prior to Plaintiff completing its filing under its right to amend under Rule 15 by September 30, 2020– that stated that even though dissolved, this LLC still needs counsel to enforce its rights and that Kumaran as the assignee cannot preserve NRCM's claims. The Order 13 however does not address Kumaran's rights as successor-in-interest which is expressly permitted in the ADMIS Agreement. Therefore this issue was not addressed in the Order and is therefore ambiguous.

    Simultaneously on August 14, 2020, in *20-CV-3873*, and concurrently on August 21, 2020 in *20-CV-03871* the Court had ruled that Plaintiffs can amend its complaint as a matter of right by September 30, 2020. Therefore on previous and simultaneous orders this Court issued orders in both related cases, permitting Plaintiff to correct these deficiencies and refile an amended Complaint by September 30,2020 (which it is entitled to do as a matter of right). The Courts' opposite decisions on Order 13, 14 (*20-CV-03871*) and Orders 10, 12 (*20-Cv-03783*) can be considered in conflict with each other, as the Court had already granted leave to amend and correct deficiencies by a fixed date of September 30, 2020.  This raises an ambiguity about the re-filed complaint's (for the dissolved entity NRCM) relation back to the original filing. Therefore Plaintiffs respectfully requests that the Court clarify this ambiguity, and respectfully reconsider its dispositive Orders which conflict with its Orders for Plaintiff(s) to continued file its amended of right by September 30, 2020 (with relation back to the original filing date) and respectfully allow Plaintiffs to file an amended complaint to correct the deficiencies and appoint counsel by this date so as not to prejudice any rights which it still may have, within the statute of limitations in order to preserve its rights.

    **BACKGROUND**

Plaintiff had filed in in its original complaint that stated that NRCM was registered as a sole-proprietor / single member LLC while the Court was closed in May 18, 2020, during unprecedented Court and New York State closings and was filed during Covid 19. The Court was closed, it was unable to speak to the Pro-Se intake office, and the NYLAG offices were closed and severely in arrears unable to take fast turn around appointments. There were other procedural obstacles - for example the Court's closing for Pro-Se's

Motion_Counsel Page 2, September 3, 2020

made it impossible to file various documents under seal – and, unlike normal, there was a late appointment of a Judge to these cases – almost 80 days after filing – also creating uncertainty, and ECF access was not granted until August 20, 2020. Plaintiff is still Pro-Se and is requesting a reasonable time to correct any pleading deficiencies so as not to prejudice its rights (and/or NRCM's rights).

> (i) Plaintiff is Pro-Se and Pleading of Sole-Proprietor Was Consistent with Boxes Checked on the ADMIS Form.

Plaintiffs filed its complaint as a Sole-Proprietor/Single Member LLC in good faith as that was the box that was checked on the ADMIS form (and the boxes are combined). (*See* Exhibit 1). If this was a pleading deficiency, and because Sole Proprietors are allowed to proceed Pro-Se this was an unintentional error and Plaintiff(s) should not be unjustly penalized for a mistake or inadvertence. Plaintiff was unaware at the original time of filing that there was much distinction between a sole proprietor or single member LLC (*See* Exhibit 1). Nor was it clear in the ADMIS contract (*See* Exhibit 2), that the customer forms were signed in Kumaran's *individual* name and *individual* social security number in the W9. Therefore these mistakes were inadvertent. Further, Plaintiff was completely aware that a dissolved entity still needs counsel and since the forms had sole proprietor on it and were signed individually this succession was different to an S Corporation. Further the ADMIS agreement makes no distinction between the two (*See* Exhibits 1, Exhibit 2 Paragraph 28) as does the W9.

"A *pro se* plaintiff ... should be afforded an opportunity fairly freely to amend his complaint."), leniency in the enforcement of other procedural rules, *see LeSane v. Hall's Sec. Analyst, Inc.,* 239 F.3d 206, 209 (2d Cir.2001) *("[P]ro se* plaintiffs should be granted special leniency regarding procedural matters."); *Enron Oil Corp. v. Diakuhara,* 10 F.3d 90, 96 (2d Cir.1993) ("A party appearing without counsel is afforded extra leeway in meeting the procedural rules governing litigation...."); *Traguth v. Zuck,* 710 F.2d 90, 95 (2d Cir.1983) (indicating that, although the right of self-representation does not exempt a *pro se* litigant from compliance with procedural rules, it "should not be impaired by harsh application of technical rules"), and deliberate, continuing efforts to ensure that a *pro se* litigant understands what is required of him, *see Ruotolo v. IRS,* 28 F.3d 6, 8 (2d Cir.1994) ( "Recognizing that the [plaintiffs] were acting *pro se,* the district court should have afforded them special solicitude before granting the [defendant's] motion for summary judgment. It had an obligation to make certain that the [plaintiffs] were aware of and understood the consequences to them of their failure to comply with the Local Rules." (internal citation omitted)); *Enron Oil Corp.,* 10 F.3d at 96 ("[T]rial judges must make some effort to protect a party [proceeding *pro se* ] from waiving a right to be heard because of his or her lack of legal knowledge."). <u>Tracy v. Freshwater</u>, 623 F.3d 90, 101–02 (2d Cir. 2010).

> (ii) Timely Notification to Amend was Requested and Granted

While the Court pointed out deficiencies in 20-CV-03668 on July 4, 2020 Plaintiff(s) were in the process of addressing the issues raised. There was still no Judge assigned to the related cases until August 6, 2020, and the Magistrate Judge was appointed on August 10, 2020. As a result Plaintiff is and has been actively seeking counsel and investigating these rights of succession (expressly permitted under the ADMIS contract).   Plaintiffs notified the Court timely on August 14, 2020 it intended to amend the complaints to correct the deficiencies and were in the process of seeking to appoint counsel on or by September 30, 2020. (ECF7 *20-CV-03873* and ECF10 *20-CV-03871*). There are law firms reviewing the matter and they are in the process of due diligence on the extensive case. Therefore, so as not to prejudice any rights that Plaintiffs have, which it already was granted leave to amend by September 30, 2020 and/or it seeks to preserve the statute of limitations to the original filing date of May 18, 2020.

Motion_Counsel Page 3, September 3, 2020

Plaintiff fully intended to address this issue before amendment. Plaintiff is also reviewing the contractual terms with ADMIS, that permitted Kumaran as successor in interest and also as assignee. The Court also did not address this issue in Order 12. Further Plaintiffs have had no opportunity to amend. *Cuoco v. Moritsugu,* 222 F.3d 99, 112 (2d Cir.2000) (internal quotation and citation omitted); *see also* Fed.R.Civ.P. 15(a) (leave to amend "shall be freely given when justice so requires"). Plaintiff files this letter timely and respectfully requests, so there is no manifest injustice to any rights, it is afforded a reasonable time, to correct this deficiency and appoint counsel if needed – without prejudice to its rights and timely filed complaint.

**STANDARD OF LAW**

Motions for clarification and reconsideration are governed by Local Rule 6.3, and such motions are committed to the sound discretion of the Court. *A. V by Versace, Inc. v. Gianni Versace, S.p.A.,* 126 F. Supp. 2d 328, 334-335 (S.D.N.Y. 2001); *Small v. City of New York,* 304 F. Supp. 2d 401,403 (E.D.N.Y. 2004). Plaintiffs brings this motion pursuant to Local Rule 6.3 and, in the alternative, under Federal Rules 60(a) and 59(e). Under Rule 60(a), "[t]he court may correct a clerical mistake or a mistake arising from oversight or omission whenever one is found in a judgment, order, or other part of the record." Fed. R. Civ. P. 60(a). FRCP 60 (b) also permits reconsideration or relief if (5) the judgment is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief. A Rule 59(e) motion may be granted if the moving party demonstrates any of the following; .. (3) to prevent manifest injustice; See 11 CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 2810.1 (2d ed. 1995)

Plaintiffs seeks relief, in the alternative, under Fed. R. Civ. P. 59(e), for reconsideration of the Court's *sua sponte* dismissal of NRCM's (successor-in-interest) claims because, under 59(e) it would be manifestly unjust for those claims not to be preserved, as NRCM as in the processed of correcting already identified deficiencies by September 30, 2020. Also "[a]s a procedural matter, a party seeking to file an amended complaint post judgment must first have the judgment vacated or set aside pursuant to Rules 59(e) or 60(b )." *Williams v. Citigroup Inc.,* 659 F.3d 208,213 (2d Cir. 2011) (internal citations omitted). For all of these procedural alternatives, the standard is the same. *See Naiman v. New York Univ. Hasps. Ctr.,* No. 95 CIV 6469, 2005 U.S. Dist. LEXIS 6817, (S.D.N.Y. Apr. 21, 2005) ("[m]otions for reconsideration pursuant to Rule 59( e) ... are governed by the same standards as those governing motions under [Local] Rule 6.3."); *Henderson v. Metro. Bank & Trust Co.,* 502 F. Supp. 2d 372, 375 (S.D.N.Y. 2007) ("The standards governing motions to alter or amend judgment pursuant to Rule 59( e) and motions for reconsideration or re-argument under Local Rule 6.3 are identical.").

I – Plaintiffs seek clarification on Order 13 and 14 20-CV-03871 and Orders 10 and 12 200CV-3873

By already ruling in Orders 13 *20-CV-03871* and Order 10 *20-CV-03873* that Plaintiffs had a fixed time to re-file and amend the complaint (in accordance with FRCP15 and Rule 4) by September 30, 2020 the Court preserved Plaintiffs' rights by ensuring, consistent with Second Circuit law, that the reinstated complaint would relate back to the original filings, for all purposes, including the applicable statute of limitations period. *See Brennan v. Kurlick,* 407 F.3d 603 (3d Cir. 2005) (holding that "when a complaint is filed within the statute of limitations but is subsequently dismissed without prejudice in an order containing conditions for reinstatement within a specified time period, the statute of limitations is tolled provided that the plaintiff meets those conditions"). With this decision, Plaintiffs will not be prejudiced in being able to make informed decisions regarding the successor-in-interest rights to

3

Motion_Counsel Page 4, September 3, 2020

NRCM's claims, timely amend and fix deficiencies and address the newly-learned issues that dissolved companies can still make appearances with counsel (to the extent their rights are not preserved).

By correcting these conflicts between the various Orders, and since it was clear intent of the Court to permit Plaintiffs to amend as of right and correct deficiencies within a finite time period, the Court will avoid unnecessary motion practice with respect to the tolling of NRCM's claims *See In re Direxion Shares ETF Trust,* No. 09-cv-8011, 2012 U.S. Dist. LEXIS 29709 at* 19-20 (S.D.N.Y. March 6, 2012) (citing *Brennan* in holding that claims contained in plaintiffs' amended complaint were not time barred because the statute of limitations is tolled when a complaint filed within the statute of limitations is dismissed subject to its being re-filed pursuant to certain conditions within a specified period). Further this will also reduce burden on the court and on Defendants by having multiple complaints filed (by each party separately).

Undoubtedly, by its order to grant an extension to amend the Court had provided Plaintiffs with a finite time (until September 30, 2020) days to re-file both complaints, to give Defendants guidance as to when to expect a reinstated complaint and to avoid undue prejudice to Plaintiffs by ensuring that, if Plaintiffs complied with the Court's order, its claims would relate back to the original filing. In contrast, the Court's August 21 Order may be construed as providing NRCM with limitless time (**or an immediate deadline**) to re-file, while also potentially causing prejudice to NRCM's claims by casting doubt on whether they relate back to the original filed complaint. This would be manifestly unjust, because an immediate refiling by NRCM alone, and Kumaran refiling of September 30, 2020 would also without doubt mean the filing of two separate complaints, and potential inefficiencies in procedural alignment. (As well as insufficient time for Counsel to review). Plaintiff files this motion in order to avoid potential unfairness to both parties by removing this ambiguity and potential procedural inefficiencies of separate complaints being filed.

The Court should respectfully note that in both *20-CV-3871* and *20-CV-03873* Defendants on all sides already <u>agreed</u> to the time prescribed and agreed to cooperate with a September 30, 2020 time, for Plaintiffs to amend the complaint and correct the foregoing deficiencies described, which Plaintiffs have agreed to do.

## II. IN THE ALTERNATIVE, PLAINTIFF RESPECTFULLY REQUESTS THAT THE COURT RECONSIDER ITS DECISION AND PERMIT PLAINTIFF(S) TO REFILE THE COMPLAINT ON OR BY SEPTEMBER 30, 2020 WITH RELATION BACK TO THE ORIGINAL FILING DATE OF MAY 18, 2020.

In the alternative, Plaintiffs requests that the Court reconsider its conflicting order and respectfully allows Plaintiffs to amend the complaint to satisfy the issues identified by the Court in concurrence with the September 30, 2020 deadline. If the Court does not clarify the Order, then denying Plaintiffs the opportunity to relate back the amendment would result in a manifest injustice because Plaintiff NRCM and its successor counsel have no time to evaluate the risk of the statute of limitations running on certain of its claims, and evaluating the express provisions in ADMIS' contract permitting this successor-in-interest, and would have to file separate claims. Further any hasty re-filing would not give counsel a reasonable opportunity to review the procedural history and take the necessary steps to file a coherent complaint. This would increase cost and burden to all in this proceeding.

Plaintiffs' basis for seeking leave to amend is particularly strong because (I) it would be Plaintiffs' first amended complaint; (2) Plaintiff *Pro-Se* filed its complaint during Covid-19 and unprecedented restrictions in being afforded access to the Court's Pro-Se Intake Office and changes in its normal procedures; (3) Plaintiffs once made aware of the deficiencies, timely proceeded to correct and was granted leave to amend and correct deficiencies within a finite time period by September 30, 2020; ( 4) Rule 15 generally allows a party to amend "once as a matter of course." *See* Fed. R. Civ. P. 15(a)(l)(B); *see also Hayden v. Cnty*

4

Motion_Counsel Page 5, September 3, 2020

*of Nassau,* 180 F.3d 42, 53 (2d Cir. 1999) ("When a motion to dismiss is granted, the usual practice is to grant leave to amend the complaint.").

Indeed, the Second Circuit recognizes that the Federal Rules strongly favor resolving cases on their merits. *See Ross v. AH. Robins Co., Inc.,* 607 F.2d 545,547 (2d Cir. 1979) (courts should not "preclude the prosecution of a possibly meritorious claim because of defects in the pleadings").

When considering a dispositive motion made against *pro se* litigants, the Court is "mindful that a *pro se* party's pleadings must be 'liberally construed' in favor of that party and are held to 'less stringent standards than formal pleadings drafted by lawyers.' " *Hughes v. Rowe,* 449 U.S. 5, 9 (1980) (citing *Haines v. Kerner,* 404 U.S. 519, 520 (1972)). "It is well established that the submissions of a *pro se* litigant must be construed liberally and interpreted to raise the strongest arguments that they suggest," *Triestman v. Fed. Bureau of Prisons,* 470 F.3d 471, 474 (2d Cir.2006) (internal quotation marks and emphasis omitted).  Bonner v. The Bank of New York Mellon, No. CV153280SJFGRB, 2016 WL 1426515, at *2 (E.D.N.Y. Feb. 22, 2016), report and recommendation adopted sub nom. Bonner v. Bank of New York Mellon, No. 15CV3280SJFGRB, 2016 WL 1238234 (E.D.N.Y. Mar. 28, 2016)

Further, Defendants have agreed they would not be prejudiced by allowing Plaintiffs to amend by September 30, 2020. Defendants did not file any responsive pleadings or otherwise move for relief. Thus, they will not be burdened with any additional costs of filing amended answers or motions or responding to two complaints. Rather, Defendants would benefit from knowing the timing for Plaintiffs (together) to file an Amended Complaint. Therefore, the interests of justice weigh heavily in favor of the Court reconsidering the August 21 Orders and allowing Plaintiffs (together) to file an amended complaint, without prejudice to the statute of limitation relating back to the original filing. This decision will also limit multiple filings of different complaints in this action, and ongoing motion practice. The coincidental date would also reduce burden to all and streamline filing dates.

Plaintiff is still *Pro-Se,* and is requesting a reasonable time to correct any pleading deficiencies so as not to prejudice its rights (and/or NRCM's rights). Plaintiff has cooperated timely and in full with all other requirements thus far with the Court and been active and present in enforcing its claims. Plaintiffs have also met other deadlines on July 20, 2020 and August 21, 2020 in 20-CV-03668 with extraordinary time pressure as a Pro-Se and it seeks to preserve its rights so the case can be heard on the merits.

**CONCLUSION**

For the foregoing reasons, Plaintiffs respectfully requests that the Court clarify and/or reconsider its conflicting orders to provide Plaintiffs (together) until September 30, 2020 days for re-filing (or any other date the Court deems just), and that any re-filed complaints relates back to May 18, 2020 filed within the time provided by the Court, and that this filing will be deemed to relate back to the original filing date of civil action number 20-CV-03783 and 20-CV-3871 which was May 18, 2020.

Plaintiff is willing to more fully brief these issues in connection with this request if this Court believes it is warranted and sends this letter timely in short form letter motion. Plaintiff thanks the Court in advance for its consideration -and prays for relief that it can preserve its rights, and the case be heard on the merits.
Respectfully submitted
//SSK//
Samantha S Kumaran