*November 30, 2020*

**VIA ECF/EMAIL**
Honorable Judge Stewart D. Aaron
United States District Court
Southern District of New York
40 Foley Square
New York, NY 10007

Re: Kumaran et al vs. Vision Financial et al 1:20-Cv-03871-GHW-SDA

LETTER MOTION TO DISMISS PLAINTIFFS LETTER MOTION FOR COSTS UNDER RULE 4(d)(2) / SERVICE WAS NOT BY EMAIL.

Dear Hon Magistrate Judge Stewart Aaron,

Defendant moves this Court by letter motion to Dismiss Plaintiffs Letter Motion for Costs Under Rule 4(d)(2) / Service was not by email dated November 25, 2020.

On November 23, 2020 at 11:36 PM EST, Defendant's Motion to Dismiss included 18 attachments, under 10 megabytes combined, was timely filed. (Exhibit 16: docket record MTD, dated November 23, 2020), incorporated by reference. On November 24, 2020 Defendant placed a call to the Clerk of the Court which confirmed the filings were received, but told Defendant they have been experiencing technical difficulties. As of November 30, 2020 only 3 of these documents have been posted to PACER. Defendant has used "best efforts" to communicate with the Clerk of the Court but due to the Thanksgiving Holiday Schedule was unable to follow up on November 26, 2020, Thursday or November 27, 2020, Friday. On November 30, 2020 Defendant reached the Clerk of the Court's office and was told the systems were down and the docket has still not been updated to reflect the November 23, 2020 filings.

Defendant's response date and filing of "Motion to Dismiss" on November 23, 2020, satisfies the requirements of Federal Rules of Civil Procedure and Local Civil Rules. According to the record (Plaintiff's Exhibit 7: Case 1:20-cv-03871-GHW-SDA Document 27-6 Filed 11/25/20), incorporated by reference, Private Investigator Stephen Snyder signed Proof of Service on October 31, 2020, the ("event day").

Pursuant to FRCP 12(a)(1)(A)(i) Defendant has twenty-one days to file a response. Pursuant to FRCP 6(a)(1)(A) Defendant responded timely as defined under "computation of time", because the 21-day rule takes effect on *November 1, 2020 ("effective date")*, one day after the event day. The 21st day following the effective date was Saturday, November 21, 2020. Pursuant to FRCP 6(a)(1)(C) Defendant's response date is adjusted by computation and therefore extended to

Monday, *November 23, 2020.* This computation and extension is likewise stated "If the last day of the period is a Saturday, Sunday, or legal holiday, the period continues to run until the end of the next day that is not a Saturday, Sunday, or legal holiday ", pursuant to Local Civil Rule 6.4.

On November 23, 2020 Defendant filed documents and Exhibits in response to Plaintiff's Amended Complaint dated September 30, 2020: including; Defendant's "*Motion To Dismiss*", "*Memorandum of Law*", (Exhibit 17: memorandum of law), incorporated by reference. Defendant's response provides a complete and detailed history and explanation of the matter with relevant and material evidence by Exhibits and witness Declaration.

In summary, Plaintiff "Samantha Kumaran" (Exhibit 11:Kumaran-plaintiff), (Exhibit 19: Truthfinder profile no. 1), incorporated by reference, using the unknown email address "*samantha@timetricsrisk.com*", (Plaintiff Exhibit 6: emails), incorporated by reference, was not known to Defendant. Only after due diligence and inquiry was Defendant able to discover that "Kumaran" had De Minimis contact with Defendant, almost three and a half years prior, through her alias a.k.a. "Samantha Siva" (Exhibit 02: Siva alias), (Exhibit 18: Truthfinder profile no. 2), incorporated by reference, with previously known email address "*astargroup@yahoo.com*",

Attempted electronic email service of process from an unknown email address was unrecognizable so as not to be whitelisted with Defendant's email exchange service. It was the email used by Plaintiff when attempting electronic service of Plaintiff's Original Complaint,

**Please Notice:** Process of Service and waiver of service, was eventually received by Defendant forwarded through Gar Wood. Further, Gar Wood does not permit the opening of attachments as the server was generating the warning "EXTERNAL: This email originated from outside our email system", advising not to open any attachments or links due to malware or virus. [1]
(Exhibit 20: FINRA Information Notice, dated February 13, 2019), incorporated by reference.

The authentication of Kumaran's email was only established after review and final identification by Defendant's firm. Once the process was complete Defendant was able to open the attached documents. This can be seen in Plaintiff's "Exhibit 6: email" at page 7 and page 10.

Defendant, upon reviewing Plaintiff's letter motion as referenced hereinabove, discovered through Plaintiff's own record that *Plaintiff had knowledge of Defendant's correct residence address as of October 16, 2020*, if not earlier. (Plaintiff Exhibit #5: FINRA Report) with Defendant's highlights, specifically #3, incorporated by reference.

Plaintiff's "Exhibit 6, Page 4 of 11", "Process of Service on Julie Villa 20-CV3871 LEGAL NOTICE" dated October 23, 2020, emailed to brokerage firm Gar Wood Securities, LLC ("Gar Wood") located in Austin, Texas.
Plaintiff states

---

[1] ""Phishing" and Other Online Identity Theft Scams: Don't Take ...." 29 Feb. 2012, https://www.finra.org/investors/alerts/phishing-and-other-online-identity-theft-scams-dont-take-bait.

> *"I am aware a Process Server has also already gone to the Garwood Securities offices in Austin, TX and she was not in the office (and has not been there for two weeks)"*
>
>                                        - Samantha Siva Kumaran, Plaintiff

Defendant has never had an office, worked, or lived in Texas. Furthermore, this email shows that while Plaintiff has not received any acknowledgment of attempted electronic mail service from the date of August 14, 2020, (Original Complaint) through October 23, 2020 (the first attempt since the Amended Complaint was prepared on September 30, 2020), Plaintiff had Defendant's current physical address as of October 16, 2020, if not sooner.

Plaintiff's Curriculum Vitae includes an education from Cambridge University with a Masters (Exhibit 12: Kumaran CV), incorporated by reference. Plaintiff's own Exhibit referencing the FINRA Brokercheck of Julie Ann Villa, Plaintiff Exhibit 5, is a document in the public domain. Plaintiff has the knowledge, experience and expertise to find this record and by including it in Plaintiff's Letter Motion admits to having the record. Defendant's Name and current address "3778 West Solana Court, Apartment A-306, Herriman, UT 84096 is (i) on page one, (ii) the address is the second item on page one, (iii) the address is obvious and apparent,(iv) the address is in plain view. Furthermore, as evidenced by Plaintiff's Exhibit 5, this information was known to Plaintiff as of at least October 16, 2020.

Plaintiff's Invoice in the amount of $1,705.94: (Plaintiff Exhibit 10: Kumaran Invoice, dated November 24, 2020), incorporated by reference. The following Exhibits provided by Plaintiff, show the unnecessary inflation of expenses to effect process of service:

   (1) email to Corin Johnson at Sparre processing "RE: Skip tracing on Julie Villa" search, (Plaintiff Exhibit 3: Sparre Process Service, October 27, 2020), incorporated by reference.

   (2) Invoice from Sparre Process Service, LLC in the amount of $100.00 (Plaintiff Exhibit 4: Sparre Invoice, dated October 27, 2020), incorporated by reference.

   (3) Invoice from Utah Process Service in the amount of $85.00 (Plaintiff Exhibit 8: Utah Process Invoice, dated October 27, 2020), incorporated by reference.

   (4) Plaintiff's Exhibit 9 - Invoice "Order Details" in the amount of $35.25: (Plaintiff Exhibit 9: Truthfinder Invoice, dated November 25, 2020), incorporated by reference.

Plaintiff submits a truth finder report invoice for unlimited reports and does not include a copy of the truth finder report on Julie Villa. There is no evidence that the invoice is an actual expense towards Defendant. Defendant has good standing with no legal, criminal, civil or other negative reports. Plaintiff absent the facts, wrongly asserts the following statement in her letter motion

> *"As a result, Plaintiff has incurred additional time and cost, including running criminal background checks, locating her across multiple states. There were public records of sizable judgments or liens in the State of California."*
>
>                                        - Samantha Siva Kumaran, Plaintiff

  On November 3, 2011 Defendant's CPA, Richard Sandoval, emailed Defendant about her personal 2009 California State Income Tax Return, which included a $250.00 California State Tax Refund. (Exhibit 21: 2209 refund email, dated November 3, 2011), incorporated by reference.

  On November 4, 2011, the State of California Franchise Tax Board filed a tax lien against Defendant due to a one day late filing. (Exhibit 22: 2011 Lien, dated November 4, 2011), incorporated by reference.

  On December 5, 2011, Defendant's tax return was received and accepted. The State of California Franchise Tax Board removed the tax lien and issued Defendant a refund in the amount of $250.00, (Exhibit 23: 2011 Lien Release, December 5, 2011), incorporated by reference. Defendant has never been involved in a lawsuit, has never had any judgments and has no other financial liens or outstanding debts or balances of any kind.

  (5) Plaintiff's Invoice alleges charges for Westlaw (monthly service) in the amount of $488.19, and seeks to bill Defendant $1,000.00 for four hours work as an attorney.

Plaintiff is involved in several litigations and seeks to be reimbursed for Westlaw monthly charge of $488.19. Plaintiff does not provide evidence that the monthly Westlaw charge was exclusively or even in part used for the preparation of Plaintiff's Process of Service. Plaintiff is not an attorney. All the information and forms necessary for a *Pro Se* litigant to prepare and serve a summons on Defendant is contained on the United States District Court; Southern District of New York website. Plaintiff has a history of process of service on Defendants so it is reasonable and prudent to foresee that Plaintiff was able to fill out the court forms without any further research.

Defendant did not have adequate time to review the complex nature of the Complaint and was expeditiously served by a process server. Defendant's lack of waiving electronic process of service was only detrimental to Defendant by causing an undue burden of shortened time in which to respond. Defendant acknowledges the lack of electronic waiver of service and moves the court to <u>DISMISS PLAINTIFFS LETTER MOTION FOR COSTS UNDER RULE 4(d)(2).</u>

Thank you for your consideration of this matter, Respectfully submitted

//JV// Julie Villa