IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SAMANTHA SIVA KUMARAN | Case No:1:20:CV:03871-GHW-SDA |
| et al | Related Case:  1:20:CV 03668 |
| *Plaintiffs,* | Related Case:  1:20:CV 03873 |
| -against- | **NAM AND NHC MOTION TO** |
| | **INTERVENE AND ADD AS A PARTY.** |
| Vision Financial Markets, LLC | **NRCM, NAM AND NHC MOTION TO** |
| et al | **RELATE BACK** |
| *Defendants.* | |

**NAM AND NHC MOTION TO INTERVENE AND ADD PARTY
NRCM, NAM AND NHC MOTION TO RELATE BACK**

Pursuant to Federal Rules of Civil Procedure ("FRCP") 24,  Rule 20,  Rule 21 and Rule 15, and

Local Rule 6.1, Nefertiti Asset Management, LLC ("NAM") and Nefertiti Holding Corporation,

Inc ("NHC") hereby respectfully seeks leave from the Court to intervene and add itself as Party to

the First Amended Complaint against all Defendants filed on March 15, 2021 (*ECF*20). Further

both Nefertiti Asset Management, LLC ("NAM"), Nefertiti Holding Corporation, Inc ("NHC"),

and Nefertiti Risk Capital Management, LLC ("NRCM") respectfully seek leave under FRCP

15(c) to relate back their filing to date of filing of this action May 18, 2020 when NRCM was

originally a party.  In accordance with the ECF notice on March 22, 2021 this motion is filed by

Plaintiff Kumaran together with counsel.

Respectfully submitted,

//SSK//                                                    //BMA//
Samantha S. Kumaran                            Brian August, Esq
Individual Plaintiff                                   AugustLawNYC
                                                              100 Willoughby Street 9E
                                                              Brooklyn, NY 11201
                                                              (917) 664-4465
                                                              bmaugust61@gmail.com
                                                              www.augustlawnyc.com
                                                              *Counsel for NAM, NRCM and NHC*

Page ii

## TABLE OF CONTENTS

PROCEDURAL BACKGROUND………………………………….…………….Pg.1

LEGAL STANDARD……………………………………………………….…..Pg.4

A - MOTION TO ADD PARTY UNDER RULE 15 (a) ………………………….Pg.4

    I – Plaintiffs seek to add NAM and NHC under Rule 15(a) and 21……………….Pg.4

    II  - In the Alternative NAM and NHC seek Permissive Joinder Rule 20…………...Pg.6

    III - Analysis under Rule 21 to add NAM and NHC would yield the same results..Pg.8

B – MOTION TO RELATE BACK FILING – 15(c)………………………………...Pg.10

    I – Mistake for NRCM was made by Defendant Lazzara …………………………Pg.12
    in opening the Accounts for NRCM

    II - Consistency Argument for NRCM………………………………………….Pg.13

    III - Claims to be Heard on the Merits…………………………………………..Pg.14

C – MOTION TO INVERVENE

    I. NAM and NHC Should Be Permitted to Intervene as of Right…………………..Pg.15

        I. NAM and NHC's Intervention is Timely for This Case…………………Pg.15

        (i)      Discovery Has Not Yet Commenced………………………..Pg.16

        (ii)     NAM and NHC's Intervention Would Cause No Prejudice...Pg.17
                 to Defendants

        (iii)    Plaintiffs would be prejudiced if Intervention………………Pg.17
                 is Not Permitted

    II. NAM  and NHC Has a Substantial Legal Interest in the Subject…………….....Pg.18
    of This Actio

        (i)      Article III standing……………………………………...Pg.19

        (ii)     NAM and NHC also has interest to the ………………..…... Pg.21
                 confidentiality of its material

Page iii

## TABLE OF CONTENTS  *contd*

C – MOTION TO INVERVENE

    III. Intervention in this Case is Necessary to Protect …………………..…………….Pg.21
    NAM's and NHC's Interest

    IV. The Existing Parties Cannot Protect the Interest of the NAM and NHC…………..Pg.22


D.  Alternatively, NAM and NHC Should Be Allowed to Intervene By Permission…...……..Pg.23

## TABLE OF AUTHORITIES

*67 Wall St. Co. v. Franklin Natl. Bank,* 37 N.Y.2d 245, 249, 371 N.Y.S.2d 915, 333 N.E.2d 184 *Abondolo v. GGR Holbrook Medford, Inc.,* 285 B.R. 101, 110 (E.D.N.Y.2002)

*Alpha Lyracom Space Commc'ns, Inc. v. Commc'ns Satellite Corp.,* No. 89 Civ. 5021(JFK), 1994 WL 256671, at *2 (S.D.N.Y. June 7, 1994);*

*Already, LLC v. Nike, Inc.,* 568 U.S. 85, 133 S.Ct. 721, 184 L.Ed.2d 553 (2013);

*Balance Point Divorce Funding, LLC v. Scrantom,* 978 F. Supp. 2d 341, 353 (S.D.N.Y. 2013);

*Beckman Indus., Inc. v. International Ins. Co.,* 966 F.2d 470, 473 (9th Cir.1992);

*Bradley v. Milliken,* 828 F.2d 1186, 1192 (6thCir. 1987);

*Brennan v. Kurlick,* 407 F.3d 603 (3d Cir. 2005);

*Brennan v. N.Y.C. Bd. of Educ.,* 260 F.3d 123, 129 (2d Cir.2001);

*Butler, Fitzgerald & Potter v. Sequa Corp.,* 250 F.3d 171, 179 (2d Cir. 2001);

*Canadian Lumber Trade All. v. United States,* 517 F.3d 1319, 1332 (Fed. Cir. 2008);

*Charlot,* 97 F. Supp. 3d at 83 (report and recommendation) (collecting cases).

*Citizens for Balanced Use v. Mont. Wilderness Ass'n,* 647 F.3d 893, 900 (9th Cir. 2011);

*City of Syracuse, NY v. Bureau of Alcohol, Tobacco, Firearms & Explosives,* No. 1:20-CV-06885-GHW, 2021 WL 23326, at *3 (S.D.N.Y. Jan. 2, 2021)

*Cline v. 1-888-Plumb. Grp., Inc.,* No. 99CIV1401RJW, 2000 WL 342689, at *1–2 (S.D.N.Y. Mar. 30, 2000).

*Davis v. Lifetime Capital, Inc.,* 560 F. App'x 477, 495 (6th Cir. 2014);

*Delaware Trust Co. v. Wilmington Trust, N.A.,* 534 B.R. 500, 509 (S.D.N.Y.2015)

*Diversified Grp., Inc. v. Daugerdas,* 217 F.R.D. 152, 157 (S.D.N.Y. 2003)

*Donaldson v. United States,* 400 U.S. 517, 531, 91 S.Ct. 534, 27 L.Ed.2d 580 (1971);

*E.E.O.C. v. Mavis Disc. Tire,* No. 12 Civ. 0741(KPF), 2013 WL 5434155, at *4 (S.D.N.Y. Sept. 30, 2013);

*Fair Housing Development Fund Corp. v. Burke,* 55 F.R.D. 414, 419 (E.D.N.Y. 1972)

*Foman v. Davis,* 371 U.S. 178, 182, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962);

*Four Star Capital Corp. v. Nynex Corp.,* 183 F.R.D. 91, 98 (S.D.N.Y.1997),

*Frankel v. Cole,* 490 Fed.Appx. 407, 408 (2d Cir.2013)

*Grutter v. Bollinger*, 188 F.3d 394, 397-98 (6th Cir. 1999) (same);

*Horne v. Flores*, 557 U.S. 433, 445, 129 S.Ct. 2579, 174 L.Ed.2d 406 (2009));

*In re Direxion Shares ETF Trust*, No. 09-cv-8011, 2012 U.S. Dist. LEXIS 29709 at* 19-20 (S.D.N.Y. March 6, 2012);

*In re Morgan Stanley Mortg. Pass-Through Certificates Litig.*, 23 F. Supp. 3d 203, 208 (S.D.N.Y. 2014);

*In re Reliance Group Holdings, Inc. Sec. Litig.*, 2003 WL 22741396, *1–2, 2003 U.S. Dist. LEXIS 20896, *7 (S.D.N.Y. Nov. 19, 2003);

*In re Tribune Co. Fraudulent Conveyance Litig.*, 291 F.R.D. 38, 41 (S.D.N.Y.2013);

*Johnson v. Bryson*, 851 F. Supp. 2d 688, 703 (S.D.N.Y. 2012);

*Kalie v. Bank of Am. Corp.*, 297 F.R.D. 552, 557 (S.D.N.Y. 2013) )

*Levy v. U.S. Gen. Acct. Off.*, No. 97-CV-4016, 1998 WL 193191, at *5 (S.D.N.Y. Apr. 22, 1998)

*Levy v. U.S. Gen. Acct. Off.*, 175 F.3d 254, 255 (2d Cir. 1999) (per curiam);

*Martindell v. International Tel. & Tel. Corp.*, 594 F.2d 291, 294 (2d Cir.1979)

*MasterCard Int'l Inc. v. Visa Int'l Serv. Ass'n, Inc.*, 471 F.3d 377, 390 (2d Cir.2006);

*Maynard, Merel & Co. v. Carcioppolo*, 51 F.R.D. 273, 280 (S.D.N.Y. 1970);

*Mich. State AFL-CIO v. Miller*, 103 F.3d 1240, 1247 (6th Cir. 1997).

*Monsanto Co. v. Geertson Seed Farms*, 561 U.S. 139, 149, 130 S.Ct. 2743, 177 L.Ed.2d 461 (2010)

*Mortgage Lenders Network, Inc. v. Rosenblum*, 218 F.R.D. 381, 384 (E.D.N.Y.2003)

*Ohio State Conference of NAACP v. Husted*, 588 F. App'x 488, 490 (6th Cir. 2014)

*Oneida Group Inc. v. Steelite Int'l U.S.A. Inc.*, No. 17-CV-957, 2017 WL 6459464, at *8 (E.D.N.Y. 2017).

*Paulk v. Department of Air Force, Chanute Air Force Base*, 830 F.2d 79, 82 (7th Cir.1987)

*Peterson v. Islamic Republic of Iran*, 290 F.R.D. 54, 58 (S.D.N.Y.2013);

*Pitney Bowes, Inc.*, 25 F.3d at 70); *accord*

*Pucci v. Litwin*, 828 F.Supp. 1285, 1296 (N.D.Ill.1993)

*R & M Jewelry, LLC v. Michael Anthony Jewelers, Inc.*, 221 F.R.D. 398, 399 (S.D.N.Y. 2004);

*R Best Produce, Inc. v. Shulman–Rabin Mktg. Corp.*, 467 F.3d 238, 240 (2d Cir.2006);

*Republic of the Philippines v. Abaya*, 312 F.R.D. 119, 124 (S.D.N.Y. 2015);

*Restor–A–Dent Dental Labs., Inc. v. Certified Alloy Prods., Inc.,* 725 F.2d 871, 874 (2d Cir.1984));

*Ross v. AH. Robins Co., Inc.,* 607 F.2d 545,547 (2d Cir. 1979);

*Sanders v. Thrall Car Mfg. Co.,* 582 F.Supp. 945, 952 (S.D.N.Y.1983);

*Sanrio Co. v. Epic Trading, Inc.,* No.2004–5428(NG)(MDG), 2005 WL 1705746, at *1 (E.D.N.Y. July 21, 2005);

*Schron v. Troutman Sanders LLP,* 97 A.D.3d 87, 93, 945 N.Y.S.2d 25 [1st Dept. 2012];

*Sec. Ins. Co. of Hartford v. Schipporeit, Inc.,* 69 F.3d 1377, 1380 (7th Cir.1995);

*Sherley v. Sebelius,* 610 F.3d 69, 72 (D.C. Cir. 2010);

*Soler v. G & U, Inc.,* 86 F.R.D. 524, 528 (S.D.N.Y. 1980);

*Staren v. American Nat'l Bank and Trust Co. of Chicago,* 529 F.2d 1257, 1263 (7th Cir.1976)

*State Farm Mut. Auto. Ins. Co. v. CPT Med. Servs., P.C.,* 246 F.R.D. 143, 146–47 (E.D.N.Y. 2007);

*Stutts v. De Dietrich Grp.,* No. 03 Civ. 4058(ILG)(MDG), 2005 WL 3158038, at *1 (E.D.N.Y. Nov. 28, 2005);

*Sylvester v. Interbay Funding, LLC,* 2017 WL 4382056 at *3

*Tokio Marine & Fire Ins. Co. v. Employers Ins. of Wausau,* 786 F.2d 101, 103 (2d Cir.1986);

*Trbovich v. United Mine Workers of Am.,* 404 U.S. 528, 538 n.10 (1972).

*U.S. ex rel. Koch v. Koch Industries, Inc.,* 188 F.R.D. 617, 628 (N.D.Okla.1999).

*United States v. Alex Brown & Sons, Inc.,* 169 F.R.D. 532, 537 (S.D.N.Y.1996)

*United States v. Aquavella,* 615 F.2d 12, 22 (2d Cir. 1979)).

*United States v. Baylor Univ. Med. Ctr.,* 469 F.3d 263, 270 (2d Cir. 2006)).

*United States v. Bleznak,* 153 F.3d 16 (2d Cir.1998);

*United States v. New York,* 820 F.2d 554, 556 (2d Cir.1987);

*United States v. Tri–State Design Constr. Co.,* 899 F.Supp. 916, 918–19 (N.D.N.Y.1995);

*United States v. Yonkers Bd. of Educ.,* 801 F.2d 593, 595 (2d Cir.1986);

*Wash. Elec. Coop., Inc. v. Mass. Mun. Wholesale Elec. Co.,* 922 F.2d 92, 97 (2d Cir. 1990).

*Brennan v. New York City Bd. of Educ.,* 260 F.3d at 130

*Washington Elec. Coop., Inc. v. Mass. Mun. Wholesale Elec. Co.,* 922 F.2d 92, 97 (2d Cir.1990);

*Zenith Radio Corp. v. Hazeltine Research, Inc.,* 401 U.S. 321, 330, 91 S.Ct. 795, 28 L.Ed.2d 77 (1971)

IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SAMANTHA SIVA KUMARAN | |
| et al | Case No:1:20:CV:03871-GHW-SDA |
| *Plaintiffs,* | Related Case:  1:20:CV 03668 |
| | Related Case:  1:20:CV 03873 |
| -against- | |
| | **NAM AND NHC MOTION TO** |
| Vision Financial Markets, LLC | **INTERVENE AND ADD AS A PARTY.** |
| et al | **MOTION TO RELATE BACK** |
| *Defendants.* | **FOR BOTH NRCM AND NAM** |

**NAM and NHC MOTION TO INTERVENE AND ADD PARTY**
**NRCM AND NAM MOTION TO RELATE BACK**

Pursuant to Federal Rules of Civil Procedure ("FRCP") 24,   Rule 20,  Rule 21 and Rule 15,

Nefertiti Asset Management, LLC ("NAM") and Nefertiti Holding Corporation, Inc, ("NHC")

hereby respectfully seeks leave from the Court to intervene and add itself as Party to the First

Amended Complaint against all Defendants filed on March 15, 2021 (*ECF*20). Further both

Nefertiti Asset Management, LLC ("NAM"), Nefertiti Holding Corporation, Inc ("NHC") and

Nefertiti Risk Capital Management, LLC ("NRCM") respectfully seek leave under FRCP 15(c) to

relate back their filing to date of filing of this action May 18, 2020 when NRCM was originally a

party.

## PROCEDURAL BACKGROUND

On May 8, 2020 both NRCM and Kumaran filed an action seeking remedy under Section

22 of the CEA of the NFA in related case 20-CV-3668. Similarly NRCM was an original Plaintiff

filed in this action on May 18, 2020. The Courts were closed for Covid at the time of filing. The

company was thought to be a sole proprietor and/or pass through single member LLC. On August

31, 2020 a motion for reconsideration was pending before the Court. Concurrently on September

29, 2020 NRCM was filed to be dissolved. On August 22, 2020 the Court deemed NRCM was a

single member LLC and not a sole proprietor and needed to retain counsel to bring its claims. On

October 24, 2020 in related case 20-CV-3668, the Court granted leave for NRCM to retain counsel

in order to preserve its claims by December 24, 2020. Counsel was retained on December 22, 2020 and filed notices of appearance for all three actions. As such NRCM has appeared by Counsel.

Nefertiti Asset Management, LLC ("NAM") is the General Partnership (G.P.) of the hedge funds and is the original and intended party that manages the commodities pool STORM that is formed and owned by Nefertiti Holding Corporation, Inc ("NHC") a New York Corporation and Samantha Siva Kumaran. NAM is now also listed as a commodities trading advisor ("CTA") and a commodities pool operation ("CPO"). NAM, the separate LLC and STORM were both disclosed in the initial filings on ECF1 on May 18, 2020. NAM is owned by NHC and similar to the structure of the Vision, the holding corporation owns substantial equity in the NAM.

It was also disclosed in communications with Lazzara since inception in December 2016 that the party in interest to the hedge funds is NAM. NAM was formed as a Delaware LLC on May 14, 2018. Nefertiti Holding Corporation was formed in September 2017.  On June 22, 2020 after the filing of the original complaint NAM applied for membership at the NFA. On September 22, 2020 NAM's registration at the NFA was approved. NAM also has significant capital that raised and contributed and carries negative balance due to the  extraordinary tortious interference in its business by Vision defendants (direct competitors).The reasons for delay have been substantially and unequivocally caused by the misappropriation, violations of the Commodities Exchange Act, illegal and fraudulent market participation and willful wrongful torts and interruption to its business by Defendants.

NAM and NHC's interest in this case is substantial. As Vision Defendants have admitted in their public documents, the life cycle and growth of a start-up CTA and CPO is a long and tough one. Usually to survive the first two years as a start-up CTA must raise substantial capital from friends and family to fund and form the business over the first two years. NAM and NHC raised over a $1 million in financial capital and labor equity and IP assets to finance the company and to raise the assets to trade for a formation period. Instead, its account was plundered by disbarred fraudsters Boshnack and Rothman and their alter-ego Vision and High Ridge affiliates named in this action, who violated multiple exchange rules and the CEA to unlawfully tamper with account

and improperly interfere with account margin, unlawfully withdraw unauthorized fees – including midway through the account, as well as illegally misappropriated assets, property, trade secrets and competitive advantage from the Plaintiffs – for direct use in unfair competition. All Defendants used fraud, misrepresentation and deceit to further their goals.

As a direct cause and consequence of the conduct alleged in this complaint, NAM, NHC and STORM Fund LP are no less than three (3) years delayed and almost were also shuttered and have suffered substantial losses in terms of raised capital and operational impedance to their competitive operations. In complete opposite to the just and equitable principles of fair trade, on the other hand, Vision and Lazzara Defendants' have been unjustly enriched, and have illegally overcharged fees, continued interference and unlawful sources of revenue, shuttered their competition while illegally acquiring their competitors trading advantage, misappropriation its confidential information and trade secrets and set up a directly competing CTA's. The facts and substantive allegations of NAM's and NHC's direct interest are the same as what has already been presented to this Court and Defendants have been aware of the existence of NAM since December 2016 well prior to its former affiliate NRCM opening an account and in filing of the Complaint. Now that NAM is registered and securing new AP's its interest are still substantially impaired by Vision Defendants ongoing unfair competition.

NAM has no obligation or other venue to address this dispute. Under NFA's rules any claims must be brought within two years if they are to be arbitrated at the NFA. Therefore NAM has no obligation to subject to arbitration on claims related to this matter as the claims are time-barred at the NFA and its only avenue for restitution is in this venue and forum. Further many of the Defendants are not NFA Members therefore there is no restriction to those non-NFA members such as High Ridge Holding Corporation, Julie Villa and other Vision beneficiaries. NHC is also not an NFA Member. In similar structure to most hedge funds, the holding corporations have substantial standing and interest are not Members of the exchange themselves. NHC seeks to avoid any later argument that NHC also has rights that NAM does not own, as substantial amount of the capital that raised into NAM was paid into NHC, estimated to exceed $750,000.

## LEGAL STANDARD

### A. MOTION TO ADD PARTY UNDER RULE 15 (a)

I – Plaintiffs seek to add NAM and NHC under Rule  15(a) and 21

Where responsive pleadings in an action have been filed, a plaintiff may seek to amend his complaint only by leave of court. *See* Fed.R.Civ.P. 15(a). ("Rule 15") provides that leave to amend "shall be freely given when justice so requires." On January 26, 2021 the Court granted leave to amend the complaint by NRCM and add back as a party. (*ECF*44) Further in the conference, the responsive pleading filed on December 1, 2020 was deemed moot. NRCM's Amended Complaint was filed on March 15, 2021. In preparing the Complaint, Plaintiffs have determined that various rights of NAM and NHC may not be adequately protected by Kumaran as she is *Pro-Se* as she cannot assert the interests of a corporation. Further NAM and has completed its registration at the NFA and are advancing its registrations on the state level and securing additional investments and this proceeding is impacting NAM and NHC's rights independently from NRCM and Kumaran's. on February 5, 2021 NAM brought on additional AP's Jamil Ismail. As such between January 26, 2021 and March 15, 2021 it was determined that NAM and NHC are necessary Plaintiffs and party for this proceeding to protect its own interests to the hedge fund.

Federal Rules of Civil Procedure 21 provides that parties may be dropped or added by order of the court. Rule 21 allows addition of a party "at any time, on just terms .." The "showing necessary under Rule 21 is the same as that required under Rule 15(a)." *Johnson v. Bryson*, 851 F. Supp. 2d 688, 703 (S.D.N.Y. 2012); *Soler v. G & U, Inc.*, 86 F.R.D. 524, 528 (S.D.N.Y. 1980) (When considering the addition of new parties under Rule 21, courts apply " 'the same standard of liberality afforded to motions to amend pleadings under Rule 15.' ") (quoting *Fair Housing Development Fund Corp. v. Burke*, 55 F.R.D. 414, 419 (E.D.N.Y. 1972) ).

 It is "generally accepted ... that no material difference exists between the standards articulated by Rules 15(a) and 21, and, as such, where parties satisfy the requirements under Rule 15(a) for leave to amend, they will generally be permitted to add parties under Rule 21." *Sanrio Co. v. Epic Trading, Inc.,* No.2004–5428(NG)(MDG), 2005 WL 1705746, at *1 (E.D.N.Y. July

21, 2005) (quotation and alteration omitted). While the Court granted leave to amend for NRCM on January 26, 2021 (*ECF*44), consistent with Rule 21 Plaintiffs reviewed the pleadings now assisted by Counsel and recognized that claims by NAM and NHC could not be adequately represented by either Kumaran (Pro-Se) or NRCM. Therefore on March 15, 2021 both NRCM and NAM filed a Counseled pleading together.  After further review since the accounts were held by Nefertiti Holding Corporation, Inc Plaintiffs also determined NHC should be added together with NAM to avoid any later arguments that NHC or NAM were the true parties in interest and no rights are waiver.

Amendments made pursuant to Rule 15(a) should be "freely granted when justice so requires" in order to accomplish the underlying purpose of the Rule, which is "to provide maximum opportunity for each claim to be decided on its merits rather than on procedural technicalities." *Alpha Lyracom Space Commc'ns, Inc. v. Commc'ns Satellite Corp.,* No. 89 Civ. 5021(JFK), 1994 WL 256671, at *2 (S.D.N.Y. June 7, 1994); *see Foman v. Davis,* 371 U.S. 178, 182, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962) ("If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits."). The Supreme Court has mandated that [i]n the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of the amendment, etc.—the leave sought should, as the rules require, be "freely given." *Foman,* 371 U.S. at 182, 83 S.Ct. 227; *see also* *147 Tokio Marine & Fire Ins. Co. v. Employers Ins. of Wausau,* 786 F.2d 101, 103 (2d Cir.1986).

A district court should "exercise its Rule 15(a) discretion liberally to permit amendment of pleadings, except where the rule's salutary objective of encouraging disposition of litigation on the merits is outweighed by equally compelling policy considerations." *Sanders v. Thrall Car Mfg. Co.,* 582 F.Supp. 945, 952 (S.D.N.Y.1983); *see also Zenith Radio Corp. v. Hazeltine Research, Inc.,* 401 U.S. 321, 330, 91 S.Ct. 795, 28 L.Ed.2d 77 (1971) (decision whether to permit or disallow amendment is within the district court's discretion). Refusal to grant leave without justification is

"inconsistent with the spirit of the Federal Rules." *Foman*, 371 U.S. at 182, 83 S.Ct. 227. State Farm Mut. Auto. Ins. Co. v. CPT Med. Servs., P.C., 246 F.R.D. 143, 146–47 (E.D.N.Y. 2007) Plaintiffs request to add NAM do not file under any of these objections.

Here the underlying facts or circumstances relied upon, are not altered by adding Nefertiti Asset Management, LLC ("NAM"). NAM is the General Partner of the hedge funds (owner by NHC and Kumaran) that well before the outset when NRCM opened its account, was and is intended to be the party in the long term to capitalize on raising assets as a business. NAM is in fact the direct competitor of Vision Investment Advisors. Exhibits filed in this and related actions also show dialog directly with Defendant Lazzara back in December 2016 and  January 2017 documenting his full awareness that NAM and NRCM were distinct entities with interests into the property. (*See* e.g. Exhibit 19, Page 2 referencing both NRCM and NAM). Other Exhibits filed this and related cases also document all Defendants full knowledge and awareness of the structure of Plaintiffs businesses and use of the NRCM account for NAM as the CPO. of the hedge fund.  It was always intended that NAM would be the G.P. of the commodities fund. NAM is now in fact listed as the CTA and CPO (Commodities Pool Operator) of the STORM Fund, LP. The original pleading filed on May 18, 2020 referred to the facts that a consistently refer to the STORM Fund and also NAM. Therefore NAM's interests need to be protected on the ongoing use and competition and impact (as well as damages cause to the NAM by the delay and interference in its rights as the G.P. with capital and interests to the business) have Article III standing.

## II  - In the Alternative NAM and NHC seeks Permissive Joinder Rule 20

In the alternative Plaintiff seeks to add NAM and NHC by permissive joinder under Rule 20

Rule 20(a) provides in part, [a]ll persons ... may be joined in one action as defendants if there is asserted against them jointly, severally, or in the alternative, any right to relief in respect of or arising out of the same transaction, occurrence, or series of transactions or occurrences and if any question of law or fact common to all defendants will arise in the action. Rule 20(a), Fed.R.Civ.P.

Permissive joinder under Rule 20 is permitted if "any right to relief is asserted against [the defendants] jointly, severally, or in the alternative with respect to or arising out of the same

transaction, occurrence, or series of transactions or occurrences" and "any question of law or fact common to all defendants will arise in the action." Fed. R. Civ. P. 20(a)(2). *see also In re Reliance Group Holdings, Inc. Sec. Litig.*, 2003 WL 22741396, *1–2, 2003 U.S. Dist. LEXIS 20896, *7 (S.D.N.Y. Nov. 19, 2003), R & M Jewelry, LLC v. Michael Anthony Jewelers, Inc., 221 F.R.D. 398, 399 (S.D.N.Y. 2004). In applying Rule 20, courts must "look to the logical relationship between the claims and determine 'whether the essential facts of the various claims are so logically connected that considerations of judicial economy and fairness dictate that all the issues be resolved in one lawsuit.' " *Sylvester v. Interbay Funding, LLC*, 2017 WL 4382056 at *3 (quoting *Kalie v. Bank of Am. Corp.*, 297 F.R.D. 552, 557 (S.D.N.Y. 2013) ) (quoting *United States v. Aquavella*, 615 F.2d 12, 22 (2d Cir. 1979)).

Pursuant to the express language of Rule 20(a), there are two prerequisites to permissive joinder. *First*, a right to relief must be asserted against each defendant relating to or arising out of the same transaction or occurrence. The transaction or occurrence requirement is satisfied because Defendants have allegedly engaged in acts identical to those which form the basis of Plaintiff's existing claims against Vision Defendants and Lazzara Defendants namely without limitation fraud, unfair competition, misappropriation and tortious economic interference. Plaintiffs allege that they are jointly injured by the torts, fraud, misappropriation and ongoing unfair competition using STORM for commercial purposes, and therefore the facts pled and series of transaction and occurrences are identical to join NAM and NHC. These allegations are sufficient to satisfy the transaction or occurrence requirement of Rule 20(a).

*Second*, there must exist some question of law or fact common to all the parties that will arise in the litigation. *See also* Cline v. 1-888-Plumb. Grp., Inc., No. 99CIV1401RJW, 2000 WL 342689, at *1 (S.D.N.Y. Mar. 30, 2000) Plaintiff also satisfies the second prerequisite to joinder under Rule 20(a), the existence of a common question of law or fact. Rule 20(a) requires only that there be at least one common question of law or fact. *United States v. Tri–State Design Constr. Co.,* 899 F.Supp. 916, 918–19 (N.D.N.Y.1995); The same questions of law and fact will apply to

proposed Plaintiffs NAM and NHC since the allegation is that Defendants infringed Plaintiff's rights and businesses jointly.

The Court must also consider that the purpose of joinder under Rule 20(a) is to promote trial convenience and expedite the final determination of disputes, thereby preventing multiple lawsuits. *See Tri–State,* 899 F.Supp. at 918 (citations omitted); *Burke,* 55 F.R.D. at 422. Here, if NAM  and NHC are not joined, Plaintiffs will be required to institute a separate action initiated by NAM and NHC based on the same facts that gave rise to this case. Convenience to all parties and judicial economy would therefore be served by granting plaintiff's motion to add NAM and NHC as Plaintiffs at this time.

As Defendants have been unwilling to agree consent, if NAM and NHC were not able to be added or of the motion to amend were denied, plaintiffs would need to commence a new action based on the misappropriation, unfair competition, tortious interference and unjust enrichment, based on almost identical set of facts directly related to this case. This would not promote judicial efficiency. (*See also Maynard, Merel & Co. v. Carcioppolo, 51 F.R.D. 273, 280 (S.D.N.Y. 1970*) granting to add Plaintiffs to avoid further cases being initiated based on the same facts – and then becoming related cases) *Cline v. 1-888-Plumb. Grp., Inc., No. 99CIV1401RJW, 2000 WL 342689, at \*1–2 (S.D.N.Y. Mar. 30, 2000).* Any failure to consent to adding NAM and NHC is to procure delays and to exculpate their own liabilities.

III  - Analysis under Rule 21 to add NAM would yield the same results

For the same reasons given for the motion under Rule 20(a), the Court may also grant the motion under Rule 21. Fed.R.Civ.P.21 provides in relevant part, "[p]arties may be dropped or added by order of the court on motion of any party or of its own initiative at any stage of the action and on such terms as are just." Under Rule 21 courts have broad discretion to determine whether to bring in a party at any stage of the litigation. *See Four Star Capital Corp. v. Nynex Corp.,* 183 F.R.D. 91, 98 (S.D.N.Y.1997). As argued supra, there would be no delay in this case because a trial date has not been set, no discovery schedule has been set. Courts have even permitted the addition of new Plaintiffs after discovery. (*See Cline id*). Even if discovery had commenced, equity

permits ruling on merits and that in and of itself is not a deterrent, as Courts sometimes reopen discovery for a finite time period, so as to incorporate additional parties. If additional discovery is required, the Court can limit its length of discovery so as to avoid unnecessary delay. Nonetheless, given that discovery has not yet commenced there is no prejudice to this addition. NAM's request is at this early stage to be able to protect and enforce its own rights. Since the litigation has not proceeded to discovery and no response has been filed to the FAC, no prejudice will be incurred in the scheduling of this proceeding and as stated above, there are no new facts or substantive allegations that the Defendants were not already on notice of. Therefore NAM and NRCM's claims should be held on the merits.

Finally, NAM and NHC are necessary as parties, as their interests can not be protected by Ms. Kumaran who is appearing *Pro-Se*. Many of the Defendants now involved in this action VIA, RF, BF, Rothman and Boshnack are now direct competitors of Nefertiti Asset Management, LLC and the STORM Funds. *Exhibit 24* clearly demonstrates the public literature names NAM and not NRCM as the party in interest to the hedge fund STORM. Further this indeed shows the Court the relevance of the unfair competition claims and ongoing harm that is being alleged between the businesses that continued in 2018 forward. The Complaint lists several "affiliates" of Vision. The hedge fund structures typically involve several corporations, including a holding corporation and a G.P. as well as L.P.'s.

There will also be no prejudice to defendants. The claims NAM and NHC seek to assert against each of the Defendants are identical and Plaintiff have sought to add NAM and NHC at a very early stage in this litigation. Therefore, defendants will not be surprised by the addition of NAM, nor will they have to significantly alter their defense strategy. Additionally since both NRCM, NHC and NAM will be represented by the same attorney, there is no additional time and burden in dealing with multiple attorneys. Plaintiffs assert that the only reasons Defendants have been unwilling to consent  is due to Visions' significant increased liability they have to the second corporate Plaintiff NAM, who also has suffered substantial financial and economic damage by Defendants tortious conduct to the hedge fund. Their unwillingness to grant leave is simply to

lower their own liability and risk as clearly discovery and pre-rial proceedings have not commenced and proceedings are at the earliest stage. Further, in the alternative, NAM and NHC would simply need to file a new complaint – which would dramatically increase filing burden, administration and  reduce judicial efficiency if this leave is not granted. Starting a fourth action for NAM and NHC, based on the same facts, is not an economical use of the Court's time and resources – the filing of which will likely become another related case.

### B – MOTION TO RELATE BACK FILING – 15(c)

Pursuant to FRCP 15(c), NRCM and NAM also respectfully seek leave to relate back its claims to the original filing date of May 18, 2020. As is generally the case with amendments to the pleadings under Rule 15, the "relation back" doctrine set forth in Rule 15(c) is also to be liberally applied. *See, e.g., Staren v. American Nat'l Bank and Trust Co. of Chicago,* 529 F.2d 1257, 1263 (7th Cir.1976) (noting that amendments under Rule 15(c) should be freely allowed); *Pucci v. Litwin,* 828 F.Supp. 1285, 1296 (N.D.Ill.1993) (Rule 15(c) is to be liberally construed). In evaluating relation back under Rule 15(c), "[c]ourts ... inquire into whether the opposing party has been put on notice regarding the claim or defense raised by the amended pleading." *Charlot*, 97 F. Supp. 3d at 71 (report and recommendation) (quoting 6A Wright & Miller § 1497). "The rationale of Rule 15(c) is that a party who has been notified of litigation concerning a particular occurrence has been given all the notice that statutes of limitations were intended to provide." *Id.* (quoting *United States v. Baylor Univ. Med. Ctr.*, 469 F.3d 263, 270 (2d Cir. 2006)).

Defendants have been on full notice of the facts and its claims there is no prejudice to them in having adequate notice of what claims are being brought and their ability to respond.  Therefore NRCM's and NAM's claims, do not add any new information to Defendants response to the facts. As stated above, NRCM was indeed an original Plaintiff in this action and it was pled by Pro-Se Plaintiff that NAM's interests as the hedge funds were also involved (*See* ECF1 ¶173, ¶171, ¶176,¶178,¶181,¶197,¶199). Therefore Defendants were clearly on notice of the claims and defenses to be raised.

Rule 15(c) and its relation back doctrine are "intimately connected" with the policy underlying the statute of limitations. *Paulk v. Department of Air Force, Chanute Air Force Base,* 830 F.2d 79, 82 (7th Cir.1987) (*quoting* Advisory Committee Notes to the 1963 Amendment to Rule 15). The relation back doctrine seeks to balance the policy of facilitating resolution of claims on the merits, which is effectuated by liberally permitting amendment of pleadings, and the policy underlying statutes of limitations—to guarantee "essential fairness" to defendants by ensuring that they receive notice of claims within a reasonable time, and thus are not impaired in their defense by evidence that is lost or diminished in its clarity because of the undue passage of time. *See U.S. ex rel. Koch v. Koch Industries, Inc.,* 188 F.R.D. 617, 628 (N.D.Okla.1999).

NRCM albeit advertently thinking is was a sole-proprietor as a mistake, did bring its claims on May 18, 2020. Its name was on the original filings – therefore there can be no prejudice to Defendants that they can claim they did not know or have full notice that NRCM had claims against them and the identical overlapping facts and underlying circumstances. Likewise, as NAM is now registered, events which occurred subsequent to the original filing, NAM and NHC also requests that its filing relate back. NAM and NHC have Article III standing as the CTA/CPO now with direct interests into the STORM Fund, and the use and unfair competition of VIA. Since the filing of the original complaint NRCM was dissolved. Kumaran's registration is now sponsored by NAM and NHC, and to avoid any possible argument that NAM has interest into the same a assets, property and trading strategies, NAM's absence as a Plaintiff would be prejudicial. NAM and VIA are direct competitors and much of this action centers around the ongoing impact to the businesses. Again Defendants have been well aware of NAM's interest. **Exhibit 24** filed with the SAC which was used at CTA Expo conferences on September 20, 2017 show that it was Nefertiti Asset Management, LLC that has real interest in and to the hedge fund and leveraging economic value to commodities trading strategies that are in dispute and of subject matter of this Court. The technicality that as is common in hedge fund structures, that proprietary trading is run though another LLC – noting the Boshnack entities have also set up multiple LLCs.  Plaintiffs also seek to avoid defenses or arguments raised, in motion to dismiss that NAM was not listed as a party and somehow claims that belong to NAM instead of Kumaran as the owner of the IP, were not properly brought. As stated supra NAM was registered at the NFA on September 22, 2020.

### I – Mistake for NRCM was made by Defendant Lazzara in opening the Accounts for NRCM

In addition an amendment seeking to add a new party relates back to the date of the original pleading if Rule 15(c)(1)(C) is satisfied. *See Levy v. U.S. Gen. Acct. Off.*, 175 F.3d 254, 255 (2d Cir. 1999) (per curiam); *Charlot*, 97 F. Supp. 3d at 83 (report and recommendation) (collecting cases). *See Levy v. U.S. Gen. Acct. Off.*, No. 97-CV-4016, 1998 WL 193191, at *5 (S.D.N.Y. Apr. 22, 1998) ("In order for an amendment which adds a new plaintiff to relate back to the original complaint, the original plaintiff must demonstrate: 1) the new plaintiff's claims arise out of the same transaction or occurrence advanced in the original pleading; 2) the defendant received adequate notice of the new plaintiff's claims so as not to be prejudiced in maintaining a defense on the merits; and 3) the defendant knew or should have known that, but for a mistake concerning the new plaintiff's identity, the action would have been brought on that party's behalf."), *aff'd*, 175 F.3d 254 (2d Cir. 1999); *In re Morgan Stanley Mortg. Pass-Through Certificates Litig.*, 23 F. Supp. 3d 203, 208 (S.D.N.Y. 2014) ("[T]he relation back of claims by newly added parties is limited to circumstances in which the failure to name the party in the first instance was the product of mistaken identity[.]"); *see also Charlot*, 97 F. Supp. 3d at 84–86 (report and recommendation).

Here Defendants knew or should known that NRCM was to be a Plaintiff in this action since it was named in the original Complaint. As attached to this motion and other filings on the docket, NRCM's relation back was also made by mistake, mistake in fact caused by Defendants. Several of the account opening forms provided by Defendants Lazzara and LCI in the account opening process were executed by Kumaran in her individual capacity.

Therefore Defendants by their own error and mistake, opened forms and accounts leading to a mistake that it thought it was a sole-proprietorship. To the extent there may be an ambiguity, it is properly construed against the drafter, in this case defendants (*see Schron v. Troutman Sanders LLP,* 97 A.D.3d 87, 93, 945 N.Y.S.2d 25 [1st Dept. 2012], *affd.* 20 N.Y.3d 430, 963 N.Y.S.2d 613, 986 N.E.2d 430 [2013].  In cases of doubt or ambiguity, a contract must be construed most strongly against the party who prepared it, and favorably to a party who had no voice in the selection of its language (*67 Wall St. Co. v. Franklin Natl. Bank,* 37 N.Y.2d 245, 249, 371 N.Y.S.2d 915, 333 N.E.2d 184). Lazzara was the Introducing Broker responsible for the forms, and he was responsible for the mistakes. Further the W9 forms, also listed the company as "sole-

proprietor/single-member LLC" which was confusing. Nonetheless Lazzara (Defendants) mistake also failed to name NRCM as the customer on several of the forms – which led to a mistake in identity on the original Complaint.  Further the mistake by NRCM as a sole proprietor, and a legal error by *Pro-Se* Plaintiffs as NRCM was mistaken as a sole proprietor on the original complaint.

Since the name NRCM appeared on the original complaint dated May 18, 202, all criteria of 15(c)(1) are met. NRCM is not a "new" Plaintiff it is in fact an "original" Plaintiff.  Clearly (1) NRCM's claims arise out of the same transaction or occurrence advanced in the original pleading; (2) Defendants by the filing of the May 18, 2020 Complaint received adequate notice of the new plaintiff's claims so as not to be prejudiced in maintaining a defense on the merits; and (3) Defendant knew or should have known that, but for a mistake concerning the [original] plaintiff's status, the action would have been brought on NRCM's behalf. Further by the grant of the Court's leave for NRCM to retain counsel by December 24, 2020 in related case 20-CV-3668 (see Infra argument) Defendants have been on fair notice that Plaintiffs claims in related case were preserved to right to retain counsel. Lastly, since the mistake was also made by Lazzara equity warrants that Defendants cannot procure and advantage by virtue of their own mistake.

## II - Consistency Argument for NRCM

Other good cause showing exists for NRCM to related back to the original filing. In related case 20-CV-3668 there was no gap or interruption to NRCM's filing on May 8, 2020 and its appearance after extensive motion practice on reconsideration. These related cases have similar facts and the Court's decision to allow NRCM to remain without interruption and retain counsel by December 24, 2020 have in equity had no impact procedurally to its original filing date. Therefore equity determines that it would be consistent in its decision in this case to also allow NRCM's appearance by counsel on or around December 22, 2020 by relation back to its original filing date. This relation back that was agreed to in 20-CV-3668 is consistent with Second Circuit law, that the reinstated complaint would relate back to the original filings, for all purposes, including the applicable statute of limitations period. *See Brennan v. Kurlick,* 407 F.3d 603 (3d Cir. 2005) (holding that "when a complaint is filed within the statute of limitations but is subsequently dismissed without prejudice in an order containing conditions for reinstatement within a specified time period, the statute of limitations is tolled provided that the plaintiff meets

those conditions"). Plaintiff met the conditions to appoint counsel by December 24, 2020. With this decision, Plaintiffs will not be prejudiced in being able to make informed decisions regarding the NRCM's claims, timely amend and fix deficiencies and address the newly-learned issues that dissolved companies can still make appearances with counsel (to the extent their rights are not preserved). By correcting these conflicts between the various Orders in related case 20-Cv-03668 and 20-Cv-3871, and since it was the clear intent of the Court to permit Plaintiffs to amend as of right and correct the appearance of counsel deficiencies within a finite time period, the Court will avoid unnecessary motion practice with respect to the tolling of NRCM's claims, and NRCM should not be prejudiced in one action, but not the related action. *See In re Direxion Shares ETF Trust,* No. 09-cv-8011, 2012 U.S. Dist. LEXIS 29709 at* 19-20 (S.D.N.Y. March 6, 2012) (citing *Brennan* in holding that claims contained in plaintiffs' amended complaint were not time barred because the statute of limitations is tolled when a complaint filed within the statute of limitations is dismissed subject to its being <u>re-filed</u> pursuant to certain conditions within a specified period). NRCM was always a party to the Complaint since May 18, 2020 and therefore adding it back does not change the substance of the facts and allegations of the complaint that Defendants have been on notice of.

### III - Claims to be Heard on the Merits

Further courts generally revere to cases being decided on the merits. Indeed, the Second Circuit recognizes that the Federal Rules strongly favor resolving cases on their merits. *See Ross v. AH. Robins Co., Inc.,* 607 F.2d 545,547 (2d Cir. 1979) (courts should not "preclude the prosecution of a possibly meritorious claim because of defects in the pleadings"). NRCM was clearly named as an original Plaintiff. But for mistake in the original pleading and Defendants knew or should have known its liabilities for an to that entity (even though dissolved).

### <u>C – MOTION TO INVERVENE</u><br><u>NAM AND NHC HAVE A RIGHT OT INTERVENE UNDER RULE 24</u>

### I. NAM and NHC Should Be Permitted to Intervene as of Right.

Federal Rule of Civil Procedure 24(a)(2) provides that a court must permit intervention on timely application by anyone: (1) who "claims an interest relating to the property or transaction

that is the subject of the action," and (2) whose interest may be "impair[ed] or impede[d]" by disposition of the action, "unless existing parties adequately represent that interest." This Rule is "broadly construed in favor of potential intervenors," who must be permitted to intervene if: "1) the application was timely filed; 2) the applicant possesses a substantial legal interest in the case; 3) the applicant's ability to protect its interest will be impaired without intervention; and 4) the existing parties will not adequately represent the applicant's interest." *Ohio State Conference of NAACP v. Husted*, 588 F. App'x 488, 490 (6th Cir. 2014) (citation omitted); *see Grutter v. Bollinger*, 188 F.3d 394, 397-98 (6th Cir. 1999) (same).

The Second Circuit employs a four-factor test in determining whether a party is entitled to intervene under this provision. *See United States v. Pitney Bowes, Inc.,* 25 F.3d 66, 70 (2d Cir.1994). Specifically, "[i]ntervention as of right under Rule 24(a)(2) is granted when an applicant: [i] files a timely motion; [ii] asserts an interest relating to the property or transaction that is the subject of the action; [iii] is so situated that without intervention the disposition of the action may, as a practical matter, impair or impede its ability to protect its interest; and [iv] has an interest not adequately represented by the other parties." *Id.* (citing *United States v. New York,* 820 F.2d 554, 556 (2d Cir.1987); *Restor–A–Dent Dental Labs., Inc. v. Certified Alloy Prods., Inc.,* 725 F.2d 871, 874 (2d Cir.1984)); *see also R Best Produce, Inc. v. Shulman–Rabin Mktg. Corp.,* 467 F.3d 238, 240 (2d Cir.2006). NAM and NHC meet each of these requirements for intervention as of right.

## I. NAM's and NHC's Intervention is Timely for This Case

The timeliness of an application for intervention is evaluated "in the context of all relevant circumstances." Courts in this district generally consider: " '[i] how long the applicant had notice of the interest before it made the motion to intervene; [ii] prejudice to existing parties resulting from any delay; [iii] prejudice to the applicant if the motion is denied; and [iv] any unusual circumstances militating for or against a finding of timeliness.' " *Frankel v. Cole,* 490 Fed.Appx. 407, 408 (2d Cir.2013) (summary order) (quoting *123 Pitney Bowes, Inc.,* 25 F.3d at 70); *accord MasterCard Int'l Inc. v. Visa Int'l Serv. Ass'n, Inc.,* 471 F.3d 377, 390 (2d Cir.2006). Here, the litigation is at the earliest stage. A responsive pleading to the Complaint has not been filed. No

scheduling order or trial order has been entered. No factual or legal issues have been litigated. Further, no discovery has even commenced.

(i)     Discovery Has Not Yet Commenced

A key consideration in New York Courts of timeliness is whether discovery has commenced. New York Courts have ruled that any delay in filing the motion to intervene has not prejudiced the parties, if discovery has not commenced and the parties have not engaged in dispositive motion practice. *See, e.g., Stutts v. De Dietrich Grp.,* No. 03 Civ. 4058(ILG)(MDG), 2005 WL 3158038, at *1 (E.D.N.Y. Nov. 28, 2005) (although motion to intervene was filed almost two years after the action was commenced, parties were not prejudiced because discovery had not commenced); *Mortgage Lenders Network, Inc. v. Rosenblum,* 218 F.R.D. 381, 384 (E.D.N.Y.2003) (finding no prejudice where discovery was in its initial stages); *see also E.E.O.C. v. Mavis Disc. Tire,* No. 12 Civ. 0741(KPF), 2013 WL 5434155, at *4 (S.D.N.Y. Sept. 30, 2013) (motion to intervene timely when discovery had not yet begun). Courts have deemed delays of up to two years permissible especially when discovery has not even commenced.

Further Courts have considered timely intervention when even after a year has passed. In this instant matter NAM and NHC only became registered at the NFA on September 22, 2020. Once counsel appeared in the case in December 2020, and after the Court conference between January 26, 2021 and March 15, 2021 New associated persons joined NAM in February 2021. Plaintiffs counsel had a chance to review the pleadings and determine that NAM's interests, were not adequately protected by existing Plaintiffs and significant financial harm had been done to NAM. Since *Pro-Se* Plaintiff can not properly protect those interests, it was determined by the time the amended complaint was due to be filed that NAM needed to make an appearance and add itself to the Complaint. See also Republic of the Philippines v. Abaya, 312 F.R.D. 119, 123 (S.D.N.Y. 2015) "Although Plaintiffs waited nearly a year to intervene in the action, this delay does not automatically foreclose the instant motion. *See United States v. Yonkers Bd. of Educ.,* 801 F.2d 593, 595 (2d Cir.1986) (noting that district courts "must not consider merely the length of time the litigation or proceeding has been pending, but should base its determination upon all of the

circumstances of the case"). Further consideration should be given that until counsel appeared, Plaintiff was *Pro-Se* and had no ability to bring the claims on behalf of NAM and NHC. Also NAM and NHC do not wish to bring new claims as a separate action would be of prejudice to all parties in prosecuting or starting another related action.

(ii) NAM's and NHC's Intervention Would Cause No Prejudice to Defendants

For the reasons stated *supra*, as no discovery has commenced, no trial order issued, no scheduling order set, and no briefing has been completed, and the case is at the earliest stage. Defendants would  not be prejudiced by NAM and NHC's intervention.

(iii) Plaintiffs would be prejudiced if Intervention is Not Permitted

By contrast, NAM and NHC will be severely prejudiced if their motion is denied. NAM has substantial direct legal and commercial interests as a CTA and CPO, in and to the capital it had raised and needs to raise and continues to suffer direct economic harm, in the interference to its affiliates in the ongoing unfair competitive use of the STORM. NAM and NHC was also impacted by Defendants miscalculation of margin on interference in its prop trading track record. Its intervention will aid in the proper resolution of this litigation, not hamper it—a circumstance that militates in favor of the intervention. *In re Tribune Co. Fraudulent Conveyance Litig.,* 291 F.R.D. 38, 41 (S.D.N.Y.2013)  Further, NAM and NHC claims an interest in proceeds and rights to the STORM fund, and all claims of unfair competition and the property at issue, as well as harm caused by delays, interference and hindrance in the funds are at the heart of this case. This interest is antithetical to the interest the Vision Investment Advisors, Boshnack and Rothman asserts in the proceeds, and therefore, NAM stands to suffer clear prejudice if excluded from participating in this proceeding. *See Peterson v. Islamic Republic of Iran,* 290 F.R.D. 54, 58 (S.D.N.Y.2013) ("As for prejudice, Movants would clearly be prejudiced if they are excluded from pursuing their alleged interest in any proceeds recouped from avoided transactions."); *Abondolo v. GGR Holbrook Medford, Inc.,* 285 B.R. 101, 110 (E.D.N.Y.2002) ("Third, [Plaintiff] may be severely prejudiced if it is not permitted to intervene in the [] action, because it will be denied the opportunity to litigate the ownership of property over which it claims a substantial interest.").

NAM and NHC have also not just suffered monetary damages, but damages to its good will, reputation and harm to its competitive advantage as also a CTA and CPO, and ongoing impacts to its costs of doing business in increased due diligence and compliance. There will be significant prejudice to NAM and NHC if the motion is denied.

## II. NAM and NHC Have a Substantial Legal Interest in the Subject Matter of This Action

The United States Court of Appeals subscribes to a "rather expansive notion of the interest sufficient to invoke intervention of right." Grutter, 188 F.3d at 398 (citation omitted); see also Bradley v. Milliken, 828 F.2d 1186, 1192 (6thCir. 1987) ("'[I]nterest' is to be construed liberally."). No specific legal or equitable interest is required, see Grutter, 188 F.3d at 398, and even "close cases" should be "resolved in favor of recognizing an interest under Rule 24(a)," Mich. State AFL-CIO v. Miller, 103 F.3d 1240, 1247 (6th Cir. 1997). This litigation directly implicates the NAM and NHC's interest in enforcing both the confidentiality and proprietary nature of their information and also the ongoing unfair competition by Vision Investment Advisors as well as depletion of NAM's assets, business and property at a seed capital stage.

The Second Circuit has explained that for purposes of Rule 24(a)(2), an intervenor must have a "direct, substantial, and legally protectable" interest in the property or transaction that is the subject of the underlying action. *Brennan v. N.Y.C. Bd. of Educ.,* 260 F.3d 123, 129 (2d Cir.2001) (quoting *Washington Elec. Co-op., Inc. v. Massachusetts Mun. Wholesale Elec. Co.,* 922 F.2d 92, 97 (2d Cir.1990)). In NAM's interest is particularly strong here because Vision Investment Advisor, Boshnack and Rothman's alleged conduct goes to the heart of the unfair competition, where the parties are a CTA's, offering himself as a direct competitor of Kumaran and NAM, who now are registered as a CTA through NAM (CTA and CPO) and STORM, which is the actual commodities pool operated by NAM, for which licenses the use of the strategies. Therefore NAM and NHC has a direct legally protected interest in the action. Rule 24 next requires the movant to "assert[ ] an interest relating to the property or transaction that is the subject of the action." Id. at 389. That interest must be "direct, substantial, and legally protectable." Wash. Elec. Coop., Inc. v. Mass. Mun. Wholesale Elec. Co., 922 F.2d 92, 97 (2d Cir. 1990).

A proposed intervenor does not have to assert a property interest, but rather "an interest relating to the property or transaction which is the subject of the action." *Brennan v. New York City Bd. of Educ.,* 260 F.3d at 130 (quoting Rule 24(a)(2)). "The 'interest' required by Rule 24(a)(2) has never been defined with particular precision," *Sec. Ins. Co. of Hartford v. Schipporeit, Inc.,* 69 F.3d 1377, 1380 (7th Cir.1995), but at a minimum, it must be a "significantly protectable interest," *250 Donaldson v. United States,* 400 U.S. 517, 531, 91 S.Ct. 534, 27 L.Ed.2d 580 (1971), that is direct and substantial. *Washington Elec. Coop., Inc. v. Mass. Mun. Wholesale Elec. Co.*, 922 F.2d 92, 97 (2d Cir.1990).

The Complaint clearly delineated NAM and NHC's commercial interest in the occurrences, property and transactions that are subject to this action. NAM and NHC clearly has an ongoing interest to the property and transactions at issue. Defendants depleted assets, property and monies that were intended for direct profit of NAM, and improperly acquired trading strategies to compete with which were intended for NAM's use as the G.P. of the funds. The commercial interests in this case include the ongoing unauthorized use in direct competition which directly affects value of the hedge funds who have exclusive license to use said technologies and is causing harm in its ability to fully leverage its rights to profit from and raise capital therein. NAM and NHC who also had raised substantial capital to form the hedge fund has suffered direct consequential losses in loss of capital, delays to formation and other substantially increased legal and compliance costs, as well as other damages. Perpetrators improper market participation includes ongoing use and damage to suppress and delay the hedge fund, deplete profitability and increase costs and burdens to the fund.

    (i)    Article III standing

NAM and NHC also have Article III standing to Intervene. *See Already, LLC v. Nike, Inc.*, 568 U.S. 85, 133 S.Ct. 721, 184 L.Ed.2d 553 (2013) (under the competitor standing doctrine, "a market participant is injured for Article III purposes whenever a competitor benefits from something allegedly unlawful"). Under Article III, NAM and NHC also have a direct competitive interest in and to the resolution of the unfair competition in the commodities futures markets of Vision Investment Advisors, ("VIA") and Robert Boshnack, Howard Rothman, High Ridge

Holding Corporation, Bohsnack Family, LLC and Rothman Family LLC.  (All listed as owners of VIA). Kumaran and NHC are listed as principal owners of NAM.

NAM also meets the basic requirements of Article III standing and competitor standing doctrine that an "injury must be concrete, particularized, and actual or imminent; fairly traceable to the challenged action; and redressable by a favorable ruling." *Monsanto Co. v. Geertson Seed Farms*, 561 U.S. 139, 149, 130 S.Ct. 2743, 177 L.Ed.2d 461 (2010) (citing *Horne v. Flores*, 557 U.S. 433, 445, 129 S.Ct. 2579, 174 L.Ed.2d 406 (2009)). The doctrine affords a plaintiff-competitor the presumptions of injury, traceability, and redressability in certain discrete contexts in which "economic logic" (See *Canadian Lumber Trade All. v. United States*, 517 F.3d 1319, 1332 (Fed. Cir. 2008); *see also Sherley v. Sebelius*, 610 F.3d 69, 72 (D.C. Cir. 2010) (citing *Canadian Lumber* for this "economic logic" requirement))  tells us that an unlawful benefit, bestowed upon a defendant-competitor as the result of some violation of a rule, will predictably cause the plaintiff-competitor to suffer an injury in fact. Defendants actions infringe upon the Therefore NAM are also injured by the ongoing unfair competitive use of Vision Investment Advisors without compensation and/or without an Order of a cease and desist and return of all competing property of the VIA. At the pleading stage, courts may reasonably infer that the defendant used plaintiff's trade secret where the defendant launches a competing product shortly thereafter. *See Oneida Group Inc. v. Steelite Int'l U.S.A. Inc., No. 17-CV-957, 2017 WL 6459464*, at *8 (E.D.N.Y. 2017). *Balance Point Divorce Funding, LLC v. Scrantom, 978 F. Supp. 2d 341, 353 (S.D.N.Y. 2013)* (concluding plaintiff sufficiently raised an inference that defendant used its trade secret where defendant was positioned to benefit from use of the trade secret because "knowledge of the [trade secret] would enable [defendant] inevitably to better compete with [plaintiff]").

    (ii)    NAM and NHC also has interest to the confidentiality of its material

NAM and NHC also has an interest in the confidential information at issue. The Complaint also identifies that confidential information, being shared with competitors harm and damage to NAM (particularly this corporate entity) is of direct legal interest to NAM. NAM and NHC is not a party yet in this proceeding. NAM and NHC have direct and substantial legal interest to the

confidential information about its business plans, capital raising, corporate planning which are subject matter of this case.

NAM (and not NRCM) is the direct and interested party in the long term capital raising of the hedge funds. NAM and NHC also is the entity with partners and members who have suffered harm and damage to its good will and reputation. NAM  also is directly impacted in its ability to raise capital for the funds and has to pay the ongoing damages and costs in "compliance", "due diligence" and "disclosures" related to Visions' unauthorized involvement to its business and all the damage associated with this proceeding. NAM has also suffered damages from capital existing that it has raised that has diluted its Net Present Value ("NPV") and company present value due to Vision's tortious interference. Since Lazzara the broker, knew from the outset that NAM, NHC and its business partners have substantial economic interest in this proceeding, there is no surprise to Defendants in the causes brought.

### III. Intervention in this Case is Necessary to Protect NAM's Interest.

As to the third requirement, impairment, "the proposed intervenor must show that his interest may be impaired by the disposition of the action, which can be satisfied by asserting that as a practical matter, an adverse decision may compromise the party's claims." *Delaware Trust Co. v. Wilmington Trust, N.A.,* 534 B.R. 500, 509 (S.D.N.Y.2015) (internal citations, alterations, and quotation marks omitted). Courts have determined  "a would-be intervenor must show only that impairment of its substantial legal interest is possible if intervention is denied." *Miller*, 103 F.3d at 1247. "This burden is minimal," and can be satisfied if a determination in the action may result in "potential stare decisis effects." *Id.*; *see also Citizens for Balanced Use v. Mont. Wilderness Ass'n*, 647 F.3d 893, 900 (9th Cir. 2011) ("[I]ntervention of right does not require an absolute certainty that a party's interest will be impaired"). Rule 24(a)(2) also requires the movant to show that it "is so situated that without intervention, disposition of the action may, as a practical matter, impair or impede [its] ability to protect its interest," and that its "interest is not adequately represented by the other parties." MasterCard Int'l Inc. v. Visa Int'l Serv. Ass'n, 471 F.3d 377, 385 (2d Cir. 2006).

Plaintiff Kumaran is appearing *Pro-Se*. Therefore Kumaran cannot assert legal argument on or behalf of the corporate entities NAM and NHC. The protection of NAM 's and NHC's commercial interests to the STORM fund and ongoing rights to enjoin its competitors are necessary interests to be protected. Further, NAM's and NHC's claims against Vision Investment Advisors, Rothman, Boshnack, H Rothman Family, LLC, Boshnack Family, LLC may be compromised if an adverse decision is reached, without NAM and NHC being able to protects its own interests into the STORM Fund, LP and the capital it has raised and intends to raise, business partners and stakeholders, as well as its own good will, reputation and longevity in the futures industry. A decision in favor of Vision Investment Advisors by permitting ongoing unfair competition may adversely impact NAM's ability to raise capital and offer unique services and trading strategies in the market place through its own STORM Fund, LP. This would also deprive NAM of its own rights to a CTA and CPO. *See also* Republic of the Philippines v. Abaya, 312 F.R.D. 119, 124 (S.D.N.Y. 2015).

## IV. The Existing Parties Cannot Protect the Interest of the NAM and NHC.

NAM and NHC carry a minimal burden to show that the existing parties to this litigation inadequately represent the their interests. "[T]he burden to demonstrate inadequacy of representation is generally speaking 'minimal,' " Butler, Fitzgerald & Potter v. Sequa Corp., 250 F.3d 171, 179 (2d Cir. 2001) (quoting Trbovich, 404 U.S. at 538 n. 10, 92 S.Ct. 630) ; *see also Laroe*, 828 F.3d at 70 (citation omitted). City of Syracuse, NY v. Bureau of Alcohol, Tobacco, Firearms & Explosives, No. 1:20-CV-06885-GHW, 2021 WL 23326, at *3 (S.D.N.Y. Jan. 2, 2021) The Supreme Court has emphasized that a potential intervenor "need not prove that the [existing parties'] representation will in fact be inadequate, but only that it '*may* be' inadequate." *Id.* (citations omitted) (emphasis added); *Trbovich v. United Mine Workers of Am.*, 404 U.S. 528, 538 n.10 (1972). *see also Davis v. Lifetime Capital, Inc.*, 560 F. App'x 477, 495 (6th Cir. 2014) ("The proposed intervenor need show only that there is a *potential* for inadequate representation.") (citation omitted) (emphasis in original). NAM and NHC satisfies this burden.

As stated above Plaintiff Kumaran is appearing *Pro-Se*.  *Pro-Se* Plaintiff Kumaran cannot adequately protect NAM's and NHC's interests, as Kumaran cannot assert legal argument on or behalf of the corporate entities NAM and NHC. Therefore NAM and NHC's interests cannot be represented by a *Pro-Se* Plaintiff. Plaintiff NRCM is now dissolved and is not a party or owner to the transactions for the hedge funds, and therefore cannot represented its interests.

### D.  Alternatively, NAM and NHC Should Be Allowed to Intervene By Permission

In the alternative, NAM and NHC may also be granted leave to intervene by permission. Rule 24(b)(1)(b) permits intervention on timely motion by anyone who has "a claim or defense that shares with the main action a common question of law or fact." Fed. R. Civ. P. 24(b)(1)(B). "In exercising its discretion," a court "must consider whether intervention will unduly delay or prejudice the adjudication of the original parties' rights." Fed. R. Civ. P. 24(b)(3).

There will be no prejudice to Defendants in this adjudication. Defendants have been on notice of NAM and NHC's interest in this litigation as this party was named in the Complaints and briefing papers, as parties of interest. NAM and NRCM were also both named in emails dating back to January 30 2017 to Trey Lazzara (*See* Exhibit 19, FAC) and Defendant had full knowledge of NAM's interests to the account. They were also named in the First Amended Complaint. Defendants have had _eleven months_ to prepare a responsive pleading. Therefore no prejudice will come to Defendants who have enjoyed the benefit of substantial passing of time to prepare their arguments. Defendants were well aware that NAM began its registration at the NFA on June 22, 2020 and its membership were completed on September 22, 2020. Just recently, on February 5, 2021, NAM added Associated Person Jamil Ismail, a veteran commodities futures sales person from the futures industry. NAM is in the process of filing its necessary registrations at the CFTC for its disclosure documents and this ongoing matter is an obstacle. Therefore as this litigation progresses ongoing developments are reflected in the decisions.

The same substantial interests that give the NAM and NHC a right to intervene in this case under Rule 24(a)(2) support permissive intervention under Rule 24(b): *First*, for the reasons

detailed in Section C.I.(I), *supra*, NAM and NHC's Motion to Intervene is timely. *Second*, if required to file a separate action to protect NAM and NHC's interests, *see* Section C.I(II), *supra*, NAM (as a CTA/CPO) and NHC would assert that Vision Investment Advisors (CTA/CPO) have improperly acquired access to its competitive advantage  for use, profit and gain and are continuing to use such in direct competition. Further Boshnack, Rothman, and VIA continue to operate as direct competitors of NAM. These assertions would require the Court to resolve questions of fact and law that are common to—and in some instances, identical to—questions raised by the existing parties. *Third*, as discussed in Section C.II, *supra*, NAM and NHC have substantial interest and a direct legal interest into this proceeding. The Complaint clearly delineates NAM's commercial interest in the occurrences and transactions that are subject to this action which is at issue in this case. *Fourth*, because this proceeding is at the earliest stage and no discovery has commenced, NAM's and NHC's intervention will not delay or prejudice the adjudication of any party's rights and no trial or discovery scheduling order has yet been set. As Kumaran is proceeding *Pro-Se*, she cannot assert claims on behalf of NAM or NHC and therefore its interests are not protected without an appearance.

Further NAM and NHC should be permitted to intervene under 24(b) as it has interests in and to the confidentiality of its information. It is well-settled that intervention pursuant to Rule 24(b) is the proper procedure for a third party to protect the confidentiality of its data in a private suit. *See United States v. Alex Brown & Sons, Inc.,* 169 F.R.D. 532, 537 (S.D.N.Y.1996) ("[I]ntervention under [R]ule 24 is the proper mechanism for a non-party to seek a protective order and thus to gain access to information generated through judicial proceedings."), *aff'd sub nom. United States v. Bleznak,* 153 F.3d 16 (2d Cir.1998); *Martindell v. International Tel. & Tel. Corp.,* 594 F.2d 291, 294 (2d Cir.1979) (stating that [third party] should have sought intervention under Rule 24 in order to seek protective order); *see also Beckman Indus., Inc. v. International Ins. Co.,* 966 F.2d 470, 473 (9th Cir.1992) (acknowledging that it is widely recognized among the circuits that Rule 24(b) intervention is the proper method for non-parties to protect their confidentiality interests). *Diversified Grp., Inc. v. Daugerdas, 217 F.R.D. 152, 157 (S.D.N.Y. 2003)*

NAM and NHC also have direct interests in and to the confidentiality of the information related to the hedge funds, it capital, the use of STORM and rights of business partners and its fund structure and documents, as well as  which are also at issue and before the Court in this case. For the foregoing reasons Plaintiffs seek the intervention of NAM and NHC to the proceeding and for NAM, NHC and NRCM to file a combined First Amended Complaint that relates back to the original date of filing May 18, 2020.


Respectfully submitted,

//SSK//                                                    //BMA//
Samantha Siva Kumaran                                      Brian August, Esq,
Individual Plaintiff                                       AugustLawNYC
                                                           100 Willoughby Street 9E
                                                           Brooklyn, NY 11201
                                                           (917) 664-4465
                                                           bmaugust61@gmail.com
                                                           www.augustlawnyc.com
                                                           *Attorney for NRCM, NAM and NHC*