Page 1


April 20, 2020

**<u>VIA ECF/EMAIL</u>**
Honorable Judge Stewart D. Aaron
United States District Court
Southern District of New York
40 Foley Square
New York, NY 10007

Re: *Kumaran et al  vs. Vision Financial Markets  et al  1:20-Cv-03871*-GHW-SDA

Dear Hon. Judge Stewart Aaron;

Plaintiff responds to the letter filed by Defendants on Good Friday and in advance of the conference to raise several issues that are also of concern to be discussed with the Court. This letter also explains why the motion to intervene was filed today April 20, 2021 and not sooner. To begin with, Ms. Chou does not accurately set forth the complete set of events that transpired prior to her letter for a conference (which was specifically timed for Good Friday) without giving opportunity for response. Ms. Chou's letter for instance, completely omits that Plaintiff on two separate occasions had been waiting response from Defendants and most importantly, as can be seen from the email chain attached, (**Exhibit 1**) specifically requested a Meet and Confer prior to setting up a Court conference. Without the courtesy of response, or any good faith attempt to Meet and Confer, Ms. Chou rushed into Court on a holiday (Good Friday) and did so in a manner to try to prejudice the Court against Plaintiffs procedural rights and without trying to resolve any of the issues – even simple issues like a motion to intervene. Further Defendants refused to address any of the items Plaintiffs have raised on inequitable standards of double the filings such as the *separate* pleadings and motions by Villa (*Pro-Se*) and Vision Defendants (*Counselled*).

*Second* as for NAM's and NHC's intervention Plaintiffs had sought cooperation and consent from Defendants to what is a routinely accepted as a Motion to add Party to a case (*See* Rule 21, 20. and Rule 15). In each case for no good cause other than to reduce their own liability Defendants flat out refused to consent or cooperate. Instead they are resulting in additional burden to the Plaintiffs and the Court with additional motion practice which drives up the cost and delays this proceeding.

*Third* we had also sought cooperation and response on the flood of extraneous and impermissible exhibits and confidential materials being filed by Ms. Villa (*Pro-Se*) to obtain summary judgement under Rule 56. Instead Defendants refused to respond or cooperate to Villa's misuse of the court system with filings smothering the docket with hundreds of pages of exhibits that are impermissible. (*ECF*32, *ECF*34). This has also increased cost and time to Plaintiffs.

*Fourth*, the stance of the Defendants has and appears to be to create procedural inequity - whereby Defendants are permitted to respond with two separate motions to dismiss  – one by Villa (Pro-Se) to maintain independence - and second by *counselled* Defendants Vision and Lazzara. The main concern here is that Defendants appear to seek to obtain procedural inequity – across the board. *First*, they seek to maintain their own duplicate filings and permit Villa to maintain her own *Pro-Se* status. *Second*, while Defendants receive the benefit of double filings, they seek to prejudice Plaintiff Kumaran *Pro-Se* to lose its independent filings status and then accuse Plaintiff of filing "*counseled*" pleadings when Mr. August is not retained to present the interest or causes of myself individually. Just as Ms. Villa wants to maintain her own filings (and is permitted to by law) so is Plaintiff Kumaran. A *Pro-Se* Plaintiff or Defendant by right has the right in civil litigation (as Ms. Villa is doing) to represent herself and file her own motions, responses and pleadings. Likewise Plaintiff

Page 2

Kumaran *Pro-Se* also seeks to maintain independent filings in this and related actions and is in fact permitted by constitution and legal right to file independently and to not have counsel sign pleadings on behalf of a Pro-Se. A party seeking to assert his statutory right to self-representation must clearly and unequivocally discharge any lawyer previously retained. A party does not have a right to self-representation and representation by counsel at the same time. See id.; United States v. Mitchell, 137 F.3d 1006, 1010–11 (2d Cir.1943). *See* Iannaccone v. L., 142 F.3d 553, 557–58 (2d Cir. 1998)

As such prior to the conference the following itemizes a list of concerns of Plaintiffs.

### Issue #1 - Schedule has Become Too Aggressive and Is Prejudicing Plaintiffs' ability to keep up
As a first matter Plaintiffs respectfully seeks to alert the Court to the almost impossible schedule that *Pro-Se* Plaintiff has had to meet in March 2021.

- **March 1, 2021** - Filing of Two Oppositions to Motion to Compel Arbitration ADMIS (3873 – *ECF*37, *ECF*38)
- **March 4, 2021** – Motion for Reconsideration NFA (03668 – *ECF*69) – Time interval 3 days
- **March 15, 2021** – Filing of Amended Complaint Vision and Villa (3871-*ECF*48) – Time interval 11 days
- **March 18, 2021** – Reply Letter Due to Kadlec (Filed a week earlier, 03668-*ECF*78 ) – Time Interval 3 days
- **March 25, 2021** – Reply Opposition to Motion For Costs for Villa (Filed a week late ECF52) Time Interval 6 days
- **March 29, 2021** – Affidavits and Exhibits for Motions to Compel, ADMIS (3871 -*ECF*43) Time Interval 5 days
- **April 1, 2021** – Correction to deficient ECF Filing Vision (ECF Time Interval 2 days
- **April 2**, **2021** – Good Friday – letter to the Court prior to a Meet and Confer to arrange the Motion to Intervene.

There is a legitimate concern that the workload cannot become procedurally impossible to a point where Plaintiff can no longer enforce its rights by the scheduling and is missing deadline. These filings have had less than 7 days in between and sometimes 3 days between them and are at a point of *procedural impossibility* to Plaintiff *Pro-Se* to adequately protect its rights and enforce its motions. While Plaintiff has been mindful to not ask for further extensions, Plaintiff (*Pro-Se*) has become legitimately concerned the scheduling is being used to created procedural advantage to Defendants as Plaintiffs humanly cannot meet any further filing obligations without some reasonable time interval – and it has reached a point to where errors are being made – and deadlines missed. While Plaintiff is *Pro-Se* and usually Courts grants some lenience – to allow a reasonable time to read and understand the law – there is a point where it could prejudice the case if no time is allotted. At this speed Plaintiff has in opposition six counsel from three large law firms, and cannot have its fundamental rights preserved to have the case adjudicated on the merits, hampered by an impossible schedule

Defendants continue to use this inequity to harp on any slight technical error (such as correcting the use of "radio buttons") – instead of focusing on the merits. Similarly Defendants want to win this case, again not by a ruling on the merits, but by creating procedural inequity by Defendants ability to file double the responses, have had 11 months to formulate responses and by  eliminating Kumaran's *Pro-Se* status, In opposite, Villa *Pro-Se* has been permitted to file hundreds of pages of documents, maintain separate filings and abuse the Court process to file Summary judgement Rule 56 motions including essentially doubling the workload. Simply put, Plaintiff needs more time to adequately file these motions – not to delay matters – but simply to do a correct job and not make

typos and errors, and research the law properly and even have time to edit things, and most importantly to make sure it adequately preserves its rights.

### Issue #2 - Other Inaccuracies in Ms. Chou's Letter

Plaintiff also objects to the incorrect accusation that Plaintiff *Pro-Se* "made further amendments" to any complaints, or "purported to file another amended complaint". (*See* Ltr. at 2 and 3). There were no "further amendments" and I did not "purport" to file another amendment. As indicated above there were purely clerical or technical deficiencies due to a change in the ECF Filing system to not include "radio buttons" and the abbreviated caption "et al" which Plaintiff has used throughout this action. Defendants have also used the "et al" caption in filings – and there was no change to any of Plaintiff Kumaran's filing. *Second*, the use of words "purported to make further amendments" is being used to prejudice the Court and to create ongoing procedural inequities. The Court is also reminded the *Ms. Chou* also filed document with **material** technical deficiencies on December 1, 2020 to omit the material information that High Ridge Holding Corporation was the 100% owner of Defendant High Ridge Futures, LLC – the party who is alleged to have been the primary culprit in misappropriation. This was a material omission. Further Ms. Villa also encountered technical deficiencies and was days late in filing-secured exhibits which were unable to be uploaded into to ECF33.

The Court should also take note that the *ECF* deficiency notice came out to Plaintiff on **March 22, 2021** which was nearly **six months after** the First Amended Complaint (filed on September 30, 2020). This cannot be a fault of knowledge of Plaintiff as there was no prior directive to Plaintiff to remove the "et al" or to not select "all Defendants" as radio buttons in its filing on ECF which it has always done. Ms. Chou's false accusations are being used to prejudice the Court against *Pro-Se* Plaintiff who has met numerous deadlines in the month of March and cannot sustain the aggressive schedule without some relief from the Court while Defendants Vision and Lazzara have had more than 11 months since the filing of the Complaint to formulate a response which should not change much. *Second*, since the lenience and equity is typically granted to Pro-Se Plaintiffs, and not corporate counselled Defendants Boshnack, Rothman and Lazzara, Plaintiff is seeking that their response to Plaintiff Kumaran's timely filed complaint on March 15, 2021 is filed a-toute-vitesse so that any additional time to respond is tipped in favor of *Pro-Se* Plaintiff who is drowning in deadlines and seeks more time to oppose. Since the response against Pro-Se Plaintiff Kumaran will inherently be different to that of NRCM. NAM and NHC, Plaintiff seeks relief from the Court that Vision and Lazzara Defendants respond quickly and should not be granted any further extensions on Kumaran's opposition so that Plaintiff has additional time to reply. **11 months is enough time**, while Plaintiffs in clear inequity had **11 days to amend the complaint** (See Issue #1). There are legitimate concerns in procedural inequity.

### Issue #3 - Courts notice of issuance on March 22, 2021 was direct to me.

In addition to the impossible schedule above, the reason for Kumaran's filing of the motion to intervene is that the Court issued notices on March 22, 2021 directed to me (Kumaran, Pro-Se) and not Mr. August to refile the NAM and NRCM complaints.(*See* **Exhibit 2**) Since Mr. August had intended to file the notice to intervene on March 23, 2021, there was some confusion on why the notice was issued to me instead of him. Therefore consistent with the notice, the motion to intervene is now filed by me. With the schedule above, I only had time to attend to it after Easter and it took approximately 14 days to draft and finalize. I have attached the Court's notice on March 22nd directed to me. Further given the time constraints on my time, it is impacting the time spent in collaboration with counsel – and there was no time in March to meet any additional deadlines. It is also one of the primary reasons we (Plaintiffs) have reached a point where a 3 day or 7 day turn around on motions and filings has become procedurally impossible. Not only do we have to respond to ***double the***

**_workload of motion_** in each case – a typical motion response is 14- 28 days- even without regard to *Pro-Se* status. The Court has also added additional motions (such as those on the G&F protective order) overlayed with 7 day turn around.  Plaintiff is concerned now this is being used to obtain a procedural advantage to Defendants where errors are being made and used against us.

Issue #4 – Excessive filings and extraneous documents by Ms. Villa

   Plaintiff also has concerns and object to the Ms. Villa's misuse of the court system to file hundreds of documents and pages of impermissible exhibits in a routine motion to dismiss. While Defendants have raised a concern of Plaintiffs filing two complaints, Defendants have not addressed and have refused to correct Ms. Villa's procedurally improper filings. Further, the fault lies not only with Ms. Villa (Pro-Se), but also Trey Lazzara (represented by Ms. Chou) who also attempted to game the system to file impermissible Declarations in a Motion to Dismiss (ECF32) Plaintiffs have objected to multiple false statements that have also taken time (unnecessary time) to correct and are procedurally out of sequence. Many of Villa's statements have been demonstrated to be impermissible under a Rule 12(b)(6) motion, inconsistent and inaccurate – going as far as to claims "she never worked for LCI" – or "never worked in Austin Texas" - yet during the life of Plaintiffs account she maintained a full Lazzara work email and admits she was compensated for referrals, and later admits she did work in Texas. Correcting a stream of false statements is a significant additional time and cost and burden to Plaintiffs. Ms. Villa is obligated to stay within the four corners of the Complaint and not insert her own facts. All the while she was unregistered and unlicensed to either solicit accounts or work in a customer facing role, let alone have anything to do with Plaintiffs confidential information or trading accounts. Defendants collective efforts to create procedural inequity include moving under a Rule 56 if the parties are moving for summary judgement, **they must provide notice to Plaintiff and Plaintiff is entitled to discovery.** Therefore both Ms. Chou and Villa forged ahead (even with counsel) to overload the Court with declarations and impermissible attachments under Rule 56 to multiply the workload for Plaintiffs and take advantage of procedural inequity for which Plaintiffs have legitimate concerns as they are operating outside Court rules and procedures.

   At the conference to be discussed if the parties are moving for Summary Judgment and attaching exhibits, Plaintiffs are entitled to discovery. Among the other items sought in discovery by Plaintiff are a complete set of communications by and between Villa and Defendants (including both Lazzara and Vision Defendants), full records of Documents and Communications during her previous "employment" at Lazzara Consulting which overlaps the **exact period in 2014 – 2015** the G&F and oral illegal risk services were implemented, all compensation generated by Villa related to the futures industry, and all  Communications related to the impermissible Declaration filed in ECF32 between Villa and Lazzara.  Further since Lazzara (Ms. Chou) and Villa knowingly participated in violating the Court rules to try to move for Summary Judgement this should be sanctionable as well as Plaintiffs time to spend correcting untruthful statements to the Court about Villa's employment. If Ms. Villa intends to move for summary judgement Plaintiff seeks to commence some timely discovery.

Issue #5 – Violations of Confidentiality by Ms. Villa

   Plaintiffs also seek to address numerous confidentiality violations in extraneous filings by Ms. Villa. Villa and Chou have been notified including in email to take down materials that violate confidentiality obligations expressly sent in email on March  2021. Specifically some of  Villa's exhibits violate the rule that all filers must redact: Social Security or taxpayer-identification numbers; dates of birth; names of minor children; financial account numbers; and in criminal cases, home addresses in compliance with Fed. R. App. P. 25(a)(5), Fed. R. Civ. P. 5.2, Fed. R. Crim. P. 49.1, or Fed. R. Bankr. P. 9037.  Instead Defendants just ignored and refused to respond or address any of

Page 5

Plaintiffs legitimate concerns, and ran into Court on Good Friday without even responding to Plaintiffs concerns.

### Issue #6 - Plaintiff must preserve separate filings

The heart of the issue before the Court is that Pro-Se Plaintiff Kumaran seeks to preserve independent status and not combine filings. Plaintiff is entitled to appear *pro se* in this civil proceeding. *See* Iannaccone v. L., 142 F.3d 553, 556–57 (2d Cir. 1998). The right to proceed *pro se* in civil actions in federal courts is guaranteed by 28 U.S.C. § 1654, which provides: "In all courts of the United States the parties may plead and conduct their own cases personally or by counsel as, by the rules of such courts, respectively, are permitted to manage and conduct causes therein." Plaintiff Kumaran has a fundamental and constitutional right to preserve its *Pro-Se* status throughout this and the related cases. As stated above, a condition of appearing Pro-Se is that it divorces itself from counsel and does not have pleadings signed by counsel (*See Mitchell* Id)

In equity, the Court has permitted Defendant Kadlec and NFA to file separate filings in related case as they are represented by different counsel. Similarly,  the Court has permitted Defendants Villa and Vision/Lazzara to maintain separate filings in this case. Likewise, in equity, Plaintiff Kumaran seeks to maintain independent *Pro-Se* filing status. Plaintiff has a legitimate concern Defendants are trying to set up procedural inequity whereby Plaintiffs are forced to combine pleadings. Defendants then intend to use that to impute *counselled* standards on a *Pro-Se* pleading. This is exactly what NFA did in their own recently filed Motion to Dismiss. By stating that Mr. August signed a *Pro-Se* pleading and then arguing somehow it was "counseled' this is inequitable. Plaintiffs' *Pro-Se* pleadings complaints and motions **have not been counseled**. Despite the fact that Plaintiff has had to learn the law – I do not have  any formal training and therefore likewise Plaintiff should not be held to the same standards as a *counseled* Plaintiffs. Further there are clear constitutional rules prohibiting any "appearance" that Kumaran's pleadings are counseled. (*See Mitchel* ID)

Further, as was demonstrated in the ADMIS case, NRCM as the sole signatory to the customer contract are different. Kumaran's arguments as the owner of the trade secrets and NAM's and NHC's arguments are owner of the hedge funds are **different** from those asserted by NRCM. Therefore by "bundling" Plaintiffs together – and while keeping Defendants' briefings separate is prejudicial. Defendants are using this deliberately to seek unfair dismissal of various claims by 'bundling' Plaintiff Kumaran's or NAM's claims with NRCM's. Therefore Ms. Chou's request is veiled behind a self-serving procedural benefit -  while in inequity Ms. Villa and Vision multiply the work load and continue to overload the Court file separate motions, and then continue to bundle the separate distinct entities. For this reason alone Kumaran *Pro-Se* also seeks to preserve separate filings. Also *Pro-Se* Plaintiff has not received the benefit of "counseled" advice and its pleadings and complaints should be given that distinction.

### Issue #7 – Pro-Se Status Should Control the Filings

Plaintiff Kumaran therefore seeks to maintain independent status. There has been no compromise by Defendants in either (a) cooperating with the motion to intervene for NAM and NHC; (b) combining their own responses and filings between Pro-Se and Counselled Plaintiffs; or (c) removal of the impermissible exhibits. Plaintiffs made clear that Kumaran was not represented by Mr. August and that trying to force a *Pro-Se* Plaintiff to file combine filings by an attorney that does not represent a party is not permitted.  While Plaintiffs may have a combined interest, the arguments and law raised by Kumaran may be different than those of NRCM and NAM. Any combined pleadings must be done so in a manner that does not prejudice Plaintiff's *Pro-Se* status or NRCM's or NAM's arguments.

Ms. Chou points to the Court *ECF* 44 order that Kumaran and NRCM file an amended complaint, but she excludes the salient language that also states **Defendants file their Motion to Dismiss**. The Court did not require *Pro-Se* Defendant Villa and *Counselled* Defendants to **combine** their Motion to Dismiss. Likewise, in equity it is not required that Plaintiffs Pro-Se and Counselled file their complaints or pleadings – and then have that used against them as NFA has tried to do. While Plaintiffs are willing to combine the pleadings for the sake of efficiencies we also seek just relief from the Court, that the pleadings are treated as a Pro-Se filed Complaint and NRCM, NAM and NHC added to Plaintiff Kumaran's complaint. However the arguments that counsel signed a *Pro-Se* Complaint have to be moot.

Issue #8 - The Good Friday Filing Sought to "take opportunity"

Finally Plaintiff Kumaran has acted timely and in good faith to communicate with Defendants across the board responding usually expeditiously. Kumaran objects to the tactic to run into Court on a Good Friday without the Meet and Confer in good faith. Further their lack of compromise this addition of a Party under a Rule 21, 20 and 15 motion is generally accepted policy has significantly added time to Plaintiffs. As can be seen from the email exchange I had clearly sought the opportunity in good faith to meet and confer with Defendants (both Ms. Chou and Villa) to discuss these issues.

Instead Defendants used a "holiday" to try to prejudice the Court against Plaintiff and Plaintiff asserts this is bad faith conduct – especially in light of the aggressive schedule already existing. (See Issue #1). Plaintiffs have legitimate concerns that Defendants are using the impossible schedule and legitimate inequity in filings - meaning in all related cases Kadlec/NFA are permitted to file separate briefs and Vision/Villa are permitted to file separate briefs - but prejudicing Plaintiffs to combine responses in inequity with rapid turn arounds, while Defendants procure months of review time.

Finally Plaintiff respectfully reminds the Court that Defendants, especially Vision, Boshnack, Rothman and Lazzara Defendants, have had **notice of this Complaint since May 2020 – almost 11 months**. Therefore the primary arguments at this point should not require much change from before, and Plaintiff amended the complaint quickly in 11 days.

Thank you for your consideration.


Respectfully submitted

//SSK//


Samantha A. Kumaran
Individual Plaintiff


**The notice on March 22, 2021 to upload the request for leave and amend for NAM was sent to me (Individual Plaintiff) and not Mr. August. Therefore I filed the document today. (See Exhibit 2).