April 27, 2021

Honorable Judge Stewart D. Aaron
United States District Court
Southern District of New York
40 Foley Square
New York, NY 10007

Re:     Kumaran vs. Vision Financial Markets, LLC, Dkt. No. 1:20-Cv-03871-GHW-SDA

Pursuant to the Court's April 20, 2021 Order [ECF No. 62], the parties met and conferred on April 23 regarding the issues raised in the Vision Defendants' April 2, 2021 letter [ECF No. 58] and Plaintiff Samantha Kumaran's April 20, 2021 letter [ECF No. 61], and submit this joint letter setting forth their remaining disputes.

**Plaintiffs' Position**

   **(I)**     **- The filing of the Motion to Intervene was Redundant in Most Sections**
In conference on April 23, 2021 Vision Defendants "V Defendants" agreed as follows and Ms. Villa stated she wishes to reserve her position.
   a. V Defendants *consented* to add party by NAM and NHC therefore pages 4-9 of the motion are moot and the relief sought in ECF60 - Section A under Rule 15(a), Rule 21 is moot.
   b. V Defendants *consented* to allow NAM and NHC to intervene which was not previously granted and the relief sought in ECF60 - Section C Rule 24 (a) and Rule 24(b)(1)(b) is moot. Therefore pages 14 (bottom) -25 of the motion are moot.
   c. V Defendants *consented* that NRCM's motion to relate back under Rule 15(c) to the original date May 18, 2020. Therefore substantial sections of Pages 10-14 (bottom) are also moot.

**The only item outstanding from *ECF*60** that VDefendants and Plaintiffs are not in agreement on the relation back to May 18, 2020 of NAM and NHC. VDefendants have consented to NRCM's filing date under FRCP Rule 15(c) will relate back to May 18, 2020 the date of original filing.

   **(II)**     **- Plaintiffs seek remedy for wasted time in Motion Practice at the Court**
   Plaintiffs object to the failure to grant consent earlier as bad faith. Defendants conduct has unnecessarily added cost and burden to Plaintiffs. On March 18, 2021 Plaintiff NRCM through counsel Mr. August sought consent for the foregoing relief. (*See* **Exhibit B**). On March 18 and 19, 2021 Defendants represented by Ms. Chou and Ms. Villa in emails outright denied the request and refused to grant leave to consent. Both Defendants stated unequivocally they would not consent to the motion, and Ms. Villa stated "*Plaintiffs should make their motion to the Court*". This has led to unnecessary time consuming motion practice and burden on Plaintiffs to file a motion (*ECF*60) seeking leave from the Court, which as above clearly could have been resolved. Prior to filing the motion, on April 1, 2021 **Plaintiff Kumaran** also requested a Meet and Confer to discuss the issue. Defendants instead moved into Court for a conference, without consenting to the addition and without a Meet and Confer. Plaintiffs assert that Defendants conduct was unreasonable to either not wait for a reply or wait till after the Easter Weekend to resolve the issue. In the meantime Plaintiffs have spent no less than 80 hours taking away from professional time between April 6 to April 20 in the filing of the redundant motion. (*ECF*60). Plaintiffs therefore assert the conduct to not Meet and Confer and drive up 80 hours of redundant motion practice is sanctionable for the wasted time, and dilatory tactic and bad faith refusal to grant consent on March 18, 2021. As can be seen above, approximately 21 pages of the motion are moot and were designed to result in frivolous motion practice. After **the Court**

**ordered a Meet and Confer** on April 23, 2021 VDefendants only then granted consent to the items above.[1] Further after explicitly granting consent on April 23, 2021 Ms. Chou now again has back-tracked her position (*See* infra) now demanding that any consent was conditioned on Kumaran waiving her *Pro-Se* status. This conduct is bad faith as the parties met and conferred and reached agreement on Item I (*See* supra). Plaintiffs assert that in the conference the consent to ECF60 was unconditioned and these "new terms" were not discussed.

### (III)    Plaintiff Kumaran *Pro-Se* Intends to Preserve Statutory Rights for Independence

Defendants tactic is to preserve inequity in this proceeding, and to violate Kumaran's **statutory rights**, that a *Pro-Se* litigant should combine its complaint with *counselled* Plaintiffs. Plaintiffs rights are protected by statute and second circuit law. 28 U.S.C. § 1654 ("In all courts of the United States **the parties may plead and conduct their own cases personally** or by counsel as, by the rules of such courts, respectively, are permitted to manage and conduct causes therein."); *see generally O'Reilly v. New York Times Co.*, 692 F.2d 863, 867–70 (2d Cir. 1982) (discussing statutory right to self-representation in civil cases). Therefore this applies to the Complaint and all further filings. Kumaran has noticed Defendants it intends file a motion to preserve *Pro-Se* independence in filings in all Complaints and filings. Defendants admit they can find no case law to support a violation of statutory rights. Plaintiffs on the other hand have adequate Second Circuit case law (infra). **Plaintiff Kumaran *Cannot* Have Counsel sign her *Pro-Se* Complaint.** Defendants requests to deny Kumaran's statutory rights to an *uncounselled* pleading violate Kumaran's statutory rights. Despite repeated requests to identify Second Circuit case law, Defendants have an unsupported legal position which is designed to again result in frivolous and appealable motion practice.[2] Meanwhile Ms. Villa (*Pro-Se* Defendant) and Ms. Chou (Counselled Defendants) have also made clear they intended to maintain inequitable distinct filings, in clear procedural inequity.

### (IV)    Vision's Request to Have Counsel sign Kumaran's Pro-Se Pleadings are Prohibited by Law and Statute and Intend to Prejudice Plaintiffs.

As Second Circuit law explains, *Pro-Se* complaints cannot be signed by counsel, as part of the statutory rights granted to Pro-Se litigants. A party seeking to assert his statutory right **to self-representation must clearly and unequivocally discharge any lawyer** previously retained. *Iannaccone v. Law*, 142 F.3d 553, 558 (2d Cir. 1998); *Williams v. Bartlett*, 44 F.3d 95, 100 (2d Cir. 1994) (quoting *Faretta v. California*, 422 U.S. 806, 835, 95 S.Ct. 2525, 45 L.Ed.2d 562 (1975)). Furthermore, **a party does not have a right to self-representation and representation by counsel at the same time**. *See O'Reilly v. New York Times Co.,* 692 F.2d (2d Cir. 1982). Plaintiff *Pro-Se* Complaint filed on March 15, 2021 did not seek the assistance of counsel, was not filed in combination with counsel or signed by counsel and complied with the Court directive to quickly amend, which it did in 11 days. Any attempts by Defendants to have a *Pro-Se* Complaint signed by counsel are a violation of Kumaran's statutory rights. As a result of Item III supra, consistent with the *Pro-Se* Motion, Plaintiff Kumaran seeks to maintain her own Complaint as filed on March 15, 2021 and to the extent any other parties have complaints and are counselled they will need to be signed and filed by counsel separately.[3] To the extent Defendants seek clarification, on an issue Plaintiff will add an

---

[1] Ms. Chou objects to the fact Mr. August did not reply "immediately" to an email on Easter weekend. This is bad faith as it was clearly a Good Friday holiday and since Kumaran had already in good faith requested a Meet and Confer conference to address the issue, they have now wasted both Plaintiffs and the Court's time in granting consent only *after* eighty (80) hours of time was spent drafting a frivolous motion which is sanctionable under Rule 11(c)

[2] Plaintiff has noted to Defendants violation of Rule 11(c)(2) and notice of potential sanctions motion for bad faith and dilatory tactics to violate 28 U.S.C. § 1654 without any case law to support their positions for improper purpose.

[3] Cases cited by Ms. Chou are inapplicable and not even controlling precedent from this district. In *Inglese v. Kulpa* (D.N.J. Apr. 25, 2014), the issue was whether a first amended or second amended complaint was being used as operative, and is not relevant to the facts in this case. Further neither of the parties was Pro-Se. The Court was ruling on whether the second amended complaint overruled the first. In Gallagher v. Nat'l Sec. Agency, 18 Civ. 1525 (D. Colo. July 12, 2018) also out of district is again irrelevant. There was one single Plaintiff, and the operative issue was

Exhibit to clarify the RICO causes which is more consistent with this circuit.(*See U.S. v. Priv. Sanitation Indus infra* )

### (V) Other Items in the Letter ECF61

**Issue #4** has been resolved. Ms. Villa intends to not file further Exhibits. Kumaran has offered to streamline the Complaint and file a separate complaint against Ms. Villa so she does not have to wade through material not related to herself that includes details on the Vision Defendants. Ms. Villas has stated she is Ok with the Vision allegations combined with Villa Defendant.

**Issue #5** has partially been resolved. Ms. Villa has agreed to go through and redact any prohibited materials in the filings and no further exhibits are to be filed in the Motion to Dismiss however this has not been done to date.

**Issue #1 and #2** has not been resolved – In email on April 26, 2021 Plaintiff has sought relief that it stay its responses and focus on the NFA Complaint between May 1, 2014 and June 14, 2021. Defendants appear to agree. However they now impose 5 weeks to respond to ECF60, and then seek to impose "Local Rules" for Plaintiff to respond which are seven days on June 5, 2021. Again this is an ongoing attempt to procure procedural advantage. Plaintiffs is seeking a stay of its responses in this action, until the NFA Response is filed on June 14, 2021. (*See* 20-CV-03668). At this time, Plaintiffs raises a legitimate concern that its rights can no longer be adequately preserved. Plaintiffs cannot respond to motions in overlapping cases, without serious prejudice to its rights. Defendants have already acquired 11 months of preparation time and inequitable procedural advantage while Plaintiff has 11 days to amend the Complaint.

### (VI) Plaintiffs Seek Relief with Rule 8(A)

Plaintiff has researched applicable law that in RICO and Securities Fraud cases complies with Rule 8 in its existing filings. Good cause for this is consistent with comparable *counselled* Securities Fraud cases and RICO in S.D.N.Y. Defendants' own case law *Allstate* ID was a **360 page** *counselled* complaint with **2500 pages** of exhibits which satisfied Rule 8.[4] Defendants are incorrect in their application of Rule 8. In Securities Fraud cases as well as RICO Cases, complaints well in excess of 150 pages have been accepted.[5] *See* e.g. *In re Global Crossing Ltd. Securities Litigation,* 313 F. Supp. 2d 189 (S.D.N.Y. 2003) held that a *counselled* securities fraud complaint containing 840 separate paragraphs and **spanning 326 pages**—which the court described as an "enormous mountain" of a pleading—complied with Rule 8. According to the court, given the nature of the alleged fraud and the particularity requirement of Rule 9(b), it was

---

related again to the First Amended Complaint, and an Original Complaint. This is not the issue before the Court ,on combining Pro-Se *uncounselled* Complaints, and counselled Complaints which are protected by Statutory Rights. None of the cases apply. Further *Allstate Ins. Co. v. Yadgarov, 2014 WL 860019, (E.D.N.Y. Mar. 5, 2014)* supports Plaintiffs and not Defendants. Here the Court permitted a **360 page long RICO complaint, with 2500 pages of exhibits**. Ms. Chou is incorrect in her legal application. The issue of operative complaint was again between an first amended complaint and original complaint, Because some of the Defendants were dismissed on summary judgement, there was a distinction whether the amended complaint or original complaint applied to dismissed Defendants and which was operative. The **360 page RICO Complaint** was accepted. Also it is inapplicable there was no *Pro-Se* filer.

[4] Since Defendants have cited to *Allstate Ins. Co. v. Yadgarov,* which was a 360 page complaint, which complied with Rule 8, Plaintiff also attached as **Exhibit C and D** two other RICO Complaints each 297 or 397 pages long accepted in similar cases of fraud and racketeering by Allstate.

[5] In Touch Concepts, Inc. v. Cellco P'ship, 949 F. Supp. 2d 447, 452 (S.D.N.Y. 2013), aff'd, 788 F.3d 98 (2d Cir. 2015), and aff'd, 788 F.3d 98 (2d Cir. 2015) accepting **counseled Plaintiffs' 175–page, 862–paragraph RICO complaint**, See Pahmer v. Greenberg, 926 F. Supp. 287, 294 (E.D.N.Y. 1996), aff'd sub nom. Shapiro v. Cantor, 123 F.3d 717 (2d Cir. 1997) **99-page counseled** complaint held as compliant with Rule 8, *See* In re Parmalat Securities Litigation, 375 F. Supp. 2d 278 (S.D.N.Y. 2005) Accepting a counselled Plaintiffs **368 pages and 1,249 paragraphs** holding that the complaint complied with Rule 8, on the ground that the complaint did not "overwhelm the defendants' ability to understand or to mount a defense." *Id.* (internal quotation marks omitted); *see also In re Real Estate Assocs. Ltd. P'ship Litig.*, 223 F. Supp. 2d 1142, 1146 (C.D. Cal. 2002) (refusing to hold lengthy complaint violated Rule 8 because it was "not so opaque as to defy understanding").

understandable for plaintiffs to have "erred on the side of detail and prolixity." The court added that "[a] motion to dismiss is a vehicle for testing the legal sufficiency of plaintiffs' claims, and **not a device for editing their prose**." (Accepting **326 pages**). Plaintiff objects to Ms. Chou's demands for any ongoing work to burden *Pro-Se* Kumaran to incur more time and cost together with filing time-consuming motions and deleting claims. Plaintiffs' March 15, 2021 Complaint is more than sufficient to put Defendants on notice of the fraud they perpetrated. It is explicitly clear that Defendants are on notice of what the claims against them and Plaintiff has offered to add any additional clarification in a Supplemental Exhibit that will further provide details on each of the Defendants. What Defendants seek to do is delete material sections of fraud allegations to create inequitable procedures so Vision and Lazzara can avoid their fraud claims. The Court should note Defendants specifically argued there was insufficient detail in the FAC. Therefore Plaintiff cured this by adding Rule 9(b) detail. Plaintiffs disagreed that there is sufficient distinction in the Defendants. Finally despite repeated requests for Wiggins to identify any irrelevant facts in the Complaint, Vision Defendants have been unable to highlight one paragraph that is not needed. To the extent the Court requires clarification on any distinctions in the Defendants and Plaintiffs argue it can be added as an Exhibit which is the same procedure used in other RICO cases where any ambiguities in distinction were corrected in Exhibit. See *U.S. v. Priv. Sanitation Indus. Ass'n of Nassau/Suffolk, Inc., 793 F. Supp. 1114* (E.D.N.Y. 1992) (Plaintiff sought leave to submit a Supplemental Exhibit and Court founds that the newer **70 Page exhibit document** also integrated with the **132 page counselled Complaint**, satisfies Rule 8(a) with respect to providing notice to each defendant of the particular racketeering acts he is alleged to have committed).

### (VII)    Other Items in Response to Ms. Chou's Letter

Ms. Chou takes note that Plaintiff did not include an email with her and Mr. August related to a question posed on April 1, 2021. Ms. Kumaran is not obligated to respond to Mr. August's communications. Ms. Kumaran *Pro-se* made a request for a Meet and Confer and there was no response. Mr. August notes that it was a holiday weekend and there was no courtesy of a follow up and it is not unreasonable for a party to wait till after Easter (since this was a holiday weekend) to discuss the issue or have a chance to speak to the client. Both parties were troubled by a hasty Good Friday filing. Mr. August had reached out promptly on March 18, 2021 to get the consent. In irony, Ms. Chou has also left out material communications *ECF58,* that she and Villa outright refused to cooperate on March 18 and 19 causing Plaintiffs two weeks of motion practice to file an unnecessary intervention (*ECF*60) and also refused to Meet and Confer until ordered by the Court.

### (VIII)   NAM and NHC's First Complaint

Since there is one outstanding motion on NAM and NHC's rights to relate back. Plaintiffs NAM and NHC request the Court complete that briefing first and that NAM and NHC file a separate *counselled* complaint which will be a separate Complaint at that point. Given the stay requested until June 14, 2021 NAM and NHC seek that that amendment is completed after resolution and with leave to add to the March 15, 2021 Complaint of NRCM. Defendants are also incorrect. There are several multi-Plaintiff suits where separately counselled Plaintiffs file independent complaints. (*See* e.g. *In re World Trade Ctr. Disaster Site Litig.,* No. 06–5324–cv, 2007 U.S.App. LEXIS 8728 (2d Cir. Mar. 9, 2007) multiple Plaintiffs each able to file *separate counselled complaints*.) Alternatively NAM and NHC can file their own *counselled* complaint in this action pending resolution of the relation back motion which is pending before the Court. Plaintiffs NAM, NHC and NRCM's *counselled* complaints can be filed together once the Court rules on the pending motion. As above Plaintiff Kumaran seeks to move forward with its existing complaint and Local Rules provide for response in 14 days. This is a multi-party, multi-Plaintiff and multi-Defendant case. There is no precedent to force *Pro-Se* Plaintiff to file joint complaints to be signed by counsel as will be clearly indicated as a statutory right that is being violated by Defendants (while in equity maintaining their own separate filings). In fact statutory right under 28 U.S.C.§1654 expressly prohibits a *Pro-Se* Complaint being filed or signed by counsel.

**VISION DEFENDANTS' POSITION**

**WHETHER MS. KUMARAN AND NRCM MAY MAINTAIN SEPARATE COMPLAINTS:**

The Court's intervention is necessary to determine whether there is an operative complaint and whether Ms. Kumaran and NRCM may maintain separate complaints in this single action. After the January 26, 2021 status conference, the Court ordered: "Plaintiff and NRCM shall file a Second Amended Complaint ("SAC") adding NRCM as a plaintiff no later than February 26, 2021," later extended to March 15, 2021. [ECF Nos. 44, 46]. Plaintiff Kumaran filed a SAC for herself on March 15 [ECF No. 48], and in the early hours of March 16, Attorney Brian August filed a "First Amended Complaint" for NRCM and another entity, NAM [ECF No. 49]. On March 17 and 22, the Clerk's Office issued deficiency notices which Ms. Kumaran and Mr. August did not appear to cure. Thus, on Thursday, April 1, counsel for the Vision Defendants wrote to the other parties that it intended to request a status conference with the Court. Ms. Kumaran responded, in part, "I was planning to upload the correct complaints today," and that "I would prefer we meet and confer first before scheduling wit[h] the Judge." Counsel for the Vision Defendants replied, asking: "Mr. August, is it still your intent to file a separate complaint for NRCM and NAM? **If so, I believe we aren't going to see eye-to-eye on that and will need the status conference with Judge**." Mr. August never replied to this email, sent on Thursday, April 1 at 9:26 a.m. [Ex. A (emphasis added).][6] That afternoon, however, Ms. Kumaran again filed a "Second Amended Complaint" for just herself.

Ms. Kumaran and NRCM's intent to pursue separate complaints in this action is contrary to this Court's January 26 Order, relevant authority, and the interests of justice and efficiency. Vision Defendants cannot find a single case in the Second Circuit permitting a pro se plaintiff to file a stand-alone complaint of her or his own against the same defendants on any basis. That is not surprising, as "[n]othing in the [Fed. R. Civ. P.] provides a mechanism for the Court, litigants or the public to time or track multiple operative pleadings and their corresponding answers, motions, crossclaims and counterclaims." Allstate Ins. Co. v. Yadgarov, 2014 WL 860019, at *12 (E.D.N.Y. Mar. 5, 2014) (finding plaintiffs' separate complaints against two sets of defendants to be improper); see also Gallagher v. Nat'l Sec. Agency, 18 Civ. 1525 (GPG), 2018 WL 10854582, at *1 (D. Colo. July 12, 2018) ("there can only be one operative complaint in an action," as the "Court will not piece together claims, factual allegations, and defendants that are included in separately filed documents"); Inglese v. Kulpa, 2014 WL 1669919, at *2 (D.N.J. Apr. 25, 2014) ("[T]here can only be one operative complaint").

Permitting two operative complaints would be particularly troubling and unmanageable in this case, given the extreme length and often inscrutable language of the complaints that were attempted to be filed at ECF Nos. 48 and 49. These filings span over 800 paragraphs and nearly 150 pages each, and also purport to incorporate by reference pleadings in other cases. The filings substantially overlap, but that overlap makes them more prejudicial to the defendants. As just one example, both filings refer to "plaintiff" and "plaintiffs" interchangeably such that it is impossible to tell which plaintiff(s) are making the claims. Reading each complaint in the light most favorable to the pleader could result in the Court giving the the

---

[6] Ms. Kumaran omitted this response from the excerpt she submitted to the Court at ECF No. 61-1. The full communication shows that the Vision Defendants did not ignore her request to meet and confer, or "rush" into Court on Good Friday to "take opportunity," but rather, asked for the status conference only after not hearing from Mr. August all of the preceding day and allowing Ms. Kumaran time to complete her filings.

The Vision Defendants also wish to correct the record as to other two statements Ms. Kumaran's letter. First, as to the claim that "Ms. Chou also filed document with material technical deficiencies on December 1, 2020 to omit the material information that High Ridge Holding Corporation was the 100% owner of Defendant High Ridge Futures, LLC…," to the contrary, the Corporate Disclosure Statement filed by the Vision Defendants that day fully disclosed that "High Ridge Futures, LLC is a direct, wholly-owned subsidiary of High Ridge Holding Company, LLC." [ECF No. 35]. Second, with respect to the statement, "Villa and Chou have been notified including in email to take down materials that violate confidentiality obligations expressly sent in email on March 2021," Ms. Kumaran confirmed during the meet and confer that the Vision Defendants or their undersigned counsel had **not** violated any confidentiality obligations in this matter.

same word inconsistent meanings between the two complaints. The substantial overlap between the two filings also raises serious questions as to whether Ms. Kumaran essentially is using Mr. August's legal work as her own, while also reaping the benefits of lowered scrutiny afforded to a pro se, or whether Ms. Kumaran effectively is performing the legal work for entities whom she cannot represent in court.

Ms. Kumaran argues that if the Vision Defendants are permitted to file motions that are separate from defendant Julie Villa, she too should be permitted a pleading that is separate from the proposed corporate plaintiffs. This is an apples-to-oranges comparison. Under the Federal Rules, a pleading must comply with numerous rules that are inapplicable to motions and briefs. See id. (listing Fed. R. Civ. P. provisions applicable to a pleading). During the meet and confer, the Vision Defendants confirmed that they do not object to Ms. Kumaran and NRCM filing separate motion papers.

**RULE 8:**

All of the complaints that Ms. Kumaran and NRCM/NAM have attempted to file thus far in the case have failed to meet Rule 8(a)(2)'s requirement that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Each of the recent filings spans nearly 150 pages, with over 800 dense and oftentimes rambling paragraphs, attaches hundreds more pages in exhibits, and further purports to incorporate by reference pleadings in other cases. They also continue to engage in "lump pleading" against defendants. The Vision Defendants have serious concerns about the prejudice to them if Ms. Kumaran and/or any of the entities are permitted to proceed a complaint or complaints in substantially the same form. The Vision Defendants respectfully ask that the Court address also these Rules 8 issues in setting a permissible form of pleading going forward in the case.

**MOTION TO INTERVENE/ADD PARTY/RELATE BACK [ECF No. 60]:**

After reviewing the motion filed on April 20, 2021, the Vision Defendants will not oppose the addition of NAM and NHC as plaintiffs, provided that all plaintiffs are required to file a single amended/consolidated complaint specifying which plaintiff is asserting which claim(s) against which defendant(s). These Defendants believe that any request to "relate back" for NRCM is moot, as it was an original plaintiff in this case, but oppose the request by NAM and NHC to "relate back" as premature.

After filing a "First Amended Complaint" for NRCM and NAM on March 16, Mr. August on March 18 belatedly sought defendants' consent to add NAM as a party, and also requested that "the claims of both NRCM and NAM relate back to original filing date of the complaint." **[Ex. A]** Counsel for the Vision Defendants replied that day that, "given the extraordinary length of the pleadings, [we] are not in a position to consent to NAM's addition as a party or your request to 'relate back' at this time." The Vision Defendants could not, and still cannot, discern what claims NAM was asserting, as distinct from NRCM.

Plaintiff Kumaran and Mr. August jointly filed the Motion to Intervene on April 20, 2021. The motion sought to add and "relate back" not only NAM, but a completely new entity, NHC. After reviewing the motion, including Ms. Kumaran and Mr. August's assertion that NAM and NHC have claims that are not adequately represented by Kumaran or NRCM, see, e.g. ECF No. 60, at page 5, the Vision Defendants will not oppose the addition of NAM and NHC as plaintiffs, provided that all plaintiffs are required to file a single amended/consolidated complaint. Until NAM and NHC have filed an operative complaint specifying their claims, however, any request to relate back is premature, and the Vision Defendants respectfully reserve all defenses.

## VILLA's POSITION

On the meet and confer call I reserved my rights to object to the addition of NAM and NHC, entities formed outside of the scope of the complaint as defined by the period January 2017 - June 2017 ("the time of the account opening and closure").  I continue to reserve these objections until the outstanding issues are heard as scheduled on the conference call between the parties before Judge Aaron Stewart, Friday, April 30th 2021

Electronically signed  //All parties//