# Chou, Jenny

| | |
|---|---|
| **From:** | Chou, Jenny |
| **Sent:** | Thursday, April 1, 2021 9:23 AM |
| **To:** | samantha@timetricsrisk.com |
| **Cc:** | julievilla2002@gmail.com; bmaugust61@gmail.com |
| **Subject:** | RE: Vision Case 03871 |

Samantha, thank you for responding so quickly.

Mr. August, is it still your intent to file a separate complaint for NRCM and NAM? If so, I believe we aren't going to see eye-to-eye on that and will need the status conference with Judge.

Regards,
Jenny

**Jenny R. Chou**
Direct: 203.498.4302 | jchou@wiggin.com
www.wiggin.com



CONNECTICUT | NEW YORK | PHILADELPHIA | WASHINGTON, DC | PALM BEACH

---

**From:** Samantha Kumaran <samantha@timetricsrisk.com>
**Sent:** Thursday, April 1, 2021 9:17 AM
**To:** Chou, Jenny <JChou@wiggin.com>
**Cc:** julievilla2002@gmail.com; bmaugust61@gmail.com
**Subject:** RE: Vision Case 03871

HI Jenny, I was planning to upload the correct complaints today. I have had back to back deadlines, and there is no change to the complaint just the radio buttons were not checked correctly due to a change in ECF. Also for some reason they no longer accept the et al in the caption which I had used without issue before.

I will upload today. If there's still an issue after re-uploading we can discuss. I have not had an issue before with ECF in other case so something may have changed in the radio buttons to be checked.

Since there is no change to the Complaint, I would prefer we meet and confer first before scheduling wit the Judge.

Kind regards,
Samantha S. Kumaran
President and CEO
samantha@timetricsrisk.com
Phone: 212 431 5098 (Office)
Mobile: 917-636-1364 (Cell)



This email and its attachments are for the named addressee(s) only. It may contain information which may be confidential and privileged. If you are not the intended recipient, please notify the sender immediately, destroy this email and any attachments, and do not otherwise disclose or use them.

This email and its attachments do not constitute or may not be used for the purpose of an offer to sell, solicitation of an offer to buy, a partnership interest in any fund or transaction described herein. No such offer or solicitation will be made prior to the delivery of the applicable risk disclosure document, offering memorandum and related materials. All profits disclosed herein are accompanied by risks. An investor understands that under any investment that investor may lose all or part of its equity in any time frame. Past performance is not indicative of future performance. Options and futures and trading is not a suitable investment vehicle for all investors. The risk of loss in trading commodity interests can be substantial. You should therefore carefully consider whether such trading is suitable for you in light of your financial condition.

Neither Timetrics or its officers, employees, agents or representatives warrant the accuracy, adequacy, or completeness of the information contained herein and Timetrics expressly disclaims liability for errors or omissions. No warranty of any kind implied, express, statutory is given by Timetrics or its officers, employees, agents or representatives in connection with the information herein. Under no circumstances may this email or its attachments, or any part thereof, be disclosed, reproduced, redistributed without the express permission of Timetrics.

------- Original Message -------
On Thursday, April 1, 2021 8:57 AM, Chou, Jenny <JChou@wiggin.com> wrote:

Dear Ms. Villa, Ms. Kumaran, and Mr. August,

Given that each of the recently-filed complaints appears have been noted as deficient by the Clerk's office, and in view of the existing briefing schedule in the case, the Vision and Lazzara Defendants intend to submit a letter to Magistrate Judge Aaron requesting a telephonic status conference to address the status and permissible form of the anticipated SAC, the briefing schedule, and the proposed addition of NAM as a plaintiff. Please let me know if you consent and/or would like to join in the request for a status conference to address these issues.

Kind regards,

Jenny

**Jenny R. Chou**
Direct: 203.498.4302 | jchou@wiggin.com
www.wiggin.com



CONNECTICUT | NEW YORK | PHILADELPHIA | WASHINGTON, DC | PALM BEACH

**From:** Julie Villa <julievilla2002@gmail.com>
**Sent:** Friday, March 19, 2021 1:11 PM
**To:** samantha@timetricsrisk.com
**Cc:** Chou, Jenny <JChou@wiggin.com>; bmaugust61@gmail.com; julievilla2002@gmail.com
**Subject:** Re: Vision Case 03871

Mr. Brian August, Esq.

In response to your email dated March 18, 2021, subject "Vision Case 03871, I have responded below.

It is my opinion that the January 26, 2021 status conference would have been the proper venue to bring your request to add an additional party to your action. Furthermore, I do not find that the law affords a different standard to Pro-Se litigants, only that it provides extraordinary patience for technical and procedural ignorance.

The reasons you allege and laws you assert, that may grant you leave for this request, are for a judge to determine. Please make your motions to the court. I do not consent to any extralegal requests in this case, especially when a Pro-Se party represents that "the facts of this case are the same". Stating an opinion with equivocation does not constitute adjudicating the law. My decision is irrevocable.

The NFA website provides detailed information ("facts") that apparently oppose the facts alleged in this email,(1) Nefertiti Holding Company ("NHC) approved June 25, 2020 is affiliated with Nefertiti Asset Management LLC ("NAM") approved September 22, 2020 and has no "Firm Activity Status" (see attachments)

I am still waiting for a plainly stated, clearly articulated cause of action by Plaintiffs for demonstrable damages against me under any rules of evidence.

Julie Villa

On Thu, Mar 18, 2021 at 1:21 PM Samantha Kumaran <samantha@timetricsrisk.com> wrote:

> Jenny, Thanks for your quick reply. As you know, Brian does not represent me Pro-Se, (and he does not have a retainer to represent me) -   just as you do not represent Ms. Villa who is also appearing Pro-Se. There is no obligation for you and Ms. Villa (Pro-Se) to file a combined brief, and neither would you agree to file a brief with a Pro-Se you do not represent. Therefore you cannot expect our side either to do the same.

3

Likewise, we are having to accept two separate filings and briefs from Ms. Villa (Pro-Se) separately and the Your Defendants represented by you. Similarly Mr. Kadlec has different counsel and briefings from NFA.

As such, since the Pro-Se standards are very different (as Ms. Villa also knows) I am under no obligation to file my pleadings with a counsel that does not represent my Pro-Se interests.  If you are proposing that you and Ms Villa combine briefs and there is equitable combining of briefs your objection would be better understood.

Therefore going forward, to maintain Pro-Se status all my filings will be separate. If you are willing to allow the Corporate Plaintiffs to file under the Pro-Se standards, please let me know.

That should not impact your willingness to agree to NAM becoming a party to this case. Please could you articulate your reason for that, as the facts of this case are the same.

Kind regards,

Samantha S. Kumaran

President and CEO

samantha@timetricsrisk.com

Phone: 212 431 5098 (Office)

Mobile: 917-636-1364 (Cell)



This email and its attachments are for the named addressee(s) only. It may  contain information which may be confidential and privileged. If you are not the intended recipient, please notify the sender immediately, destroy this email and any  attachments, and do not otherwise disclose or use them.

This email and its attachments do not constitute or may not be used for the purpose of an offer to sell,  solicitation of an offer to buy, a partnership interest in any fund or  transaction described herein. No such offer or solicitation will be made prior to the delivery of the applicable risk disclosure document , offering memorandum and related

materials.  All profits disclosed herein are accompanied by risks.  An investor understands that under any investment that investor may lose all or part of its equity in any time frame. Past performance is not indicative of future performance.  Options and futures and trading is not a suitable investment vehicle for all investors. The risk of loss in trading commodity interests can be substantial. You should therefore carefully consider whether such trading is suitable for you in light of your financial condition.

Neither Timetrics or its officers, employees, agents or representatives warrant the accuracy, adequacy, or completeness of the information contained herein and Timetrics expressly disclaims liability for errors or omissions. No warranty of any kind implied, express, statutory is given by Timetrics or its officers, employees, agents or representatives in connection with the information herein.  Under no circumstances may this email or its attachments, or any part thereof, be disclosed, reproduced, redistributed without the express permission of Timetrics.

------- Original Message -------

On Thursday, March 18, 2021 12:53 PM, Chou, Jenny <JChou@wiggin.com> wrote:

Dear Attorney August:

As I stated at the January 26, 2021 status conference, the Vision and Lazzara Defendants consented to Ms. Kumaran and NRCM filing a second amended complaint.

However, we did not, nor do we now, consent to NRCM filing a complaint separate from Ms. Kumaran, as Doc. No. 49 appears to be; and, given the extraordinary length of the pleadings, are not in a position to consent to NAM's addition as a party or your request to "relate back" at this time. We reserve all rights to challenge the propriety and sufficiency of the pleadings under the applicable rules.

Regards,

Jenny

**Jenny R. Chou**
Direct: 203.498.4302 | jchou@wiggin.com
www.wiggin.com



CONNECTICUT | NEW YORK | PHILADELPHIA | WASHINGTON, DC | PALM BEACH

**From:** Brian August <bmaugust61@gmail.com>

**Sent:** Thursday, March 18, 2021 11:38 AM

**To:** Chou, Jenny <JChou@wiggin.com>; julievilla2002@gmail.com

**Cc:** samantha@timetricsrisk.com

**Subject:** Vision Case 03871

**WARNING! External email. Do not click/open unexpected links/attachments.**

Dear Ms. Chou and Ms. Villa:

I write on behalf of my clients, Nefertiti Risk Capital Management ("NRCM") and Nefertiti Asset Management ("NAM"). I am requesting your consent to add NAM as a party to this action, and also request that under FRCP Rule 15(c), the claims of both NRCM and NAM relate back to original filing date of the complaint. From the outset, both the NAM and STORM funds have been extensively mentioned throughout the

Complaint. No new facts have been added since the original date of filing date of May 18, 2020. The Courts readily grant leave for this exact type of request.

Legal support is as follows:

Federal Rule of Civil Procedure 21 provides that parties may be dropped or added by order of the court. It is "generally accepted ... that no material difference exists between the standards articulated by Rules 15(a) and 21, and, as such, where parties satisfy the requirements under Rule 15(a) for leave to amend, they will generally be permitted to add parties under Rule 21." Sanrio Co. v. Epic Trading, Inc., No.2004–5428(NG)(MDG), 2005 WL 1705746, at *1 (E.D.N.Y. July 21, 2005) (quotation and alteration omitted).

Amendments made pursuant to Rule 15(a) should be "freely granted when justice so requires" in order to accomplish the underlying purpose of the Rule, which is "to provide maximum opportunity for each claim to be decided on its merits rather than on procedural technicalities." Alpha Lyracom Space Commc'ns, Inc. v. Commc'ns Satellite Corp., No. 89 Civ. 5021(JFK), 1994 WL 256671, at *2 (S.D.N.Y. June 7, 1994); see Foman v. Davis, 371 U.S. 178, 182, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962) ("If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits.").

Pursuant to FRCP 15(c), NRCM and NAM also respectfully seek leave to relate back its claims to the original filing date of May 18, 2020. As is generally the case with amendments to the pleadings under Rule 15, the "relation back" doctrine set forth in Rule 15(c) is also to be liberally applied. See, e.g., Staren v. American Nat'l Bank and Trust Co. of Chicago, 529 F.2d 1257, 1263 (7th Cir.1976) (noting that amendments under Rule 15(c) should be freely allowed); Pucci v. Litwin, 828 F.Supp. 1285, 1296 (N.D.Ill.1993) (Rule 15(c) is to be liberally construed). Since NRCM was on the original filing, and Defendants have been on full notice of the facts and its claims there is no prejudice to them in having adequate notice of what claims are being brought and their ability to respond.  Therefore NRCM's claims, do not add any new information to Defendants response to the facts, and to the extent they exist, relate back to the original filing date of May 18, 2020.

    As is generally the case with amendments to the pleadings under Rule 15, the "relation back" doctrine set forth in Rule 15(c) is also to be liberally applied. See, e.g., Staren v. American Nat'l Bank and Trust Co. of Chicago, 529 F.2d 1257, 1263 (7th Cir.1976) (noting that amendments under Rule 15(c) should be freely allowed); Pucci v. Litwin, 828 F.Supp. 1285, 1296 (N.D.Ill.1993) (Rule 15(c) is to be liberally construed). Rule 15(c) and its relation back doctrine are "intimately connected" with the policy underlying the statute of limitations. Paulk v. Department of Air Force, Chanute Air Force Base, 830 F.2d 79, 82 (7th Cir.1987) (quoting Advisory Committee Notes to the 1963 Amendment to Rule 15). The relation back doctrine seeks to balance the policy of facilitating resolution of claims on the merits, which is effectuated by liberally permitting amendment of pleadings, and the policy underlying statutes of limitations—to guarantee "essential fairness" to defendants by ensuring that they receive notice of claims within a reasonable time, and thus are not impaired in their defense by evidence that is lost or diminished in its clarity because of the undue passage of time. See U.S. ex rel. Koch v. Koch Industries, Inc., 188 F.R.D. 617, 628 (N.D.Okla.1999)

We are looking to move this case forward expeditiously, and your consent to my request will reduce the burden on all parties, as the alternative will entail additional motion practice. Please let me know as soon as you can.

I appreciate your cooperation in advance.

Best,

Brian

Brian August, Esq.

AugustLawNYC

8

100 Willoughby Street, 9E

Brooklyn NY, 11201

917-664-4465

bmaugust61@gmail.com

This electronic mail (including any attachments) may contain information that is privileged, confidential, and/or otherwise protected under applicable law from disclosure to anyone other than its intended recipient(s). Any dissemination or use of this electronic mail or its contents (including any attachments) by persons other than the intended recipient(s) is strictly prohibited. If you have received this message in error, please notify the sender or**Wiggin and Dana LLP** at **203-498-4400** immediately and then delete the original message (including any attachments) in its entirety. We take steps to protect against viruses and other malicious code but advise you to carry out your own checks and precautions as we accept no liability for any which remain. We may monitor electronic mail sent to and from our server(s) to ensure regulatory compliance to protect our clients and business.

Disclosure under U.S. IRS Circular 230: **Wiggin and Dana LLP** informs you that any tax advice contained in this communication (including any attachments) was not intended or written to be used, and cannot be used, for the purpose of avoiding federal tax related penalties or promoting, marketing or recommending to another party any transaction or matter addressed herein.