```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 4/30/2021
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

Samantha Siva Kumaran,

                Plaintiff,

-against-

Vision Financial Markets, LLC,

                Defendants.

1:20-cv-03871 (GHW) (SDA)

**ORDER**

**STEWART D. AARON, United States Magistrate Judge:**

In my Order, dated January 26, 2021, I directed that Plaintiff Samantha Siva Kumaran ("Kumaran") and Nefertiti Risk Capital Management, LLC ("NRCM") file a Second Amended Complaint ("SAC"), no later than February 26, 2021, adding NRCM as a plaintiff, since no party objected. (1/26/21 Order, ECF No. 44.) On February 18, 2021, Kumaran, jointly with NRCM, requested an extension with the consent of the Defendants until March 15, 2021 to file the SAC. (2/18/21 Consent Ltr. Mot., ECF No. 45.) On February 19, 2021, the Court granted the extension request. (2/19/21 Order, ECF No. 46.)

On March 15, 2021, Kumaran filed what she denominated "Kumaran's Second Amended Complaint" (ECF No. 48) and thereafter filed, on April 1, 2021, a first amended complaint (ECF No. 55) and another version of "Kumaran's Second Amended Complaint" (ECF No. 56). On March 16 and 19, 2021, Brian August, Esq. ("August") filed a first amended complaint on behalf of NRCM and another entity, Nefertiti Asset Management, LLC ("NAM") (ECF Nos. 49 & 50).

On April 20, 2021, a motion was submitted that was electronically signed by both Kumaran and August, and filed on the ECF docket by Kumaran, seeking leave for NAM and

Nefertiti Holding Corporation, Inc. ("NHC") to intervene as plaintiffs in this action. (Pls.' 4/20/21 Mot., ECF No. 60.)

Following a telephone conference with the parties today, and for the reasons stated on the record, it is hereby Ordered as follows:

1. None of Kumaran, NRCM or NAM had leave to file the pleadings in this action that were filed at ECF Nos. 48, 49, 50, 55 and 56, and those pleadings are stricken.

2. Plaintiffs cannot proceed jointly in this action by filing separate complaints. *See Figueroa v. Trump*, No. 20-CV-00401 (TJM) (CFH), 2020 WL 4346765, at *2 (N.D.N.Y. July 29, 2020). Accordingly, all plaintiffs (and intervenors) must join a single pleading signed by each (or counsel where applicable) with respect to the allegations made by her/it.

    a. If either Kumaran or NRCM wishes to pursue litigation independently, she/it must file a notice of voluntary dismissal pursuant to Rule 41 of the Federal Rules of Civil Procedure no later May 14, 2021.

    b. The motion by NAM and NHC to intervene shall be granted on consent unless they advise the Court in writing, no later than May 14, 2021, that they wish to proceed via a separate action, in which case they shall withdraw their motion by that date.

3. All remaining plaintiffs shall file a single SAC no later than July 30, 2021. Such pleading must comply with Federal Rule of Civil Procedure Rule 8 and contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a); *see also Wynder v. McMahon*, 360 F.3d 73, 79 n.11 (2d Cir. 2004) ("[T]he basic

requirements of Rule 8 apply to self-represented and counseled plaintiffs alike.") (citation omitted).

4. Defendants shall file their anticipated motion to dismiss the SAC (and/or to compel arbitration) no later than September 17, 2021. Plaintiffs shall file their opposition no later than October 19, 2021 and Defendants shall file any reply no later than November 19, 2021.

The Clerk of Court is respectfully requested to terminate the motion at ECF No. 68.

**SO ORDERED.**

DATED:    New York, New York
              April 30, 2021

                                                            _____
                                                           STEWART D. AARON
                                                           United States Magistrate Judge