Page 1


May 14, 2021

**VIA ECF/EMAIL**
Honorable Judge Stewart D. Aaron
United States District Court
Southern District of New York
40 Foley Square
New York, NY 10007


Re: *Kumaran et al  vs. Vision Financial et al  1:20-Cv-03871*-GHW-SDA


Dear Hon. Judge Aaron;

Pursuant to Order 70 on April 30 2021, Plaintiffs write to confirm their intention to file one single Amended Complaint on July 30, 2021. As directed by the Court in telephonic conference, this complaint will be directed and controlled by Plaintiff Kumaran (*Pro-Se*). As outlined telephonically, Plaintiff will file uncounseled for the purpose of preserving Pro-Se status..

In accordance with the Court's directive in the aforementioned telephonic conference that Plaintiff Kumaran should control the Complaint, Mr. August has agreed to have *Pro-Se* plaintiff control the filing on behalf of all legal entities. Plaintiff's motion to file separately (ECF68) was not only to preserve its statutory independence but to avoid any confusion due to previous directives that Kumaran could not control or direct the companies pleadings. Since we are filing a combined Complaint, our understanding at the Court's direction is of the express clarification that this will not be of any prejudice to either the corporations or to Plaintiff *Pro-Se*, in their respective status or claims alleged on behalf of myself individually, or the separate and distinct rights of the corporation, and it is with the direction of the Court that the Pro-Se Plaintiff will control the combined filings.

### Rule 60 (a) - Clarification of Order 70 dated April 30 2020
In Order 70, the Court cited to *Figueroa v. Trump*, No. 20-CV-00401 (TJM) (CFH), 2020 WL 4346765, at *2 (N.D.N.Y. July 29, 2020).  On review of this case law it appears that the Court's ruling applied to a prisoner case, which was a *multi-Pro-Se* party complaint where **none** of the Plaintiffs were counselled. While Plaintiffs adhere to the Court's Order *ECF*70, the application of the *Figuero* case is not directly applicable to the instant matter, as it did not involve the combining of a *Pro-Se* complaint with counselled pleadings, or any interference with statute 28 U.S.C. § 1654. Therefore, there does not appear to be any precedent in this district, related to both preservation of *Pro-Se* rights under statutory rights of 28 U.S.C. § 1654 and requiring a combined a pleading with counsel, rendering the Order 70 on April 30, 2021 a first time or first impression ruling. Plaintiffs' decision is reliant on the Court's telephonic ruling that there will be no prejudice to Plaintiffs separated rights under a combined Complaint, the preservation of which was filed in separate motion (*ECF*68).

A motion to dismiss is a dispositive motion. Plaintiffs remain concerned that the combined filings will permit Defendants to seek procedural advantage and raise arguments that "Kumaran filed claims on behalf of the company" or "claims were brought in derivative suit" – which it is not doing, or that "Kumaran's claims are now counselled" – which as above they are not – as well as potential violation of Plaintiff statutory rights under 28 U.S.C. § 1654.  However, the Court's Order has left Plaintiffs no option or it will lose its statute of limitations for NRCM's claims, which Defendants have agreed to the relation back for NRCM. As per stipulation by Vision and Lazzara Defendants NRCM's claims will related back to the original date of filing of May 18, 2020. Plaintiff have also found no precedent whereby a corporate party loses its statute of limitation rights to a timely filed Complaint by one party appearing *Pro-Se*. To this

Case 1:20-cv-03871-GHW-SDA   Document 70   Filed 05/14/21   Page 2 of 3

Page 2

degree, Plaintiffs do not believe case law exists to support the decision to deny a statute of limitations to a corporation, unless it is forced to combine or file with a *Pro-Se* filings. Since we must preserve the statute of limitations for NRCM which was timely filed on May 18, 2020, we have no choice but to combine filings. Nonetheless, Plaintiffs rely on the Court's direction that there be no prejudice accordingly, as Mr. August (in accordance with the telephonic ruling) has agreed to let the corporation claims be controlled and directed by Kumaran *Pro-Se.* The Complaint, as will be noted in the filing, will be a *Pro-Se* complaint and filed without the input of counsel, at the Court's direction.

Rule 60 (a) – Correction of Error in Order 70 dated April 30 2020

Pursuant to FRCP Rule 60(a) –Plaintiff respectfully writes also to correct a mistake in the aforementioned Order. Order 70 requires that *ECF*55 be stricken from the record and states that no leave was granted for this First Amended Complaint. This is factually incorrect.

On August 21 2020 the Court **did grant leave** to original Plaintiff Kumaran (individually) to file her First Amended Complaint ("FAC") on September 30, 2020. (*ECF*20) .Therefore **leave for the FAC was granted on August 21, 2020** (See *ECF*14). Plaintiff Kumaran then filed its First Amended Complaint timely (*ECF*20) and Defendants filed their motions to dismiss on December 1, 2020. (*ECF*32, *ECF*36). On March 22, 2021 (almost six months after the Court accepted the FAC), Kumaran received an ECF deficiency notice (attached hereto as **Exhibit 1**) which dated back to the September 30, 2020 filing and required Kumaran re-file the FAC (for which leave was granted) in order to correct the radio buttons in its filing and the caption. There was no instruction in the deficiency notice, that leave had not been granted. There was a simply a technical correction pointed out in radio buttons and caption which was noted almost six months later. On April 1, 2021 Kumaran accordingly refiled the First Amended Complaint as instructed on March 22, 2020 at ECF55.

On April 30, 2021 in Order 70, the Court appears to have made an error in its Order and requested that ECF55 be stricken. The Court states "no leave was granted for ECF55". (See Order at 2). However this is an error. As stated above, ECF55 is the Court **requested** re-filing of Kumaran's properly and timely filed First Amended Complaint for which leave was granted on August 21, 2020. (ECF14) The correction was requested by the Court on March 22, 2021. Therefore **leave was granted on both instances**, and it is of prejudice to Plaintiff Kumaran to strike its original timely filed FAC. Plaintiff therefore seeks the that ECF55 is not stricken as leave was clearly granted on August 21, 2021 (ECF14) and again on March 22, 2021 to re-file the Complaint to correct the radio button. Therefore ECF55 was a valid pleading and a ruling to strike a valid and timely filed First Amended Complaint (for which leave was granted) by a Plaintiff is highly prejudicial. Further ECF55 and ECF20 were verified as affidavits in related case 20-CV-3873 and are valid, timely-filed Complaints, and Plaintiff is again concerned by procedural irregularities to bundle ECF55 with the other second amended complaints, when leave was clearly granted for ECF20 and ECF55. Therefore ECF55 was stricken in error, as the Court had clearly granted leave in ECF14.

Rule 8 – Amended Complaint (inclusion of Common facts)

Plaintiff is working on streamlining the Complaint. It was discussed on the telephonic conference on April 30, 2021 if Plaintiffs may refer to and incorporate other pleadings. Since the conference Plaintiff has located another action *Barnet v. Drawbridge Special Opportunities Fund LP* where a similar issue arose. For reference in that case, Plaintiffs through their counsel, filed an 84 page fraud related complaint (*See* 14-CV-01376-PKC Docket Entry 2) and attached and incorporated by reference the entire 149 page pleading (first amended complaint) of related action as (*See* Docket Entry 2, Exhibit B). While Plaintiff respects and adheres to the Court's direction, the case was instructive that in other related cases, Courts have accepted by incorporation in full complaints from related cases in their entirety, where the Court has a common set of facts before it.  To the extent there are overlapping facts particularly with regards to the NFA Case 20-CV-3668 where some history of the timeline was presented Plaintiff is reviewing for length

Page 3

purposes to not repeat redundant facts that are already before this Court and thought it was worth noticing the case (supra) was insightful on the prior precedent in related cases, where common facts for two cases were incorporated to avoid duplication. Plaintiffs are concerned that Defendants seek to eliminate material facts by over-stripping the case facts that are germane to preserve Plaintiffs causes of action.

In accordance with the Court's directive, Plaintiffs confirm their intention to file their combined Complaint on or before July 30, 2021.

We do apologize for filings separate complaints (ECF48 and ECF49) but also note Defendants are able to preserve their independent status in separate filings between *Pro-Se* and counselled, and the Courts' order on January 26, 2021 did not specify one single complaint, neither did it specify one single Motion to Dismiss. Therefore it was unclear in the wording that it was *only* Plaintiffs who are required to file jointly. The choice of wording stated "their" Motion to Dismiss in the singular and not plural. Therefore it was easily confused that *Pro-Se* filings were intended to be separate only for Defendants and not for Plaintiffs.

We respect and adhere to the Court's ruling of the complexities of the case and understand the ease of having a single combined Complaint and consistent with Order 70 confirm Plaintiffs will be filing a combined Complaint as discussed herein and above. Plaintiff *Pro-Se* will simultaneously be asserting its rights under 28 U.S.C. § 1654.

Thank you. Have a good weekend.

Respectfully submitted,

//SSK//

Samantha Siva Kumaran

cc. Brian August
Counsel for NRCM, NAM and NHC