

Wiggin and Dana LLP
One Century Tower
265 Church Street
New Haven, Connecticut 06510
www.wiggin.com

Jenny R. Chou
203.498.4302
203.782.2889 fax
jchou@wiggin.com

Via ECF

May 26, 2021

Honorable Judge Stewart D. Aaron
United States District Court
Southern District of New York
40 Foley Square
New York, NY 10007

Re:  Kumaran, et al. vs. Vision Financial Markets, LLC, et al.
     Docket No. 1:20-cv-03871-GHW-SDA

Dear Judge Aaron:

Defendants Vision Financial Markets, LLC, Vision Brokerage Services, LLC, Vision Investment Advisors, LLC, High Ridge Holding Company, LLC, High Ridge Futures, LLC, H. Rothman Family LLC, Boshnack Family, LLC, Howard Rothman, Robert Boshnack, and John Felag (the "Vision Defendants"), and Defendants Lazzara Consulting, Inc. and Gerard Lazzara (the "Lazzara Defendants") write in response to the letter filed by Plaintiff Samantha Kumaran on May 14, 2021 (Doc. No. 70).

In her May 14 Letter, Ms. Kumaran states that "Plaintiffs write to confirm their intention to file one single Amended Complaint on July 30, 2021," and that "this complaint will be directed and controlled by Plaintiff Kumaran (*Pro-Se*)." Ms. Kumaran further states that "Mr. August has agreed to have Pro-Se plaintiff control the filing on behalf of all legal entities." The Vision and Lazzara Defendants note that Plaintiffs' stated intention to have a pro se plaintiff "control the filing on behalf of all legal entities" is contrary to the Court's order at the April 30, 2021 status conference,[1] and to Second Circuit law that a pro se litigant cannot assert claims on behalf of an artificial entities such as corporations or limited liability companies.[2] The Vision and Lazzara Defendants write to make clear that they do not consent to Plaintiffs' intended

---

[1] *See* Tr. of Apr. 30, 2021 Proceeding, at 4:15-4:21, 5:17-19 (informing Ms. Kumaran that plaintiffs could "file a single pleading that would be signed by you on your own behalf with respect to the allegations made by you, and signed by Mr. August on behalf of NRCM -- I'm going to get to NAM and NHC in a minute -- signed by him on behalf of NRCM with respect to the allegations made by those entities," or "if either, Ms. Kumaran, you or NRCM, wish to pursue litigation independently, you can file a notice of voluntary dismissal pursuant to Rule 41"); *see also id.* at 5:6-9 (noting that the Court was not yet ruling as to any "special solicitude" to which the allegations made by Ms. Kumaran may be entitled), and *id.* at 11:6-9 (warning Ms. Kumaran against using her "pro se status as a sword and a shield").

[2] *See, e.g., Lattanzio v. COMTA*, 481 F.3d 137, 140 (2d Cir. 2007).

May 26, 2021
Page 2

approach, and respectfully reserve all rights and defenses they may have with respect to the amended complaint to be filed, or otherwise.

Respectfully submitted,

*Jenny R. Chou*

Jenny R. Chou

JRC:ymr