```
 1  UNITED STATES DISTRICT COURT
    SOUTHERN DISTRICT OF NEW YORK
 2
    ------------------------------------x
 3  SAMANTHA SIVA KUMARAN, et al.,

 4                        Plaintiffs,

 5                        Case No. 20-cv-03871
        -vs-
 6
    VISION FINANCIAL MARKETS, LLC, et al.,
 7
                        Defendants.
 8
    ------------------------------------x
 9
                        United States Courthouse
10                      New York, New York

11                      April 30, 2021

12              ** VIA TELECONFERENCE **

13
    B e f o r e:
14                      HONORABLE STEWART D. AARON
                        Magistrate Judge
15

16  A P P E A R A N C E S:

17  SAMANTHA SIVA KUMARAN, Pro Se Plaintiff

18  AUGUST LAW
        Attorney for Corporate Plaintiffs
19  BY:  BRIAN M. AUGUST

20  WIGGIN AND DANA, LLP
        Attorneys for Vision and Lazzara Defendants
21  BY:  JENNY R. CHOU
        SAMUEL BREITBART
22
    JULIE VILLA, Pro Se Defendant
23

24

25  *Proceedings recorded via digital recording device*
```

1          THE COURT:  This is Magistrate Judge Aaron.  This is

2    the matter Kumaran against Vision Financial Markets, 20-cv-3871.

3    This line is being recorded.  If I could have the parties

4    identify themselves, please, starting with the plaintiffs?

5          MS. KUMARAN:  Yes, this is Samantha Kumaran for the

6    plaintiff.  Thank you.

7          MR. AUGUST:  This is Brian August, counsel for the

8    corporate plaintiffs.

9          MS. CHOU:  Jenny Chow, Wiggin and Dana.  I'm joined by

10   my colleague, Samuel Breitbart, for the Vision and Lazzara

11   defendants.

12         MS. VILLA:  This is Julie Villa.  I'm pro se.

13         THE COURT:  All right.  Good afternoon.  What I am

14   going to be covering during this call are a few things:  The

15   motion that was filed at ECF 60 to add Nefertiti Asset

16   Management and Nefertiti Holding Corporation as parties, the

17   letter, the joint letter that was filed on April 27th at ECF 67,

18   dealing with the pleadings in this case, and the -- a document

19   denominated a motion, but there is no motion that I am aware of

20   under the Federal Rules of Civil Procedure that would be called

21   "maintain pro se complaints as separate filings," but there is a

22   gavel there that has been put there by the clerk's office, so I

23   will be deciding that as well today.  That was filed with ECF 68

24   earlier this afternoon.

25         In my order dated January 26th of this year, I

PROCEEDINGS                                                3

1   directed Ms. Kumaran and Nefertiti Risk Capital Management to

2   file a second amended complaint no later than February 26th,

3   2021, adding NRCM as a plaintiff.  Since no party objected, that

4   order was at ECF 44.

5            On February 18th, Ms. Kumaran jointly within NRCM

6   requested an extension with consent of defendants until

7   March 15th, 2021, to file the second amended complaint at letter

8   motion, it was filed at ECF 45.  And on February 19th, the next

9   day, I granted that extension.  That was filed at ECF 46.

10           On March the 15th, Ms. Kumaran filed what she

11  denominated Kumaran Second Amended Complaint, and that was at

12  ECF 48; and thereafter filed on April 1st, a First Amended

13  Complaint at ECF number 55, and another version of the document

14  Kumaran Second Amended Complaint.  That was at ECF 56.

15           On March 16 and March 19, Mr. August filed a First

16  Amended Complaint on behalf of NRCM and another entity,

17  Nefertiti Asset Management, that was at ECF 49 and 50.

18           None of the pleadings that were filed at ECF 48, 49,

19  50, 55 and 56 were authorized by court order.  What the order

20  said was -- that granted leave was that there would be a Second

21  Amended Complaint filed by Ms. Kumaran and NRCM.  So I am

22  ordering all of those pleadings stricken.

23           I am now going to turn to the issue of what pleadings

24  should be filed going forward.  And, Ms. Kumaran, I have read

25  all of your correspondence.  I have read all of your cases.

PROCEEDINGS                    4

1   I've read your 33-page or 35-page submission earlier today.

2          Under the Federal Rules of Civil Procedure, an action

3   is commenced -- and all the words I am using are carefully

4   chosen because I am a rules-based person.  I follow the rules.

5   A civil action is commenced by filing a complaint with the

6   Court.  It's Rule 3 of the Federal Rules of Civil Procedure, and

7   you did that.  You filed a complaint.

8          And then a complaint can be amended under Rule 15,

9   which is what I gave you leave to do, but you can't split a

10  complaint into two, and you can't proceed jointly by filing

11  separate complaints.  And in my order that's going to be issued

12  following this call, you can go and read *Figueroa against Trump*,

13  2020 Westlaw 4346765 out of the Northern District of New York on

14  July 29, 2020.

15         So your choice is this:  You can do what I ordered,

16  what I authorized, and that is that yourself and NRCM can file a

17  single pleading that would be signed by you on your own behalf

18  with respect to the allegations made by you, and signed by

19  Mr. August on behalf of NRCM -- I'm going to get to NAM and NHC

20  in a minute -- signed by him on behalf of NRCM with respect to

21  the allegations made by those entities; and it's going to be

22  just like the -- you filed another document in this case, and

23  you actually filed it, Ms. Kumaran, where it had both of your

24  signatures.  It is the motion to intervene.  It had both of your

25  signatures on it.

```
 1              On April 20th, you submitted a motion electronically

 2   signed by you and by Mr. August that you field on ECF docket

 3   seeking leave for NAM and Nefertiti Holding Corporation, NHC,

 4   the intervenor plaintiffs in this case, which is filed at ECF

 5   60.  So that's option one.

 6              And by the way, I am not ruling, nor would it be

 7   appropriate for me to rule at this point, as to what special

 8   solicitude -- the special solicitude to which the allegations

 9   made by you are entitled since you are a pro se litigant.  It

10   may be, and I think you have an argument, that because you are a

11   pro se litigant, the allegations where the complaint says, these

12   are made on behalf of Ms. Kumaran, they may be entitled to

13   special solicitude.  I'm not ruling on that issue, but what I am

14   saying is, that there is going to be a single second amended

15   complaint.  If you don't want to do that, then what the case out

16   of the Northern District of New York that I mentioned earlier

17   teaches, and it's correct, if either, Ms. Kumaran, you or NRCM,

18   wish to pursue litigation independently, you can file a notice

19   of voluntary dismissal pursuant to Rule 41.  No answer has yet

20   been filed.  So you have the right to file a notice of dismissal

21   and commence a new case.  What happens thereafter, whether it's

22   deemed related, whether it's consolidated, whatever, but that

23   can be done, but you can't proceed jointly by filing separate

24   complaints.

25              Before I go on, let me ask if you or Mr. August have
```

1  any questions about that.

2          MR. AUGUST:  I understand what you are saying, Your

3  Honor.

4          MS. KUMARAN:  Yes, I do have a few questions.  First,

5  the motion to intervene was actually on behalf of the

6  corporations, and there was a docketed entry for me to submit

7  it.  That was the only reason that was done that way.  The

8  original intention was it was Mr. August submitting.  So that

9  was really an ECF notice, and it wasn't made on behalf of my pro

10 se -- any of my own rights.  It was just sort of following that

11 order to file it.

12         THE COURT:  That wasn't a question.  That wasn't a

13 question.  That was a comment.  I'm only noting that the motion

14 on its face is electronically signed by both you and Mr. August.

15 That is a fact that's based in the record.  You said you have a

16 question, though.

17         MS. KUMARAN:  Yes.  So in terms of the complaint being

18 signed by counsel, it raises an issue because before I was only

19 pro se in this action, of whether the pleading was counseled or

20 not; and that to maintain pro se status, and I mean, that was in

21 the motion today, that I can't proceed pro se if my

22 pleadings representing my own interests are counseled.  And

23 there had to be a clear firewall between that because they

24 really haven't been counseled, and it also raises an issue as to

25 who controls this combined pleading.  And --

PROCEEDINGS

1                THE COURT:  Ms. Kumaran, let me ask you something:

2   Who owns these Nefertiti entities?

3                MS. KUMARAN:  Well, except for the Nefertiti Asset

4   Management, there's multiple, multiple stakeholders in the NAM

5   entity.  So NRCM, because it's being dissolved, is sort of a

6   dissolved entity, and that was a single member also what I

7   thought was a sole proprietor.  So the Nefertiti Holding

8   Company, I -- I own it.

9                THE COURT:  Okay.  So let's take them one at a time.

10  Nefertiti, what we have heard is NRCM, at the time it had an

11  owner, who was that?

12               MS. KUMARAN:  Me.  That was me.  That was a single --

13  that's why I thought it was a single entity.

14               THE COURT:  So NRCM was you, and you were just saying

15  what about Nefertiti Asset Management, NAM?

16               MS. KUMARAN:  Nefertiti Asset Management has multiple

17  stakeholders, and it's a limited liability corporation out of

18  Delaware, and it's always intended to have other members and

19  other membership interests, and other capital that came into the

20  business that's not just my own.

21               THE COURT:  Who is the majority owner?

22               MS. KUMARAN:  I am the majority owner.

23               THE COURT:  Okay.  And what about the third entity,

24  Nefertiti Holding Corp.?

25               MS. KUMARAN:  Nefertiti Holding Corporation is -- I am

PROCEEDINGS                                    8

1   the sole owner of that entity.

2          THE COURT:  Okay.  So you are the sole owner of two of

3   these corporate entities, and you are the majority owner of the

4   third.  And does -- so in terms of control, I don't really

5   understand.

6          But let's put all of that to one side, and let's say

7   that everything you are saying is correct with respect to

8   maintaining a firewall or maintaining what allegations you are

9   making versus what allegations the corporations that you either

10  own completely or in one case control, I don't understand why we

11  are maybe talking past one another.  I've seen many a complaint

12  filed on behalf of many an entity.  I have an antitrust case

13  where there are 100 plaintiffs, and the way that I would

14  envision this pleading looking is:  Here are common allegations

15  made by all of the plaintiffs against the defendants, factual

16  allegations.  Here are factual allegations made on behalf of

17  Ms. Kumaran, and here are factual allegations made on behalf of

18  the corporate entities.  And then in the claims you would have

19  first claim made by Ms. Kumaran against Vision.  Here is the

20  second claim made by Ms. Kumaran against Ms. Villa.  Here is the

21  third claim made against the corporate defendants against

22  Vision; and then at the bottom, the signature block would say,

23  signed by Ms. Kumaran as to paragraphs XYZ, signed by Mr. August

24  on behalf of the corporate entities as to paragraphs whatever,

25  again, the ones in common, he would be signing as to those.  So

1    I don't -- so even if you are right about -- have good reason to

2    maintain separateness -- and again, I am not passing on that

3    question -- I don't understand why the -- I don't understand

4    what the issue is.  I mean, I am a rules maven, and this is

5    absolutely correct 100 percent, but I don't even understand why

6    you care.

7              MS. KUMARAN:  Okay.  So yes, it is actually quite a

8    substantial issue.  I think it's because of the -- also the

9    responses coming in from the defendants that I am bringing the

10   corporate claims, and I'm bringing shareholder derivative

11   claims, which I am not.  I am bringing my individual claims, and

12   maybe it muddies the -- sort of muddies the water on whose

13   claims are being brought by myself individually, and that's been

14   raised in several of the responses so far.

15             And second, it's important --

16             THE COURT:  I would like to take them one at a time.

17   So I don't understand what your first -- I don't understand what

18   your first comment is.  It may be, and again, I'm not passing on

19   the merits of any of these things, but it may be that there are

20   certain claims that can only be brought by the corporate

21   plaintiffs and not by you.  Okay.  Let's say they are right.  So

22   if you would have asserted in this omnibus pleading that we are

23   talking about a claim that can only be brought derivatively,

24   then the only effect of that would be that the claim brought by

25   you would be dismissed, but the claim brought by the corporate

1  entities, the same claim, would be good.  So all that would

2  happen is what the law requires is the complaint -- the claims

3  that you are entitled to bring would be sustained, and the ones

4  you are not entitled to bring would be dismissed; but the

5  corporate defendants would have -- the corporate plaintiffs,

6  excuse me.  So again, I don't see that as an issue.

7           What's your second point?

8           MS. KUMARAN:  Okay.  I think it was to do with -- I

9  think there was some comments that once the complaint is signed

10  by counsel, then I have waived my statutory right because now

11  it's a counseled pleading, and obviously, there's quite a lot of

12  facts, and it's quite -- you know, there are several paragraphs,

13  and to go through each one by each -- then who wrote the

14  complaint?  If the counsel wrote the complaint, then this wasn't

15  a pro se -- it wasn't a pro-se-filed complaint, and I am

16  concerned genuinely because the complaint I filed was not --

17  didn't receive the benefit of counsel, and there is -- you know,

18  that I want to make sure I preserve that independence in terms

19  of there was no -- you know, so the entire complaint, then,

20  would be a counseled complaint under the way you are proposing.

21  And then --

22           THE COURT:  No, it wouldn't.

23           MS. KUMARAN:  For example, if there was a disagreement

24  between myself and counsel on certain sections of the complaint

25  or certain aspects of the complaint, and counsel doesn't

1  represent me, by filing my own complaint, I control, you know,

2  that -- how I want to present the claims or the facts or these

3  issues of law because counsel doesn't have a retainer or being

4  compensated to represent me, and then the counsel can control

5  the company, the company complaints.

6          THE COURT:  Okay.  So, Ms. Kumaran, you really are

7  trying to use your pro se status as a sword and a shield.  Let's

8  talk reality.  Who is Mr. August's client?  To whom does he

9  report for the corporate entities?

10         MS. KUMARAN:  To me.

11         THE COURT:  Okay.  So when you are saying there is

12 going to be disagreement as to what is pled by you individually

13 and by Mr. August on behalf of the corporations, there can't

14 possibly be disagreement unless you disagree with yourself.

15         MS. KUMARAN:  Well, no, because Mr. August said -- he

16 has said he wants to control how the complaint is written, and

17 -- and that is in disagreement with some of the way that I have

18 written the complaint and some of the allegations and facts and

19 claims.

20         THE COURT:  Then fire him.  You are -- I'm being dead

21 serious.  You are the corporate client.  If Mr. August refuses

22 to follow your instructions, you can simply fire him or, quite

23 frankly, he needs to follow your directions.  You can -- you are

24 the master.  What I write -- what I have written in some of my

25 opinions, it's attorney-client is a master-servant relationship.

1   The client is the master, and the attorney is the servant; and

2   if the client says, do this, as long as it's the ethically

3   responsible thing to do, the client -- the attorney is beholden

4   to the client's wishes.  So this is much ado about nothing, in

5   all candor.

6            But again, if you want to preserve, if you think you

7   have this position -- and again, I'm not passing on it -- but if

8   you think you have this position, it's quite simple.

9   Allegations 10 through 20 of the complaint are mine, and again,

10  you are just going to delineate which paragraphs are being pled

11  on behalf of you, Ms. Kumaran, and which are being pled on

12  behalf of the corporate entities, and that way you preserve the

13  argument.

14           And by the way, I'm not even sure at the end of the

15  day it matters.  To the extent that I'm going to be writing, I

16  believe I will, a report and recommendation to Judge Woods, the

17  way I envision writing it, because I have already thought about

18  it is, here is the way I ruled, and that even giving special

19  solicitude to the plaintiff, I ruled this way, and any claim I

20  might dismiss.  And a good example -- and thank you for raising

21  it -- is a claim that can only be raised by the corporation.  It

22  can't be raised by you individually.  Even if I were to give you

23  special solicitude, it wouldn't make a difference to the

24  outcome.

25           But so I have -- that's how I'm ruling.  There will be

PROCEEDINGS                                    13

1  a written decision, a written order, excuse me, and those are

2  your choices.

3          If you are going to be proceeding side by side with

4  the corporate entity, and I am going to get to the entities in a

5  minute because I have to raise with Ms. Villa the point that she

6  raised in the letter that she wanted to address the other two

7  corporate entities; but if you are going to be participating in

8  the lawsuit with these corporate entities, which is the way you

9  set up when you initially filed this complaint back when, then

10 there is going to be a single pleading.

11         Should you choose to dismiss, voluntarily dismiss the

12 case and commence another case -- and believe me, I am not

13 giving you legal advice, but you ought to look back on the

14 statute of limitations, which will be a point we are going to

15 comment on in a minute more generally -- but should you choose

16 to do so, you can do that, and it will allowed to be deemed

17 related probably.  And then someone may make a motion to

18 consolidate and all of that, but in a single action there is a

19 complaint, and there is an amended complaint.  There can be

20 multiple amended complaints, a first amended, second amended

21 complaint, but there can't be more than one.

22         Let me turn to the statute of limitations issues

23 briefly before I get to the motion to intervene.  I am not

24 deciding, nor is it appropriate to decide at this point, whether

25 there are any statute of limitations issues vis-a-vis any of the

1  plaintiffs and whether, in particular, if NAM and NHC are --

2  become plaintiffs in this case and whether there is relation

3  back.  The way that will proceed is Vision and the other

4  defendants will -- they have a choice, right?  One thing they

5  could do is they could make a motion to dismiss on a variety of

6  grounds, including statute of limitations.  You are the

7  plaintiff, the plaintiffs would then respond, we believe that

8  relation back is appropriate; and therefore, there is no statute

9  of limitation bar.  And then I will make a recommendation to

10  Judge Woods as to how that should be decided.  So nobody is

11  waiving any of -- any of their defenses here, but it is

12  premature in a vacuum before we even see what the pleading is to

13  adjudge whether or not there are any statute of limitations

14  issues when there is any relation back.

15        Ms. Villa, I know in the letter, in the joint letter

16  this was the -- excuse me -- filed at ECF 67, the comment that

17  was made was as follows by you:  "On a meet and confer call, I

18  reserved my rights to object to the addition of NAM and NHC

19  entities formed outside of the scope of the complaint as defined

20  in the period January 2017 to June 2017, quote, the time of the

21  account opening, enclosure, close quote.  I continue to reserve

22  those objections until the outstanding issues are heard,

23  scheduled on the conference call between the parties before

24  Judge" -- and you have my name a little backwards -- "Aaron

25  Stewart, Friday, April 30th."

1              So here is the thing, I am happy to hear from you.

2    Even if allegations are made against you by these entities, and

3    I would hope that allegations wouldn't be made by entities that

4    don't have claims against you, but by -- by consenting to their

5    intervention doesn't mean by any means that you are agreeing

6    that they have claims against you or that you are waiving any of

7    your rights.  It's just that they would be made parties to the

8    case and would have the opportunity to assert claims.  But do

9    you understand what I am saying?  You are not giving up --

10             MS. VILLA:  Yes.

11             THE COURT:  -- any of your defenses or any of your

12   rights.

13             MS. VILLA:  Okay.  Yes.  Thank you for that.  I was

14   actually -- I don't know why they are being added because they

15   were formed after the fact.  So I was thinking, with that logic,

16   any entity, new entity that she could create could also be added

17   because they would also be affected because somebody is using

18   her -- her trade secrets to trade against us, and so that was

19   the logic.  I was thinking, how can someone -- how can an entity

20   that was not even in existence be added?

21             THE COURT:  Uh-huh.  Yes.  So you are raising a point

22   that goes to the merits of the claim, which is --

23             MS. VILLA:  Yes.

24             THE COURT:  -- which is fair comment.

25             What Ms. Chou -- now, Ms. Chou, obviously, is an

```
 1  attorney and has legal training, and you don't -- what Ms. Chou
 2  knows is that she is going to deal with that substantively,
 3  perhaps on a motion to dismiss or on a motion for summary
 4  judgment.  Since there is a case already pending, you know, by
 5  Ms. Kumaran and NRCM, having these other entities in doesn't --
 6  I don't know what the right terminology is -- doesn't make --
 7  you are already having depositions.  You are already having --
 8  going through motion practice.  It's -- the time to fight it is
 9  later on, not now.  I guess is --
10            MS. VILLA:  Okay.
11            THE COURT:  And Ms. Chou, obviously, can speak for
12  herself so --
13            MS. VILLA:  Yes.
14            THE COURT:  -- I hear what you are saying.  I'm not
15  passing on the merits.  It may very well be that you are right;
16  that they have no place in this lawsuit, and -- but let me just
17  tell you what my intent would be, and, Ms. Villa, you can
18  comment.
19            What my intent would be to say to both NAM and,
20  obviously, Mr. August, who would be representing them, to say to
21  both NAM and NHC, you, too, have a choice.  You can withdraw
22  your motions to intervene, file a separate action, and have your
23  own complaint, and it will be dealt with.  Again, might be
24  deemed related.  I'd assume it would.  If it withstood a motion
25  to dismiss, then, you know, it would -- theoretically could be
```

PROCEEDINGS                                    17

1  consolidated, or NAM and NHC could join in a complaint filed by

2  NRCM, and assuming that Ms. Kumaran didn't decide to voluntarily

3  dismiss, and she -- it would all be part of the same complaint.

4  So NAM and NHC would be part of the same pleading, would be part

5  of a separate action.

6        And, Ms. Villa, just to double-back to the

7  conversation I was just having with you, the other reason why

8  Ms. Chou is consenting here is because that very thing I am

9  saying could happen.  If there was no consent, then NAM -- and

10 they weren't permitted to intervene, they could just commence a

11 separate lawsuit against you tomorrow.  And again, it may be

12 right, you may be absolutely right as to the merits, but then

13 you would be defending against another suit, and is it more

14 efficient to deal with it in one case?  See the idea?

15       MS. VILLA:  Yes.  I understand.

16       THE COURT:  All right.  So with that understanding,

17 would you -- in the event that NAM and NHC wish to intervene in

18 this case, provided that they --

19       (Brief interruption)

20       THE COURT:  I am not sure what that is.

21       But providing that they join in the single pleading,

22 the idea --

23       (Brief interruption)

24       MS. KUMARAN:  Hello.  Sorry.  I was dropped off for

25 about a few minutes, so I missed the last five minutes.  I'm not

1   sure what happened.  Just the call dropped.

2            THE COURT:  Okay.  I didn't hear the beep that the

3   call dropped until just 30 seconds ago, not even 30 seconds.

4   What do you say is the last thing you heard?

5            MS. KUMARAN:  I heard the last thing Ms. Villa had a

6   question about the -- about the time period of the causes of

7   action, and then I --

8            THE COURT:  Yes.

9            MS. KUMARAN:  It started to fade out, and then the

10  call dropped.

11           THE COURT:  Okay.  So to summarize, Ms. Villa believes

12  that NAM and NHC were formed after the events in question, and

13  she doesn't understand how they could have valid claims in this

14  case.

15           My response to her was, I was not ruling on the

16  merits, and a reason to consent to intervene without waiving

17  defenses is because they could commence their own action in this

18  court, and then -- against Ms. Villa or any of the other

19  defendants -- and there would be another lawsuit to defend, and

20  wouldn't it be more efficient to just have those claims brought

21  in the same case?

22           That was the nature of the discussion, and then what I

23  was just saying to Ms. Villa was, in light of that, if -- what I

24  would be inclined to do -- with Ms. Villa's consent, I already

25  have the consent from Vision, the other defendants -- would be

1  to say to NAM and NHC, so long as you are joining in a single

2  pleading with NRCM, and if Ms. Kumaran chose to be part of that

3  pleading as well, that it would be granted on the condition that

4  they are joining in a single pleading with NRCM.

5          MS. KUMARAN:  Okay.  Your Honor, thank you for

6  recapping.  I'm not sure why the call dropped.  Just to clarify

7  one thing, though, the facts -- and maybe Ms. Villa is just

8  speaking about herself -- but the facts of this case do, in

9  fact, go forward well past into 2018, 2019, and Vision

10 Investments Advisors was also formed in 2018.  So Nefertiti

11 Asset Management and Nefertiti Holding Company was formed in

12 2017.  So these entities do overlap the longer timeframe of the

13 facts, maybe not specific to Ms. Villa, but certainly to the

14 other allegations against the Vision defendants.

15         THE COURT:  Okay.  So, Ms. Villa, it may very well be

16 that the time period you are talking about, those entities that

17 you are involved in, those entities wouldn't be asserting claims

18 against you; and if they did, you, of course, would be able to

19 defend against them on whatever grounds you want, including the

20 fact that they didn't exist at the time of the events that

21 involved you.

22         MS. VILLA:  Okay.  Then I would consent to that.

23         THE COURT:  All right.  Okay.  So what else did I want

24 to -- oh, the other thing I wanted to cover is this:  Rule 8 of

25 the Federal Rules of Civil Procedure provides that a complaint

1  shall contain -- and I am quoting -- "A shortened plain

2  statement of claim showing that the pleader is entitled to

3  relief," and the Second Circuit teaches in a case called *Wynder*

4  W-Y-N-D-E-R, *against McMahon*, 360 F.3d 73, jump cite page 79,

5  note 11, the basic requirements of Rule 8 apply to

6  self-represented and counseled plaintiffs alike.

7          And what my order is going to provide is that with

8  respect to the pleading that's filed, Rule 8 needs to be abided,

9  and the -- these complaints are prolix, and I am very confused

10 by them.  And it is in your interest, Ms. Kumaran and

11 Mr. August, to simplify them and make them understandable.

12 Notice pleading is what exists in federal court.  You have to

13 plead enough to state a claim, and I would just encourage you to

14 be -- I guess I will just use the words of the rule -- to be

15 concise, I guess is what I would say.

16         So with that, what I will -- again, I am going to be

17 issuing a written order.

18         Now I wanted to talk about the schedule for filing

19 this single pleading, and again, it's either going to be filed

20 on behalf of Ms. Kumaran alone, because NRCM will have decided

21 to file a notice of voluntary dismissal, and NAM and NAC could

22 decide, theoretically, to withdraw their intervention, or the

23 document will be filed on behalf of Ms. Kumaran as well as the

24 corporate entities.

25         But regardless, what date would you like to file that

```
 1   single amended pleading?  This question is addressed to

 2   Ms. Kumaran and Mr. August.

 3            MS. KUMARAN:  Okay.  Thank you for that.  I did have a

 4   question when you are saying to separate out these claims and

 5   plaintiffs, won't this add significant extra length on the

 6   causes of action if the -- if the -- each party has to separate

 7   it out?  I'm just concerned about -- I know you are wanting us

 8   to shorten it, but by adding the separate sections, wouldn't

 9   that, you know, add to the length in a practical manner that

10   these --

11            (Cross-talk)

12            MS. KUMARAN:  -- this allegation is from, you know --

13            (Cross-talk)

14            THE COURT:  Well, you know that's not the case, right,

15   Ms. Kumaran?  What we are talking about is you on the one hand

16   and the corporate entities on the other.  So any added length by

17   reason of separating out isn't an issue.

18            That wasn't my question.  My question was:  What's the

19   deadline?

20            MS. KUMARAN:  Well, we've got a motion to dismiss due

21   for the NFA, which we asked to file by June 16th.

22            THE COURT:  That was a letter request that you filed

23   earlier today seeking an extension of time?

24            MS. KUMARAN:  Yes.  I've been in touch with the

25   defendants, and it was a consented extension to move by 30 days.
```

1          THE COURT:  Okay.  All right.

2          MS. KUMARAN:  So during the next six weeks, you know,

3  our time is in maximum to work on that.  So there will be very

4  little time to work on that and also amend this complaint in

5  order to do both properly.  So after the 16th, I think we'd need

6  probably six weeks if we are going to try to amend this.

7          THE COURT:  So are you asking for a date in mid July?

8          MS. KUMARAN:  I would say July 30th, 31st or whatever.

9          THE COURT:  Okay.  You know, you are the plaintiff,

10  right?  You are the one who is seeking relief here?

11          MS. KUMARAN:  Yes.  I do know that, and it's also the

12  time problem to do it properly.  One of the limitations we have

13  had is we are trying to do things in seven days or 10 days, and

14  there is very little time to do it properly.

15          THE COURT:  Uh-huh.  Okay.

16          So let me ask Ms. Chou.  Let's assume you receive

17  the -- and I think I am going to proceed on two tracks here.

18  And what I mean by that is I originally was going to have the

19  decision of who is going to be in and who is going to be out

20  made at the same time, but I'm not waiting until July 30th to

21  know who is in this case.  So I'm going to make that deadline

22  two weeks from today that -- to advise as to whether any of

23  Ms. Kumaran or NRCM or NAM or NHC wish to go their separate ways

24  and not be part of this -- not be part of this case.

25          So I'm going to -- so they are either going to -- they

1   will either file a notice of voluntary dismissal or file an

2   intent to join in the -- a single pleading.  That's the choice,

3   and it must be made in two weeks.

4          MS. KUMARAN:  Okay.  And just so the procedure for

5   that would be they would file a separate action under a separate

6   index number to file their own claim, is it?

7          THE COURT:  You first need to voluntarily dismiss this

8   case with all of the ramifications associated therewith.  You

9   can't file a lawsuit -- you can't be in two cases at once.  You

10  file a notice of voluntary dismissal day one under Rule 41, and

11  day two you can, if you choose to do so, you pay a new filing

12  fee, and you can file another complaint, a separate complaint.

13         MS. KUMARAN:  Okay.  And NAM and NHC, that wouldn't be

14  a dismissal; they would just be filing a separate complaint?

15         THE COURT:  They would just indicate by the two-week

16  deadline that they wished to withdraw their intervention

17  which -- to which all of the defendants have now consented.

18         MS. KUMARAN:  I'm just trying to understand the

19  logistics.  And the case that you cited, I guess we will see it,

20  in the -- there was some other multi-party pro se claims that I

21  had seen or reviewed where there were multi-parties, and some of

22  them were pro se.  They were instructed to file new index

23  numbers.  I think I had mentioned that.  Is that -- is that sort

24  of what you are saying?  They would have to withdraw this case

25  and then file a new index if they were to maintain separate

1    actions -- maintain --

2         THE COURT:  They would have to file a notice of

3    voluntary dismissal pursuant to Rule 41 of the Federal Rules of

4    Civil Procedure.

5         But again, and you have Mr. August there, and I know

6    it's your position he represents the corporations and not you,

7    but you may want to have a chat with him about the ramifications

8    of doing that statute of limitations or otherwise, by commence

9    -- by dismissing one suit and filing a plenary suit.

10        MS. KUMARAN:  Okay.

11        THE COURT:  All right.  So Ms. Chou and Ms. Villa,

12   let's assume that you receive a pleading on July the 30th of

13   2021.  I know you haven't seen it yet, so to some extent it's

14   difficult to predict, but I would like to put a deadline in, and

15   I will extend the deadline for good cause shown, and good cause

16   would be you have been hit with a 300-page complaint, which I

17   hope against hope isn't the case because that seems to be

18   against the letter and the spirit of Rule 8, but what deadline

19   would you like me to give for the anticipated motion to dismiss

20   the Second Amended Complaint?

21        MS. CHOU:  Your Honor, this is Jenny Chou for the

22   Vision defendants.  I normally would not ask for such an

23   extended time, but that deadline, that time would fall at a

24   personally difficult time towards the end of the summer for me.

25   And so with the Court's permission, I would ask for

 1  September 17th as the deadline.

 2          THE COURT:  Given the amount of time that I'm giving

 3  the plaintiffs, it's hard for me to say no.

 4          Ms. Villa, does that work for you?

 5          MS. VILLA:  Yes, it does.

 6          THE COURT:  All right.  And then what about reply?

 7  Mr. August and Ms. Kumaran, assuming you get opposition papers

 8  on September the 17th.

 9          MS. KUMARAN:  Thirty days would be preferred.

10          THE COURT:  Okay.  So 30 days from September 17th.

11  October 18th is a Monday.  Would you rather have the Tuesday

12  since it's a Monday?

13          MS. KUMARAN:  Yes.  That would be great.  Thank you.

14          THE COURT:  So October the 19th for reply.  Okay.

15          Another thing that you mentioned in the letter in the

16  other case, Ms. Kumaran, is a motion to consolidate your cases.

17  It seems to me that while that may be a prudent thing at some

18  point, in one of your cases there is a motion to dismiss in

19  favor of arbitration, to compel arbitration, and I think that

20  should be decided first; and I think it also makes sense to have

21  the motions to dismiss decided in this case and in the NFA case,

22  and once we see the shape of the pleadings, if you know what I

23  am saying, it would make good sense to at least consolidate for

24  purposes of discovery, or if not, there is another term that's

25  used, coordinate for purposes of discovery so that we are not

1   having multiple depositions of the same person, but I would

2   simply ask that while I think it's a laudable idea that -- the

3   timing of it, I mean, obviously, you're free to make whatever --

4   don't get me wrong -- you are free to make whatever motions you

5   want to make -- but what I am inclined to do is merely hold the

6   motion in abeyance if you were to make it now, saying, look,

7   let's deal with that once we know what claims are in the case

8   and what claims aren't.

9           Does that make sense?

10          MS. KUMARAN:  I understand, Your Honor.  And I

11   would -- the only purpose of raising the issue now was the

12   scheduling issue, and I believe that as long as it's fine that

13   we have six weeks on the NFA case and six weeks on the Vision

14   case, and they are not all piled on top of each other, that was

15   causing a problem to meet the deadlines.  And I will have a

16   letter related to the ADM case.  I know they are not on the

17   phone, so I won't elaborate too much on this call, but just to

18   quickly let you know that they did file a -- what appears to be

19   a reply, and we had filed a cross-motion, and I will be sending

20   some sort of letter because it's a little ambiguous as to

21   whether that was a cross-motion so that an opposition, and there

22   was some arguments and replies as to what the status or what

23   are -- I have to file our reply to the cross-motion on, but

24   that's a separate -- that's for the ADM case to finish that up.

25          Your Honor, I did have one question about this Rule 8.

1   I know we talked about it, and I do understand the rule, and we

2   have been working as hard as we can.  There are several facts in

3   this complaint, and I wanted to -- obviously, we are not going

4   to make a 300-page complaint, but is there any guidance you have

5   in, you know -- I know Brian also spent sometime on the

6   complaint, and he was also saying it's going to be quite hard to

7   shorten this significantly.  I mean, we ought to take out a few

8   pages here and there, especially now if we are adding additional

9   plaintiffs.  Is there any relief we can get to keep this as --

10  you know, we want to make sure, it's very important for me to

11  preserve the rights of these four allegations I've pled with

12  detail, and one of the reasons it's long is because there's very

13  detailed allegations in here of fraud and also RICO, and I think

14  I mentioned there are some other complaints we have seen that

15  are equally long.

16          Is there any sort of advice or relief we could have

17  with that page count, even keeping it not longer than we have,

18  to date?

19          THE COURT:  I have no -- that really falls within the

20  realm of legal advice that I am not -- or an advisory opinion, I

21  suppose, that I am not prepared to give.  What I encourage you

22  to do, and what I would oftentimes do is, there is a book

23  called -- and now I guess I am giving you legal advice, but

24  since you are a pro se litigant, I suppose I can take a little

25  license -- there is a book "Pattern Jury Instructions" and there

1  is a set by Judge Sand in the Southern District of New York,

2  Devitt and Blackmar, and I look at what are the elements of the

3  claims that I need to prove to the jury at the end of the day?

4  And there is a list of things that I need to prove, and then

5  what I do is I go, when I am crafting a complaint, and I make

6  sure that the facts that I allege are enough to meet each of the

7  elements of the claims, and that's all you need to plead.  The

8  rest is window dressing, and there is various schools of thought

9  that you want to educate the Court, and you want to do all sorts

10  of things; but what Rule 8 teaches is you should only be stating

11  the facts that are necessary to state a claim.  So I guess

12  that's just a practical tip I would -- I would give.  It's kind

13  of working backwards, but on the other hand, it's a good way of

14  looking at things, and when I teach at CLE classes about the

15  Federal Rules of Civil Procedure, that's what I teach.

16          MS. KUMARAN:  Okay.  Okay.  Thank you, Your Honor.  I

17  will look for that, but those specific guided to the page --

18  page limits for this --

19          THE COURT:  I am not setting a page limit.  I don't

20  think it would be appropriate for me to set a page limit on a

21  pleading.

22          MS. KUMARAN:  Okay.  Thank you, Your Honor.

23          And procedurally, I did have one last quick question.

24  I appreciate your time, but the motion to compel, which you also

25  mentioned in arbitration which has overlapping facts to this

 1 │ case with ADM, which at some point is going to be ruled on, I

 2 │ assume, and there is some -- I wouldn't call it collaterally

 3 │ estopped issues, but, for example, ADM arguing I am now a party

 4 │ to this agreement or I am a signature and this also impacts this

 5 │ case.  Is there any direction from the Court that they want to

 6 │ rule on that?  And that's a summary judgment standard prior

 7 │ to -- and I know we set a schedule here, but prior to any

 8 │ further pleadings or motion practice on this which may be

 9 │ impacted by summary judgment.  For example, if the Court rules

10 │ in the ADM case I am a party to the customer agreement, that may

11 │ change, you know, even if I don't -- because I don't agree with

12 │ that.  That would still be a ruling that may impact this case.

13 │ So I'm just asking procedurally how the ruling on the ADM

14 │ summary judgment may impact the pleadings or complaint that we

15 │ are putting together on this case.

16 │          THE COURT:  So the ADM case is -- there is no summary

17 │ judgment motion pending there.  It's a motion to compel

18 │ arbitration, and you just said earlier that you think you are

19 │ going to be making further briefing.  As far as I am concerned,

20 │ I haven't seen what you are submitting.  The briefing is closed.

21 │ But if the parties think they are putting in more pleadings,

22 │ that will certainly delay getting your ruling out.  I don't see

23 │ how what one has to do with the other.  You are either compelled

24 │ to arbitration with respect to the substantive claims or you are

25 │ not under the Federal Arbitration Act and applicable law.  It

1   doesn't have any effect in my judgment on the merits, the

2   substantive merits of either your claims against ADM or your

3   claims against Vision or your claims against the NFA.

4           MS. KUMARAN:  Okay.  I think there was some -- I think

5   there was some facts or legal argument made related to who were

6   parties to the contracts, and my understanding that a motion to

7   compel is ruled at a summary judgment standard, meaning ruled

8   on -- ruled on a summary judgment standard of facts, not just

9   pleadings like a 12(b)(6).  So it actually rules under a 56

10  standard, summary judgment standard.

11          THE COURT:  If that were the case, then we would

12  require 56.1 statements, and there would be discovery, and that

13  is not my understanding, but that's neither here nor there.

14          So we will be issuing a decision in due course.  We

15  wait for things to be fully briefed.  As I said, I was under the

16  impression that that motion was fully briefed.  If you are under

17  a different impression, you may want to get something in soon

18  because there may very well be a decision coming out, and -- but

19  again, I don't see how what one has to do with the other.

20          MS. KUMARAN:  Okay.  Okay.  Well, I will send that

21  letter.  And I know this is not a related case, but yeah, there

22  was a cross-motion, so that was our understanding there was a

23  reply due, but we can address that in a separate related case.

24          THE COURT:  And I encourage you to meet and confer

25  with your adversary in that case.  Maybe you can come to an

 1  understanding as to what the facts are --

 2           MS. KUMARAN:  Okay.

 3           THE COURT:  -- or what the -- what the process is.

 4           MS. KUMARAN:  Okay.  Thank you.  Thank you, Your

 5  Honor.  And just -- (inaudible)

 6           THE COURT:  Okay.  So let me ask Ms. Chou, Mr. August,

 7  Ms. Villa, anything else from any of you?

 8           MS. CHOU:  Yes.  Unfortunately, Your Honor, if I may,

 9  this is Jenny Chou for the Vision defendants.

10           With respect to Rule 8 and the permissible contents of

11  any future pleading, I was wondering if the Court could speak

12  specifically to the issue that I have seen of there has been

13  references in the complaints that have been filed to cross-

14  referencing or incorporating by reference allegations that were

15  made in a separate case.  If the Court could advise on that and

16  whether or not that would be permissible in a future filing, I

17  think that would be helpful.

18           THE COURT:  So apologies, but I don't understand.

19           MS. CHOU:  Oh, maybe I am being a little bit too

20  cryptic.  In some of the, I think the original complaints, and

21  in the amended complaints that were attempted to be filed, I

22  noticed in looking through them that at times either

23  Ms. Kumaran, or I guess the entity, would -- have as part of the

24  allegations in the complaint, basically, and also as alleged in

25  this other case and cite, perhaps it was the ADM cause or

PROCEEDINGS

1  perhaps it was the NFA case, but it seems that the complaint

2  seemed to try to incorporate by reference allegations that were

3  pleaded in another case.  And of course, that would only

4  substantially expand the allegations that defendants would have

5  to respond to if indeed that were a permissible thing to do in a

6  complaint.

7      But the Vision defendants clearly don't believe that

8  that is permissible, and to the extent that Ms. Kumaran was

9  asking about parameters for any future pleading, I thought it

10  might be helpful if the Court could address that.

11      THE COURT:  So is it that Ms. Kumaran is saying, And

12  as paragraph 153 of this complaint, I incorporate paragraphs 200

13  to 333 of the other complaint?

14      MS. CHOU:  Not precisely in those terms, but there are

15  references to the allegations in the other complaint, and it's

16  not clear whether or not she is intending to basically try to

17  claim all of those allegations in the other complaint

18  and (inaudible) also in this case, yes.

19      THE COURT:  Yes.  It would not be consistent with the

20  letter and spirit of Rule 8 to incorporate by reference multiple

21  paragraphs of another pleading.  In other words, basically,

22  wholesale bringing in all of the allegations, many allegations

23  of another complaint, that would not be consistent with Rule 8.

24  I could see on a limited basis, to a limited extent, if there is

25  some specific allegations, but generally speaking, I do believe

 1  that the proper course would be to state the allegations in the

 2  -- in the pleading itself and not as a shortcut or as a way to

 3  shorten the pleading just saying, hey, I'm pleading everything I

 4  pled, a lot of the stuff I pled in the other case.  I don't know

 5  if that's helpful, but that's --

 6          MS. KUMARAN:  Your Honor, just to clarify, there was

 7  only one section in the Second Amended Complaint where I

 8  referred in paragraphs 26 to 57 on the trade secrets claim,

 9  which was pled in more detail in the ADM.  The rest of it was

10  referencing exhibits such as there is contracts or there is

11  exhibits attached to 20-cv-3873 and (inaudible) and I think

12  defendants have also referred to exhibits filed in related cases

13  in which case we just reattached the exhibits; but to clarify,

14  in the Amended Complaint, there was only -- from what I can see,

15  one referencing to those trade secret paragraphs of about 20

16  paragraphs, 20, 30 paragraphs.  So --

17          (Cross-talk)

18          THE COURT:  Okay.  Ms. Chou, did you have anything

19  else?

20          MS. CHOU:  Nothing further on that point, Your Honor.

21  I did have, I guess, one more question for the Court.

22          THE COURT:  Okay.

23          MS. CHOU:  Thank you.  I guess at this point I am a

24  little unclear as to whether or not there are any motions that

25  are currently pending that the Vision defendants should be

1   responding to.  It sounds like maybe the motion -- it sounds

2   like we have fully resolved the motion to add or intervene with

3   the Court's ruling that --

4           THE COURT:  Correct.

5           MS. CHOU:  -- there additional entities should

6   indicate within two weeks what their intent is.

7           It appears that the motion that was filed today, I

8   haven't had a chance to study it in detail, but there, in

9   addition to the sort of the motion to file separately for

10  Ms. Kumaran, which the Court has addressed, there were also

11  references to maybe Rule 11 claims or conflict of interest type

12  allegations that Ms. Kumaran was asserting.

13          I don't -- I don't, I guess, have an understanding of

14  whether or not that is a live motion anymore at this point?  And

15  if the Court is intending to rule on any other aspects of that

16  motion in which case --

17          THE COURT:  I am not.

18          MS. CHOU:  Okay.

19          THE COURT:  I am not.  It's -- as I indicated at the

20  beginning of the call, it's not really a recognized motion under

21  the federal rules.  If Ms. Kumaran wants to raise any issues

22  like you just articulated, she is going to have to do it in her

23  pleading or in some other manner.

24          MS. CHOU:  Thank you.  Thank you, Your Honor.

25          THE COURT:  Okay.  Ms. Villa?

1             MS. VILLA:  No further questions.

2             THE COURT:  All right.  So, again, you should

3  expect -- hopefully, we are going to get the written order out

4  yet today.  If not, it will be posted on Monday.  Thank you, and

5  this matter is adjourned.

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25