USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 6/14/2021

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

Samantha Siva Kumaran,

                Plaintiff,

-against-

Vision Financial Markets, LLC,

                Defendants.

1:20-cv-03871 (GHW) (SDA)

**ORDER**

**STEWART D. AARON, United States Magistrate Judge:**

On May 28, 2021, this Court entered an Order addressing a motion to intervene that had been filed in this case, as well as certain correspondence received from the parties regarding the filing of a Second Amended Complaint. (*See* 5/28/21 Order, ECF No. 72.) On June 11, 2021, Plaintiff Samantha Siva Kumaran timely filed a motion for reconsideration of the May 28 Order, pursuant to Rule 59(b) of the Federal Rules of Civil Procedure and Local Civil Rule 6.3.[1] (*See* ECF Nos. 75-76.) Kumaran's motion also is, in part, in the nature of an appeal from my May 28 Order. (*See id*.) To the extent that Kumaran is appealing my May 28 Order, such an appeal is within the jurisdiction of District Judge Woods. However, the motion for reconsideration properly is before me. *See Joint Stock Co. Channel One Russ. Worldwide v. Infomir LLC*, No. 16-CV-01318 (GBD) (BCM), 2019 U.S. Dist. LEXIS 100279, at *7 n.2 (S.D.N.Y. Jun. 13, 2019) ("magistrate judges in this district routinely entertain and determine reconsideration motions as to their own orders pursuant to Local Civil Rule 6.3" (citing cases)).

---

[1] Kumaran's motion also purports to seek reconsideration of earlier Orders of the Court. However, since such motion was not filed within 14 days of such Orders, Kumaran's motion is untimely with respect to such Orders. *See* Local Civ. R. 6.3.

On a motion for reconsideration, the moving party must point to controlling decisions or data that the Court overlooked. *See McGraw-Hill Glob. Educ. Holdings, LLC v. Mathrani*, 293 F. Supp. 3d 394, 397 (S.D.N.Y. 2018). Here, Kumaran has done that with respect to one aspect of her motion. My May 28 Order stated in part: "As the Court previously has held, Kumaran herself lacks the authority to control the pleading on behalf of the other Plaintiffs. (*See, e.g.*, 8/20/2020 Order ECF No. 13 (dismissing claims brought by Kumaran on behalf of other entities).)" However, Kumaran correctly notes the Court's observations during the April 30 conference that, as the owner or majority owner of the corporate entities that are Plaintiffs, she controls the decisions made by them. (*See* 4/30/21 Tr., ECF No. 74, at 6-12.)

Accordingly, the Court hereby grants Kumaran's motion for reconsideration in part and shall issue today an Amended Order to supersede the May 28 Order. The Amended Order shall contain all the same text as the May 28 Order, except that the single sentence and citation referenced above shall be amended to read, as follows: "As the Court previously has held, Kumaran herself lacks standing to file the pleading on behalf of the other Plaintiffs. (See, e.g., 8/20/2020 Order ECF No. 13 (dismissing claims brought by Kumaran on behalf of other entities).)"

Kumaran's motion does not otherwise refer to controlling decisions or data that the Court overlooked and thus the Court denies the motion for reconsideration of the May 28 Order in all other respects.

The Clerk of Court is respectfully requested to mail a copy of this Order to *pro se* Defendant Villa. In addition, a copy of this Order will be emailed to Defendant Villa by Chambers.
**SO ORDERED.**

Dated: New York, New York
June 14, 2021

_____
STEWART D. AARON
United States Magistrate Judge