

Wiggin and Dana LLP
One Century Tower
265 Church Street
New Haven, Connecticut 06510
www.wiggin.com

Jenny R. Chou
203.498.4302
203.782.2889 fax
jchou@wiggin.com

Via ECF

June 28, 2021

Honorable District Judge Gregory H. Woods
United States District Court
Southern District of New York
40 Foley Square
New York, NY 10007

Honorable Magistrate Judge Stewart D. Aaron
United States District Court
Southern District of New York
40 Foley Square
New York, NY 10007

Re:   Kumaran et al. vs. Vision Financial Markets, LLC et al.
      Docket No. 1:20-Cv-03871-GHW-SDA

Dear Judge Woods and Magistrate Judge Aaron:

The Vision Defendants write with respect to the Response they filed at ECF No. 79 to Plaintiff Samantha Kumaran's filings at ECF Nos. 75 and 76. The Response is electronically linked to ECF No. 76, but is intended to address issues on appeal to Judge Woods at ECF No. 75 and/or ECF No. 76. This letter also serves to address Ms. Kumaran's letter to Magistrate Judge Aaron today at ECF No. 80.

On June 11, 2021, Ms. Kumaran filed apparently identical briefs at ECF Nos. 75 and 76, titled "Appeal to District Judge / Motion for Clarification or Reconsideration of Decisions at ECF72, ECF68, ECF69, ECF73." ECF No. 75 was docketed as an "APPEAL OF MAGISTRATE JUDGE DECISION to District Court," while ECF No. 76 was docketed as "MOTION for Reconsideration," but the same arguments were raised in each. On June 14, 2021, Magistrate Judge Aaron granted the Motion for Reconsideration at ECF No. 76 in limited part, amending a single sentence in ECF No. 72. However, as Magistrate Judge Aaron noted in his June 14, 2021 Order, "[t]o the extent that Kumaran is appealing [Magistrate Judge Aaron's] May 28 Order, such an appeal is within the jurisdiction of District Judge Woods." ECF No. 77.

On June 25, 2021, within 14 days of Ms. Kumaran's filings, the Vision Defendants prepared a Response to address any issues remaining within the jurisdiction of Judge Woods. When undersigned counsel's firm attempted to file the Response electronically, however, we were not able to formally link the Response to ECF No. 75, apparently because ECF No. 75 had not been docketed as a motion. In the interests of timely filing the Vision Defendants' Response, we linked the Response to ECF No. 76, which had been docketed as a motion, and noted in the description that the Response was also intended to respond to ECF No. 75. *See* ECF No.

June 28, 2021
Page 2

79 ("RESPONSE to Motion re: [76] MOTION for Reconsideration re; [72] Order on Motion to Add Party(ies), Order on Motion to Intervene,,,, Pursuant to Rule 59(b) and Rule 72 appeal to District Judge. **and Response to ECF No. 75**") (emphasis added).

In Ms. Kumaran's letter to Magistrate Judge Aaron earlier today (ECF No. 80), she indicated confusion as to why the Vision Defendants responded to ECF No. 76 when Magistrate Judge Aaron already ruled on it. Ms. Kumaran also inquired about the status of her appeal to District Judge Woods and requested an extended reply schedule.

The Vision Defendants will inquire with the Clerk's Office if there is a way to formally link their Response to ECF No. 75 and not to ECF No. 76. In the meantime, the Vision Defendants respectfully ask the Court to consider this Letter as confirmation that their Response is intended to address the issues on appeal to Judge Woods, not any issues for reconsideration by Magistrate Judge Aaron. The Vision Defendants respectfully defer to Judge Woods as to the schedule for Ms. Kumaran's reply.

Respectfully submitted,

*Jenny R Chou*

Jenny R. Chou

JRC:ymr