USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 9/24/2021

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

Samantha Siva Kumaran,

                Plaintiff,

-against-

Vision Financial Markets, LLC,

                Defendants.

1:20-cv-03871 (GHW) (SDA)

ORDER

**STEWART D. AARON, United States Magistrate Judge:**

Before the Court is Plaintiffs' motion to strike Defendants' motions to dismiss, and/or stay this action as to such motions, until the Court decides the Vision Defendants' motion to compel arbitration. (Motion to Strike, ECF No. 100.) The Court notes that Plaintiffs' motion is procedurally improper as Rule 12(f) permits a court to strike only pleadings, as defined by Federal Rule of Civil Procedure 7(a). *See Topps Co., Inc. v. Koko's Confectionery & Novelty*, 482 F. Supp. 3d 129, 133 (S.D.N.Y. 2020); *see also Huelbig v. Aurora Loan Servs., LLC*, No. 10-CV-06215 (RJH) (THK), 2011 WL 4348281, at *2 (S.D.N.Y. May 18, 2011), *report and recommendation adopted*, 2011 WL 4348275 (S.D.N.Y. Sept. 16, 2011) ("Motions, declarations, and affidavits are not pleadings.").

Nonetheless, it is hereby Ordered that, no later than Wednesday, September 29, 2021, Defendants shall respond to Plaintiffs' proposal, which as the Court understands it, is that the Court delay briefing on the motion to dismiss portion of the Vision Defendants' motion (filed at ECF No. 97 and re-filed at ECF No. 101), as well as on Defendant Villa's motion to dismiss (ECF No. 96), until after the Court's decision on the portion of the Vision Defendants' motion that

seeks to compel arbitration.[1] If Defendants agree to Plaintiffs' proposal they may, in the alternative, confer with Plaintiffs and file, by the same date, a joint proposed briefing schedule. In the interim, Plaintiffs' time to respond to the pending motions is adjourned *sine die*.

The Clerk of Court is respectfully requested to terminate the motion at ECF No. 100.

**SO ORDERED.**

DATED:    New York, New York
          September 24, 2021

_____
STEWART D. AARON
United States Magistrate Judge

---

[1] The Court notes that, in their motion to compel arbitration, the Vision Defendants seek not only to dismiss any remaining claims but, in the alternative to stay all such claims pending arbitration. (*See* Not. of Motion, ECF No. 101.) Accordingly, any briefing schedule on the motions to dismiss may be rendered moot if the Court later decides to issue a stay. To be clear, the Court is not now deciding the propriety of such relief. To the extent Plaintiffs oppose a stay of any non-arbitrable claims, they will have the opportunity to address that issue in opposing the motion to compel arbitration.