

Wiggin and Dana LLP
One Century Tower
265 Church Street
New Haven, Connecticut 06510
www.wiggin.com

Jenny R. Chou
203.498.4302
203.782.2889 fax
jchou@wiggin.com

Via ECF

September 29, 2021

Honorable Judge Stewart D. Aaron
United States District Court
Southern District of New York
500 Pearl St.
New York, NY 10007-1312

Re:   Kumaran, et al. vs. Vision Financial Markets, LLC, et al.
      Docket No. 1:20-Cv-03871-GHW-SDA

Dear Judge Aaron:

      Pursuant to the Court's September 24, 2021 Order (ECF No. 103), I write on behalf of Defendants Vision Financial Markets, LLC, Vision Investment Advisors, LLC, Vision Brokerage Services, LLC, H Rothman Family, LLC, Boshnack Family, LLC, Howard Rothman, Robert Boshnack, John Felag, High Ridge Holding Company, LLC, High Ridge Futures, LLC, Lazzara Consulting, Inc., and Gerard Lazzara ("Vision Defendants") to respond to the Plaintiff's proposal that the Court delay briefing on the motion to dismiss portion of the Vision Defendants' motion (ECF No. 97; re-filed ECF No. 101) until after the Court's decision on the portion of the Vision Defendants' motion that seeks to compel arbitration.

      The Vision Defendants respectfully decline and object to Plaintiffs' proposal. Five of the Vision Defendants (Vision Financial Markets, LLC, Vision Brokerage Services, LLC, H Rothman Family, LLC, Boshnack Family, LLC, and High Ridge Holding Company, LLC) did not move to compel arbitration at all, and none of the Vision Defendants moved to compel arbitration against Nefertiti Holding Corporation or Kumaran individually. These defendants have, however, raised arguments against the form and sufficiency of the Plaintiffs' pleadings that can and should be heard by the Court at its earliest opportunity. The Vision Defendants first raised many of these arguments in December 2020. They should not be held in abeyance while the Plaintiffs continue to challenge arbitration relating to only some of the parties.

      As to Plaintiffs' request for an extension of time, the Vision Defendants are not opposed to a reasonable extension, but disagree that Plaintiffs require a months-long extension for briefing the motion to dismiss arguments together with the motion to compel arguments. The Court's April 30, 2021 Order expressly contemplated that "Defendants shall file their anticipated **motion to dismiss the SAC (and/or to compel arbitration)** no later than September 17, 2021" and that "Plaintiffs shall file their opposition no later than October 19, 2021, and Defendants shall file any reply no later than November 19, 2021." (ECF No. 69

September 29, 2021
Page 2

(emphasis added)). The Vision Defendants previously declined to consent to Plaintiffs' request for an extension in deference to the Court's July 23, 2021 Order stating that "the parties shall comply with the briefing schedule set forth in the Court's April 30, 2021 Order" and "the Court will not continue to delay this case, which was filed more than one year ago." (ECF No. 89). However, the Vision Defendants would not oppose a twelve-day extension to October 31 for the Plaintiffs' opposition, or other reasonable extension at the Court's discretion, as long at the Vision Defendants continue to have at least one month's time to file a reply.

Respectfully submitted,

*Jenny R. Chou*

Jenny R. Chou