IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SAMANTHA SIVA KUMARAN<br>       et al<br>       *Plaintiffs,*<br><br>-against-<br><br>Vision Financial Markets, LLC<br>       et al<br>       *Defendants.* | Case No:1:20:CV:03871-GHW-SDA<br>Related Case: 1:20:CV 03668<br>Related Case: 1:20:CV 03873<br><br>**MOTION TO STAY<br>BRIEFING ON MOTION TO DISMISS<br>MOTION TO STAY<br>NON-ARBITRABLE CLAIMS** |

MOTION TO STAY BRIEFING ON MOTION TO DISMISS / MOTION TO STAY NON-ARBITRABLE CLAIMS

INTRODUCTION

On Friday September 17, 2021 Vision and Lazzara Defendants filed a 51 page combined motion to dismiss and motion to compel arbitration. (ECF97)[1]. In addition, three days later, Ms. Villa also filed a separate Motion to Dismiss that was not uploaded until Monday September 20, 2021[2]. The motion was filed in a smaller font to fit the 25 pages and with proper font size and spacing and would have been the thirty five pages previously requested in extension. (*ECF*96).

For the reasons set forth herein, Plaintiffs respectfully move to stay the motion to dismiss which is concurrently filed with the motion to compel arbitration by Vision Defendants, as it is not consistent with the rules of submitting to Federal Court jurisdiction and the requirement to first resolve the issue of arbitrability. The Supreme Court has provided clear guidance that a Court cannot proceed until the arbitrability issue is be resolved first. "The requirement that jurisdiction be established as a threshold matter ... is 'inflexible and without exception,' " *id.,* at 94–95, 118 S.Ct. 1003 (quoting *Mansfield, C. & L.M.R. Co. v. Swan,* 111 U.S. 379, 382, 4 S.Ct. 510, 28 L.Ed. 462 (1884)); for "[j]urisdiction is power to declare the law," and " '[w]ithout jurisdiction the court cannot proceed at all in any cause,' " 523 U.S., at 94, 118 S.Ct. 1003 (quoting *Ex parte McCardle,* 7 Wall. 506, 514, 19 L.Ed. 264 (1868)). *See also* Ruhrgas AG v. Marathon Oil Co., 526 U.S. 574,

---

[1] For purpose of this letter foregoing Defendants are hereinafter referred to as Vision Defendants.
[2] It was not received or served on Plaintiffs (either by email or otherwise) until three days later than the filing deadline.

577, 119 S. Ct. 1563, 1566–67, 143 L. Ed. 2d 760 (1999). A motion to compel arbitration is treated as a contest of jurisdiction of the Court under FRCP 12 (b)(1) and therefore must be resolved as a threshold matter, prior to the Court proceeding on the merits. It is improper for Vision Defendants to motion for Plaintiffs to file simultaneously responses to two motions, one <u>submitting to jurisdiction</u> as motion to dismiss and the other <u>contesting jurisdiction</u> in a motion to compel arbitration. Therefore, Plaintiffs seek to either stay the motion to dismiss until resolution on the motion to compel and request that only one of the motions be heard first – namely the motion to compel arbitration. In the alternative, if the Court requires a response by all Plaintiffs (including NRCM and NAM) to the motions to dismiss, the Court is required to rule that there is a consent to jurisdiction, and the Court should terminate the motion to compel arbitration. Further, consistent with 9 U.S.C. § 3, all Plaintiffs move to stay the remainder of the motions and seek to resolve the arbitration issue first as outlined hereunder. Likewise, for the reasons herein, all Plaintiffs Kumaran, NHC, NRCM and NAM move to resolve the arbitration issue first as outlined hereunder, including as pertains to Villa. Accordingly we seek a ruling on this motion, prior to setting a scheduling to respond.

### I - ISSUES OF ARBITRATIBILITY SHOULD BE RESOLVED FIRST OR VISION DEFENDANTS CONSENT TO JURISDICTION

Courts have ruled that because a motion to compel arbitration goes to the Court's power to hear a case, and such a motion is analogous to – and sometimes treated as – a motion to dismiss for lack of subject-matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1). *See, e.g., Cartagena Enterprises, Inc. v. J. Walter Thompson Co.*, 2013 WL 5664992, at *6 & n.34 (S.D.N.Y. Oct. 16, 2013); *Rosehoff Ltd. v. Cataclean Americas LLC*, 2013 WL 2389725, at *10 (W.D.N.Y. May 30, 2013); *Tyler v. City of New York*, 2006 WL 1329753, at *2 (E.D.N.Y. May 16, 2006). Since "jurisdiction generally must precede merits in dispositional order," *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 577, 119 S.Ct. 1563, 143 L.Ed.2d 760 (1999) (citing *Steel Co. v. Citizens for Better Environment*, 523 U.S. 83, 118 S.Ct. 1003, 140 L.Ed.2d 210 (1998) ), a district court should generally rule on a motion to compel arbitration before proceeding to a merits-based motion to dismiss. *See* *182 *Needham v. United States*, 2018 WL 3611944, at *2 (S.D.N.Y. July 27, 2018) (quoting *Spruill v. NYC Health & Hosp.*, 2007 WL 2456960, at *1 (S.D.N.Y. Aug. 23, 2007) )

("Courts are required to decide 'the jurisdictional question first because a disposition of a Rule 12(b)(6) motion is a decision on the merits, and therefore, an exercise of jurisdiction.'") (internal quotations marks omitted).

Even if the arbitration issue is not considered jurisdictional, **it should ordinarily be addressed first as a matter of judicial efficiency.** (emphasis added) *See Rosehoff Ltd.*, 2013 WL 2389725, at *10 (assessing the parties' merits arguments, including "the sufficiency of the claims in the complaint," would be "unnecessary and contrary to judicial economy" if case must be stayed or dismissed in favor of arbitration); *Bimota SPA v. Rousseau*, 628 F. Supp. 2d 500, 502 (S.D.N.Y. 2009) (considering and granting defendants' motion to compel arbitration on all of plaintiff's claims, thus obviating need to consider partial motion to dismiss); *Harris v. TD Ameritrade, Inc.*, No. 4:14-CV-0046, slip op. at 3, 2015 WL 64880 (E. D. Tenn. Jan. 5, 2015) (granting motion to compel arbitration of claims by Bancorp shareholder challenging TDA's failure to take his shares out of street name, rendering it "unnecessary to address TDA's arguments in support of dismissal"). *See also* Harris v. TD Ameritrade Inc., 338 F. Supp. 3d 170, 181–82 (S.D.N.Y. 2018)

It is therefore again an express contradiction of Supreme Court and Second Circuit guidance that arbitration issues must be resolved first prior to ruling on the merits of a motion to dismiss. Accordingly, Plaintiffs should either file an opposition to the motion to arbitration, *or,* they file an opposition to the motion to dismiss. In the alternative, if the Court is resolving the case on the merits, then Vision Defendants have consented to jurisdiction of the Courts for resolution of all matters, and Plaintiffs seek a ruling by the Court that jurisdiction has now been granted for all Vision Defendants for the case to proceed on the merits for all causes.

## II - PLAINTIFF MOVE TO STAY THE MOTION TO DISMISS

Since there is clear and express guidance from the Supreme Court, the Court must resolve the issues of Arbitration before proceeding with a merits based motion, Plaintiffs file this motion timely within six days of receiving Vision Defendants dual consent/non-consent jurisdiction. [3]Jurisdiction to resolve cases on the merits requires both authority over the category of claim in suit (subject-matter jurisdiction) and authority over the parties (personal jurisdiction), so that the

---

[3] Again Ms. Villa's motion papers were also served three days late. Villa's motion also includes multiple new and disputed facts that are not permitted to be included with a motion to dismiss or Plaintiffs right to engage in discovery and Plaintiffs will later move to strike all disputed new facts and materials that cannot be considered at this stage.

court's decision will bind them. In *Steel Co. v. Citizens for Better Environment,* 523 U.S. 83, 118 S.Ct. 1003, 140 L.Ed.2d 210 (1998), the Supreme Court adhered to the rule that a federal court may not hypothesize subject-matter jurisdiction for the purpose of deciding the merits. *Steel Co.* **1567 rejected a doctrine, once approved by several Courts of Appeals, that allowed federal tribunals to pretermit jurisdictional objections "where (1) the merits question is more readily resolved, and (2) the prevailing party on the merits would be the same as the prevailing party were jurisdiction denied." *Id.,* at 93, 118 S.Ct. 1003. Recalling "a long and venerable line of our cases," *id.,* at 94, 118 S.Ct. 1003, *Steel Co.* reiterated: "The requirement that jurisdiction be established as a threshold matter ... is 'inflexible and without exception,' " *id.,* at 94–95, 118 S.Ct. 1003 (quoting *Mansfield, C. & L.M.R. Co. v. Swan,* 111 U.S. 379, 382, 4 S.Ct. 510, 28 L.Ed. 462 (1884)); for "[j]urisdiction is power to declare the law," and " **'[w]ithout jurisdiction the court cannot proceed at all in any cause,' "** 523 U.S., at 94, 118 S.Ct. 1003 (quoting *Ex parte McCardle,* 7 Wall. 506, 514, 19 L.Ed. 264 (1868)). The Court, in *Steel Co.,* acknowledged that "the absolute purity" of the jurisdiction-first rule. *See also. Marathon Oil Co* Id.

Also as outlined below, Kumaran and NHC also move to stay the merits based portion pending resolution of the motion to compel. A court should "decide the 'jurisdictional question [] first because a disposition of a Rule 12(b)(6) motion is a decision on the merits, and therefore, an exercise of jurisdiction.' " *Tirone v. N.Y. Stock Exch., Inc.,* No. 05 Civ. 8703(WHP), 2007 WL 2164064, at *3 (S.D.N.Y. July 27, 2007) (quoting *Magee v. Nassau Cnty. Med.* Ctr., 27 F.Supp.2d 154, 158 (E.D.N.Y.1998)). Therefore proceeding on a merits based motion, prior to resolving the jurisdiction of this Court to hear the merits is prohibited. Accordingly the Court cannot proceed with the motion to dismiss.

### III - NRCM AND NAM INTEND TO CROSS MOVE TO OPPOSE ARBITRATION

NRCM and NAM will vehemently oppose their motion to compel arbitration. Among many reasons to be raised in their opposition is the blatant fact that there is no signed arbitration agreement between NRCM and NAM and any of the Defendants, and it has already been ruled in 20-CV-3873 ECF63, majority of the material events occurred *prior* to even NRCM's membership in the NFA which occurred on May 23, 2017. As factually documented, Lazzara moved to close NRCM's account on May 24, 2017. Therefore majority of the events had occurred, well before

NRCM became a member – and certainly before NAM did. Therefore any purported obligation to arbitrate under NFA Rules occurred only for events after May 23, 2017. This Court held that "However, Kumaran was not approved as an NFA member until May 23, 2017 and ADMIS moved to close the NRCM account a day later. (*See* Kumaran Decl. 1 ¶¶ 30-31.) In circumstances where ADMIS's allegedly unlawful conduct vis-à-vis Kumaran, individually (if any), occurred prior to her becoming bound to the NFA Member Arbitration Rules, the Court finds that Kumaran did not agree to arbitrate any of her individual claims." (*See* ECF63 at 11)

Unlike 20-CV-3873, Vision Defendants arguments against NRCM of arbitrability are meritless, as NRCM never had any written agreement with any of the Vision Defendants and the material prior events of NRCM and Vision Defendants, including Lazzara's fraudulent inducement happened prior to NRCM becoming bound to the NFA Member Arbitration Rules. (See ECF63 Id)

Further it is still pending before the Court to resolve the fraudulent inducement of NRCM's arbitration at the NFA itself rendering that forum unsuitable for this dispute. (See pending motions 20-CV-3873 ECF78 and ECF79). Nevertheless, NRCM is no longer an NFA member and therefore not subject to any ongoing obligation to arbitrate. Without limitation to the many defective arguments by Vision Defendants, Plaintiffs ability to arbitrate at the NFA has expired, and is already well after the two year time limit. (*See* NFA Rule 5). There is no obligation to arbitrate all claims in perpetuity. Also, as will be raised in opposition, NAM has never agreed to (will never agreed to) and has no obligation to arbitrate this dispute regarding Vision Defendants at the NFA given the conflicts of interest, and is materially subject to the two year expiration of the obligations to arbitrate. There is no mandatory obligation after the two year elapse to bring claims at the NFA. Vision Defendants admit that NAM was formed on May 14, 2018 and therefore any claims brought in this action, were well after the two year time period to obligate them to arbitrate.

In a clear attempt to sow jurisdictional confusion and address claims on the merits, Vision Defendants motion extrapolates (or attempts to extrapolate) their motion to include multiple new parties – for instance Vision Investment Advisors. ("VIA"). NRCM never brought any claims or initiated an arbitration against VIA, as the facts surrounding this defendants were not even known at the time NRCM initiated its notice of arbitration in March 2018. NRCM is not be obligated to

add on or tack on new parties, it is not permitted under NFA Rules, and NRCM has no obligation to and is not obliged to do and requires the initiation of a new complaint. Further NRCM is no longer an NFA Member so it is not bound to add new parties to an aged arbitration after it has withdrawn membership from the NFA.

For the same reason the Court ruled Kumaran's individual claims are not subject to arbitration, it should also, by identical argument apply to NAM. In 20-CV-3873 *ECF*63 the Court ruled "In any event, the Court finds that the scope of any agreement to arbitrate imposed upon Kumaran by her having become an NFA member would not encompass the individual claims she had <u>prior</u> to the time she became a member, which relate to purported fraud and theft of her intellectual property. *See Holick v. Cellular Sales of New York, LLC*, 802 F.3d 391, 394 (2d Cir. 2015) (when considering motion to compel arbitration, courts must resolve "(1) whether the parties agreed to arbitrate, and, if so, (2) whether the scope of that agreement encompasses the claims at issue."). (Emphasis added to *prior*). And NAM will also argue that the unfair competition claims accrued *prior to* their membership at NFA. NAM did not need to be a member at all times – there are numerous exemptions to membership. Also the Court also overlooked (as is currently pending in reconsideration) the two year time limit, which bars any obligation for NAM to obligate *prior* claims."

Other inconsistencies in the Vision Motion (for which there are many)- commingle and did not distinguish at all their positions on arbitrable or non-arbitrable claims. For example, without limitation Pg. 13 Section II, ignores all <u>NAM's claims</u> and then haphazardly lumps together NFA-Defendants and material events that occurred prior to May 2017 or entities that were formed in 2018 well after NRCM's account was closed, leaving a higgledy-piggledy mess of which parties or claims even Vision Defendants intended or did not intend to be filing a motion to dismiss against – or a guess work on which claims are arbitrable or not arbitrable. In the alternative, which is potentially sanctionable knowing violation of the jurisdiction standards, Vision Defendants were simply trying to file two motions – one consenting to jurisdiction under 12(b)(6) and the other not as there was no mention of a 12(b)(1). In this case this was simply a 12(b)(6) which is a motion to consent which consents to jurisdiction. This is also inconsistent with Federal Rules to get the best of both worlds, and pick which outcome suits their needs best and forces the Court to rules on the merits prior to addressing the arbitrability issues. This failure to challenge jurisdiction properly is

also a grant of the Court's subject matter jurisdiction to the dispute. "The requirement that jurisdiction be established as a threshold matter ... is 'inflexible and without exception,' " *id.,* at 94–95, 118 S.Ct. 1003 *See Mansfield ID.*

Nonetheless Vision Defendants' motion is not consistent with FRCP 12(b) and express guidance of the consent to jurisdiction in this District, that while simultaneously challenging the jurisdiction with a motion to compel arbitration they are moving to dismiss on identical claims thereby consenting to the jurisdiction. Either they consent to the jurisdiction of this Court and parties proceed subject to this Courts jurisdiction, or the Court has to absolve jurisdiction to some arbitration.  See *TD Ameritrade, In ID. (*rendering it "unnecessary to address [Defendants'] arguments in support of dismissal"). See also *Bimota SPA Id.*

## IV - INCONSISTENT TIME-BAR QUESTIONS

The Vision  Defendants motion also contains inconsistencies on jurisdiction on resolution of apparent time-bar questions – for example on Pg.26 Vision Defendants dispute a valid cause of Conversion. The Court should note Conversion was a claim brought by NRCM in Arbitration. It is surprising that well-qualified counsel are moving to dismiss on Conversion in this District and simultaneously asking for arbitration on the same claims in Arbitration. Courts have made clear these issues of Arbitration must be resolved first. Second Circuit has ruled that  "If plaintiff's claims are properly referable to arbitration, however, the identification and application of the appropriate limitations period is a question for the arbitrator." *See Bechtel do Brasil Construcoes Ltda. v. UEG Araucaria Ltda.*, 638 F.3d 150, 154 (2d Cir. 2011) ("the timeliness of UEGA's claims is a question for the arbitrator"); *British Ins. Co. of Cayman v. Water St. Ins. Co.*, 93 F. Supp. 2d 506, 520-21 (S.D.N.Y. 2000) ("it is a clearly established principle of arbitration law that 'it is up to the arbitrators, not the court, to decide the validity of time-bar defenses' ") (quoting *Shearson Lehman Hutton, Inc. v. Wagoner*, 944 F.2d 114, 121 (2d Cir. 1991), and collecting cases). Therefore the Court cannot entertain Vision's MTD without addressing the arbitration issue first, and neither should Plaintiffs have to respond to this – in a sort of – hedge your bets motion – by on one hand the same claim is subject to jurisdiction or then not subject to jurisdiction -  to see which claims stick in Arbitration and which claims stick in Court with two parallel proceedings continuing on identical facts, claims and subject matter.

It is also not permitted for the Court to rule simultaneously on the merits in this case while Defendants are challenging jurisdiction. Therefore Plaintiffs also seek to move to stay all time-bar questions, pending resolution of the Motion to Compel Arbitration. This supports Plaintiffs position that the Motion to Compel Arbitration should be resolved first, and the Motion to Dismiss struck or stayed.

## V - MOTION TO STAY NON-ARBITRABLE CLAIMS

Finally an integral part of this motion is that Plaintiffs respectfully request a stay on all non-arbitrable claims pursuant to 9 U.S.C. § 3. until resolution of the foregoing. Since Vision Defendants have already requested a stay, Plaintiffs also request a stay of all non-arbitrable claims. This is consistent with Section 3 of the FAA and Plaintiffs respectfully request the Motion to Compel Arbitration is resolved first, prior to further motion practice in the Courts.

Section 3 of the FAA provides that:
> If any suit or proceeding be brought in any of the courts of the United States upon any issue referable to arbitration under an agreement in writing for such arbitration, the court in which such suit is pending, upon being satisfied that the issue involved in such suit or proceeding is referable to arbitration under such an agreement, shall on application of one of the parties stay the trial of the action until such arbitration has been had in accordance with the terms of the agreement, providing the applicant for the stay is not in default in proceeding with such arbitration.

Under the Federal Arbitration Act, 9 U.S.C. § 3. "A party seeking a stay pending arbitration bears the burden of establishing that there are issues common to the arbitration and the court, and that those issues will finally be determined by arbitration." *Champion Auto Sales,* 943 F.Supp.2d at 355 (internal citation and quotation marks omitted). *Application of Whitehaven S.F., LLC v. Spangler, 45 F. Supp. 3d 333, 353 (S.D.N.Y. 2014), aff'd sub nom. Whitehaven S.F., LLC v. Spangler, 633 F. App'x 544 (2d Cir. 2015).*

In general, a Court can weigh whether to stay the proceedings given that some, but not all, of the issues are arbitrable. However, a stay is usually appropriate where arbitrable and non-arbitrable claims <u>arise out of the same set of facts</u> and arbitration may decide the same facts at issue in the litigation. *Argus Media Ltd. v. Tradition Fin. Servs. Inc.,* No. 09 Civ. 7966, 2009 WL 5125113, at *3 (S.D.N.Y. Dec. 29, 2009). *490 The movant in such circumstances must establish that "there are issues common to the arbitration and the courts, and that those issues will finally be

determined by the arbitration." *Id.* (internal quotation marks omitted).*Birmingham Assocs. Ltd. v. Abbott Labs.,* 547 F.Supp.2d 295, 302 (S.D.N.Y.2008), *aff'd,* 328 Fed.Appx. 42 (2d Cir.2009).

Here if the Court is considering a motion to compel on the same identical facts, the stay should apply to all remaining claims until the jurisdiction is resolved. In this instance, both Vision Defendants and Plaintiffs have moved to stay till the issue of arbitration is resolved, Plaintiffs move to stay the case on the merits of these motions until all arbitrability issues are resolved to prevent duplicative or unnecessary motion practice.

All Plaintiffs' claims and issues are related to the role of ADMIS and the related case 20-CV-3873. The SAC demonstrates that both the Arbitration and the instant action concern the events leading to and immediately following Plaintiffs fraudulent inducements by both Lazzara and ADMIS into doing business with ADMIS and Lazzara. These same factual issues will be subject to any arbitration – if it is required. NRCM and NAM also dispute the validity of the requirement to arbitrate these issues.

As such, the facts giving rise to the Arbitration are necessarily related to [Plaintiffs] instant claim and "will likely provide significant insight into, if not actually resolve, the claims asserted in this action." *Orange Chicken, L.L.C. v. Nambe Mills, Inc.,* No. 00 Civ. 4730, 2000 WL 1858556, at *9 (S.D.N.Y. Dec. 19, 2000); *see also NPS Commc'ns, Inc. v. Cont'l Grp., Inc.,* 760 F.2d 463, 465 (2d Cir.1985) (staying plaintiff's antitrust action while defendant's contract claim was in arbitration even though the two claims "barely overlap"). *Louis Berger Grp., Inc. v. State Bank of India, 802 F. Supp. 2d 482, 489–90 (S.D.N.Y. 2011)*

For example and without limitation, majority of the ensuing claims including the unfair competition claims stem from underlying contracts and fraud in the agreements to do business with ADMIS, for which Plaintiffs seek all contracts are rescinded. (*See* 20-CV-3873 ECF63 – referring ADMIS and NRCM's contract claims to Arbitration). Vision Defendants have included in their instant motion, arguments in opposition that include multiple references (for the first time) related to ADMIS Privacy Policy – directly showing the nexus between the ADMIS case and this case. If the Court is to proceed on subject matter jurisdiction of the Privacy Policy for instance between Kumaran and Lazzara/High Ridge, this would be a parallel issue of law and fact, that the Court in related case has ordered to arbitration. In the alternative, if the Court is proceeding on the

Case 1:20-cv-03871-GHW-SDA   Document 106   Filed 09/29/21   Page 10 of 18

Page 10

merits in this action related to Kumaran and Lazzara, Boshnack and High Ridge, this also supports Plaintiffs arguments that ADMIS is a necessary party as the validity and unenforceability and illegality of ADMIS' contracts require them in this action under Rule 19. Therefore since Kumaran's claims with ADMIS have been stayed, and this case also involve identical issues of fact and law related to the Kumaran and ADMIS and their fraudulently induced and illegal Privacy Policy, they should be before the Court at the same time, as ADMIS is a necessary party. Therefore proceeding to rule on the merits of ADMIS void-under-law contracts, while the Court has simultaneously compelled some of the claims to Arbitration is incongruent.

      Additional considerations also support a stay. "Stays are particularly appropriate where they promote judicial economy, avoidance of confusion and possible inconsistent results." *Birmingham Assocs. Ltd.,* 547 F.Supp.2d at 302 (internal quotation marks omitted). Staying this case in favor of arbitration will not only promote judicial economy by eliminating any duplicative effort by the Court to resolve the issue of the lack of validity of any of the ADMIS agreements which were all procured by fraud, it will also avoid any inconsistency that would arise if the Arbitration and Court were to reach different conclusions on the matter. Accordingly, the Courts typically grant motions to stay the instant action until the conclusion of the Arbitration (if any) or at least until resolution of the Motion to Compel Arbitration. (*See also Louis Berger Grp., Inc. v. State Bank of India,* 802 F. Supp. 2d 482, 490 (S.D.N.Y. 2011))

      Plaintiffs request is also to preserve judicial economy to prevent overlapping hearings on the same subject matter and facts. Likewise all Defendant Villa's claims are predominantly related to her relationship with Trey Lazzara and her unauthorized sales representation as well as other roles as an unregistered AP of Lazzara, and services for Lazzara and ADMIS. Resolution of the fraudulent inducements by both Lazzara and ADMIS including recission of all agreements are instructive to this case, as well as Villa's ongoing involvement with Plaintiffs during the period April 2017 – June 2017 while resuming work for Lazzara. Therefore as majority of the facts of her own involvement with Lazzara are overlapping.

      Similarly Villa also received unauthorized disclosures of Kumaran's trade secrets and confidential account information, and was purportedly paid from illegal arrangements, also under the so-called ADMIS agreements – meaning NRCM and ADMIS had a fraudulently induced

agreement and by virtue of that, there was no lawful basis for Villa to also partake in Kumaran's and NRCM's proprietary agreement. Therefore recission of ADMIS' agreements renders all the participation unauthorized, illegal, and fraud and directly bears upon the merits, facts and law applying to Villa. For example a judgment of fraud against Lazzara in the Arbitration may materially impact Villa's actions on his behalf during April 2017 – June 2017. Therefore Plaintiffs move to stay Villa's claims for the same reasons supra – that the hinge on identical facts and law. Therefore the Court should resolve the instant motion to compel arbitration first, so that all facts on the merits are before the same jurisdiction.

As stated supra, NRCM and NAM intend to vigorously oppose any motion to compel arbitration and dispute any obligation to resolve this dispute with Vision Defendants in Arbitration. As stated supra, NRCM is no longer an NFA member and it is further not obligated to arbitrate at the NFA or add or bring any new claims or parties. Further since the NRCM Arbitration was permanently stayed – there is no obligation to return and NRCM opposes any return to the NFA forum (*See* e.g. 20-CV-3873 ECF78 ECF79 still unresolved). Accordingly, the Court has not addressed the inherent conflict of interest in NFA's oversight of the Arbitration. Once a ruling is reached on the issue of arbitration, NRCM and NAM move to then respond to a cohesive Motion to Dismiss (together with Kumaran and NHC) and the opposition to the motion to dismiss can be filed by all Plaintiffs at one time, rather than piecemeal ruling on the merits.

In the alternative, if the Court is proceeding with a merits based analysis on the claims of NRCM and NAM, this should be construed as consent to the jurisdiction of the Court on all claims and subject to the jurisdiction of this Court's rulings of all disputed by NRCM, NAM, NHC and Kumaran with all Defendants. Therefore in the alternative, the Court should view Vision Defendants motion to dismiss as consent to the jurisdiction of this Court, and therefore all Plaintiffs Kumaran, NRCM, NAM and NHC should proceed with an opposition to the Motion to Dismiss all together (and the Motion to Compel should be struck). Therefore Plaintiffs move to terminate the portion which is a motion to compel arbitration and seek the Court's ruling that jurisdiction has been granted and the parties are proceeding on the motions to dismiss.

If the Court is viewing Vision Defendants motion as a consent to jurisdiction, in this alternative, all Plaintiffs seek to file at the same time their oppositions to the Motion to Dismiss,

which will conserve judicial efficiencies, without the need to respond to the motion to compel Arbitration, and piecemeal litigations on oppositions to a MTD at separate briefings. We also seek to avoid any futile motion responses (that the Court cannot consider as jurisdiction is not resolved and Defendants are challenging jurisdiction) and move to terminate either the motion to compel and/or the stay the motion to dismiss. As indicated, consistent with the foregoing, all Plaintiffs move to stay the remaining motion to dismiss as there would be duplicate proceedings at different times on the same facts and law. "Stays are particularly appropriate where they promote judicial economy, avoidance of confusion and possible inconsistent results." See *Birmingham Assocs. Ltd. Id.*

The Court has already ruled a stay on Kumaran's claims in related case. (See 20-CV-3873 ECF63 - Pg. 13) holding that "any claims that Kumaran may have in an individual capacity against ADMIS relate to NRCM's account with ADMIS. Accordingly, the "issues that the arbitration panel will decide . . . overlap significantly (if not entirely) with the issues that this Court would need to reach to adjudicate" Kumaran's individual claims. *See Winter Invs., LLC v. Panzer*, No. 14-CV-06852 (KPF), 2015 WL 5052563, at *12 (S.D.N.Y. Aug. 27, 2015) (granting discretionary stay); *see also Katsoris*, 237 F. Supp. 3d at 111 (granting discretionary stay pending outcome of arbitration between certain parties); *Zilong Wang*, 2020 WL 4937481, at *8 (stay appropriate when alleged fraudulent investment scheme formed basis for all claims). "

## SCHEDULING

*A – Plaintiffs seek resolution of this motion first, prior to filing redundant motion or unnecessary motion papers*

Finally, Plaintiffs seek resolution of this motion to stay prior to moving forward with unnecessary motion practice – where the Court cannot even entertain rulings on the merits without jurisdiction. Plaintiffs have timely filed this motion within **less than six days** of being served Vision and Lazzara Defendants Motion and only **three days after receipt** of Villa's Motion. Plaintiffs therefore respectfully seek a ruling on this motion, prior to scheduling any oppositions which may or may not be needed. Finally, if this motion to stay is granted as both Defendants and Plaintiffs have requested, there will be no need to incur additional cost, effort and to pursue

unnecessary motion practice, as the Court cannot entertain motions on the merits without resolving jurisdiction.

As stated above, "Even if the arbitration issue is not considered jurisdictional, **it should ordinarily be addressed first as a matter of judicial efficiency.**" (emphasis added) *See Rosehoff Ltd.*, 2013 WL 2389725, at *10 (assessing the parties' merits arguments, including "the sufficiency of the claims in the complaint," would be "unnecessary and contrary to judicial economy" if case must be stayed or dismissed in favor of arbitration); *Bimota SPA v. Rousseau*, 628 F. Supp. 2d 500, 502 (S.D.N.Y. 2009) (considering and granting defendants' motion to compel arbitration on all of plaintiff's claims, thus obviating need to consider partial motion to dismiss). Further Plaintiffs seek a ruling on the motion to stay and motion to compel arbitration prior to the Court setting a briefing schedule on the other motions.

### *B - If the Court is proceeding with the Motion to Compel Arbitration:*

In the alternative, if the Court is proceeding with the Motion to Compel Arbitration and an opposition due by NRCM and NAM, Plaintiffs NRCM and NAM respectfully request a short twelve (12) day extension until **October 31, 2021** to file their opposition to the motion to compel arbitration. This is our first motion for extension. The primary reason and good cause for the request, is in consideration of the deadline to file objections on or before **October 16, 2021** in related case, and provides the required timeframe of 14 days under Local Rule 6.1 to respond to the motion by October 31, 2021. Plaintiffs NRCM also has to respond to a parallel motion which has been allocated 28 days until October 16, 2021. Therefore good cause is in light of the recent scheduling order in 20-CV-3668 (ECF115) and pending a ruling on this motion to stay filed hereunder. This would permit NRCM approximately 14 days which is consistent with Local Rule 6.1 for the time to respond to a motion without any parallel motions to attend to.

If any less time was granted, NRCM and NAM believe the time allocated is less than the amount provided under Local Rule 6.1 and inequitable as Defendants had 47 days to respond. The concurrent scheduling in related case under ECF115 would cause manifest injustice to time to respond as permitted under Local Rules. Further it is prejudicial to have NRCM and NAM be burdened with both the filing of this motion to stay, and engage in prohibited duplicate motions and it is not an equitable use of their time to start responding to two separate motions, one of which

the Court cannot entertain pending ruling on this motion. A twelve (12) day extension will not materially prejudice Defendants but could significantly prejudice Plaintiffs if they have only a short time such as a few days to respond due to overlapping schedules and have to engage in redundant motion practice.

*C - If the Court deems their motion as a consent to Jurisdiction on the Motion to Dismiss:*

In the alternative if the Court rules it will terminate the motion to compel arbitration components, and the Court determines the Vision Defendants *have* consented to jurisdiction, Plaintiffs first seek a ruling on this motion, so that no unnecessary motion responses and opposition are filed (for instance if an opposition to the motion to compel arbitration is not required) and unnecessary practice is engaged in. (*See TD Ameritrade Id* – holding that the Court need not consider the arguments on the dispositive motions). Therefore upon ruling on this timely filed motion to stay, Plaintiffs respectfully seek that any oppositions motions to dismiss that are deemed necessary (*if any) are scheduled upon ruling of this current motion.

*D – If the Court is proceeding with Jurisdiction, Plaintiffs in the alternative seek an extension until November 30, 2021*

In the alternative, if however the Court rules that the litigations will continue piecemeal with merits rulings on NHC and Kumaran while other claims such as NRCM and ADMIS will proceed in arbitration - Plaintiffs request this ruling on jurisdiction so as also to avoid partial filings. In this case, in consideration of the concurrent filings of both Motions to Compel Arbitration by counsel for NRCM and NAM, together with opposition motions to the R&R due on October 16, 2021, Plaintiffs respectfully seek until November 30, 2021 to file their oppositions at one single time (subject to the Court's order of jurisdiction). Therefore after completing filing of the NFA objections, Plaintiffs respectfully seek (if jurisdiction is consented to) to file our oppositions in a combined manner to the motion to dismiss. Plaintiffs respectfully request an adjustment to the scheduling in light of the fact that the motions cannot respond to two separate motions in the timeframe allocation, (and three separate motions if Ms. Villa's is included.) if the Court is granting jurisdiction to if the Court is proceeding with parallel jurisdictions, both this litigation and NRCM/ADMIS Arbitration that has already been ordered and rules these cases proceed in tandem as parallel proceedings, Plaintiffs respectfully request, for the good cause

below, an extension to file their combined Motions to Dismiss on or before November 30, 2021 of approximately 45 days.

     Good cause for this is as follows:

*First*, any decision by the Court to proceed with tandem arbitrations with ADMIS/NRCM and litigations in this Court by Kumaran/NHC and Lazzara and Vision will require specific briefings that will need to be determined after the ruling on this motion. As is explained supra, there will likely be multiple overlapping facts and law proceeding between two judicial bodies (both the NRCM/ADMIS arbitration and this litigation) and Plaintiffs who are proceeding in a parallel litigation on identical claims seek clarification that this will in fact be proceeding prior to responding to any motions.

*Second*, good cause is in light of the scheduling order in related case 20-CV-3668 (ECF115) with a concurrent deadline for Plaintiffs to respond to a brief by October 16, 2021. Plaintiffs respectfully request that any overlapping motions, do not shorten the permissible time allowed for proper responses or equitable time between Defendants and Plaintiffs by the Court scheduling multiple overlapping motions. If the R&R Objections are completed on October 16, 2021, Plaintiffs would have between October 17, 2021 until November 30, 2021 to file their response. Further Vision Defendants had 47 days to file their Motion. Plaintiffs requests from October 17 – November 30 would be an equitable amount of time of about 43 days, especially given that one party is *Pro-Se*.

*Third*, good cause consideration is that NHC and Kumaran have to file responses to <u>two</u> separate motions to dismiss and they have to argue different law in response to Pro-Se Villa's approximate 35 page motion as well as Vision's 51 pages motion. (Approximately 80 pages – more than three (3) times a motion length). The necessity to address completely different issues of law and cases raised, justified also requesting an extension until November 30, 2021 which is consistent with the time frame this Court has granted all counselled Defendants in this and related actions. (*See* 20-CV-3668 – granting Defendants 60 days to file motions to dismiss, *See* 20-CV-3873 granting Defendants 60 days to file a motion to dismiss)/ Further the motions responses are almost three (3) times the permissible length. The 45 days is consistent and equitable with the time granted to Defendants.

*Fourth*, good cause is that Kumaran is also a *Pro-Se* Plaintiff and there are <u>two separate motions</u> and Judge Woods individual rules for Pro-Se litigants (Rule 5.c) allows for *four weeks* per motion to respond. Ordinarily *eight* (8) *weeks* would be granted to respond to the motions. This is also consistent with the overlapping deadline in the related case. Plaintiffs filed a motion to Judge Woods (20-CV-3668) to seek that the scheduling of these briefs do not overlap. Further as indicated in recent ruling both NRCM and Kumaran have a concurrent motion due on October 16, 2021. Therefore this short extension is necessary and in the interests of justice to avoid overlapping motions. NHC and Kumaran also move to stay their responses pending resolution of the NRCM and NAM's opposition motion to compel arbitration. Further Ms. Villa's motion was received three days late and no attempt was made to serve timely via email.

*Fifth*, good cause is that Defendants should not procure procedural advantage in Plaintiffs not having time with overlapping motions to respond in full to a dispositive motions. While the Court previously order a scheduling on April 30 2021, that was *prior* to the rulings in 20-CV-3668 ECF113 and the recent court ordered scheduled with due date on October 16, 2021 ECF115. Further any scheduling on April 30, 2021 Order was also prior to the rulings in 20-CV-3873 on June 7, 2021 regarding the arbitrability of NRCM and ADMIS. Therefore there was no discussion in the prior April 30, 2021 of Plaintiffs having to file <u>concurrent</u> oppositions to motions to compel arbitration and motions to dismiss, which as stated supra, is not permitted until jurisdiction is resolved. Therefore that schedule did not contemplate Vision Defendants taking advantage of the schedule to file piecemeal motions to dismiss and motions to compel at the same time – which is prohibited and has also resulted in the filing of this incidental motion. This has also increased burden on Plaintiffs. There is also increased burden on the Court to resolve both motions on the merits, and entertain either/or motions with both consent to jurisdiction and simultaneously contest jurisdiction. As indicated above, the Second Circuit guidance is clear that the jurisdiction must be resolved first.

In addition, this current motion to stay has been filed <u>timely</u> – well within the time allocated – indicative that Plaintiffs are acting in good faith and not trying to delay proceedings – but enforcing their rights to not engaged in unnecessary and redundant motion practice and filing

oppositions that the Court cannot entertain at this time. Therefore again, Plaintiffs are moving timely for a stay and that stay be resolved prior to proceeding with unnecessary costs. [4]

Once the Court rules, and if jurisdiction is granted to **all** Defendants, Plaintiffs seek ruling by the Court that it will proceed with the merits on all claims, **all** Plaintiffs NRCM, NAM, NHC and Kumaran are respectfully seeking to also file their oppositions at the same time. This would also reduce burden on the Court and Defendants in having multiple separate piecemeal oppositions. Likewise, Plaintiffs NHC and Kumaran seek a ruling on this motion first, as it will be determinate as to whether the Court is proceeding with piecemeal arbitration and litigations. This ruling will impact responses in two separate cases and impact time management. (For example two separate judicial bodies ruling on  for instance the Privacy Policy).

*Conclusion*

In conclusion, Plaintiffs seek no delay to this action. Accordingly the Court should note that they filed this motion timely and within six days of Vision's motion and three days of Villa's motion. Plaintiffs also respectfully seek a prompt resolution of the arbitrability issues and this concurrent **motion to stay responses to the motions to dismiss**.

As indicated supra, as the Court has not determined a consent to jurisdiction to all Vision Defendants, all Plaintiffs respectfully thereby join in the request to have NRCM and NAM's opposition to the motion to compel arbitration be resolved first and eliminate the need for additional briefing schedule until that motion is resolved. In addition all Plaintiffs move to stay the remainder of the motions, pending resolution of the motion to compel arbitration. This is consistent with the ruling in related case. *See* also 20-CV-3873 Order ECF63 Pg.10 the Court ruled "However, given the significant factual overlap between any claims Kumaran may have as an individual and NRCM's claims against ADMIS, the Court, in its discretion will stay any such claims pending the outcome of the arbitration between NRCM and ADMIS."

The Court also ruled see ECF63. Pg.12-13  "A discretionary stay is particularly appropriate where there is significant factual overlap between the remaining claims and the arbitrated claims." *Katsoris*, 237 F. Supp. 3d at 110-11 (citing, *inter alia*, *Moore v. Interacciones Glob., Inc.*, No. 94-

---

[4] Vision Defendants oppose any change. Ms. Villa has not responded to emails seeking consent for two days and Plaintiffs cannot wait longer for response in order to file this motion timely.

CV-04789 (RWS), 1995 WL 33650, at *7 (S.D.N.Y. Jan. 27, 1995) ("It is well-settled that claims are appropriately stayed when they involve common issues of fact and law with those subject to arbitration or when the arbitration is likely to dispose of issues common to claims against both arbitrating and non-arbitrating defendants.")). "In such cases, a stay is warranted in part because the prior litigation or arbitration is likely to have preclusive effect over some or all of the claims not subject to arbitration." *Id*. at 111 (citing *CBF Industria de Gusa S/A v. AMCI Holdings, Inc.*, 846 F.3d 35, 55 (2d Cir. 2017) ("It is settled law that the doctrine of issue preclusion is applicable to issues resolved by an earlier arbitration.")).

For these reasons Plaintiffs respectfully move for an immediate stay pending resolution of the arbitrability issues and respectfully seek leave that this motion be granted.


Respectfully submitted,


//BMA//

Brian M. August
*Counsel* for NRCM, NAM and NHC
AugustLawNYC
100 Willoughby Street 9E
Brooklyn, NY 11201
(917) 664-4465
bmaugust61@gmail.com
www.augustlawnyc.com


//SSK//
Samantha S. Kumaran
*Pro Se* Individual Plaintiff