```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED:  1/21/2022
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

Samantha Siva Kumaran,

                Plaintiff,

-against-

Vision Financial Markets, LLC,

                Defendants.

1:20-cv-03871 (GHW) (SDA)

ORDER

**STEWART D. AARON, United States Magistrate Judge:**

Before the Court is a motion by Plaintiffs for reconsideration of the Court's January 3, 2022 Orders (ECF Nos. 120, 121 and 123) and by plaintiffs Nefertiti Risk Capital Management LLC ("NRCM") and Nefertiti Asset Management LLC ("NAM") for an extension of time to file opposition to Defendants' motions to dismiss.[1] (Mot. for Reconsideration, ECF No. 127.) For the reasons set forth below, Plaintiffs' motion is DENIED.

**I.    Motion For Reconsideration**

Reconsideration of a previous order by a court is an "extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources." *Hu Yi Huan v. Fed. Gov't*, No. 10-CV-00224 (KAM), 2010 WL 2773646, at *1 (E.D.N.Y. July 12, 2010) (quoting *In re Health Mgmt. Sys. Inc. Sec. Litig.*, 113 F. Supp. 2d 613, 614 (S.D.N.Y. 2000)). "Local Civil Rule 6.3[2] requires that a party seeking reconsideration set forth 'the matters or controlling

---

[1] Plaintiffs also seek an additional seven days to "amend or supplement" the motion. (Mot. for Reconsideration at 1.) That request is denied. Plaintiff's motion is accompanied by a 23-page memorandum and no further briefing is required.

[2] Plaintiffs also bring their motion pursuant to Federal Rule of Civil Procedure 59(e), but that Rule applies to judgments and, thus, does not apply here. In any event, "the standards for relief under Rule 59(e) are identical to those for motions for reconsideration under Local Civil Rule 6.3." *Yelle v. Mount St. Mary Coll.*,

decisions which counsel believes the Court has overlooked,' and such a motion shall only be granted if the Court determines that the factual matters or controlling precedent was, in fact, overlooked, 'on the underlying motion and that would have changed its decision.'" *Yelle*, 2021 WL 311213, at *2 (quoting *Arnold v. Geary*, 981 F. Supp. 2d 266, 269 (S.D.N.Y. 2013) *aff'd*, 582 F. App'x 42 (2d Cir. 2014)). Thus, "a motion made pursuant to Local Rule 6.3 does not permit a party to advance new facts, issues or arguments not previously presented to the Court." *Id*. "The primary grounds justifying reconsideration are 'an intervening change in controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice.'" *Leidig v. BuzzFeed, Inc.*, 258 F. Supp. 3d 397, 400 (S.D.N.Y. 2017) (quoting *Kolel Beth Yechiel Mechil of Tartikov, Inc. v. YLL Irrevocable Trust*, 729 F.3d 99, 104 (2d Cir. 2013)).

With respect to the first two Orders entered by the Court on January 3, 2022 (ECF Nos. 120 & 121), it is not clear what Plaintiffs would like the Court to reconsider. Those Orders were quite simple. In response to Mr. August's request for a two-week adjournment of "all filings" the Court denied the request as moot, noting that no filings were due. (1/3/2022 Text Only Order, ECF No. 120.) Similarly, the Court denied Plaintiff Kumaran's request for an additional "3 to 7 days to respond to any letters or motions," since no there were no deadlines set that required Plaintiff Kumaran to respond. (1/3/2011 Order, ECF No. 121.) Plaintiffs have not identified any ground justifying reconsideration of these Orders and, accordingly, the motion to reconsider them is denied.

---

No. 18-CV-10927 (PMH), 2021 WL 311213, at *2 (S.D.N.Y. Jan. 29, 2021) (internal quotation marks and alterations omitted) (citing cases).

The final Order the Court entered on January 3, 2022, in response to a letter from Defendants' counsel,[3] ordered Defendants to file their replies by the previously set deadline and stated that no further briefing would be considered by the Court. (1/3/2022 Order, ECF No. 123.) Plaintiffs ask the Court to reconsider its ruling that no further briefing be considered and then grant the related motion for an extension of time for NRCM and NAM to file opposition to Defendants' motions to dismiss. However, as with the prior two Orders, Plaintiffs do not point to anything the Court overlooked or any error in the Court's decision. Nor can Plaintiffs argue manifest injustice when, at the time of the January 3, 2022 Order, they had never sought an extension of time to file their opposition. Thus, Plaintiffs' motion for reconsideration is denied.

The Court next considers the motion by NRCM and NAM for an extension of time pursuant to Federal Rule of Civil Procedure 6.

## II. Motion For Extension Of Time

Pursuant to Federal Rule of Civil Procedure 6(b), "[w]hen an act may or must be done within a specified time, the court may, for good cause, extend the time . . . on motion made after the time has expired if the party failed to act because of excusable neglect." Fed. R. Civ. P. 6(b)(1)(B). The Supreme Court has "set forth four factors to be considered in connection with an assertion of 'excusable neglect' as justification for a missed judicial deadline: (1) 'the danger of prejudice' to the party opposing the extension; (2) 'the length of the delay and its potential impact on judicial proceedings'; (3) 'the reason for the delay, including whether it was within the

---

[3] Plaintiffs also note that *pro se* Defendant Villa improperly emailed the Court stating her opposition to an extension. (Mot. for Reconsideration at 5-6.) However, the email was not *ex parte*, as it was sent to all parties as well as to the Court. In any event, contrary to Plaintiffs' assertion, the Court did not grant Defendant Villa's request. Instead, the Court's Order reiterated that Plaintiffs had not requested an extension. Accordingly, there was nothing to grant or deny.

reasonable control' of the party seeking the extension; and (4) whether the party seeking the extension 'acted in good faith.'" *In re Am. Exp. Fin. Advisors Sec. Litig.*, 672 F.3d 113, 129 (2d Cir. 2011) (quoting *In Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship,* 507 U.S. 380, 395 (1993)). While these factors "are the central focus of the inquiry, the ultimate determination depends upon a careful review of all relevant circumstances." *Id.* (internal quotation marks omitted).

Considering all relevant circumstances, the Court finds that NRCM and NAM have failed to provide a justification that satisfies even this "admittedly modest" standard. *Girotto v. Andrianna Shamaris Inc.*, No. 19-CV-00913 (JPO), 2019 WL 5634199, at *2 (S.D.N.Y. Oct. 31, 2019) (denying untimely motion for extension of time and deeming motion to dismiss unopposed). Plaintiffs' primary argument is that they were not aware of their obligation to respond to the pending motions to dismiss because the "Court ha[d] not asserted jurisdiction on their claims." (Mot. for Reconsideration at 4; *see also id.* at 6-7.) This explanation is not credible. On September 30, 2021, the Court denied Plaintiffs' motion to bifurcate and stay the briefing on Defendants' motions to dismiss until the Court decided the partial motion to compel arbitration. (9/30/2021 Order, ECF No. 109.) In doing so, the Court rejected the same jurisdiction-based arguments raised here, noting that the partial motion to compel arbitration and the motions to dismiss did not address the same claims and, thus, those arguments were inapt.[4] (*Id.* at 1.) The Court's Order was clear that Plaintiffs, without qualification, were to file their opposition to the pending motions (ECF Nos. 98 and 101) no later than November 30, 2021. (*See id.*)

---

[4] The defendants that are moving to dismiss the claims brought by NRCM and NAM, are not also seeking to compel arbitration of those claims. (*See* Vision Defs.' Mem. L, ECF No. 102.) Other defendants that were NFA Members have moved to compel arbitration. (*See id.*)

Moreover, Plaintiffs' later filings belie the notion that they did not understand what briefing was required. On November 22, 2021, Plaintiffs sought an extension of time until December 14, 2021 to file their oppositions, stating that they were "preparing responses for both the motions to compel and motions to dismiss[,] but "need[ed] a little more time to complete the briefs." (11/22/2021 Letter, ECF No. 110.) The Court granted the requested extension, but stated that no further extensions would be granted. (11/22/2021 Order, ECF No. 111.)

On December 14, 2021, Plaintiff Kumaran filed memoranda of law in opposition to the motions to dismiss,[5] which each claim to incorporate by reference large sections from "NHC, NRCM, and NAM's opposition to the [motion to dismiss]." (See Kumaran Opp. Mem., ECF No. 115, at 1; Kumaran Villa Opp. Mem., ECF No. 116, at 1.) This approach, and the subsequent numerous citations to these supposed other memoranda, would be nonsensical if Plaintiff Kumaran and Mr. August believed that no such briefing was required.

Plaintiffs also argue that they never sought an extension of time because the Court's November 22, 2021 Order stated that no further extensions would be granted. However, nothing in that Order prevented Plaintiffs from seeking an extension. In any event, if Plaintiffs believed that the Court's Order prohibited them from requesting an extension under any circumstances, they could have moved for reconsideration of that Order, which they did not do. Finally, the argument that Plaintiffs could not file their opposition because of deadlines in other cases is not

---

[5] Plaintiffs now appear to assert that these memoranda also were filed on behalf of plaintiff Nefertiti Holding Corporation ("NHC"). (See, e.g., Mot. for Reconsideration at 3.) This appears to be designed to skirt the fact that their jurisdiction arguments do not apply to NHC. However, the memorandum filed by Plaintiff Kumaran individually could not have been filed on behalf of NHC, as Plaintiff Kumaran cannot represent that entity. Moreover, the titles of the memoranda refer only to Plaintiff Kumaran and incorporate by reference from "NHC, NRCM, and NAM's opposition[.]" (Kumaran Opp. Mem. at 1; Kumaran Villa Opp. Mem. at 1.)

sufficient as "preoccupation with other litigation does not constitute excusable neglect." *Leidig*, 258 F. Supp. 3d at 400 (citing cases).

Plaintiffs had almost three months to oppose Defendants' motions. To the extent they failed to do so, the Court finds no merit in their proffered excuses. Given the already lengthy delay and the prejudice to Defendants that would result from allowing Plaintiffs to file additional opposition after Defendants have filed their replies, the untimely motion for an extension of time is denied.[6] Plaintiffs' fear that the lack of opposition will lead to an "outright dismissal" of their claims is unfounded as "even an unopposed motion to dismiss must demonstrate that the complaint has failed to state a claim." *Girotto*, 2019 WL 5634199, at *2.

For the foregoing reasons, Plaintiffs' motion (ECF No. 127) is DENIED.

**SO ORDERED.**

Dated:	New York, New York
	January 21, 2022

_____
STEWART D. AARON
United States Magistrate Judge

---

[6] Although *pro se* Plaintiff Kumaran argues that she also will be prejudiced by the outcome, that does not sway the Court's decision. Plaintiff Kumaran chose to incorporate by reference portions of an opposition brief that either did not exist or, at the very least, she believed would not be contemporaneously filed. Moreover, Plaintiff Kumaran's memoranda already total almost 100 pages each.