**VIA ECF/EMAIL**
Honorable Judge Gregory Woods
United States District Court
Southern District of New York
40 Foley Square
New York, NY 10007

Re: *Kumaran et al vs. Vision Financial Markets et al 1:20-Cv-03871-GHW-SDA*

## LETTER REGARDING CONFERENCE SCHEDULED FOR FEBUARY 11

Dear Hon Judge Woods,

Plaintiffs and Vision and Lazzara Defendants have met and conferred regarding the upcoming conference.

## I - IN-PERSON CONFERENCE

### Plaintiffs Position
Plaintiff Kumaran welcomes the opportunity to come to the Court in person and attend the conference in-person. However due to some prior arrangements, if in-person is required, Plaintiffs respectfully seek the conference is scheduled for the following week on Friday February 18, 2022 at 11am so as to adjust some prior scheduling to be at the Court house during work hours.

Mr. August is also available in person at that time on February 18, 2022 at 11am or anytime at the Court's convenience during the day on Friday 18, 2022. Other days such as Thursday February 17, 2022 may also work, with a preference for Friday February 18, 2022.

### Vision & Lazzara Defendants Position
Vision and Lazzara Defendants also concur that an in-person conference at this stage would be helpful, that are also available any day the following week *except* for Wednesday February 16, 2022. Therefore all parties are available for in-person the following week on either Thursday February 17, 2022 or Friday February 18, 2022. V&L Defendants defer to the Court's decision as to whether the conference should be in person or via Zoom conference.

**Therefore all parties (except Ms. Villa) are available to attend the conference in-person with a preference for Friday February 18, 2022 or alternatively Thursday February 17, 2022**

## II - ZOOM CONFERENCE
If the Court determines that the conference should still proceed this week, Plaintiffs are available for the conference on Friday February 11, 2022 at 11am but respectfully would like to seek consent that the conference is held via Zoom (Video) or via Telephonic Conference. Also all Defendants are located in different states (Connecticut and Texas).

If however V&L Defendants are attending in person, to be equitable, Plaintiffs request that any in-person conference is scheduled for the following week so that all parties can attend together.

Unfortunately due to a conflict Plaintiff Kumaran cannot attend in-person this Friday but would be available to appear via Zoom or Telephonically at 11am. If the conference is to proceed this week, Plaintiffs

respectfully seek leave that the conference is conducted via Zoom Telephonic conference so that all parties appearances are equitable and all parties are available at 11am.

### III - V&L DEFENDANTS REQUEST FOR EXTENSION OF TIME

This morning V&L Defendants requested a two week extension of time to respond to ECF130 or until after the conference. Ordinarily Plaintiffs seek to cooperate with V&L Defendants in such requests, however one of the reasons that Plaintiffs have been unable to comply with such page limits, is because our length of time allocated to respond to overlapping motions has been shortened to sometimes less than 7 days. Therefore one of the items to be discussed at the conference, is that Plaintiffs amount of time under Local Rule 6.1 or Individual Rule Pro-Se 3.A for related cases or increased pages is not prejudiced, and <u>there is equity in the amount of time</u>.

While again, Plaintiff Kumaran seeks to be reasonable with Ms. Chou, at this time, Ms. Kumaran (Pro-Se) had to abide **by a strict 14 day Local 6.3 time to file its Appeal.** To allow counselled Defendants now 28 days to oppose the motion would be inequitable in time allocation between the parties. For instance if Plaintiff Kumaran was allocated the 28 days, there may not have been any need to request the excess pages. Therefore Plaintiff at this time oppose any inequity in the amount of time counselled V&L Defendants have to respond or comply with Local Rule 6.3 and 6.1. This has caused significant prejudice in equity in this and related cases and is one of the ongoing reasons for excess pages, is that Pro-Se Plaintiff is given less time to respond than counselled Defendants.

While we do not oppose any excess pages, Plaintiffs would like to address with the Court, the equitable time periods to draft and respond to motions on both sides, in this and related cases.

Under Individual Rules of Civil Procedure for Pro-Se Rules, a Plaintiff Kumaran should ordinarily be allocated 28 days to oppose a motion. (Instead we are being required to comply within 14 days and sometimes 7 days). At this stage, the requests from *counselled* V&L Defendants for extensions are more than **double the time** being granted to *Pro-Se* Plaintiff have to adhere to strict 14 days. Therefore so that there is no prejudice and in equitable considerations, Pro-Se Plaintiffs position is that both parties should have to comply with 14 days.

V&L Defendants ability to respond to a motion being extended to 28 days, while Pro-Se Plaintiff has 14 days is simply inequitable in procedural benefit, without an equitable excess of pages.

### IV – MS. VILLA'S LETTER TO THE COURT

Plaintiffs also respond to unregistered futures broker Ms. Villa's letter. First the Court is reminded that Ms. Villa *Pro-Se* has increased the responses needed in this proceeding with extraneous filings and attempted to move for Summary Judgment under Rule 56 without consent of the Court. (see ECF34, Exhibits 1-19) with dozens of extraneous exhibits, including impermissible declarations from Lazzara. Despite a requirement that no new facts are permitted, in the latest filing ECF98/ECF99, contains over 10 pages of "new and additional facts" – none of which were contained in the SAC, and "expand the briefing" to new and alternative facts" which are not permitted in a Motion to Dismiss.

Finally, Ms. Villa's letter does not address the primary concern, that Plaintiffs have to respond to not just one, but two or three oppositions at the same time, as well as two motions in related case.
During the period November 15, 2021 – until December 21, 2022, the Court's scheduling of "overlapping motions" in 20-CV-3668 and 20-CV-3871 scheduled the following motions due by Pro-Se Plaintiff Kumaran and Mr. August

1. Response to Motion to Dismiss V&L Defendants
2. Response to Moton to Dismiss Villa

3. Opposition to Motion to Compel
4. Reply to Objections Report Kadlec
5. Reply to Objections Report NFA.

There are **5 separate filings due in about a one month period**. Under both Individual Pro-Se Rules and Local Rule 6.1 for each motion, even if a two week rule was to be used, Plaintiffs should have two weeks per opposition for Items #1-#3 and one week for opposition of items #4-#5 which allows 8 weeks for the above time period. Under Individual Rules for *Pro-Se* Plaintiffs 5.A they would be allowed four weeks for each one of the items (#1-#3) and two weeks for items #4 and #5. This would allow for a **total of 16 weeks.** (These rules do not specific a page limit).

Instead our time frame to respond to these motions, as a *Pro-Se* Plaintiff is not in conformity with Local Rule 6.1 or the times allocated under Individual Rule 5.A **Instead of 16 weeks, we have to respond sometimes in 5 weeks.** (about seven (7) days a filing as well as counselled page limits.)

This is now prejudicing our rights. Therefore Plaintiffs are being prejudiced by an unreasonably short period of time to address five concurrent motions in this and related case. Further while *Pro-Se* Plaintiff Kumaran is being prejudice to respond to five motions at a time within seven (7) days, unregistered broker Ms. Villa continues to have only one motion over 60 days. This is to avoid scrutiny that she is acting illegally outside the CEA to have solicited this account in the first place.

Plaintiffs would like to address at the conference that Defendants are all attempting to seek inequitable benefit **on the merits,** by advancing the scheduling inequities, to allow valid claims on the merits to not be reviewed fairly. Plaintiffs have not acted in bad faith or dilatory manner. The scheduling shows an extraordinary volume of work being having to be complete in time frames that are not in compliance with Local Rule 6.1 for overlapping cases and individual rules for Pro-Se Plaintiffs which allow for four weeks to respond to each opposition.

This is of serious concern to plaintiffs to protect their rights and interests, and there is no reasonable basis to have all the motions scheduled in overlapping manner in this and related cases without equity.

Plaintiffs look forward to address this concern at the Court conference, as well as Ms. Villa's repeated expansion of the 12(b)(6) motion to include another Rule 56 motion for summary judgement, and over a dozen extra-statements and alternative version of the facts which are not permitted in her own motions, which have also increased the time and cost to respond to her filings.

We thank the Court for its consideration of the above in equity. We seek confirmation if the Court seeks the conference to online via Zoom this week or in person.


Respectfully submitted,
//SSK//
Samantha S. Kumaran

cc. Brian August, Esq
Counsel for NRCM, NAM and NHC