**VIA ECF/EMAIL**
Honorable Judge Gregory Woods
United States District Court
Southern District of New York
40 Foley Square
New York, NY 10007

Re: *Kumaran et al vs. Vision Financial Markets et al  1:20-Cv-03871-*GHW-SDA

### LETTER RE CLARFICATION ON ORDER ECF141

Dear Honorable Judge Woods,

Pursuant to Local Rule 6.3, Plaintiff (Pro-Se) Kumaran writes for clarification on yesterday's order.(ECF141) As per the conference yesterday Friday February 11, 2022, (which I thank you for your time and explanation) and after the careful example walked through over the phone (transcript to confirm) my understanding is that for any Motion/Appeal

| | |
|---|---|
| Pro-Se Plaintiffs allocation for the motion | → 25 pages |
| Counselled Plaintiffs allocation for the motion | → 25 pages |
| | |
| Total combined pages /Separate filings | →50 pages |

Instead of filing two separate Appeals (which we are entitled to), we discussed on the call that they may be combined say one filing for example at 35 pages if Plaintiffs choose to combine their filings for efficiency of the Court.

Likewise it was stated on the conference that *each* separately represented Defendant had also each allocated 25 pages,

| | |
|---|---|
| Pro-Se Defendant Villa allocation for Opposition | →25 pages |
| Counselled Defendant (Ms Chou) allocation for Opposition | →25 pages |
| Total Combined pages / Separate filings | →50 pages |

The reason for my clarification, is that the current Order appears that Pro-Se Defendant Villa and Counselled Defendants are permitted to file 2 Oppositions on February 18, 2022 up to the 50 pages.

This appears to be inequitable as Plaintiffs forfeited their second response, and for the ease of the Court combined their original filing into one brief at 30 pages. Therefore based on the example we went through at the Conference, it was stated that just as a *Pro-Se* Defendant and a *Counselled* Defendant are entitled to their own separate 25 page Opposition, the same applies to the *Pro-Se* Plaintiffs and the *Counselled* Plaintiffs.

Based on that understanding, Plaintiffs did not in fact exceed any page limits and there was confusion at the time of filing ECF130, ECF131 and ECF132 how the rules were being applied, and the motion for excess pages may have been redundant or filed in error.

Plaintiff also seeks clarification that ECF141 that states
> Plaintiffs have already filed a thirty-page brief in connection with their motion and the Court does not find good cause for an extension.

First, Plaintiff did not seek an extension of time, and it is unclear if the Order means a denial of pages over and above 30 pages. If so, Plaintiffs did not seek any pages over and above the combined filing of 30 pages (they only sought 15 pages each which is within the page limit).

Plaintiff seeks this clarification urgently so that there is no prejudice to the current motion, as the Court now appears to have reduced our pages limit to 12.5 pages each (to allow a total combined limit of 25 pages) but again may have allowed Defendants two separate filings to total 50 pages.

Based on the example we walked though on the phone, I therefore seek clarification that the original 30 pages (combined) is not in excess of the combined page limit – in fact both Plaintiffs <u>forfeited 20 pages</u> to reduce the filing for ease of the Court to 1 brief of 30 pages (instead of 2 briefs at 25 pages). The same equitable treatment should be applied to Defendants.

If the Defendants are being permitted 2 briefs at 25 pages (50 pages), Plaintiffs respectfully seek clarification that the original Appeal motion at 30 pages is allowed to stand (which is still less than the allowable amount). The Court did not state on the conference that only Plaintiffs should forfeit their right to file separate briefs, but yet allow Defendants to file two 25 page filings.

In the alternative if Pro-Se Plaintiff and counselled Plaintiffs are required to condense further and file only one brief (12.5 pages for Pro-Se and 12.5 pages for counselled) which we have done by amendment, the same equitable treatment should be applied to Defendants, and they should allow only be permitted 12.5 pages each so that the combined filing does not exceed 25 pages.

My understanding from the call yesterday was that since we did not file 2 documents, the combined filing was within the allowable pages and the motion for excess pages was in fact moot.

This is very important (and prejudicial) as material argument was contained on Pages 26-29 (which is the corporations' share of the document). It would be inequitable to now allow Defendants to allow them to file 50 pages in opposition.

As a courtesy to the Court's new order, I have also edited the filing (combined) to 25 pages (which would allow Plaintiffs 12.5 pages each). Therefor under this scenario to avoid prejudice, Pro-Se Defendant Villa and Counselled Defendant (Ms Chou) should also only be allowed to file one brief at 25 pages which allows for 12.5 pages each so that each side is treated equitable.

I also file this letter promptly and also respectfully attach a 25 page (combined filing) with the understanding that the Defendants are also required to combine their filing to **ONE OPPOSITION** combined at 25 pages, so that there is no inequity here. I am concerned also that valid legal argument is not being included.

I do believe the motions for excess pages at ECF131 and ECF132 were filed in error, as counselled Plaintiffs only were allocated 5 pages for their own appeal and joined 25 pages of Pro-Se Plaintiffs and therefore we were never really in excess of the allowable amount and do not wish to be prejudiced as a result of any inadvertence or misunderstanding. Also the wording in ECF141 is a little unclear as it states we already filed 30 pages (which we did) but we are not seeking to file any more. This could be calculated as 15 pages per Plaintiffs which is below the limit.

Also now that we understand we have focused the argument to a combined filing of 25 pages (and eliminated some of the introductions and background on the appeals which did not advance the argument but were simply for the Court's background).

The legal argument was contained on Pages 6-30 of the original brief and I have resubmitted as one motion hereto attached at 25 pages. Likewise, to avoid any prejudice and inequitable treated, Defendants I am clarifying ECF141 stated Defendants are allowed one combined brief at 25 pages.

Because it is a weekend, as the Court directed to try to file a joint letter I have contacted Defendants but have not heard back in time of this filing. I have also edited my own filing down to 25 pages, removed the redundant material and NRCM, NAM and NHC elected to join the single brief.

I have also filed timely to avoid any prejudice to my own arguments.[1] Specifically the significant arguments on Page 26-30 are now included in the 25 pages amendment should not be excluded to avoid prejudice, and instead I have deleted 4-5 redundant pages in the beginning which provided supplemental background on the prior orders. I also seek confirmation that those final 5 pages are being considered so as to avoid prejudice on the material legal arguments raised therein. (instead Sections B, C and E deleted to conform to page limits). In addition counselled Plaintiffs forfeit their own brief. Therefore **both** Plaintiffs combined their filing to a single 25 pages. The Order also states one opposition (25 pages combined) and one reply (10 pages combined). Alternatively if the Court is accepting the 30 pages (as 15 pages per Plaintiff) and all argument therein is also considered, we seek clarification that Defendants have 2 briefs at up to 50 pages in Opposition. Therefore we would have two Replies each at 10 pages up to a total 20 pages. Thank you.

Respectfully submitted,
//SSK//
Samantha Siva Kumaran
*Pro-Se* Plaintiff

---

[1] This letter complies with the 3 page limit for letters. This letter is timely filed under Local Rule 6,3 and Rule 59(e). Plaintiff made good faith attempt to reach Defendants but has not heard back from Defendants at the time of filing.