## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SAMANTHA SIVA KUMARAN, *et al.*          ) | |
| ) | |
| Plaintiffs,          ) | Case No. 1:20-cv-03871-GHW-SDA |
| ) | |
| vs.          ) | |
| ) | Related Case: 1:20:CV 03668 |
| VISION FINANCIAL MARKETS, LLC,          ) | Related Case: 1:20:CV 03873 |
| VISION INVESTMENT ADVISORS, LLC,          ) | |
| VISION BROKERAGE SERVICES, LLC,          ) | |
| H ROTHMAN FAMILY, LLC,          ) | February 18, 2022 |
| BOSHNACK FAMILY, LLC,          ) | |
| HIGH RIDGE HOLDING CORPORATION,          ) | |
| LLC, HIGH RIDGE FUTURES, LLC,          ) | |
| HOWARD ROTHMAN, ROBERT          ) | |
| BOSHNACK, JOHN FELAG, JULIE VILLA,          ) | |
| GERARD STEPHEN LAZZARA,          ) | |
| LAZZARA CONSULTING, INC.          ) | |
| ) | |
| Defendants.          ) | |

_____

### VISION DEFENDANTS' RESPONSE TO PLAINTIFFS'
### "APPEAL TO DISTRICT JUDGE OF DECISION AT ECF129"

Defendants Vision Financial Markets LLC, Vision Investment Advisors LLC, Vision

Brokerage Services LLC, H. Rothman Family, LLC, Boshnack Family, LLC, High Ridge Holding

Company, LLC, High Ridge Futures, LLC, Howard Rothman, Robert Boshnack, John Felag,

Gerard Stephen Lazzara, and Lazzara Consulting Inc. (the "Vision Defendants") respectfully

request that the Court reject Plaintiffs' objections to Magistrate Judge Aaron's Order at ECF No.

129 (filed at ECF No. 130, and amended at ECF No. 143) ("Appeal").[1]

This is Plaintiff Samantha Kumaran's second appeal to this Court of procedural decisions

---

[1] In Plaintiffs' Appeal Section F, "Procedural Background Related to the Current Motion," Plaintiffs also purport to appeal Magistrate Judge Aaron's order denying Plaintiffs' effort to "strike" either the Vision Defendants' motion to compel arbitration or for dismissal. But given that the order was issued on September 24, 2021 (ECF No. 103), any appeal now would be untimely under Fed. R. Civ. P. 72(a).

that are well within Magistrate Judge Aaron's discretion – all before Magistrate Judge Aaron has even had an opportunity to rule on the Vision Defendants' initial responsive motions. As detailed in the "Procedural History" section of the Vision Defendants' response to the first appeal (ECF No. 79, at 2-7), Plaintiffs have repeatedly abused the litigation process by ignoring the Court's rules, demanding special treatment, and filing excessive and meritless motions each time they do not get their way. After clearing away the garbled rhetoric and arguments in the instant Appeal, what Plaintiffs are asking for is this: they want additional time to submit additional opposition briefing (of an unspecified length) to the Vision Defendants' motion to dismiss arguments, despite having already taken nearly three months and submitting a 98-page brief without prior approval for excess pages, and despite the fact that the Vision Defendants have already submitted their reply. Magistrate Judge Aaron correctly denied Plaintiffs' request, and this Court should do the same.

## ARGUMENT

The Vision Defendants will briefly address each of Plaintiffs' objections. Each is without merit, and many are also either untimely or premature.

In Plaintiffs' Appeal Section G, "Other Errors in ECF129," Plaintiffs argue that they did not receive sufficient time to submit briefing due to overlapping deadlines in other cases. But as counsel for the entity Plaintiffs acknowledged during the Court's telephonic conference with the parties on February 11, 2022, the Rules do not entitle parties to a set amount of time free and clear of other deadlines.

At Appeal Section G.1, "Error in NHC's joining of Kumaran's MTD," and Section G.2, "Court ignores typo on Page 1…," Plaintiffs take issue with Magistrate Judge Aaron's language at ECF No. 129, footnote 5, questioning whether NHC had filed any opposition to the Vision

Defendants' motion to dismiss, and noting that Kumaran as a self-represented party could not file on behalf of NHC. Plaintiffs fail to show that Magistrate Judge Aaron committed a clear error or acted contrary to law, as there was no ruling on NHC's status at ECF No. 129; Magistrate Judge Aaron only ordered that no further briefing would be allowed. The Vision Defendants acknowledged in their reply brief that NHC, as well as NRCM and NAM, had joined in Kumaran's opposition brief (*see* ECF No. 126, at p.5 n.4), and there is no reason to think that Magistrate Judge Aaron would not consider the entities in ruling on the substance of the motion to dismiss.

At Plaintiffs' Appeal Section H, "Omitting ADMIS Core Issues…", Plaintiffs argue that it is not fair to preclude them from making what they *now* call "ADMIS" Core Issues arguments while the ADMIS case is stayed. Plaintiffs' argument is not credible, as Kumaran's opposition brief to the Vision Defendants' motion to dismiss arguments never referred to the arguments as "ADMIS" arguments or asserted that they would or should be held in abeyance for the duration of the ADMIS stay. To the contrary, Kumaran's opposition brief plainly states:

> Plaintiff Kumaran incorporate by reference from NHC, NRCM and NAM's opposition to the MTD the following core issues which have common issues related to this opposition.
>
> >    Core Issue A - ¶Standing
> >    Core Issue B – ¶Statute of Limitation
> >    Core Issue C – ¶HRF Veil Piercing
> >    Core Issue D – ¶Duties
> >    Core Issue E - ¶Fiduciaries
> >    Core Issue F – ¶Agency
> >    Core Issue G - ¶Contractual Privity and Third Party Beneficiaries
> >    Core Issue H – ¶Illegal Contracts
> >    Core Issue I – ¶Recission
> >    Core Issue J - ¶Privacy Policy
> >    Core Issue K – ¶Rule 8
>
> Plaintiff joins and incorporates by reference herein all arguments for the Core Issues which are relevant to the causes of action that are moved to dismiss.

No such memorandum on Core Issues was filed by the Plaintiffs' opposition deadline, or at any time before the Vision Defendants' reply was due. Plaintiffs' argument now that Magistrate Judge Aaron should keep their briefing time open for the duration of the ADMIS stay is an after-the-fact excuse, and should be rejected.

At Appeal Section I, "ADMIS Contracts Are to Be Rescinded," Plaintiffs raise arguments about matters that have either not been presented to, or have not yet been decided by, Magistrate Judge Aaron, and thus are not appropriate subjects for appeal to this Court. Section I(a) argues for the first time that Magistrate Judge Aaron should not proceed on the merits without joining ADMIS ("or briefing on ADMIS Core Issues," which should be rejected for the reasons stated above). Plaintiffs have never moved to join ADMIS, or even argued that ADMIS should be joined, until the present appeal. It also bears emphasizing that it was *Plaintiffs* who chose to pursue separate actions against the Vision Defendants and Ms. Villa, ADMIS, and NFA.

Section I(b) and Section I(c) raise a number of substantive arguments concerning the ADMIS contracts and privacy policy that Magistrate Judge Aaron has not yet ruled upon. Magistrate Judge Aaron's Order at ECF No. 129 merely holds that Plaintiffs cannot continue to add to their opposition arguments beyond their deadline (and page limits), particularly when the Vision Defendants have already replied. Plaintiffs fail to identify any legal error in that holding.

At Appeal Section J, "Directives from the Court were Ambiguous or Unclear…" Plaintiffs claim that they "did not file the ADMIS Core Issues, because M.J. Aaron's prior directives were **both ambiguous, and were in conflict with his prior orders.**" (emphasis in original). As noted above in connection with Appeal Section H, Kumaran's opposition brief never expressed any hesitation about "incorporat[ing] by reference" the Core Issues arguments; Plaintiffs simply failed to file them. In any event, to the extent Plaintiffs had any concerns about Magistrate Judge Aaron's

"prior directives," they failed to timely raise objections thereto. Fed. R. Civ. P. 72(a) ("A party may not assign as error a defect in the order not timely objected to.").

Appeal Section K, "The Court's Ruling that Vision Motions Do Not Address the Same Claims is an Error of Law," is without merit. The Vision Defendants' Motion to Compel Arbitration in Part, and to Dismiss or in the Alternative to Stay Pending Arbitration, and supporting brief, make clear that (1) the motion to compel arbitration arguments are limited to the claims asserted by NFA member plaintiffs NRCM and NAM against NFA member defendants High Ridge, Rothman, Boshnack, Felag, LCI, Lazzara, and VIA; and (2) the motion to dismiss arguments are limited to any claims not subject to mandatory NFA arbitration. *See* ECF No. 102, at 1, 40.[2] To the extent that Plaintiffs are objecting to an order of the Magistrate Judge permitting the Vision Defendants to make a combined motion, the objection is untimely, as Magistrate Judge Aaron ordered that "Defendants shall file their anticipated motion to dismiss the SAC (***and/or*** to compel arbitration)" nearly ten months ago, on April 30, 2021. *See* ECF No. 69 (emphasis added). The remainder of Section K raises arguments about alleged relationships amongst the Vision Defendants and between Vision and ADMIS that Magistrate Judge Aaron did not decide at ECF No. 129.

Plaintiffs' Appeal Section L, "Rule 6(b) Not Properly Applied…", misrepresents the record in this case. While it is true that the Vision Defendants initially consented to Plaintiffs' motion to adjourn the filing of their Second Amended Complaint until after various appeals were decided (ECF No. 86), after Magistrate Judge Aaron denied the motion for adjournment (ECF No. 87) and

---

[2] *See also* ECF No. 102, at 13 ("To the extent that Plaintiffs have asserted any claims that are not subject to mandatory NFA arbitration – *i.e.*, any claims Kumaran asserts as an individual, rather than as the managing member of NRCM and/or NAM; any claims NHC asserts in its own right, rather than due to its association with any other Plaintiff; and any claims NRCM and NHC assert against non-NFA member Defendants – they should be dismissed for failure to comply with Federal Rule of Civil Procedure 8(a)(2)."); at 21 ("Besides the fundamental, independently fatal deficiencies stated above, each of Plaintiffs' causes of action not otherwise subject to mandatory NFA arbitration should be dismissed for the additional reasons set forth below.").

the Vision Defendants expended considerable effort to prepare their Motion to Compel Arbitration in Part, and to Dismiss or in the Alternative to Stay Pending Arbitration (ECF No. 97, re-filed at ECF No. 101, 102), the Vision Defendants *would* be prejudiced by, and *do not consent to*, staying briefing or decision on their Motion. Similarly, even though the Vision Defendants would have consented to giving Plaintiffs additional time to file additional briefing on their opposition (ECF No. 122), after Magistrate Judge Aaron made clear that no extensions would be granted and no additional opposition briefing would be accepted (ECF No. 123) and the Vision Defendants expended considerable effort to prepare their reply brief, the Vision Defendants *would* be prejudiced by, and *do not consent to*, Plaintiffs submitting additional arguments out of time. Magistrate Judge Aaron acted well within his discretion under Fed. R. Civ. P. 6(b) in denying Plaintiffs' belated requests and motions for additional time.

Appeal Section M, "Courts Ruling Contravenes Rule 12(b)(1) and 12(b)(6)," and Section N, "Order would lead to Collateral Estoppel and Res Judicata," again raise substantive issues that Magistrate Judge Aaron has not decided in ECF No. 129, and are therefore not the proper subjects of appeal under Fed. R. Civ. P. 72.

In Appeal Section O.I, "Plaintiffs did not seek an extension, and no extension," Plaintiffs make the same non-credible argument that they "did not think briefing the ADMIS Core Issues were required as related case had been stayed," already addressed in connection with Sections H and I above. Section O.II, "The Court faults Plaintiffs for not seeking reconsideration," raises the same arguments about overlapping deadlines that were addressed in connection with Section G above.[3]

---

[3] The Vision Defendants take no position on Plaintiffs' Appeal Section P, "Court errs on Villa's upload for her specific paragraphs."

## **CONCLUSION**

For the reasons set forth herein, the Vision Defendants respectfully request that the Court reject Plaintiffs' objections to Magistrate Judge Aaron's Order at ECF No. 129.


Dated February 18, 2022                    Respectfully Submitted,

                                           WIGGIN AND DANA LLP

                                            */s/ Jenny R. Chou*
                                           Jenny R. Chou
                                           One Century Tower
                                           P.O. Box 1832
                                           New Haven, CT 06508-1832
                                           Phone: (203) 498-4302
                                           Fax:  (203) 782-2889
                                           E-mail: jchou@wiggin.com

                                           *Attorneys for Vision Financial Markets*
                                           *LLC; Vision Investment Advisors LLC;*
                                           *Vision Brokerage Services LLC; H.*
                                           *Rothman Family, LLC; Boshnack Family,*
                                           *LLC; High Ridge Holding Company, LLC;*
                                           *High Ridge Futures, LLC; Howard*
                                           *Rothman; Robert Boshnack; John Felag;*
                                           *Gerard Stephen Lazzara; Lazzara*
                                           *Consulting Inc.*