IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SAMANTHA SIVA KUMARAN <br> et al <br> *Plaintiffs,* <br><br> -against- <br><br> Vision Financial Markets, LLC <br> et al <br> *Defendants.* | Case No:1:20:CV:03871-GHW-SDA <br> Related Case: 1:20:CV 03668 <br> Related Case: 1:20:CV 03873 <br><br> **NOTICE OF NO SERVICE** <br> **AND NO FILING** <br> **OF AN OPPOSITION** <br> **BY DEFENDANT VILLA** <br> **(ECF141)** |

**NOTICE OF NO SERVICE AND NO FILING OF VILLA'S OPPOSITION IN SCHEDULING ORDER ECF141**

This notifies the Court that Ms. Villa's opposition to the pending motion at ECF130 was not served via email or filed on docket Friday February 18, 2022 as required. The Court issued an order on February 14, 2022 that denied Defendants requests for extensions to file oppositions to the motion filed at ECF130 and stated they were due on or before Friday February 18, 2021. (ECF141). Only an opposition from Vision and Lazzara Defendants was filed at docket ECF147. The Court is aware of a hard deadline for *Pro-Se* Plaintiff to respond to both oppositions on February 25, 2022. (ECF141) which is four (4) days from today.

As of Monday February 21, 2022 and at the time of writing this letter shows no opposition by Villa to the motion has been served via email or filed via ECF. If such an opposition is filed late, such as today, this leaves *Pro-Se* Plaintiff less than 4 days to file a Reply if her opposition is served or filed today. The Court is aware that Plaintiff's reply is due on February 25, 2022.

While **<u>both</u>** Plaintiff and Defendant are *Pro-Se*, the *Pro-Se* intake office, as well as Judge Aaron had instructed *Pro-Se* Plaintiff, that if papers were to be filed using email or to be filed to the *Pro-Se* intake office, or they cannot access the ECF flings system, **they must be served using email**, **on the opposing party** in accordance with the Court deadline, so as not to prejudice the other party. Ms. Villa has not complied with that directive. Ms. Villa despite having access to all parties

1

emails, has therefore **failed to serve** via email her opposition on Plaintiff, and it is not filed on the docket, and therefore Plaintiff Kumaran has not received or seen any such papers as of Monday February 21, 2022. This puts prejudice on Pro-Se Plaintiff to respond by Friday February 25, 2022 to an as yet "unseen" brief.

This pattern of inequity is previously documented in ECF83 at which is now clearly a one-sided shortening of time under Local Rule 6.1 against *Pro-Se* Plaintiff and no accountability and upholding of rules on Defendants. This inequity in application of the rules must be documented to the Court due to the unreasonable time frames to file responses to late filed briefs by Defendant.

Pro-Se Defendant Villa has on multiple occasions written to the Court to require "rules be followed" but continues to prejudice Pro-Se Plaintiff in not following the rules herself with regard to her own filings; for instance by expanding the briefings to use Summary Judgment Rule 56 arguments (ECF99), flooding the docket with dozens of extraneous exhibits and affidavits which are not permitted at this stage. (see e.g. ECF32, ECF34). The Court has upheld no accountability to any of Villa's own improprieties. This was also documented in ECF52 where it was proven Villa lied to the Court and submitted easily-provable false statements to the Court on her location on Texas, and her ''role and relationship" to LCI as an unregistered AP/agent of Lazzara. Specifically ECF52, documented multiple false statements to the Court.

On ECF34 Page 3, Ms. Villa states "**Defendant has never had an office, worked, or lived in Texas**.". Yet ECF52 Exhibits 3-8 clearly show, that Ms. Villa when she introduced herself to Plaintiffs and communicated with Plaintiffs signed her email signature as **working from an office of Garwood in Austin, Texas**. These statements in pleadings are demonstrably false.

*In ECF32. Pg.15, ¶ 2* Villa implausibly states " *Defendant did not work or have any arrangement or agreement with TradePro (LCI) or LCI*". But again this statement is demonstrably false and untruthful. Attached in ECF52 **Exhibit 10**, showed Villa operating during the period of the account in May 2017, using an email address of jvilla@tradeprofutures.com, and being instructed to performed services for LCI and Trade Pro, actively involved in the account details of Plaintiff customers and accessing information about their accounts. It is therefore implausible that "*Defendant did not work for LCI*" or "*Defendant did not have any arrangement or agreement with LCI*". Villa was accessing customer and futures accounts, without any documentation – supporting Plaintiffs allegations. ECF52, Exhibit 10 again shows evidence of false statements being made to the Court.

On each occasion, Plaintiff Kumaran has been prejudiced to respond and correct false statements to the Court. There is now a documented pattern of the Court taking no action on Defendants improprieties with instances as serious as making knowing misrepresentations to the Court. Multiple other false statements were documented (without consequence) in ECF52 at 4-7. In each occasion Plaintiff Kumaran is prejudiced. A similar pattern occurred in related case 20-CV-3668 in correcting improprieties, and instead Plaintiffs' brief was stricken and prejudiced.

Since Ms. Villa has now written twice (ECF142, ECF143) to the District Judge Woods to complain when Plaintiff's brief is uploaded a slightest few minutes past midnight, or if the signature page spills to Page 26, this letter must therefore document the ongoing failure to uphold any rules on Ms. Villa, inequity in procedures, and prejudice to Pro-Se Plaintiff who at the time of this letter has not seen any opposition. Ms. Villa that just flouted a deadline (and failed to seek an extension or provide email service to Pro-Se plaintiff). Instead, only Pro-Se Plaintiff is being prejudiced to have to correct improprieties or comply with shortened deadlines.

While the Court has held that Local Rule 6.1 is a default and a guideline, and that the Court has discretion to change the default rules, Plaintiff must document a **repeated and ongoing** pattern of shortening Local Rule 6.1 *only* to prejudice Plaintiff (see also ECF83) and no such equity of *ever* shortening the time Local Rule 6.1 on Defendants allowing them the maximum time if not more. This letter also notices the Court again if Villa's filing is accepted late, of having a <u>shorter than permitted</u> under Local Rule 6.1 window of time (until Friday) to respond to *two* separate opposition briefs and repeated shortening of time to respond and no accountability in impropriety of Defendants. Villa is an unregistered futures broker who used telephonic solicitations to solicit accounts to LCI and ADMIS and worked directly on Plaintiffs account between April – June 2017, during the exact same period of time that excessive unauthorized fees were withdrawn.

Since as of today I have not seen any opposition from Villa, I also do not know if an extension is required as I do not know if an opposition is forthcoming. This letter therefore notices there is no filing timely (or email service) of an Opposition to ECF130 by Defendant Villa by the Court ordered deadline of February 18, 2022.

This is not a letter request for relief of any extension or any page count. This is a notice of a default in failure to file or serve on time by February 18, 2022 by Defendant Villa in accordance with the scheduling order of ECF141, and strict rules being applied to Pro-Se Plaintiff.

3

Respectfully submitted,
//SSK//
Samantha S. Kumaran
Individual Pro-Se Plaintiff