## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SAMANTHA SIVA KUMARAN, NEFERTITI RISK CAPITAL MANAGEMENT, LLC, NEFERTITI ASSET MANAGEMENT, LLC NEFERTITI HOLDING CORPORATION <br>               Plaintiffs, <br>    vs. <br><br>Vision Financial Markets, LLC <br>Howard Rothman, <br>Robert Boshnack, <br>High Ridge Holding Corporation, LLC <br>High Ridge Futures, LLC <br>H Rothman Family, LLC <br>Boshnack Family, LLC <br>Vision Brokerage Services, LLC <br>John Felag, <br>Vision Investment Advisors, LLC <br>Lazzara Consulting, Inc, <br>Gerard Stephen Lazzara, <br>Julie Villa <br>               Defendants | Case   No:1:20:CV:03871-GHW-SDA <br><br>Related Case: 1:20:CV 03873 <br>Related Case: 1:20:CV 03668 <br><br>February 18, 2022 |

## DEFENDANT VILLAS' RESPONSE TO PLAINTIFFS'
## "APPEAL TO DISTRICT JUDGE OF DECISION AT ECF129"

Plaintiffs Kumaran *pro-se* and counsel for named entities, attorney Brian August, base their "Appeal To District Judge Of Decision At ECF129" pursuant to Federal Rules of Civil Procedure ("FRCP") on Rule 72, "(a) Nondispositive Matters. When a pretrial matter not dispositive of a party's claim or defense is referred to a magistrate judge to hear and decide, the magistrate judge must promptly conduct the required proceedings and, when appropriate, issue a written order stating the decision. A party may serve and file objections to the order within 14

1

days after being served with a copy. A party may not assign as error a defect in the order not timely objected to. <u>The district judge in the case must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law</u>." This rule does not apply because there is no clearly erroneous error in Judge Aaron's ORDER (ECF #129) and it is not contrary to law. Plaintiffs also cite <u>FRCP 59(b)</u>, "A motion for a new trial must be filed no later than 28 days after the entry of judgment". This rule does not apply because this matter has not gone to trial. No judgment has been rendered in this case. Plaintiffs additionally cite <u>60(a)</u>, "The court may correct a clerical mistake or a mistake arising from oversight or omission whenever one is found in a judgment, order, or other part of the record. The court may do so on motion or on its own, with or without notice. But after an appeal has been docketed in the appellate court and while it is pending, such a mistake may be corrected only with the appellate court's leave." This rule does not apply because no clerical mistake, mistake of oversight or omission has been found in a judgment order. Honorable Magistrate Judge Stewart Aaron has permitted repeated and expansive extensions to Plaintiff's filing deadlines. Plaintiffs' loquacious litany of lamentations do not excuse her from filing the correct documents with the court on time, as appropriate and according to the rules and laws governing these proceedings.

## INTRODUCTION

Plaintiffs "Appeal To District Judge Of Decision At ECF129" fails to state sufficient claims for an appeal of Magistrate Judge Aaron's January 21, 2022, ORDER. The last extension Judge Arron granted in his ORDER (ECF #111), November 22, 2021, <u>explicitly stated</u> that "no further extensions shall be granted" and stipulated final deadlines for Plaintiff's and Defendant's filings, without exception. These deadlines were reinforced and reiterated by Honorable Judge Stewart

Aaron in his ENDORSEMENT (ECF #113), November 22, 2021. Plaintiff Kumaran clearly understood the weight and judicial finality of Judge Aaron's order given her several appearances before the courts in Pro Se over ten years.  Counsel for named entities Brian August is an officer of the court and cannot be found as equally misinformed as his Pro Se co-counsel.  If any confusion existed about the order with its associated deadlines, or had any other issues developed, or related matters arisen, regarding motions or proceedings, a duty was imposed on counsel to immediately remedy and timely resolve any outstanding questions or address the court with any further need for clarification. Plaintiffs are also citing Title VII Rules 59 and 60. These are rules pertaining to matters of Judgement.

## Plaintiffs Claims Of Pending Appeals

Plaintiff claims to have an appeal pending related to her filing status (*See* ECF #130, P.13). where Kumaran "appears alongside counsel" to preserve her Pro-Se status. This understanding is contrary to the answers Plaintiffs received by Magistrate Judge Aaron.  Plaintiffs filed a clarification "motion", not "order" as written (ibid p.13). On April 30, 2021, Plaintiffs filed a motion to maintain Pro-Se Complaints as separate filings to preserve rights, (*See* ECF #68).

On April 30, 2021, during a conference call that included appearances by all parties, Judge Aaron instructed Kumaran "you can't proceed jointly by filing separate complaints." (*see* ECF #73, p.5, 23-24), recorded in a *telephonic transcript*.  Despite the clear direction from Judge Aaron, Kumaran filed two separate responses to Vision Defendants Motion to Dismiss as represented by Ms. Chou and again filed a separate response to Villa Defendants Motion to Dismiss, albeit one day too late and thereby exceeding the courts clearly articulated and often repeated deadline throughout three months of delays.  Plaintiffs' "Response in Opposition to

Defendant Villa's Motion to Dismiss" was to be replied to in a single document. The response would separate the individual <u>claims by Plaintiff Kumaran</u>, specifically as the allegations pertained to individual Defendants <u>from the claims by Plaintiffs counseled entities</u>. These claims were to also be enumerated separately as they applied to each Defendant individually.

On June 14, 2021, Magistrate Judge Stewart D. Aaron issued an ORDER (*See* ECF#78), amending an ORDER dated May 28, 2021 "<u>Order on Motion to Add Party(ies)</u>", (*See* ECF#72) thereby granting an April 27, 2021 "<u>MOTION to Add Party(ies) Nefertiti Asset Management, LLC and Nefertiti Holding Corporation, MOTION to Intervene</u>" (*See* ECF#60). The June 14, 2021, ORDER clearly stated in part

> "Having reviewed Plaintiff Kumaran's letter regarding the filing of a Second Amended Complaint ("SAC") (ECF #70) and Defendants' response (ECF # 71), it is further Ordered that Plaintiffs must comply with the Court's April 30, 2021, *Order, which requires, inter alia, each Plaintiff to sign the forthcoming SAC with respect to the allegations made by her/it.* (Order, ECF No. 69.) <u>*The SAC shall clearly state which claims are being brought by which Plaintiff(s).*</u> *As the Court previously has held, Kumaran herself lacks standing to file the pleading on behalf of the other Plaintiffs*." No subsequent appeal was timely filed on this ruling.

Judge Aaron's clarion, concise and repeated instruction to Plaintiffs on the telephonic conference are memorialized in (ECF #73). Judge Aaron addressed the issue of Kumaran's rights being preserved Pro-se, even when "proceeding side by side with the corporate entity" (ibid p.13). The question of Pro-se rights being preserved by Kumaran has been asked and affirmatively answered several times by the court. This pertains to her individual claims within the single Complaint, along with any motions, and responses filed jointly with counsel of named entities. Kumaran's disagreement with Judge Aaron's reliance on Figueroa v. Trump[1], preventing the

---

[1] Figueroa v. Trump 2020 Westlaw 4346765, N.D.N.Y., July 29, 2020

filing of separate complaints while proceeding jointly, and his direction to Plaintiffs based on Wynder v. McMahon[2], requiring the basics of Rule 8 to apply to Pro-se and counseled plaintiffs alike", does not preclude Plaintiffs from his orders.

Plaintiff Kumaran argues that a four-week period to respond is granted Pro Se participants.  The U.S. District Judge Gregory H. Woods, "INDIVIDUAL RULES OF PRACTICE IN CIVIL *PRO SE* CASES", as written pertaining to **Rule 1**. Communications with Chambers **C**. **Requests for Adjournment or Extensions of Time**. All requests for adjournments or extensions of time must be made by letter and must state: (1) the original due date; (2) <u>the number of previous requests for adjournment or extension of time</u>; (3) the reason for the current request; (4) <u>whether the adversary consents and, if not, the reason given by the adversary for refusing to consent</u>; and (5) proposed alternative dates. If the requested adjournment or extension affects any other scheduled dates, a pro se party may, but is not required to, submit a proposed Revised Civil Case Management Plan and Scheduling Order. Absent an emergency, the request must be made at least two business days prior to the original due date."  Rule 1.C. as stated does not "allow four weeks to respond/oppose a motion" as Plaintiff alleged in her Appeal. (ECF #130, p.13).

Plaintiff repeatedly misrepresents to the court the timing of her late filed response to Defendant Villa's Motion to Dismiss.  The court docket[3] records Plaintiffs late filing on December 15, 2021 (ECF #116). Kumaran writes "Plaintiffs two timely filed response on December 14, 2021" (ibid p.14) in contradiction to evidence found on the court docket. This demonstrates Plaintiff had specific and accurate knowledge of the courts ordered deadline, and a complete understanding of her obligation to file the "Response In Opposition To Defendants Motion to Dismiss" on time.

---

[2] Wynder v. McMahon, 360 F.3d 73, jump cite page 70, note 11

[3] https://ecf.nysd.uscourts.gov/cgi-bin/DktRpt.pl?614008666055127-L_1_0-1

Plaintiff has been granted numerous extensions for time to file various letters, motions, clarifications on orders, etc., extending the original case management schedule over multiple years. Any attempt to argue ambiguity, whether "**in Judge Aaron's own order**", as alleged (ECF #103, p.14) or at any stage of the motion practice does not rest on solid ground.  Plaintiff also states "Pro-Se Plaintiff cannot be expected to have four overlapping motions, or have its rights prejudiced accordingly". Yet it is Plaintiffs that are managing the case schedules through their multiple requests for extensions of time, last minute filings, delay of telephonic conferences and excuses for lack of understanding and recurring requests for clarification of orders. Kumaran has the benefit and advantage of corporate counsel to advise her of the correct interpretation of the Rules of the Court, Local Civil Rules and the Laws of the State and governing Federal laws.

On July 30, 2021, Plaintiffs Kumaran *pro-se* and Brian August, counsel for named entities, jointly filed a timely and properly submitted 202-page "Second Amended Complaint" that complied with the court's instructions to file jointly in a single document. (ECF #89). On December 15, 2021, Plaintiff Kumaran *pro-se* individually filed late an improperly submitted 100-page "Response In Opposition To Defendant *pro-se* Villa's Motion To Dismiss" that did not comply with the court's instructions to file jointly in a single document. (ECF #116).  Plaintiffs routinely file 30-to-40-page memos in support of motions, and still claim ambiguity, need for clarification, and extension after extension after extension for more time.  Ignorance is no longer a defense after 10 years of pro-se representation in five court cases. The bias and prejudice Plaintiff continually alleges could be introduced into this case, and related cases, is based on Kumaran's own continued practice of law.  This is precisely evidenced in Kumaran's statement

"Plaintiffs two timely filed response on December 14, 2021 – that *followed its interpretation* that Judge Aaron had wanted two oppositions." (ECF #130, p.14).   As previously highlighted, Plaintiff Kumaran did not timely file "Response In Opposition To Defendant *pro-se* Villa's Motion To Dismiss" *supra*.  Plaintiffs Kumaran *pro-se* and counsel Brian August failed to follow the clear and repeated instructions of the court because "that followed its interpretation".

"Plaintiff  Kumaran  also  appeals  ECF129's  "use of Girotto as precedent to a Rule 6(b) motion. (see ECF129 at 6 – M.J. Aaron cites Girotto v. Andrianna Shamaris Inc., No. 19-CV-913 (JPO), 2019 WL 5634199, at *1 (S.D.N.Y. Oct. 31, 2019)." Plaintiff states "The facts of this case are totally different. First, Girotto was represented by a qualified law firm in NYC", (ibid p.14) this fact is neither relevant nor material because Plaintiff always had the ability to bring qualified and competent counsel to represent her individual interests.   Kumaran takes umbrage with Judge Aaron citing Girotto on the basis that he was represented by a large firm and that his filing with the court was 117 days late, even though the court in Girotto denied Defendant's motion to dismiss along with denying Plaintiffs motions for extensions.  As in Girotto, Plaintiffs have filed several motions for extensions; however, this court has routinely granted them, while holding firm to its last established deadlines. As seen in Girotto, Plaintiff's letter motions for additional extensions do not state *inter alia* how many prior extensions have been requested in the matter, as required by this Court's Individual Rules

> Requests for Adjournments or Extensions of Time. Requests to adjourn a court conference or court proceeding (including a telephonic court conference) or to extend a deadline must be made by Letter-Motion, after consultation with all affected parties, and must state: (1) the original date of the conference, proceeding or deadline; (2) the number of previous requests for adjournment or extension; (3) whether these previous requests were granted or denied; (4) the reason for the present request; (5) whether all affected parties consent; and (6) if not, the reasons given for refusing. If the requested adjournment or extension affects any other scheduled dates, a proposed Revised Scheduling Order must be attached.

On November 22, 2021, Plaintiff's filed a joint letter (ECF #110), "Consent Letter Motion To Extend Deadlines By 14 Days".   Plaintiff's own Letter delineated and acknowledged the scheduled deadline for Plaintiffs to file their joint response, writing "Opposition to Defendant's Motion to Dismiss" moved from November 30, 2021, to <u>December 14, 2021,</u> and Defendant's deadline to file "Reply to Plaintiffs Response in Opposition to Defendant's Motion to Dismiss" moved from December 30, 2021, to January 14, 2022. On the same date Judge Aaron GRANTED the Application for Extension (ECF #111), stipulating "No further extensions shall be granted. SO ORDERED. Dated November 22, 2021."

This was made clear in V&L's letter dated November 22, 2021, by counsel Jenny Chou "I write on behalf of the Vision defendants with respect to the <u>Court's order granting Plaintiff's request for a 2-week extension of time to file their opposition briefs from November 30 **to December 14, 2021** (Dkt. No. 111)</u>. The Court's order indicated that defendants' replies would still be due on December 30, 2021. The Vision defendants respectfully ask that defendants replies be due January 14, 2022." ( #112).  Again, on this same date, the deadlines were further supported by Magistrate Judge Aaron's Endorsement, granting application. "It was the Court's intention that the Order filed at ECF No. 111 extend both deadlines.  The deadline for Defendants to file their replies is January 14, 2022.  SO ORDERED, Dated: November 22, 2021." (ECF #113).

On December 30, 2021, a Letter purported written by counsel Brian August to Judge Aaron states "I am therefore respectfully seeking <u>a short adjournment on all filings</u> as I may not be able to complete my own filings for about 2 weeks until I have the ok from doctors to return. Alternatively, Ms. Kumaran when she returns may be able to prepare or file the forms on behalf of NRCM but I want to notify the Court I will most likely be also out of the office for two weeks.

8

As I am a sole proprietor I also do not have a substitute to fill in for me." And further writes  "I believe the normal request would be to seek a stay or adjournment of two weeks till both myself and Ms. Kumaran are fully back in the office. We apologize for any inconvenience. As the Court knows 1 am a higher risk patient and need to follow the advice of doctors to take all necessary precautions to rest and avoid this getting worse. Ms. Chou had contacted me yesterday related to some questions on the briefs, and 1 have notified her about this development and the parties have reached an agreement that any additional filing will be due in three weeks (barring medical issues) and Vision and *Villa Defendants have also sought an additional three weeks*. We consent to that request. I believe Ms. Chou will write to the Court on Monday." (ECF #118)

**Judicial Notice**: Defendant Villa never sought any additional extensions because Defendant was fully aware that the only pending replies expected by the court were from Defendants. (*see* ECF #121) While the above letter was electronically signed by Brian August, the writing style, elements, sentence structure and arrangement, tone and voice, language and word choice, grammar, spelling, and errors are uniquely and inescapably Kumaran's.

On January 3, 2021, Kumaran writes a Letter to Judge Aaron stating in part "I therefore also respectfully would seek at least three (3) days - preferably seven (7) days - to respond to any motions or letters filed on the docket in this case 20-CV-3871- as I have other pending deadlines in related cases and am just returning to the office today and want to make sure I have sufficient time to get caught up and respond to the various new and outstanding filings." (ECF #119)

On January 3, 2022, Judge Aaron wrote in a text only "ORDER denying as moot 118 Letter Motion to Adjourn Conference: Plaintiffs' Letter Motion filed at ECF No. 118 is DENIED AS MOOT. The only outstanding deadline is for Defendants to reply in further support of the

pending motion to dismiss. (See ECF No. 121.) <u>There is no outstanding deadline for Plaintiffs.</u>

<u>Nor is there any conference scheduled</u>. (HEREBY ORDERED by Magistrate Judge Stewart D.

Aaron)(Text Only Order) (Aaron, Stewart) (Entered: 01/03/2022)"

On January 3, 2021, Judge Aaron responded to Kumaran's Letter (ECF #119)

"ENDORSEMENT: The Court has corrected the docket in 20-cv-03668 to reflect Plaintiff

Kumaran's pro se status and has restored her filing privileges. Plaintiff Kumaran's request for 3

to 7 days to respond to any letters or motions in this case is denied as moot. As stated in the

Court's Order from earlier today (see ECF No. 120), <u>*the only outstanding deadline in this case*</u>

<u>*pertains to Defendants*</u>. SO ORDERED. Dated: January 3, 2022 (ECF #121)".

Further on January 3, 2022, Jenny Chou, counsel for entity Defendants, wrote a letter to Judge

Aaron (ECF #122) requesting: (1) Defendant's not be prejudiced by Plaintiff's incomplete filing

pertaining to Vision Defendants if further briefing were a consideration, (2) confirmation of the

court ordered deadline for Plaintiff's "Response in Opposition to Defendant's Motion to

Dismiss". The letter describes communications between Ms. Chou, Ms. Kumaran, and Brian

August, exclusive of Defendant Villa. Ms. Chou's letter describes their correspondence from

December 28, 2021, and details Ms. Kumaran's realization that Plaintiff's filing was incomplete,

failing to file a document alleged to be incorporated by reference. It was corporate counsel Brian

August's responsibility to file jointly with Kumaran the "Response in Opposition to Defendant's

Motion to Dismiss" including named entities   The letter documents additional correspondence

between the parties, sans Ms. Villa, from December 29, 2021, wherein "Ms. Kumaran replied

that she was unclear whether NRCM and NAM were required to respond to the dismissal

arguments before a ruling on arbitration." This was a matter to be addressed with Brian August,

corporate counsel.  Kumaran's response is highly improbable because Judge Aaron's ruling from his September 30, 2021, ORDER was clear, consistent, and remained the uncontested standing <u>order denying a stay for arbitration</u>. Judge Aaron wrote

> "The Court finds that a stay is not warranted because the partial motion to compel arbitration and the motions to dismiss do not address the same claims (see, e.g., Motion to Dismiss, ECF No. 101 (seeking to compel arbitration with respect to claims by certain plaintiffs against certain defendants and seeking to dismiss "remaining claims") and, thus, Plaintiffs' arguments regarding jurisdiction are inapt. Moreover, judicial economy favors resolving the pending motions to dismiss in a timely fashion. ***<u>If the Court grants the motion to compel arbitration in full or in part and <u>if the Court finds that Plaintiffs' remaining claims are not subject to dismissal, the Court <u>then</u> will decide whether a stay is appropriate pending arbitration</u>***." (ECF #109)

On January 3, 2022, Judge Aaron after receiving Jenny Chou's letter (ECF #122), reiterated his standing court ordered deadline for filings with this endorsement on the Letter.

> "ENDORSEMENT: The Courts Order, dated 9/30/2021, is quite clear: "Plaintiffs shall file their opposition to the pending motions (ECF Nos. 98 and 101) no later than November 30, 2021." (9/30/21 Order, ECF No. 109 (emphasis supplied).) <u>On 11/22/2021, a consent letter motion was filed in which Plaintiffs sought an extension until 12/14/2021 to file their "Oppositions"</u> and Defendants sought an extension until 1/14/2022 to file their "Replies." (See 11/22/21 Ltr. Mot., ECF No. 110.) On 11/22/2021, the Court granted the requested extensions, <u>thereby giving Plaintiffs until 12/14/2021 to file their opposition papers and Defendants until 1/14/2022 to file their reply papers</u>. (11/22/21 Order, ECF No. 111.) In the 11/22/2021 Order, <u>the Court stated: "No further extensions shall be granted</u>." (*Id.*). On 12/14/2021, opposition papers were filed by the pro se Plaintiff and the entity Plaintiffs at ECF Nos. 114, 115 and 116, and counsel for the entity Plaintiffs did not request any additional extension of time. Accordingly, Defendants shall file their replies to Plaintiffs' opposition papers by 1/14/2022. <u>No further extension of the reply deadline shall be granted and no further briefing shall be considered by the Court</u>. SO ORDERED. Dated: 1/3/2022" (ECF #123)

Defendant Villa's Motion to Dismiss (ECF #98, dtd 09.17.21) may yet be granted in part or in full or denied in part or in full, no judgment has been rendered.  For this reason alone, it can be understood that the court's rulings, orders, and procedures are grounded and uniformly consistent.  Plaintiffs fail to consider that Rule 12(b)(6) Motions to Dismiss are not predicated on

dispute of the issues and allegations, these are already presumed in the most favorable light for the Plaintiff by the court.  Determining what is appropriate where arbitrable and non-arbitrable claims arise out of the same set of facts, etc. is preemptive litigation and presumptuous of Plaintiffs.  The objections have been denied until the court can determine the original merits of the primary basis for the Motion to Dismiss, which is whether the Complaint is plausible.  It has been noticed that Kumaran uses her *pro-se* status as a sword and a shield, it appears Plaintiff also endeavors to don the robe and hold the gavel.  No decision has been made as to whether the normal, ordinary, and usual business activities of individuals and entities involved with the operations of a voluntary participatory market constitute fraudulent activity.   Until that determination has been made <u>by the court</u>, the bifurcated questions cannot be addressed as to whether Defendant's prudent, reasonable, and foreseeable actions under the governing rules of a self-regulatory organization are deemed acceptable behavior, according to its organizing regulations, and whether those actions were compliant with the written policies of that organization.

**<u>Plaintiffs have a history of misunderstanding or disregarding the orders of the court</u>**.

On June 11, 2021, Judge Aaron in the conference call transcript stated "None of the pleadings that were filed at ECF 48, 49, 50, 55 and 56 were authorized by the court. What the order said was – that granted leave was that there would be a Second Amended Complaint filed by Ms. Kumaran and NRCM."  (ECF #75-1, p.3 18-21). There has never been a question as to how Plaintiff's have been directed to file their documents with the court. Plaintiffs were given a choice to pursue litigation independently by filing a notice of voluntary dismissal pursuant to Rule 41 and commence a new case that could be related or consolidated, but Kumaran was not to proceed jointly by filing separate complaints. (ibid. p.5, 17-24). This instruction was clearly

understood by attorney Brian August who had no questions about it at all. "I understand what you are saying, Your Honor.", is on the record.  Plaintiff Kumaran argues that to proceed with counsel would "waive her statutory rights" and would not preserve her "pro se independence", making the entire complaint a "counseled pleading". Judge Aaron disagreed. "No, it wouldn't". (ibid. p.10, 9-22), Plaintiff Kumaran misquotes Judge Aaron's order at (ECF #75), she writes: ordering Plaintiff to "fire Mr. August unless it adopted Pro-Se Plaintiffs filings".  Judge Aaron has said "there is no motion that I am aware of under the FRCP that would be called ("maintain pro se complaints as separate filings"), (ibid 2, 19-21). The correct quote Kumaran refers to in full context is:

> THE COURT: Okay. So when you are saying there is going to be disagreement as to what is pled by you individually and by Mr. August on behalf of the corporations, there can't possibly be disagreement unless you disagree with yourself.
>
> MS. KUMARAN: Well, no, because Mr. August said — he has said he wants to control how the complaint is written, and— and that is in disagreement with some of the way that I have written the complaint and some of the allegations and facts and claims.
>
> THE COURT: Then fire him. You are — I'm being dead serious. You are the corporate client. If Mr. August refuses to follow your instructions, you can simply fire him or, quite frankly, he needs to follow your directions." (ibid p.11, 11-23).

Judge Aaron provided a guideline for understanding how pro-se and corporate counsel work together by defining the relationship between the two individuals representing their separate and corporate issues before a court in joint-filings.  Judge Aaron's guidance for Kumaran preserving her arguments, and therefore Plaintiffs statutory rights,  was to delineate which paragraphs were being plead on behalf of Plaintiff Kumaran, and which were being plead on behalf of the corporate entities, thereby maintaining her pro-se independence.  Attorney August, counsel for named entities and Kumaran, pro-se, after hearing all of Judge Aaron's comments regarding how they could proceed in this case made the decision not to withdraw their intervention and refile a

13

new case, and instead decided to continue in one single pleading, as the Second Amended Complaint due on July 30, 2021. (ibid p.12, 6-13).

Plaintiff construes an ad hoc argument that does not exist at all in the original document stating "(ECF #130) P.26 (d,)  The briefing title "Motion To Stay Briefing On Motion To Dismiss / Motion To Stay Non-Arbitrable Claims" is exactly requesting a bifurcation of these two separate motions to stay.  Plaintiff(s) plain error argument that Judge Aaron incorrectly asserted Plaintiff had a motion to bifurcate, that was the title of Defendant's motion is wrong. Plaintiff conflates the definition of the word bifurcation with the Defendant's motion by the same name.  Plaintiffs reference to Omicron as an excusable defense is not merited. It was not even at issue given the timing for their motions had passed and the court required nothing more from Plaintiffs.  Plaintiffs were able to convalesce however they wanted for as long as they needed. Rule 6(b) is an inapplicable defense.

## CONCLUSION

For the reasons stated above, Defendant Villa respectfully requests that the Court Deny Plaintiffs objections to Magistrate Judge Aaron's Order at ECF #129.

Dated: February 18, 2022

_/s/ Julie Villa_____

JULIE VILLA

Pro Se
933 Nottingham Road
Keller, TX  76248
Phone 808-357-6764
Email: julievilla2002@gmail.com

14