UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SAMANTHA SIVA KUMARAN,<br>NEFERTITI RISK CAPITAL MANAGEMENT, LLC,<br>NEFERTITI ASSET MANAGEMENT, LLC<br>NEFERTITI HOLDING CORPORATION<br>            Plaintiffs,<br>   vs.<br><br>Vision Financial Markets, LLC<br>Howard Rothman,<br>Robert Boshnack,<br>High Ridge Holding Corporation, LLC<br>High Ridge Futures, LLC<br>H Rothman Family, LLC<br>Boshnack Family, LLC<br>Vision Brokerage Services, LLC<br>John Felag,<br>Vision Investment Advisors, LLC<br>Lazzara Consulting, Inc,<br>Gerard Stephen Lazzara,<br>Julie Villa<br>            Defendants | Case    No:1:20:CV:03871-GHW-SDA<br><br>Related Case: 1:20:CV 03873<br>Related Case: 1:20:CV 03668<br><br>---<br><br>DEFENDANT VILLA'S OBJECTION TO PLAINTIFFS"NOTICE OF NO SERVICE AND NO FILING OF AN OPPOSITION BY DEFENDANT VILLA (ECF141) |

## DEFENDANT VILLAS' OBJECTION' TO
## "PLAINTIFFS" NOTICE OF NO SERVICE AND NO FILING OF AN OPPOSITION BY DEFENDANT VILLA (ECF141)"

On November 23, 2020, Defendant Villa filed "Pro Se Consent to Receive Electronic Service" (ECF #23) in response to Plaintiffs May 19, 2020, Complaint.(ECF #1), in compliance with the "Individual Rules Of Practice In Civil Pro Se Cases" Gregory H. Woods, United States District Judge. Rule 2.(B)

1

On February 18, 2022, Defendant Villa timely filed DEFENDANT VILLAS' RESPONSE TO PLAINTIFFS' "APPEAL TO DISTRICT JUDGE OF DECISION AT ECF129" in compliance with the "Individual Rules Of Practice In Civil Pro Se Cases" Gregory H. Woods, United States District Judge. Rule 1.(A) in part as written, "No document or filing should be sent directly to Chambers.", and Rule 2.(D) Waiver of Paper Service by Counsel. in part as written, "Counsel in pro se cases may waive paper service upon themselves *and rely on service through the ECF system*." Furthermore, Defendant was able to access the ECF filing system without difficulty and received an acknowledgment and confirmation from the department immediately after timely filing "DEFENDANT VILLA'S RESPONSE TO PLAINTIFFS' "APPEAL TO DISTRICT JUDGE OF DECISION AT ECF 129" on February 18, 2022, compliant with the courts ordered deadline. (ECF #149).

On February 21, 2022, Plaintiff filed "PLAINTIFFS" NOTICE OF NO SERVICE AND NO FILING OF AN OPPOSITION BY DEFENDANT VILLA (ECF141)" claiming the Pro-Se intake office instructed Pro-Se Plaintiff "that if papers were to be filed using email or to be filed to the Pro-Se intake office, they must be served using email to the opposing party". In addition to being hearsay, the departments own instructions state "Pro Se filings emailed to *any email address other than* Temporary_Pro_Se_Filing@nysd.uscourts.gov *will be disregarded*." Additionally, Defendant can find no order or instruction from Judge Aaron that "**Pro-Se Plaintiff must be served using email on the opposing party**" as written by Plaintiff,

2

(ECF#148, P.1), neither is it found in the "Individual Practices Of Magistrate Judge Stewart D. Aaron". [1]

Defendant has complied with Local Civil Rule 5.2. Electronic Service and Filing of Documents. (a) Parties serving and filing papers shall follow the instructions regarding Electronic Case Filing (ECF) published on the website of each respective Court. A paper served and filed by electronic means in accordance with such instructions is*, for purposes of Fed. R. Civ. P. 5, served and filed in compliance with the Local Civil Rules of the Southern and Eastern Districts of New York*.

Defendant Villa has fully complied with the U.S. District Court's Southern District of New York's "Temporary_Pro_Se_Filing@nysd.us.courts.gov."[2]. Defendant further complied with "Addendum to Electronic Case Filing Rules & Instructions"[3] and the detailed Instructions – Procedures for Emailing Pro Se Documents for Filing. This document states "Except as expressly provided and in exceptional circumstances preventing a party from filing electronically, all documents required to be filed with the Court must be filed electronically." The document further sets forth "Limitations" as written, Pro Se filings emailed to *any email address other than* Temporary_Pro_Se_Filing@nysd.uscourts.gov *will be disregarded*.

On December 31, 2021 Defendant Villa sent an email to all the parties (and the court) and attached a document entitled "Letter Motion To Deny Plaintiff's Repeated Request For Extension Of Time To File" Plaintiff vehemently objected to Defendant Villa using email

---

[1] https://www.nysd.uscourts.gov/sites/default/files/practice_documents/SDA%20Individual%20Practices%20Revised%20October%202018.pdf

[2] https://www.nysd.uscourts.gov/sites/default/files/2021-04/2021-04-21-Email-Instructions-pro-se-filings-final.pdf

[3] https://www.nysd.uscourts.gov/sites/default/files/pdf/ecf_rules/ECF%20Rules%20Addendum%20COVID-19%20%20Pro%20Se%20Email%20v8.pdf

between the parties and sent an email attempting to admonish Villa to Judge Aaron for Defendant not using the ECF system. This is referred to in Judge Aaron's ORDER dated January 21, 2022 (ECF #129, Page 3) *See* footnote 3 "Plaintiffs also note that pro se Defendant Villa improperly emailed the Court stating her opposition to an extension. (Mot. for Reconsideration at 5-6.) However, the email was not ex parte, as <u>it was sent to all parties as well as to the Court</u>. In any event, contrary to Plaintiffs' assertion, the Court did not grant Defendant Villa's request. Instead, the Court's Order reiterated that Plaintiffs had not requested an extension. Accordingly, there was nothing to grant or deny." Defendant's letter pointed out that Plaintiff's counsel had, in writing, falsely asserted to the court that Defendant Villa had consented to a request for extension of time by Plaintiffs. This was a materially false statement. An enraged Kumaran replied by email to all the parties, and the court, maligning Defendant for correcting the record.

Defendant Villa is fully compliant with the UNITED STATES DISCTRICT COURT, SOUTHERN DISTRICT OF NEW YORK "Electronic Case Filing Rules & Instructions" February 1, 2021 Edition Section 3. Consequences of Electronic Filing, which states at Page 7, to include: Section 3.1, Section 3.2, Section 3.3 ("Electronic filing must be completed before midnight local time where the Court is located in order to be considered timely filed that day."), and Section 3.4.

## **<u>Request For (ECF #148) Be Deemed Moot</u>**

For the reasons stated above, Defendant requests Plaintiff's (ECF #148), be deemed moot by the court.

Dated: February 22, 2022

                                                    _/s/ Julie Villa_____

                                                    JULIE VILLA

                                                    Pro Se
933 Nottingham Road
Keller, TX  76248
Phone 808-357-6764
Email: julievilla2002@gmail.com

5