```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------- X
                                                                  :
SAMANTHA SIVA KUMARAN, et al.,                                    :
                                                                  :
                                         Plaintiffs,              :     1:20-cv-3871-GHW
                                                                  :
                      -v -                                        :     ORDER
                                                                  :
VISION FINANCIAL MARKETS, LLC, et al.,                            :
                                                                  :
                                         Defendants.              :
                                                                  :
----------------------------------------------------------------- X
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 2/23/2022

GREGORY H. WOODS, United States District Judge:

Under 28 U.S.C. § 1404(a), "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented." "District courts have broad discretion in making determinations of convenience under Section 1404(a) and notions of convenience and fairness are considered on a case-by-case basis." *D.H. Blair & Co. v. Gottdiener*, 462 F.3d 95, 106 (2d Cir. 2006). Moreover, courts may transfer cases on their own initiative. *See Bank of Am., N.A. v. Wilmington Trust FSB*, 943 F. Supp. 2d 417, 426–27 (S.D.N.Y. 2013) ("Courts have an independent institutional concern to see to it that the burdens of litigation that is unrelated to the forum that a party chooses are not imposed unreasonably on jurors and judges who have enough to do in determining cases that are appropriately before them. The power of district courts to transfer cases under Section 1404(a) *sua sponte* therefore is well established." (quoting *Cento v. Pearl Arts & Craft Supply Inc.*, No. 03-CV-2424, 2003 WL 1960595, at *1 (S.D.N.Y. Apr. 24, 2003))). To determine whether transfer is appropriate, courts consider the following factors: (1) the convenience of witnesses; (2) the convenience of the parties; (3) the locus of operative facts; (4) the availability of process to compel the attendance of the unwilling witnesses; (5) the location of relevant documents and the relative ease of access to sources of proof; (6) the

relative means of the parties; (7) the forum's familiarity with the governing law; (8) the weight accorded to the plaintiff's choice of forum; (9) trial efficiency; and (10) the interest of justice, based on the totality of circumstances. *Keitt v. N.Y. City*, 882 F. Supp. 2d 412, 459–60 (S.D.N.Y. 2011)

Here, the amended complaint alleges that venue is proper in this district because the Southern District of New York "is the district where one or more the Defendants reside and because this is the district where a substantial amount of the activities forming the basis of the Complaint occurred. Am. Compl., Dkt. No. 20, ¶ 17. Yet, as alleged, only one of the thirteen defendants in this case resides in New York. *See id.* ¶¶ 18–30. Nine of the defendants are residents of Connecticut, and the remaining three are residents of Texas. *Id.* Although Kumaran is a resident of New York and allegedly received various communications from the defendants while she was in New York, the complaint primary alleges that the fraudulent acts took place in Connecticut or Texas.

Accordingly, Plaintiffs are ORDERED TO SHOW CAUSE no later than March 9, 2022 as to why this action should not be transferred to the District of Connecticut. In the alternative, if the parties are willing to transfer this action to the District of Connecticut, the Court requests that the parties submit a joint letter stating that they consent to the transfer of this action to the District of Connecticut no later than March 9, 2022.

SO ORDERED.

Dated: February 23, 2022

_____
GREGORY H. WOODS
United States District Judge