IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SAMANTHA SIVA KUMARAN | Case No:1:20:CV:03871-GHW-SDA |
| et al | Related Case:  1:20:CV 03668 |
| *Plaintiffs,* | Related Case:  1:20:CV 03873 |
| | |
| -against- | **PLAINTIFFS REPLY MEMORANDUM** |
| | **AGAINST VISION AND LAZZARA** |
| Vision Financial Markets, LLC | **REGARDING APPEAL OF DECISION** |
| et al | **AT ECF129 PURSUANT TO RULE 72(A)** |
| | |
| *Defendants.* | |

**<u>PLAINTIFFS REPLY MEMORANDUM AGAINST VISION AND LAZZARA
DEFENDANTS REGARDING APPEAL OF DECISION AT ECF129</u>**

# TABLE OF AUTHORITIES

*Abreu v. Fairway Mkt. LLC, No. 17-CV-9532, 2018 WL 3579107, at *1 (S.D.N.Y. July 24, 2018)*

*Avon Cosmetics (FEBO) Ltd. v. New Hampton, Inc., 1991 WL 90808, *4 (S.D.N.Y.1991)*

*Catlin Syndicate 2003 v. Traditional Air Conditioning, Inc., No. 17-CV-2406 (JFB) (AYS), 2018 WL 3040375, at *8 (E.D.N.Y. June 18, 2018)*

*CBF Industria de Gusa S/A v. AMCI Holdings, Inc., 846 F.3d 35, 55 (2d Cir. 2017)*

*CP Solutions PTE Ltd. v. Gen. Elec. Co., 553 F.3d 156, 160 (2d Cir.2009)*

*Felske v. Hirschmann, No. 10-CV-8899, 2012 WL 716632 (S.D.N.Y. Mar. 1, 2012)*

*Glob. Disc. Travel Servs., LLC v. Trans World Airlines, Inc., 960 F. Supp. 701, 708–09 (S.D.N.Y. 1997)*

*Katsoris, 237 F. Supp. 3d at 110-11 (citing, inter alia, Moore v. Interacciones Glob., Inc., No. 94-CV-04789 (RWS), 1995 WL 33650, at *7 (S.D.N.Y. Jan. 27, 1995)*

*Pioneer Inv. Services Co. v. Brunswick Associates Ltd. Partnership, 507 U.S. 380, 392 (1993)*

*Pottorff v. Centra Fin. Grp., Inc., 192 A.D.3d 1552, 1554, 145 N.Y.S.3d 702, 705–06 (2021)*

*Republic of Phil. v. Pimentel, 553 U.S. 851, 128 S.Ct. 2180, 2193, 171 L.Ed.2d 131 (2008) (quoting Provident Tradesmens Bank & Trust Co. v. Patterson, 390 U.S. 102, 111, 88 S.Ct. 733, 19 L.Ed.2d 936 (1968)*

*Ricatto v. M3 Innovations Unlimited, Inc., No. 18 CIV. 8404 (KPF), 2019 WL 6681558, at *5 (S.D.N.Y. Dec. 6, 2019)*

*Rubler v. Unum Provident Corp., No. 04 Civ. 7102, 2007 WL 188024, at *3 (S.D.N.Y. Jan. 25, 2007)*

*Spruill v. NYC Health & Hosp., 2007 WL 2456960, at *1 (S.D.N.Y. Aug. 23, 2007)*

*Zilong Wang v. Zhihui Guo, No. 19 CIV. 2884 (PGG), 2020 WL 4937481, at *8 (S.D.N.Y. Aug. 22, 2020)*

## PLAINTIFFS REPLY ARGUMENT TO VISION AND LAZZARA ("V&L")

Before the Court are two errors made in the filings on December 14, 2021 (a) a typographical error(s) in Section 1 of ECF115 where Plaintiff referred to "common issues" and did not properly explain they were ADMIS common issues related to the filings of both cases (b) an upload error related to specific paragraphs of Ms. Villa's claims. (Villa's Reply is filed separately). There is no doubt that Plaintiffs made a good faith attempt to timely file a substantive opposition to the Motion to Dismiss and timely filed their opposition to the Motion to Compel. Unlike the single case cited by M.J. Aaron *Girotto* which involved a 117 day dalliance by a lawfirm (which was still allowed to be rectified so as not to prejudice Plaintiff) V&L offer no opposition to the inapplicability of *Girotto* (ECF130 at 7) and that opposition is waived. Failure to meaningfully engage with the [] arguments amounts to a waiver of their opportunity to respond. *See* Felske v. Hirschmann, No. 10-CV-8899, 2012 WL 716632 (S.D.N.Y. Mar. 1, 2012)[1]

### Rule 6(b) Motion Was Incorrectly Applied

The issue before the Court in Appeal is related to a Rule 6(b) motion under which Plaintiff Pro-Se Kumaran understood the prior directives to file two responses – that NRCM and NAM should oppose the motion to compel and that Kumaran and NHC should file their motion to dismiss. As explained in ECF130  - Section J (ambiguities #1-#4)  - this interpretation of the order was supported by four ambiguities (#1 – the use of the word "both" in responses to signal two filings, #2 – ECF109 did not mention any jurisdiction based arguments, #3 – there was no qualification on which Plaintiffs were to file which motion and #4 – Plaintiffs did not file any bifurcation motion).  M.J. Aaron did not qualify in any of his orders which claims were arbitrable or not, or which claims were directly related to the same set of facts and law, that were stayed in related case.

In a citation free brief, V&L offer no defense to the core argument raised, that all claims, on all V&L defendants (including the Affiliates, and particularly High Ridge Holdings, which is named in the G&F Agreements, for which Boshnack and Rothman performed services as agents of Holdings, in soliciting Plaintiffs accounts and who also run directly competing CTA referral services), all stem from the common facts and law to the fraudulent scheme. (see *Zilong Wang v. Zhihui Guo, No. 19 CIV. 2884*

---

[1] For this motion V&L refers to all Vision and Lazzara Defendants. All Defendants filed excess pages of 40 pages for V&L and 35 pages for Villa to a total of 75 pages. At the time of filing the Motion to Dismiss, given M.J. Aaron's prior directives (see 20-CV-3873 ECF40) that a *Pro-Se* filing was not subject to any page filing limits Plaintiffs responded with a combined filing of 98 pages. (all four Plaintiffs combined their filings).  At the time of filing no other directives had been received that page limits did not apply to a *Pro-Se* filing. Nonetheless there are 13 Defendants, and multiple causes of action – and Plaintiff filed the  combined response to the causes of action.

*(PGG), 2020 WL 4937481*, at *8 (S.D.N.Y. Aug. 22, 2020). V&L's brief is vacuous on legal citation or argument, can find no supporting case law to defend Plaintiffs assertion that all claims in this action, on all Vision affiliates, spring from common facts and law of fraud. The claims of fraud and recission are inextricably intertwined, all the claims are based in fraud, and cannot be separated from the ADMIS case. (*Zilong* id - stay appropriate as Defendants' alleged fraudulent investment scheme forms the basis for all of Plaintiffs' claims. See ECF130 at 9). Therefore, because the ADMIS' case is stayed, NRCM and NAM pending resolution of the motion to compel, and Kumaran (joined by NHC), did not file, at Pro-Se **Kumaran's direction** any supplemental issues that overlap **common issues** of fact and law and are related to ADMIS. The issue before the Court is in Section 1 of the ECF115 Opposition, Kumaran referred to "common issues of fact and law" – but made two typos. The corrected redline to the Section 1 should have read

> Plaintiff Kumaran and NHC incorporates by reference from ~~NHC,~~ NRCM and NAMs opposition to the MTD the following core issues which have **common issues** with ADMIS that are related to this opposition.

Kumaran pointed out that in the haste to file, she did not have time to check the wording of Section 1 and had made typos.[2] See ECF130 at 12 n5 - V&L do not respond to fact that these were  inadvertent typos made (consistent with the wording in ECF63). The Court should also note the word "**common issues**" used in ECF115  is directly paraphrased from M.J. Aaron's 3873 Order ECF63 at 12 which also states "it is well settled that claims are appropriately stayed when they involve **common issues** of facts and law with those subject to arbitration" citing *Moore*. Therefore it is clearly consistent that these were related to the ADMIS common issues. V&L instead claim that Plaintiff Kumaran did not adequately explain the common issues were related to ADMIS. However this is not true. There were several references throughout the ECF115 that implied these were common issues to ADMIS. (see e.g. ECF115 at 8 supporting that HRF and Lazzara were fully outsourced Core Issue ¶Agents and ¶Fiduciaries of **ADMIS,** e.g. ECF115 at 17[3], ECF115 at 12[4]. Therefore V&L's explanation that they were not related

---

[2] The Court was also notified there may have been some errors (ECF117). Under normal circumstances Plaintiff Kumaran would have sought clarification notified the Court quicker, but due to Covid and the one-time unforeseen circumstances she had to leave the office due to Omicron (see ECF117, ECF130 at 10n10) – V&L should not be able to obtain procedural advantage from a single one-time failure to correct an error while it was clear Plaintiff was out of the office during Covid – and did in fact make a quick attempt to clarify as soon as returning on January 3, 2022)

[3] ECF115 at 17 - As agents of ADMIS, they had acquired the duties of the Principal (ADMIS), which required them also to act in accordance with the disclose laws of the FCM (notably CFTC 1.55(k)-(l) which required that the risk services and their material roles be disclosed by both ADMIS and HRF Defendants as agents, providing the services).

[4] EF115 at 12 Lazzara was acting as an Agent (See Core Issue ¶Agency) and/or Sub-Agent of **ADMIS** and HRF Defendants with regard to the G&F Agreements and ORSA.

Page 3

to ADMIS is not plausible as **ADMIS' name is repeated 190 times throughout ECF115** and it could not be reasonable to think these Core Issues (which are **common facts** and law to the ADMIS case) were not overlapping to the case 3873 which is subject to ECF63. Therefore Plaintiffs did not interpret the original Order to include ADMIS's related issues – and only after being contacted by Ms. Chou on December 28, 29 wanted to seek clarification from the Court – and filed a Rule 6(b) motion on January 13, 2022.[5]   Because of the haste to make the deadline Plaintiff made a typo and did not explain these common issue. Unlike *Girotto* (who missed deadlines by 117 days), Plaintiff did however comply with what they understood was a directive to file two oppositions (a) motion to compel and (b) motions to dismiss – and understood the ADMIS issues were not being briefed, also because the 12(b)(1) and Arbitration issues were not resolved. The Rule 6(b) motion hereunder Appeal was filed *if* the Court is proceeding on the merits related to ADMIS common issues.

    **Section D – ECF130 Pg.2-5:** V&L's citation free brief, also entered no case law in opposition to the valid argument Plaintiffs raised in Section D - that ECF129 contradicts prior orders 3873 ECF63 or is inconsistent with law. Plaintiffs specifically argued in ECF130 at 3-4 that the decision to proceed on the merits in this action related to ADMIS contradicts prior rulings in related case 3873 ECF63.

> *See ECF130 at 3-4 Katsoris*, 237 F. Supp. 3d at 110-11 (citing, *inter alia*, *Moore v. Interacciones Glob., Inc.*, No. 94-CV-04789 (RWS), 1995 WL 33650, at *7 (S.D.N.Y. Jan. 27, 1995) ("It is well-settled that claims are appropriately stayed when they involve **common issues of fact and law** with those subject to arbitration or when the arbitration is likely to dispose of issues common to claims against both arbitrating and non-arbitrating defendants."))… "The Court must consider factors such as the **desirability of avoiding piecemeal litigation and the degree to which the cases necessitate duplication of discovery or issue resolution.**" *Id*. (citation omitted).

    Clearly V&L <u>do not dispute any of the arguments</u> in Section D – (ECF130 at 2-5) that explained that Plaintiffs did not think it was necessary to file the "common issues" of fact and law to ADMIS, as the ADMIS case was stayed. Plaintiffs simply requested under Rule 6(b), as the prior orders were not clear that the case was proceeding on the ADMIS related matters, *if* the Court was to review "common issues of fact and law" – Plaintiffs should be able to file those ADMIS issues – as it was understood they were not required. V&L had full and fair opportunity (25 pages) to respond to ECF130, yet enter <u>no</u>

---

[5] V&L's argument that Plaintiffs wanted to hold in abeyance ADMIS issues for the duration of the ADMIS stay is not correct or founded on fact. Plaintiffs never asked that the ADMIS core issues be held in abeyance for the duration of the ADMIS Stay – simply requested that *if* the Court is moving forward to rule on ADMIS related matter, they filed a Rule 6(b) motion that they did not think previously the Court was asserting jurisdiction on those inter-related claims, but if the Court was, then it met the criteria of Rule 6(b). notably V&L offer no arguments against the specific criteria to meet a Rule 6(b) motion, which is inadvertence or excusable neglect or the fact the original order was subject to misinterpretation and responded to by a Pro-Se Plaintiff. (See specific prongs under Rule 6(b) in ECF127 at 12-15)

opposition to the contradictions to ECF63 raised in Section D and these arguments are unopposed. "A Defendant effectively concedes Plaintiff's arguments by his failure to respond to them."). *Abreu v. Fairway Mkt. LLC, No. 17-CV-9532, 2018 WL 3579107,* at *1 (S.D.N.Y. July 24, 2018). Therefore it is unopposed on the merits, that any decision or ruling on the merits, on the "common issues of law and fact" contained in the 3871 briefings is an inconsistent ruling. Plaintiffs also argued that none of the claims fall outside of the fraudulent scheme inherent in the arbitrability claims, specifically as they all related to contracts with ADMIS. Under strict procedural bars, it is therefore unopposed on the merits, that Plaintiffs arguments have merit in ECF130. Any decision to proceed on the merits related to ADMIS core issues, contradicts ECF63, and contradicts rule or case law precedent.

**Section E – ECF130 Pg.5-7:** V&L do not dispute that Plaintiff *Pro-Se* has documented a concern and a consistent pattern of M.J. Aaron shortening the time (in a prejudicial manner) to set overlapping deadlines in related cases (see also ECF83) which does not allocate equitable time under Local Rule 6.1. Instead V&L want to use that procedural inequity to evade ruling on the merits and deny Plaintiffs a full and fair opportunity to be heard on substantive arguments. Court's have in fact ruled that repeatedly shortening Local Rule 6.1 is an abuse of discretion if it does not allow a full and fair hearing on the merits. V&L offer no defense to the well-documented scheduling in this and related cases, to consistently shorten Local Rule 6.1 to prejudice Pro-Se Plaintiff so that little time is left under the guidelines – by setting overlapping deadlines to attend to each case. This also substantially caused some of the inadvertence. In this motion, such an inequity would instead allow serial securities law violators Boshnack and Rothman to evade fair ruling on the merits for their illegal market participation.

**Section F – ECF130 Pg 7-10:** V&L also enter no case law or opposition to the core issue of law on why proceeding on the merits in this action on the same ADMIS contracts and the overlapping facts is contrary to law – because they continue to be unable to oppose the fact that regardless of whether the Vision affiliates are arbitrable or non-arbitrable parties, the resolution of **all claims** in this action, is inextricably intertwined with all the claims based in fraud and cannot be separated from the ADMIS case. "There is significant factual overlap between Plaintiff's [arbitrable and non-arbitrable] claims. Accordingly, a stay ... will avoid piecemeal litigation and lead to a more expeditious, economical resolution of the dispute."; Catlin Syndicate 2003 v. Traditional Air Conditioning, Inc., No. 17-CV-2406 (JFB) (AYS), 2018 WL 3040375, at *8 (E.D.N.Y. June 18, 2018) V&L's failure to oppose on the law, or enter any case law whatsoever on this point is telling – as they cannot dispute that the there is significant factual overlap

Page 5

in the arbitrable and non-arbitrable claims. The main point Plaintiffs made (that is missed in opposition) is there is no separation in the claims related to the common fraudulent scheme and interpretation of contracts. These arguments are thus unopposed under Rule 19 to proceed on these claims without similar ruling on ADMIS' agreements rendering them a necessary party.

**Section G** – Addressed in footnote Pg.10,  **Section H** – Addressed on Page 1-2

**Section I – ADMIS Contracts to be Rescinded ECF130 Pg.13-18 :** In **Section I(a)**, V&L's assertion (ECF147 Pg.4) that the recission of ADMIS' contracts has not been presented to M.J. Aaron is **simply not true and inaccurate**. (See SAC ¶1013, The recission of agreements is squarely before M.J. Aaron 20-CV-3873 ¶168, ¶367, ¶375-387, ¶407, Prayer(a) and also in this instant complaint  SAC ¶1013). V&L's <u>citation free</u> brief, which applies<u> no law on the merits</u>, fails to dispute once the inconsistency in the law, for M.J. Aaron to rule on the recission of contracts in this action, when his own order ECF63 stated that no such ruling would occur on the merits in the ADMIS case and was stayed for to be deferred to Arbitration. V&L have no response and despite the full 25 page opportunity to respond, they <u>fail to oppose the key case law</u> at ECF130 Pg.14 that Courts have held that in an action for rescission or based upon rescission the aggrieved party **shall be allowed to obtain complete relief in one action, including rescission, restitution of the benefit**s, if any, conferred by him as a result of the transaction, and damages to which he is entitled because of such fraud or misrepresentation; but such complete relief shall not include duplication of items of recovery." *Pottorff v. Centra Fin. Grp., Inc.,* 192 A.D.3d 1552, 1554, 145 N.Y.S.3d 702, 705–06 (2021). V&L's assertion that the issue of recission has not been decided upon by M.J. Aaron is precisely the point being made by Plaintiffs – that no such ruling is being made in 3873 and proceeding on the merits is inconsistent with law, and/or that Plaintiffs should be allowed to brief the ADMIS issues for that reason ADMIS is a necessary party in this case and all related cases.

In **Section I(b)** (ECF147 at 4) V&L go further to concede that Plaintiffs raised "<u>substantive arguments</u>" about ADMIS's contracts - which are actually not documented contracts but illegal "oral arrangements" prohibited under the Statute of Frauds and CEA. But in their citation free brief, V&L can find absolutely no case law whatsoever to refute the veracity of Plaintiffs legal argument – namely that the *oral arrangements* with Boshnack and Rothman were illegal –and that it is contrary to law to allow V&L to acquire the benefits of illegal contracts. ("It is the settled law of this State (and probably of every other State) that a party to an illegal contract cannot ask a court of law to help him carry out his illegal object, nor can such a person plead or prove in any court a case in which he, as a basis for his claim, must show forth his

Page 6

illegal purpose.")). *Ricatto v. M3 Innovations Unlimited, Inc.,* No. 18 CIV. 8404 (KPF), 2019 WL 6681558, at *5 (S.D.N.Y. Dec. 6, 2019). Because all the "oral" risk services were prohibited under the CEA and other Federal laws, as well as the Statute of Frauds,  Defendants so-called agreements are void under law and unenforceable. (See ECF130 at 15). The Court should note V&L offer <u>not one citation or case law defense</u> to the accurate legal argument that this Court cannot rule on the ORSA without ADMIS or without duplicative rulings of law. Instead they try to obtain an inequitable ruling by the Court, to proceed on ADMIS agreements that were unlawful – instead they write about "page limits" – in order to ask the Court to acquire the benefit of an illegal ORSA and G&F Agreements, and without proper application of 12(b)(1) and Rule 6(b).

In **Section I(c)** V&L again recognize Plaintiffs raised "<u>substantive arguments</u>" related to the Privacy Policy – clearly a common issue to ADMIS case – but their citation free brief, unsupported by any case law, cannot refute that this directly relates to recission of the ADMIS agreements,– that would need to be interpreted to permit resolution on the merits, and is also subject to recission. This is also squarely before the Court in related case 3668. V&L do not dispute, that ECF63 in 3873 has stayed all resolution of common facts or law or resolution of the Privacy Policy. Therefore it is unopposed that any ruling without proper briefing on this issue is inconsistent with prior orders.

In **Section I(a)** V&L also misstate the record on both Plaintiffs motion for related cases, as well as what was stated in oral transcript. Plaintiff Kumaran did state it intended to consolidate the cases (see Transcript ECF73 at 25-26), and had also documented as such in letter to judge Aaron, and it was also clearly argued in related case *20-CV-3873* that ADMIS was a necessary party under Rule 19 to both this case and the NFA case (see e.g. *20-CV-3873* ECF38 at 4, 18, ECF37 at 36). Therefore Ms. Chou's statement that the issue of related cases, or ADMIS being necessary party under Rule 19 or consolidating the cases as not raised is not true. Judge Aaron has in fact stated that the best time to consolidate the cases was after the motions to dismiss and when proceeding to discovery. (See 20-CV-3871 ECF73 at 25-26). The fact the cases were filed as Related Cases was at Judge Aaron's direction was being reserved for discovery. (It was not anticipated at the time of the April 30, 2021 transcript that all ADMIS issues for Kumaran would be stayed – yet proceed alone in this action on related contracts). Further all parties had requested deferring briefing on this case till resolution of ADMIS.

<u>**Section J – ECF130 Pg. 18-20:**</u> V&L again miss the point in the timing of bringing a Rule 6(b) motion  or Rule 19 motion. Courts have held that bringing a Rule 6(b) motion, is specifically for those times, when due to excusable neglect, misunderstanding or confusion or other good cause reason,

Page 7

Plaintiff did not file something on time. In all cases cited, usually it is when a [party] completely flouts a deadline. Here Plaintiffs did not even flout a deadline, but simply misconstrued the Order as issues related to ADMIS or core issues were not placed before this court. V&L completely miss the point that the Rule 6(b) is timely filed. Likewise, Plaintiffs argued that 6(b) should be applied because the Affiliates (who claim they have no arbitrable claims) cannot be ruled upon without ADMIS. The Court should note that more importantly, V&L do not dispute the four Ambiguities #1-#4 ECF130 at 18-19) that gave plausible explanation to the confusion. Their failure to refuse on the merits that the prior order was in fact ambiguous – and not oppose #1-#4 is noted.

**Section K – ECF130 Pg.20-24:** V&L in their citation free brief, provide no case law and no opposition on the merits in the accurate application of the CEA 2(a)(1), 180(a)(1) - that Boshnack, Rothman as agents of High Ridge Holdings, were acting as agents of ADMIS and had duties of ADMIS as fiduciaries – or are bound by tipper/tippee liability, and that their relationship with ADMIS and **all Affiliates,** are inextricably bound by contracts with ADMIS of the G&F Agreements (ECF130 at 21 n20, 22-23. See e.g. G&F ¶2.1, 2.2, 2.4(d), 10.1.(iv). Instead they cite to no case law and no legal argument to oppose that **all claims** are related to the ADMIS agreements and subject to Rule 19. Their failure to oppose Plaintiffs brief on the merits, and cite to no case law is a waiver of their defense. (*See* Abreu Id). They also fail to dispute that under Rule 19, interpreting the G&F contracts with ADMIS, (which are the core issues) requires ADMIS as a necessary party. [6]

**Section L – ECF130 Pg. 24-25:** V&L omit opposition to the core arguments in applying a Rule 6(b) motion which Plaintiffs met for excusable neglect or inadvertence are all the prongs (ECF127 at 16). Excusable neglect under Rule 6(b) is a somewhat 'elastic concept' and is not limited strictly to omissions caused by circumstances beyond the control of the movant." *Pioneer Inv. Services Co. v. Brunswick Associates Ltd. Partnership, 507 U.S. 380, 392 (1993).* In determining whether neglect is excusable, a court should take account of all relevant circumstances surrounding the party's omission, including (1) the danger of prejudice to the nonmoving party; (2) the length of the delay and its impact on the judicial proceedings; (3) the reason for the delay; and (4) whether the movant acted in good faith. Id.at 395.[7] There has been no

---

[6] Under Rule 19(b)(1), adjudication of a case in the absence of a necessary party is prejudicial when it is "difficult to imagine how the issue of whether [the absent party] breached [his] obligations under the [contract] would be resolved without [his] participation in the litigation." *Rubler v. Unum Provident Corp.,* No. 04 Civ. 7102, 2007 WL 188024 (S.D.N.Y. Jan.25, 2007).

[7] Plaintiff Kumaran who for the first time in 18 months had to take a week out of the office for Covid – did not file its clarification or Rule 6(b) motion sooner – instead only on January 13, 2022 but that should not be license for known fraudsters and serial securities law violators Boshnack, Rothman and their dozens of affiliates to get a free pass on not ruling

Page 8

indication that Plaintiff Kumaran has not made a good faith to meet each and every deadline, and in this case – simply did not understand that the ADMIS issues were proceeding in this action. Therefore under Rule 6(b) *if* they are proceeding, Plaintiffs seek leave to file them, and V&L should have full opportunity to respond so they are not prejudiced. V&L's argument they would suddenly be prejudiced is  incorrect – as (a) they would equitably be able to respond to the Core issues and (b) they documented a willingness for all parties to rule on the merits up to January 3, 2022 and simply because Ms. Kumaran was out due to Covid, V&L's ability to respond would not be impaired. Conversely allowing V&L to escape ruling on the merits on the illegal contracts would significantly prejudice Plaintiffs – and/or proceeding on contracts that related to ADMIS without Rule 19 application is an erroneous application of the law. [8]

**Section M Pg.25-27:** V&L miss the point in their rebuttal of why M.J. Aaron's decision to not allow a Rule 6(b)motion contravenes 12(b)(1) and 12(b)(6). The point made, is that Plaintiffs documented to the Court in ECF127 at Pg.14-16 *Spruill v. NYC Health & Hosp.*, 2007 WL 2456960, at *1 (S.D.N.Y. Aug. 23, 2007) ) ("Courts are required to decide 'the jurisdictional question first because a disposition of a Rule 12(b)(6) motion is a decision on the merits, and therefore, an exercise of jurisdiction."). Further, V&L offer no response to the fact that Plaintiffs core argument (ECF127 Pg. 14-15) that since **20-CV-3873 has been stayed on the same facts and law as this case,** this leaves a procedural quagmire, and a conflict in the two  rulings between the two cases where the Court ruled in the related case, that the merits on any claims by Kumaran would be stayed. 20-CV-3873 ECF63 at 12-13.[9] Plaintiffs even specifically alerted the Court, that outside counsel, would not appear in a case, where the jurisdiction has not been resolved and Plaintiffs understood the requirements to file an opposition to the motion to dismiss, for Kumaran and NHC, but not for NRCM and NAM, as there is no consent for the Court to have power to so.

---

on the merits. V&L offer no response that both got sick in December/ January. Ordinarily these typos would have been corrected quicker – or clarification sought prior to V&L filing a Reply – but the Courts citation to Girotto (the only case) is instructive. Court's are careful to not wholly prejudice a Plaintiff for a one time being out of the office for Covid.

[8] There were several typos in ECF115 because Ms. Kumaran was in fact unwell at the time of filing (See ECF117) and if permitted would also like to clean up the typos without any change to the law

[9] "In such cases, a stay is warranted in part because the prior litigation or arbitration is likely to have preclusive effect over some or all of the claims not subject to arbitration." *Id*. at 111 (citing *CBF Industria de Gusa S/A v. AMCI Holdings, Inc.*, 846 F.3d 35, 55 (2d Cir. 2017) ("It is settled law that the doctrine of issue preclusion is applicable to issues resolved by an earlier arbitration.")). Considering the relevant factors, the Court finds that a stay pending arbitration is warranted. Any claims that Kumaran may have in an individual capacity against ADMIS relate to NRCM's account with ADMIS. Accordingly, the "issues that the arbitration panel will decide . . . overlap significantly (if not entirely) with the issues that this Court would need to reach to adjudicate" Kumaran's individual claims. 20-CV-3873 ECF63 at 12-13

V&L on the merits again cite to no case law – and leave these arguments unopposed. These are valid assertion in this 72(a) motion which was timely filed – as M.J. Aaron' order wholly overlooked these conflicts.

**Section N - ECF130 Pg.27:** V&L's citation free response is again vacuous on legal argument and cannot oppose the merits of the argument in Section N that proceeding on the merits on any of the claims would lead to Res Judicata and Collateral Estoppel. *See Avon Cosmetics (FEBO) Ltd. v. New Hampton, Inc.,* 1991 WL 90808, *4 (S.D.N.Y.1991) (providing that "the facts and circumstances of this case are such that a judgment rendered in Avon's absence exposes [defendant] to a substantial risk of double liability, or at the very least, a substantial risk of double litigation over the same subject matter. Due to basic principles of res judicata and collateral estoppel the Court cannot shape the relief to reduce or eliminate this risk without Avon as a party to this action.").Glob. Disc. Travel Servs., LLC v. Trans World Airlines, Inc., 960 F. Supp. 701, 708–09 (S.D.N.Y. 1997) . V&L's failure to oppose this issue is a waiver and concedes the issue (*See* Aberu Id).

**Section O - ECF130 at 27-28:** In order to skirt liability for illegal market participation - which is the core of the issue on the merits on why all the affiliates are  overlapping in facts/law with ADMIS and part of the same fraudulent scheme - V&L continue to fail to dispute that what they are really seeking is a quick "gotcha" to have the Court quickly rule on their illegal contracts without briefing on the common issues of ADMIS. Again the Court should note V&L despite its full access to qualified counsel leave all Plaintiffs arguments completely unopposed on the merits and fail to cite to any case law whatsoever to Section K, L, M and N. Instead, they are using the only leverage they have which is a procedural "gotcha" – that Plaintiffs got sick from Covid, should have sought an extension to file these core issues – but then fail to acknowledge that M.J. Aaron had stated no more extensions. Plaintiffs did not "flout a deadline" or neglect a filing which are the typical case law of a Rule 6(b) motion. Instead they ignore the argument that Plaintiffs raised (ECF127 Pg. 13-16) that they simply did not know it was needed because NRCM and NAM were not subject to jurisdiction. They now claim Plaintiffs should have reconsidered earlier orders, but on Page 1 attack Plaintiffs whenever they do actually enforce their rights to clarify or reconsider an Order. This contradictory argument that when Plaintiffs reconsider an order, is not abusing the litigation process – if they (as is normal expected FRCP practice) to assert their rights under Rule 72(a) – especially on a dispositive motion like with where V&L hope to sneak off with

dismissed claims without ruling on the merits.[10] As explained in the motion, M.J. Aaron filed an order on November 22, 2020 and under Local Rule 6.1 there would not have been enough time to seek reconsideration as the filings were due on December 14, 2021. Further, Plaintiffs did not seek reconsideration of the earlier order in September 2022 because they interpreted the order that Kumaran and NHC had to oppose the motion to dismiss. Further as was explained, Plaintiffs did not understand the order to mean that the Court was ruling on the ADMIS issues – but still filed a response on the causes of action. Neither do V&L dispute that the actual core issues are in fact common and overlapping to ADMIS. Finally V&L offer no case law and no defense that proceeding on the common issues would certainly lead to collateral estoppel on the effect of these contracts, and res judicata and an inefficient disjointed proceeding where one action is now proceeding on the merits. (see Section N). Plaintiffs filed a Rule 6(b) motion, to simply request that *if,* the Court is now apparently moving forward on the merits of the ADMIS case in this action, they seek to file the issues related to ADMIS. Lastly filing a Rule 19 argument is not belated. Courts have held that even in requests for Sur-Reply, a Rule 19 motion is not untimely. Holding that filing a Rule 19 motion after briefing of the motion to dismiss was permitted.

**CONCLUSION:** In summary, V&L enter a citation free brief that cannot dispute on the rule of law, or on the merits of any of the cases or precedent, instead using "rhetoric" and "ad-hominem" attacks, when a Pro-Se Plaintiff asserts its rights The Opposition in ECF130 cites to not one piece of case law, on why both the 2nd Circuit and Supreme Court have made clear, that when there are overlapping issues of fact and law – a stay is appropriate  - and that proceeding on the merits on this case without ADMIS is not consistent with Rule 19. V&L's utterly devoid of case law motion is evidence of a defenseless position.[11] V&L also cannot dispute that the Supreme Court has held that "adequacy refers to the 'public stake in settling disputes by wholes, whenever possible.' " *Republic of Phil. v. Pimentel,* 553 U.S. 851, 128 S.Ct. 2180, 2193, 171 L.Ed.2d 131 (2008) (quoting *Provident Tradesmens Bank & Trust Co. v. Patterson,* 390 U.S. 102, 111, 88 S.Ct. 733, 19 L.Ed.2d 936 (1968)). "[T]his factor concerns the 'social interest in the efficient administration of justice and the avoidance of multiple litigation.' " *CP Solutions PTE Ltd. v. Gen. Elec. Co.,* 553 F.3d 156, 160 (2d Cir.2009) (quotations omitted).

---

[10] Both Judge Woods and Judge Aaron have frequently stated an order should be appealed quickly. Therefore asserting one's rights under Rule 72(a) is an expected part of objecting to a specific report. Further objecting now, will avoid unnecessary motion practice or appeals in the future as Plaintiffs are seeking to resolve the case once on the merits.
[11] V&L concede on Page 3 that NHC joined the MTD and also that NRCM and NAM had joined the motion therefore it is not disputed that all Plaintiffs had not filed an opposition. This appears to have been an typo in ECF129 that the motion was completely unopposed.

Page 11

Respectfully submitted

//SSK//

Samantha S Kumaran


In the interest of efficiencies NHC, NRCM and NAM join the arguments from this brief


//BMA//

Brian M. August, Esq