**VIA ECF/EMAIL**
Honorable Judge Gregory Woods
United States District Court
Southern District of New York
500 Pearl Street, Room 12C
New York, NY 10007

Re: *Kumaran et al vs. Vision Financial Markets* 1:20-Cv-03871-GHW-SDA

**JOINT PARTIAL CONSENT LETTER MOTION TO STAY AND/OR ADJOURN TIME TO RESPOND TO ECF156 MOTION TO TRANSFER VENUE TO CONNECTICUT**

Dear Hon. Judge Gregory H. Woods III,

We have previously filed an appearance in the above referenced action, as well as related actions, on behalf of the corporate plaintiffs Nefertiti Risk Capital Management, LLC ("NRCM"), and Intervenors Nefertiti Asset Management, LLC ("NAM") and Nefertiti Holding Corporation ("NHC"). This appearance was made timely on April 1, 2022 in accordance with Court Order (ECF163). In connection with the Court Order ECF146 a Joint Letter is hereby submitted. The below positions of Defendants were obtained following e-mail correspondence initiated by this office on April 1, 2022. Plaintiff Samantha S. Kumaran is appearing Pro-Se and submitted her own position for inclusion herein.

PLAINTIFFS NAM AND NHC AND NRCM'S POSITION[1]

Current Motion Pending to Transfer to Connecticut Pursuant to §1404(a)

On February 23, 2022 the Court issued an Order *sua sponte* to transfer this action to Connecticut. (ECF156). As the Court is aware, there are two related matters, Docket Nos. 20-CV-3873 and 20-CV-3668 with which this case share a significant amount of overlapping facts and law. As new counsel, has only entered this matter on April 1, 2022, we require time to carefully review the records and related facts and claims to properly respond to the motion. In addition, there appears to be an extraordinary amount of history in how this case relate to 20-CV-3873, also currently stayed. Given the brief time we have had to this point to review the docket, we feel it would be a disservice to our clients if we were not to become properly familiar with the docket prior to any further motion practice.

The corporate plaintiffs therefore respectfully seek a short adjournment of thirty (30) days to respond to the outstanding motion docketed as ECF156. Since all other motions are fully briefed, such a short delay will not prejudice the Defendants. Further this will allow the parties to meet and confer, and where possible reach a common ground, thus benefitting all. There are currently no outstanding briefings for Defendants, reinforcing the lack of prejudice to Defendants resulting from a short adjournment. To avoid inconsistent positions being taken,

---

[1] We have been informed by Ms. Kumaran that NRCM is dissolved and that Ms. Kumaran is the successor in interest. She will shortly be submitting the appropriate affidavits in this regard and at that point we may withdraw as counsel for that entity with Ms. Kumaran enforcing any remaining rights and claims of NRCM as successor-in-interest.

and in the interest of Judicial efficiency, we request that Ms. Kumaran's brief also be filed on that same date (this would now be May 7, 2022 rather than April 8, 2022).[2]

## DEFENDANT VISION AND LAZZARA'S POSITION

Vision and Lazzara Defendants, represented by Ms. Chou, have been consulted on this request. They provided partial consent to a fourteen (14) day adjournment. Their specific comment in email was "*The Vision defendants' position is that a 14-day extension to April 22 should be sufficient to accomplish these tasks*." This would reset the date from April 8, 2022 until **April 22, 2022**

## DEFENDANT VILLA'S POSITION

Pro-Se Defendant Villa has been consulted on this request. By email on April 1, 2022 Ms. Villa initially denied any consent for any adjournment. After various filings on April 4, 2022 Ms. Villa has revised her position to now concur with Vision Defendants that she may consent now to also a fourteen (14) day extension for a meet and confer. Her exact statement is "*Regarding the meet and confer, I am willing to consider a possible agreement to a two-week extension, of course, predicated upon the pending outcome of the judge's decision as to Mr. Kostus status*." This would reset the date from April 8, 2022 until **April 22, 2022**

## PLAINTIFF KUMARAN'S POSITION

Plaintiff Kumaran contacted Defendants on February 28, and also again on March 8 and 9, for a meet and confer to discuss if we could reach an agreement on the 1404(a) motion. Despite over a month now, of trying to assert a position from Defendants, which in turn would reduce paperwork at the Court and may enable the parties to streamline this filing, Defendants have not been willing to state their position in email to work to resolve the matter as the Court's instruction to file a Joint Letter. In light of those circumstances, and so that the parties can make a good faith effort to meet and confer and resolve the matters, and in light of the circumstances, that counsel need to also get up to speed, I am also seeking a thirty (30) day extension to May 7, 2022. Plaintiff Kumaran has been willing to articulate her position to Defendants timely as follows on April 5, 2022 (also reflecting the Feb 18 Order in related case).

1. My position (for my own claims) is that my claims against ADMIS (20-CV-3873 ECF63) are already stayed in this District. Therefore I disagree with separating this action on the same issues of law and fact (and agreements/contracts) before a different judge in another venue in CT. Also, my claims re: ADMIS have been stayed pending Arbitration. (See Exhibit 2)

I wanted to get your clients position if you are in agreement with me, that the claims which have common issues of law and fact with ADMIS should remain in this Court? and in one District? SDNY? Also obviously NFA, is a party in a separate action in this District also but as both parties have suggested will be called as non-party witnesses.

---

[2] The Court recently granted a similar 30 day extension in 20-CV-3873 ECF107, reset for May 3, 2022. Sufficient time is necessary for both these cases, particularly given the overlapping facts for all Plaintiffs.

Page 3

2. As you may be aware in the recent Oral Argument on Feb 18, 2022 in case 3873 the Judge stated that the intent of the Arbitrators was that the  NFA Arbitration is stayed "while" the NFA case proceeds. He also discussed "staging of these matters" - that the intent of the Panel's stay (which many of your clients consented to) was the stay was "while" the NFA case proceeds first.  (See 20-CV-3668 ECF97 Tr.47 Ln 10-11[3], Tr. 22-23[4], Tr.23-24[5])

Accordingly my position is that this case 3871 also, should be stayed on the merits "while" the NFA case proceeds. Since the resolution of the NFA matter applies equally to this ca3871se 3871 and the ADMIS case, 3873 my position is that the NFA case should be allowed to be completed, prior to any decisions to change venue, or proceed on the merits. If we were in agreement on that, this would be a common position related to the Judge's proposed transfer - as rulings on the merits on these (Both the NFA case, and then the ADMIS Arbitration would need to go sequentially). My position is I oppose any further parallel actions, and the Judge's order also signals an intent not to have parallel actions. Do you agree that the NFA case should proceed first? and this motion to transfer then also stayed?

3. Finally, if we were to go through a briefing under 1404(a) - I would need to be put together the witness lists and affidavit of statements within the next week or two. This will certainly escalate matters and require potentially contacting non-parties etc. To that end, I did want to try to see if we can reach a resolution on any of these items above.

I wanted to bring this to your attention sooner - as if we were able to reach agreement on this, it may impact the timing of the filings. My position is that this action should remain in SDNY, to avoid multiple piecemeal litigations on the same subject matter now in 3 proposed different venues (SDNY, Arbitration and a CT Court), and these actions should be streamlined in terms of sequential timing, and that the NFA case should be allowed to proceed first.

4. I also propose as I have already done, that other than the MTC Arbitration - the matter here like in the ADMIS case - should also be stayed. Since my claims are stayed in 3873 it makes no sense to me, that they should proceed in one action without the other -

Therefore I against also propose the Court (in this District) rule on the motions to compel Arbitration first which are currently pending - and this motion to transfer to CT is also stayed or opposed - if all other claims are to be delayed.

5. Since Ms. Villa is to be a witness in the ADMIS arbitration, proceeding on her claims in this action, which she is a witness in another also is opposed to me. It appears to me the Courts have staged these proceedings to be NFA first, ADMIS Arbitration second, and then SDNY matters. Clearly layering in a fourth matter in CT is opposed to me.

---

[3] Tr.47 Ln 10-11 The Court observes that NRCM's claims against the NFA are still ongoing in a related case. That case is still pending. As stated, this Court's order takes no position on any of the issues raised in that case and does not resolve them. The Court is not mandating that the arbitration panel lift the stay of arbitration between NRCM and ADMIS. Given that the Panel stayed the arbitration in order to allow NRCM to assert claims against the NFA, the Court assumes that the Panel will not lift the stay until Case No. 20-cv-3668 is resolved.

[4] Tr. Ln 20-22 THE COURT As I understand it, the arbitrators stayed the ADMIS arbitration pending resolution of the case against NFA. So why is it that you believe that Magistrate Judge Aaron's decision will result in the two cases proceeding simultaneously, as opposed to having the arbitration, go back to the NFA and be stayed pursuant to its orders, pending resolution of the case against NFA?

[5] Tr.23  Ln 23-25 - THE COURT: And in part, I will just be clear, I don't know why you are arguing that Magistrate Judge Aaron ordered that the arbitration proceed concurrently with the matters in the District Court before the NFA, given that the arbitration was stayed by the panel pending resolution of the claims against the NFA.

Page 4

If we are in agreement on any of the following - that may eliminate the need for fully vetted response to a transfer to CT motion - and/or impact the timing of such filing.

Plaintiff Kumaran asserts that the response by Defendants consenting to 14 days is unreasonably short for both counsel to get up to speed and then also articulate their response and also engage in meet and confers. It is also inconsistent with the recent order in 20-CV-3873 granting also 30 days. My request for the 30 day extension is to work with Defendants so that if there is any area of overlap or agreement, that can be presented to the Court in one filing, and to reduce more adversarial and voluminous papers at the Court. Second, my request is supported by Good Cause, as I do not believe it to be effective for counsel and I to file briefs at separate times on the same issues, and being able to consolidate and discuss our position would also assist the Court. Accordingly, Plaintiff Kumaran's request is also to extend the time for the above good cause reasons to allow counsel to get up to speed so that all Plaintiffs filings are filed at the same time. While ordinarily 14 days mat be sufficient, I do appease the Court that not having multiple filings and disjointed briefs would be in everyone interest.

This would reset the deadlines April 8, 2022 until **May 7, 2022.** Thank you in advance.

In conclusion, I respectfully ask that the Court consider the request for a thirty, (30) day extension made in this joint-letter and look forward to appearing before Your Honor regarding the same.

Respectfully submitted,

//DSK//
David S. Kostus
119 West 24th Street
Fourth Floor
New York 10011
(917) 664-1407
dskostus@gmail.com
*Counsel for Corporate Plaintiffs*


Signed also by

//SSK//

Samantha S. Kumaran
Individual Pro-Se Plaintiff