## RE: Kumaran, et al. v. Vision Financial Markets, et al. 1:20-cv-3871

From:  Samantha K <samantha@timetricsrisk.com>

To     Chou, Jenny<JChou@wiggin.com>

CC    David Kostus<dskostus@gmail.com>Julie Villa<julievilla2002@gmail.com>
      Eileen Mcnally<emcnally@lawfirm.ms>Joel G. MacMull<jmacmull@mblawfirm.com>

Date:  Monday, April 4th, 2022 at 9:58 PM

Ms Chou, Given the time frames you suggest, what date do you propose to send me your clients position to the points I raised below?

In prior email on both February 28 and again on March 8/9 you had stated you wanted to meet and confirm via email and would let me know your position. I have requested this now on I believe a couple of times - as such it has been over a month for my own response.

Given counsel need to get up to speed, I don't believe 14 days is enough to meaningfully allow a dialog to see what we can consent to. Also to the extent we are in agreement, it would most definitely reduce paperwork at the Court. Therefore could you could please provide your Clients' email position on the transfer to Connecticut in response to my position which I outlined below.

In order to file the letter at the Court, so that the parties can reasonably meet and confer, I would specifically like a date on which you intend to respond and provide me your client's position to the points I raised below so that we can respond to the motion as either a Joint Letter or a Motion. This will also reduce unnecessary time of me and my counsel if we have your position ((and if the CT motion is not needed or consented to in part))

You should note that I have provided you my position timely.

I appreciate it. Thanks.


Kind regards,
Samantha S. Kumaran
President and CEO
Timetrics Risk
samantha@timetricsrisk.com
Phone: 212 431 5098 (Office)
Mobile: 917-636-1364 (Cell)



This email and its attachments are for the named addressee(s) only. It may contain information which may be confidential and privileged. If you are not the intended recipient, please notify the sender immediately, destroy this email and any attachments, and do not otherwise disclose or use them.

This email and its attachments do not constitute or may not be used for the purpose of an offer to sell, solicitation of an offer to buy, a partnership interest in any fund or transaction described herein. No such offer or solicitation will be made prior to the delivery of the applicable risk disclosure document , offering memorandum and related materials. All profits disclosed herein are accompanied by risks. An investor understands that under any investment that investor may lose all or part of its equity in any time frame. Past performance is not indicative of future performance. Options and futures and trading is not a suitable investment vehicle for all investors. The risk of loss in trading commodity interests can be substantial. You should therefore carefully consider whether such

trading is suitable for you in light of your financial condition.

Neither Timetrics or its officers, employees, agents or representatives warrant the accuracy, adequacy, or completeness of the information contained herein and Timetrics expressly disclaims liability for errors or omissions. No warranty of any kind implied, express, statutory is given by Timetrics or its officers, employees, agents or representatives in connection with the information herein.  Under no circumstances may this email or its attachments, or any part thereof, be disclosed, reproduced, redistributed without the express permission of Timetrics.

------- Original Message -------
On Monday, April 4th, 2022 at 9:51 AM, Chou, Jenny <JChou@wiggin.com> wrote:

> Dear Ms. Kumaran,
>
> The Vision defendants' position is that a 14-day extension to April 22 should be sufficient to accomplish these tasks.
>
> Regards,
>
> Jenny
>
> **Jenny R. Chou**
> Direct: 203.498.4302 | jchou@wiggin.com
> www.wiggin.com
>
> 
>
> CONNECTICUT | NEW YORK | PHILADELPHIA | WASHINGTON, DC | PALM BEACH
>
> ---
>
> **From:** Samantha Kumaran <samantha@timetricsrisk.com>
> **Sent:** Monday, April 4, 2022 9:28 AM
> **To:** Chou, Jenny <JChou@wiggin.com>
> **Cc:** dskostus@gmail.com; julievilla2002@gmail.com; emcnally@lawfirm.ms; jmacmull@mblawfirm.com
> **Subject:** RE: Kumaran, et al. v. Vision Financial Markets, et al. 1:20-cv-3871
>
> Thank you. My point is that in order to have time to resolve these issues, I do not think 14 days is enough time to also meet and confer and see if we can resolve any of the items below.
>
> If we are meting and confering, and given the issues below if the meet and confer occurs after 14 days, would you consent them to the filing after 30 days. My position is if we can reach an agreement we may not even need the CT motion - or alternatively file a Joint Letter.

Therfore I think 14 days is too short to both meet and confer, get up to speed, and then see if we can file a Joint Letter.

Kind regards,

Samantha S. Kumaran

President and CEO

Timetrics Risk

samantha@timetricsrisk.com

Phone: 212 431 5098 (Office)

Mobile: 917-636-1364 (Cell)

This email and its attachments are for the named addressee(s) only. It may contain information which may be confidential and privileged. If you are not the intended recipient, please notify the sender immediately, destroy this email and any attachments, and do not otherwise disclose or use them.

This email and its attachments do not constitute or may not be used for the purpose of an offer to sell, solicitation of an offer to buy, a partnership interest in any fund or transaction described herein. No such offer or solicitation will be made prior to the delivery of the applicable risk disclosure document , offering memorandum and related materials. All profits disclosed herein are accompanied by risks. An investor understands that under any investment that investor may lose all or part of its equity in any time frame. Past performance is not indicative of future performance. Options and futures and trading is not a suitable investment vehicle for all investors. The risk of loss in trading commodity interests can be substantial. You should therefore carefully consider whether such trading is suitable for you in light of your financial condition.

Neither Timetrics or its officers, employees, agents or representatives warrant the accuracy, adequacy, or completeness of the information contained herein and Timetrics expressly disclaims liability for errors or omissions. No warranty of any kind implied, express, statutory is given by Timetrics or its officers, employees, agents or representatives in connection with the information herein. Under no circumstances may this email or its attachments, or any part thereof, be disclosed, reproduced, redistributed without the express permission of Timetrics.

------- Original Message -------
On Monday, April 4th, 2022 at 9:10 AM, Chou, Jenny <JChou@wiggin.com> wrote:

> Dear Ms. Kumaran,
>
> I would be happy to meet and confer on these matters at a mutually convenient time for this group. My

understanding from Mr. Kostus' email was that he and Mr. MacMull needed some additional time to get up to speed on the filings and the entities' position.

Regards,

Jenny

**Jenny R. Chou**
Direct: 203.498.4302 | jchou@wiggin.com
www.wiggin.com



CONNECTICUT | NEW YORK | PHILADELPHIA | WASHINGTON, DC | PALM BEACH

---

**From:** Samantha Kumaran <samantha@timetricsrisk.com>
**Sent:** Monday, April 4, 2022 4:50 AM
**To:** Chou, Jenny <JChou@wiggin.com>
**Cc:** dskostus@gmail.com; julievilla2002@gmail.com; emcnally@lawfirm.ms; jmacmull@mblawfirm.com
**Subject:** RE: Kumaran, et al. v. Vision Financial Markets, et al. 1:20-cv-3871

Dear Ms. Chou,

Thanks for the email. I also wanted to clarify my position. As you know on March 8 and 9, 2022 I had contacted you regarding a Meet and Confer to obtain your client's positions on the upcoming CT transfer motion (1404(a)). You had advised me you wanted to wait until counsel had been retained. Now that we are past the April 1 2022 date, I am recontacting you for a Meet and Confer - which may also impact the timing - or nature of the responses to the upcoming filing. (Note: the Court also proposed a joint letter).

To advance the dialog I wanted to seek your clients' positions on whether they would consent to or we are in agreement on any of the following. This may also impacts the timing for an extension because it would give the parties an opportunity to resolve the issues.

1. My position (for my own claims) is that my claims against ADMIS (20-CV-3873 ECF63) are already stayed in this District. Therefore I disagree with separating ths action on the same issues of law and fact (and agreements/contracts) before a different judge in another venue in CT. Also, my claims re: ADMIS have been stayed pending Arbitration.

I wanted to get your clients position if you are in agreement with me, that the claims which have common

issues of law and fact with ADMIS should remain in this Court? and in one District?  SDNY?

Also obviously NFA, is a party in a separate action in  this District also but as both parties have suggested will be called as non-party witnesses.

2. As you may be aware in the recent Oral Argument on Feb 18, 2022 in case 3873 the Judge stated that the intent of the Arbitrators was that the  NFA Arbitration is stayed "while" the NFA case proceeds. He also discussed "staging of these matters" - that the intent of th Panel's stay (which many of your clients consented to) was the stay was "while" the NFA case proceeds first.

Tr.47 Ln 10-11 The Court observes that NRCM's claims against the NFA are still ongoing in a related case. That case is still pending. As stated, this Court's order takes no position on any of the issues raised in that case and does not resolve them. The Court is not mandating that the arbitration panel lift the stay of arbitration between NRCM and ADMIS. Given that the Panel stayed the arbitration in order to allow NRCM to assert claims against the NFA, the Court assumes that the Panel will not lift the stay until Case No. 20-cv-3668 is resolved.

Tr.22-23 THE COURT As I understand it, the arbitrators stayed the ADMIS arbitration pending resolution of the case against NFA. So why is it that you believe that Magistrate Judge Aaron's decision will result in the two cases proceeding simultaneously, as opposed to having the arbitration, go back to the NFA and be stayed pursuant to its orders, pending resolution of the case against NFA?

Tr.23-24 - THE COURT: And in part, I will just be clear, I don't know why you are arguing that Magistrate Judge Aaron ordered that the arbitration proceed concurrently with the matters in the District Court before the NFA, given that the arbitration was stayed by the panel pending resolution of the claims against the NFA.

Accordingly my position is that this case 3871 also, should be stayed on the merits "while" the NFA case proceeds.

Since the resolution of the NFA matter applies equally to this case 3871 and the ADMIS case, 3873 my position is that the NFA case should be allowed to be completed, prior to any decisions to change venue, or proceed on the merits.

If we were in agreement on that, this would be a common position related to the Judge's proposed transfer - as rulings on the merits on these (Both the NFA case, and then the ADMIS Arbitration would need to go sequentially). My position is I oppose any further parallel actions, and the Judge's order also signals an intent not to have parallel actions.

Do you agree that the NFA case should proceed first? and this motion to transfer then also stayed?

3. Finally, if we were to go through a briefing under 1404(a) - I would need to be put together the witness lists and affidavit of statements within the next week or two. This will certainly escalate matters and require potentially contacting non-parties etc. To that end, I did want to try to see if we can reach a resolution on any of these items above.

I wanted to bring this to your attention sooner - as if we were able to reach agreement on this, it may impact the timing of the filings. My position is that this action should remain in SDNY, to avoid multiple piecemeal litigations on the same subject matter now in 3 proposed different venues (SDNY, Arbitration and a CT Court), and these actions should be streamlined in terms of sequential timing, and that the NFA case should be allowed to proceed first.

4. I also propose as I have already done, that other than the MTC Arbitration - the matter here like in the ADMIS case - should also be stayed. Since my claims are stayed in 3873 it makes no sense to me, that they should proceed in one action without the other -

Therefore I against also propose the Court (in this District) rule on the motions to compel Arbitration first which are currently pending - and this motion to transfer to CT is also stayed or opposed - if all other claims are to be delayed.

5. Since Ms. Villa is to be a witness in the ADMIS arbitration, proceeding on her claims in this action, which she is a witness in another also is opposed to me. It appears to me the Courts have staged these proceedings to be NFA first, ADMIS Arbitration second, and then SDNY matters. Clearly layering in a fourth matter in CT is opposed to me.

If we are in agreement on any of the following - that may eliminate the need for fully vetted response to a transfer to CT motion - and/or impact the timing of such filing.

If we were to have time to meet and confer on the above, I still suggest 30 days as there are some moving parts here. If you do not think we are in agreement, that is fine I wanted to share the above, if may help your clients better understand that a 30 days window might be effective for us to try to reach an agreement on any of the above before filing.

If we can reduce paperwork on the docket, and reach a consensus on any of the above - it may actually reduce burden/motions for all. Therefore I would like to get your position on the issues, in case there is a possibility we are in agreement, we may be able to send a joint letter to the Judge instead of going through more motion practice.

Finally, there is a conference at 4pm today related to ADMIS. That may also impact the timing here on proposed schedule.

Please let me know your thoughts. Thank you.

Kind regards,

Samantha S. Kumaran

President and CEO

Timetrics Risk

samantha@timetricsrisk.com

Phone: 212 431 5098 (Office)

Mobile: 917-636-1364 (Cell)

This email and its attachments are for the named addressee(s) only. It may contain information which may be confidential and privileged. If you are not the intended recipient, please notify the sender immediately, destroy this email and any attachments, and do not otherwise disclose or use them.

This email and its attachments do not constitute or may not be used for the purpose of an offer to sell, solicitation of an offer to buy, a partnership interest in any fund or transaction described herein. No such offer or solicitation will be made prior to the delivery of the applicable risk disclosure document, offering memorandum and related materials. All profits disclosed herein are accompanied by risks. An investor understands that under any investment that investor may lose all or part of its equity in any time frame. Past performance is not indicative of future performance. Options and futures and trading is not a suitable investment vehicle for all investors. The risk of loss in trading commodity interests can be substantial. You should therefore carefully consider whether such trading is suitable for you in light of your financial condition.

Neither Timetrics or its officers, employees, agents or representatives warrant the accuracy, adequacy, or completeness of the information contained herein and Timetrics expressly disclaims liability for errors or omissions. No warranty of any kind implied, express, statutory is given by Timetrics or its officers, employees, agents or representatives in connection with the information herein. Under no circumstances may this email or its attachments, or any part thereof, be disclosed, reproduced, redistributed without the express permission of Timetrics.

------- Original Message -------
On Sunday, April 3rd, 2022 at 5:37 PM, Chou, Jenny <JChou@wiggin.com> wrote:

> Dear Mr. Kostus and Mr. MacMull,
>
> The Vision defendants believe that a one month extension is too long, but would consent to a two-week extension of the April 8 deadline.
>
> Regards,
>
> Jenny

**Jenny R. Chou**
Direct: 203.498.4302 | jchou@wiggin.com
www.wiggin.com



CONNECTICUT | NEW YORK | PHILADELPHIA | WASHINGTON, DC | PALM BEACH

---

**From:** David Kostus <dskostus@gmail.com>
**Sent:** Friday, April 1, 2022 3:39 PM
**To:** Chou, Jenny <JChou@wiggin.com>; julievilla2002@gmail.com
**Cc:** samantha@timetricsrisk.com; Romero-Vidal, Yesmy <yromero-vidal@wiggin.com>; emcnally@lawfirm.ms; jmacmull@mblawfirm.com
**Subject:** Kumaran, et al. v. Vision Financial Markets, et al. 1:20-cv-3871

**WARNING! External email. Do not click/open unexpected links/attachments.**

---

Dear Ms. Chou and Ms. Villa,

Joel MacNull and I have newly appeared in this action on behalf of the Nefertiti Corporate Entities.

I am aware there is a deadline for the Plaintiffs to file a response to ECF156 for an order to show good cause related to the Court's proposed request to transfer venue to the District of Connecticut due on April 8, 2022.

Since there are a large volume of materials to review on the docket in this and related cases, I am writing to request your consent to a 30 day adjournment so that I may get up to speed on the docket and all the relevant filings related to this motion. That would adjourn the deadline for filing a response until May 7, 2022. We will be filing a letter brief regarding this request with the Court.

This time would also allow the parties to meet and confer regarding the motions and potentially resolve any issues amongst ourselves, to the extent that can be achieved. If you cannot consent, I would ask that you let me know what type of extension you and your clients might be amenable to for our review of the docket and to file a cohesive motion. I thank you in advance for your professional courtesy and look forward to working with you all on this matter.

Best Regards,

David Kostus

Kostus Law, LLC

(917) 664-1407

[dskostus@gmail.com](mailto:dskostus@gmail.com)

This electronic mail (including any attachments) may contain information that is privileged, confidential, and/or otherwise protected under applicable law from disclosure to anyone other than its intended recipient(s). Any dissemination or use of this electronic mail or its contents (including any attachments) by persons other than the intended recipient(s) is strictly prohibited. If you have received this message in error, please notify the sender or **Wiggin and Dana LLP** at **203-498-4400** immediately and then delete the original message (including any attachments) in its entirety. We take steps to protect against viruses and other malicious code but advise you to carry out your own checks and precautions as we accept no liability for any which remain. We may monitor electronic mail sent to and from our server(s) to ensure regulatory compliance to protect our clients and business.

Disclosure under U.S. IRS Circular 230: **Wiggin and Dana LLP** informs you that any tax advice contained in this communication (including any attachments) was not intended or written to be used, and cannot be used, for the purpose of avoiding federal tax related penalties or promoting, marketing or recommending to another party any transaction or matter addressed herein.

WD03262012

**5.05 KB**   1 embedded image

image001.png   5.05 KB