| | |
|---|---|
| JULIE VILLA, Pro Se<br>933 Nottingham Road<br>Keller, TX  76248 | Phone: 808-357-6764<br>Email: julievilla2002@gmail.com |

Via ECF/EMAIL

Honorable Judge Gregory Woods
United States District Court
Southern District of New York
40 Foley Square, NY  10007

*RE: Kumaran et al vs. Vision Financial Markets et al  1:20-CV-03871-GHW-SDA*

**Defendant Villa Letter Motion to Lift Stay In This Case**

Dear Honorable Judge Woods,

**<u>Notice of Appearance By Randy Kleinman On Behalf of Corporate Named Entities</u>**

On June 18, 2022, The court issued an ORDER granting the withdrawal of attorney David Kostus and stayed the case until July 18, 2022, to allow the Corporate Plaintiffs to retain replacement counsel. (ECF 216).  On July 18, 2022, attorney Randy Kleinman filed "Notice of Appearance" on behalf of Corporate Plaintiffs. (ECF 217). This filing continues Defendant's Motion to Dismiss, as the court ORDER stated, "the stay will be lifted upon the filing of a notice of appearance by that counsel." (ECF 216).

**<u>Background</u>**

On March 2, 2022, the Court issued an order granting the Withdrawal of attorney Brian August, corporate counsel for Plaintiffs named entities (ECF 150) and granted Plaintiff pro se Kumaran an extension of time to show cause as to why this action should not be transferred to the District of Connecticut. The ORDER also granted Plaintiff until April 1, 2022, to find new counsel (ECF 163).

1

On April 1, 2022, Attorney Joel MacMull filed a "Notice of Appearance" (ECF 164) and on the same day attorney David Kostus filed a "Notice of Appearance (ECF 165). On April 6, 2022, the Court issued an ORDER granting Plaintiff's request for an extension of time (ECF 171) to show cause as to why this action should not be transferred to the District of Connecticut, extending the deadline to April 22, 2022, with opposition due by April 29, 2022. (ECF 174)

On April 19, 2022, Plaintiff pro se Kumaran filed a Letter Motion for Leave to file a Motion to Substitute Successor in Interest as Plaintiff. (ECF 178).

On April 20, 2022, the Court stated, "the fact that all parties currently request that this action remain in the Southern District of New York" noting that it does not dictate whether transfer is appropriate." (ECF 181). The Court further issued an ENDORSEMENT confirming the deadline for all Plaintiffs to show cause as to why this action should not be transferred to the District of Connecticut and stayed it **_pending the resolution of Defendant's motions to dismiss_**. (ECF 186).

On May 20, 2022, The Court issued an ORDER (ECF 196) granting attorney Joel MacMull's motion to withdraw as corporate counsel for named entities. (related case 3873 ECF 141)  On May 31, 2022, Magistrate Judge Aaron issued an ORDER denying (ECF 204) Plaintiffs Motion to Substitute Party (ECF 191).

On June 10, 2022, Judge Gregory Woods affirmed (ECF 207) Magistrate Judge Aarons ORDER (ECF 69) on April 30, 2021. Judge Aaron's ORDER from over a year and two months ago stated:

"Following a telephone conference with the parties today, and for the reasons stated on the record, it is hereby ORDERED as follows: (1) None of Kumaran, NRCM or NAM had leave to file the pleadings in this action that were filed at ECF Nos. 48, 49, 50, 55 and 56, and those pleadings are stricken; (2) Plaintiffs cannot proceed jointly in this action by filing separate complaints. See Figueroa v. Trump, No. 20-CV-00401 (TJM) (CFH), 2020 WL 4346765, at *2 (N.D.N.Y. July 29, 2020). Accordingly, all plaintiffs (and intervenors) must join a single pleading signed by each (or counsel where applicable) with respect to the allegations made by her/it; (a) If either Kumaran or NRCM wishes to pursue litigation independently, she/it must file a notice of voluntary dismissal pursuant to Rule 41 of the Federal Rules of Civil Procedure no later May 14, 2021; (b) The motion by NAM and NHC to intervene shall be granted on consent unless they advise the Court in writing, no later than May 14, 2021, that they wish to proceed via a separate action, in which case they shall withdraw their motion by that date; (3) All remaining plaintiffs shall file a single SAC no later than July 30, 2021. Such pleading must comply with Federal Rule of Civil Procedure Rule 8 and contain a short and plain statement of the claim showing that the pleader is entitled to relief. Fed. R. Civ. P. 8(a); see also Wynder v. McMahon, 360 F.3d 73, 79 n.11 (2d Cir. 2004) ([T]he basic requirements of Rule 8 apply to self-represented and counseled plaintiffs alike.)"

On June 14, 2022, Plaintiff pro se Kumaran filed an Appeal (ECF 209) of Magistrate Judge Aaron's ORDER (ECF 204) on Motion to Substitute Party. (ECF 191)

On June 16, 2022, the court issued an ORDER (216) granting attorney David Kostus's motion to withdraw as counsel for Plaintiff's named entities. Also on June 16, 2022, Plaintiff pro se Kumaran filed a motion under the pretense of a Joint Motion (ECF 214) to transfer the case to the District of Connecticut. The Court has noted that Kumaran was doing all of the legal work irrespective of any representation by the entities through corporate counsel. This issue is now well settled. While the Court has repeatedly admonished Kumaran for attempting to act in any legal representation on behalf of Corporate entities, this is Plaintiff pro se Kumaran's latest pretext to delay a ruling by this Court on Defendant's Motion to Dismiss.

On July 18, 2022, attorney Randy Kleinman, filed a notice of appearance on behalf of corporate named entities. On July 18, 2022, at 3:54 PM Defendant Villa *pro se*, and counsel for corporate Defendants received an email from corporate counsel stating:

> Good evening. As you are likely aware, I am incoming counsel for the Nefertiti entities in the above-referenced matters. I write to request a meet and confer to discuss a brief stay of these proceedings so that I may have sufficient time to review the voluminous record. Please let me know your availability to discuss this week. I look forward to speaking with you all soon. Thank you.

At 4:24PM an additional email was received stating:

> I apologize for the duplicate emails; however, insofar as there are imminent deadlines, and time is therefore of the essence, I propose a 60-day stay of these proceedings. Rather than scheduling a meet and confer, please confirm whether you consent or oppose a 60-day stay so that I can file a letter motion and apprise the Court accordingly. Thank you.

<u>Defendant hereby moves this court</u> to lift the stay in this case upon the filing of notice of appearance by attorney Randy Kleinman on behalf of Corporate named entities and direct The Clerk of Court to remove the stay from the docket.

Furthermore, Defendant requests the Court deny any request by Plaintiff to file motions beyond two weeks of corporate counsel's notice of appearance, thereby preventing any further delay of Defendant's motion for a dispositive ruling on Defendant's Motion to Dismiss filed one year and ten months ago on September 27, 2021 (ECF 98).

Respectfully submitted, July 19, 2022

Julie Villa
_/s/Julie Villa_
*Pro-Se* Defendant