

Wiggin and Dana LLP
One Century Tower
265 Church Street
New Haven, Connecticut 06510
www.wiggin.com

Jenny R. Chou
203.498.4302
203.782.2889 fax
jchou@wiggin.com

August 29, 2022

The Honorable Stewart D. Aaron

Daniel Patrick Moynihan
United States Courthouse
500 Pearl St.
New York, NY 10007-1312

Via ECF

Re:  Kumaran, et al. v. Vision Financial Markets, LLC, et al., 1:20-cv-03871-GHW-SDA

Defendants Vision Financial Markets, LLC, Vision Investment Advisors, LLC, Vision Brokerage Services, LLC, H Rothman Family, LLC, Boshnack Family, LLC, Howard Rothman, Robert Boshnack, John Felag, High Ridge Holding Company, LLC, High Ridge Futures, LLC, Lazzara Consulting, Inc., and Gerard Lazzara (the "Vision and Lazzara Defendants") respectfully request the Court's clarification of footnote 10 of the Court's August 4, 2022 Opinion and Order and Report and Recommendation ("Order"). In the Order, the Court ruled, in relevant part, that plaintiffs NRCM and NAM were compelled to arbitrate their claims against the NFA member defendants. In footnote 10 of the Order, the Court stated:

> Although ADMIS also moved to compel arbitration based on a written arbitration agreement between ADMIS and NRCM, the Court found that "by initiating arbitration against ADMIS, NRCM agreed to arbitrate its claims, regardless of any prior agreement to do so[.]" *Kumaran*, 2021 WL 2333645, at *4. Thus, the fact that there is no similar written agreement to arbitrate in this case does change the Court's conclusion.

Based on the context of the footnote and the Order as a whole, the Vision and Lazzara Defendants respectfully request that the Court clarify that the last sentence of footnote 10 was missing the word "not", such that the footnote was intended to state: "Thus, the fact that there is no similar written agreement to arbitrate in this case does not change the Court's conclusion."

August 29, 2022
Page 2

Respectfully Submitted,

Jenny R. Chou